*125.*  Ms. Griffith was next ill on September 11 – 13, 2000.

*126.*  In reliance on the Company's sick leave policy and her authorized certification under the FMLA in year 2000, Ms. Griffith notified her employer that she was sick.

*127.*  When Ms. Griffith returned to work, she over heard Karen Allen Holmes tell Mary Ann Russo: "they are going to offer Bernadine a package."

*128.*  Nonetheless, CGU breached its promise to grant Ms. Griffith sick leave time, unlawfully revoked the reasonable accommodations it granted her, unlawfully revoked her authorized certification under FMLA, and intentionally and maliciously discharged Ms. Griffith on September 27, 2000 allegedly because Ms. Griffith called in sick in violation of the July 27, 2000 final warning. *See Exhibit 18, September 27, 2000 Mike Sisto letter to Ms. Griffith.*

*129.*  Ms. Griffith complained about the long-term disability deduction withdrawn against her final paycheck to Human Resources after they fired her.

*130.*  On October 13, 2000, CGU responded to Ms. Griffith's complaint by sending her a check in the amount of $353.38. The enclosed letter did not provide an explanation of nor did the Company provide information on disability benefits.

*131.*  Although CU and CGU regularly deducted long-term disability from Ms. Griffith's paycheck, neither CU nor CGU ever informed Ms. Griffith of the employer's procedure and policy to obtain long-term disability.

*132.*  CU and CGU did not recommend Ms. Griffith collect long-term disability, a benefit offered to other employees.

*133.* After CGU discharged Ms. Griffith, it intentionally and maliciously harassed her when it offered to give Ms. Griffith a retirement package after she filed her second charge of discrimination, knowing full well that it never intended to allow her to retire.

*134.* CGU revoked its said offer to allow Ms. Griffith to take early retirement.

*135.* On October 19, 2000, Ms. Griffith's attorney informed her that CGU had initiated negotiations to have Ms. Griffith accept a retirement package. *See Exhibit 19, October 19, 2000 Cris Rothfuss email to her client, Bernadine Griffith.*

*136.* Ms. Griffith's attorney advised Ms. Griffith via a post-representation letter that CGU intended to revoke the proposed retirement package because Ms. Griffith had filed a second charge of discrimination with the MCAD and EEOC. *See Exhibit 20, attorney letter to Ms. Griffith, dated October 23, 2000.*

*137.* On January 31, 2001, CGU sent Ms. Griffith a letter with a company retirement packet alleging that "(w)e have been advised of your intent to retire from CGU effective March 1, 2000." *See Exhibit 21, January 29, 2001 Brian Hardiman letter to Ms. Griffith.*

*138.* To date, CGU has not contacted Ms. Griffith about retirement.

*139.* Notwithstanding the Plaintiff's many complaints and the Defendants' knowledge of the unlawful discriminatory conduct herein described, the Defendants have each failed to adequately address the unlawful discriminatory conduct, have contributed to it and condoned it, thus creating a hostile work environment.

*140.* In 2000, unlawful discriminatory acts herein complained of caused the Plaintiff to be unable to work due to job related stress for several weeks.

*141.* The Plaintiff has sustained injury and damages as a direct and foreseeable result of the Defendants unlawful discriminatory acts, and she has not been able to return to work.

*142.*   On August 28, 2002, the Massachusetts Commission Against Discrimination found "probable cause" of the first charge of discrimination on the basis of racial and handicap discrimination.  *See Exhibit 22, August 28, 2002 MCAD Investigative Fact Sheet.*

### COUNT ONE – ADA, TITLE I
(against all defendants)

143   Paragraphs 1 through 142 of this complaint are incorporated herein by reference as if fully pleaded in this First Count.

144   Plaintiff suffers from a physical impairment, which substantially limits her in the major life activity of working.  Therefore, Plaintiff is a qualified disabled individual within the meaning of the ADA.

145   At all relevant times, Plaintiff was able to perform and performed satisfactorily the essential functions of her job with or without a reasonable accommodation.

146   Plaintiff requested a reasonable accommodation, orally and in writing, and Plaintiff submitted supporting medical documentation.

147   The Defendants failed to accommodate the Plaintiff's disability.

148   The Defendants intentionally and maliciously breached its promise to accord her a reasonable accommodation; revoked Plaintiff's authorized medical leave; breached its company promise to grant a sick leave of absence; refused to accommodate Plaintiff's disability; refused to provide her with record of her alleged absentee record; refused to allow the Plaintiff's requested accommodation to work at home two days a week, a similar accommodation accorded another white female co-worker on maternity leave; and imposed medically restrictive job assignments on the Plaintiff that were not part of her job description.

149  Moreover, the Defendants unlawfully discharged the Plaintiff because of her disability; and, failed to administer fringe benefits available to Plaintiff that it provided to other terminated and/or retired handicapped employees.

150  The acts alleged above constitute unlawful employment discriminatory practices in violation of ADA Section 102(a) and 102(b)(1), 42 U.S.C.A. §§ 12112(a), 12112(b)(1). All conduct alleged above occurred during a legally cognizable time period at Defendants' Foxborough Massachusetts facility.

151  Defendants' intentional employment practices, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee, and were the result of Plaintiff's disability.

152  Defendant engaged in the above-described unlawful discriminatory conduct against Plaintiff with malice and/or a reckless disregard of Plaintiff's federally protected rights.

WHEREFORE, the Plaintiff respectfully requests that his Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

## COUNT TWO – RETALIATION UNDER ADA
(against all defendants)

154   Paragraphs 1 through 153 of this complaint are incorporated herein by reference as if fully pleaded in this Second Count.

155   Defendants have violated Section 503 of the ADA, 42 U.S.C. § 12203, when Defendants intentionally and/or with a reckless disregard committed the following unlawful discriminatory acts: revoking Plaintiff's family medical leave; excluding her from a company break room, training, programs, and informal scheduled meetings; denying her access to software manuals and books pertaining to her job; improperly issuing false reviews, warnings and/or sanctions against the Plaintiff; refusing to give her a promised raise; refusing to provide fringe benefits; creating a hostile work environment; and ultimately terminating Plaintiff's employment as a result of Plaintiff's exercising rights and privileges protected by the ADA.

156   Defendants creating a hostile work environment and termination of Plaintiff's employment on the basis of her disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment life, and other non-pecuniary losses.

157   By their actions set forth above, Defendants have, jointly and severally, engaged in unlawful retaliation against the Plaintiff for having filed a charge of discrimination, and have interfered with Plaintiff's exercise of her protected rights, in violation of ADA, 42 U.S.C. § 12117(a).

158   Defendants have acted maliciously and/or with reckless disregard of Plaintiff's federally protected rights by intentionally retaliating against Plaintiff, thereby entitling Plaintiff to punitive damages under ADA.

24

WHEREFORE, the Plaintiff respectfully requests that his Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

## COUNT THREE – TITLE VII
(against all defendants)

159  Paragraphs 1 through 158 of this complaint are incorporated herein by reference as if fully pleaded in this Third Count.

160  The Plaintiff, a black female, is a member of a protected class.

161  The Defendants knew she was a member of a protected class.

162  The Defendants intentionally treated the Plaintiff differently from similarly situated co-workers who were not members of the protected class: Defendants subjected her to an un-welcomed, racial hostile work environment when they failed to properly investigate her complaints of racial discrimination; barred her from attending informal group meetings; denied her computer training and admission to programs accorded other white group employees; assigned her clerical tasking; did not give her access to manuals and books that other white co-employees enjoyed the use of; continued to employ and allow her supervisor to sit near her after this supervisor admitted to making a profoundly hurtful

severe racial slur, calling Plaintiff a "tar baby"; refused to accommodate Plaintiff's disability by allowing her to work from home, a similar accommodation accorded another white female co-worker; revoked Plaintiff's medical leave; imposed medically restrictive job assignments on the Plaintiff that were not part of her job description; improperly issued warnings and sanctions against the Plaintiff; ultimately discharged her from her employment; and failed to administer fringe benefits available to the Plaintiff that other terminated and/or retired white employees received.

163  The intentional treatment of the Plaintiff differently from similarly situated co-workers who were not members of the protected class resulted in causing the Plaintiff to suffer adverse employment consequences.

164  The Defendants' discriminatory practices against the Plaintiff on the basis of her race and color are prohibited by federal law under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C.A. § 2000e-5(f)(1).

WHEREFORE, the Plaintiff respectfully requests that this Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

## COUNT FOUR – RETALIATION UNDER TITLE VII
(against all defendants)

165  Paragraphs 1 through 164 of this complaint are incorporated herein by reference as if fully pleaded in this Fourth Count.

166  Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e, when Defendants intentionally and/or with a reckless disregard committed the following acts: revoked Plaintiff's family medical leave; excluded Plaintiff from a company break room, training, programs, and informal scheduled meetings; denied her access to software manuals and books pertaining to her job; improperly issued reviews, warnings and/or sanctions against the Plaintiff; refused to give her a promised raise; refused to provide fringe benefits; created a hostile work environment; and ultimately terminated Plaintiff's employment as a result of Plaintiff's exercising rights and privileges protected by Title VII.

167  Defendants creating a hostile work environment and termination of Plaintiff's employment on the basis of her disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

168  By their actions set forth above, Defendants have, jointly and severally, engaged in unlawful retaliation against the Plaintiff for having filed a charge of discrimination, and have interfered with Plaintiff's exercise of her protected rights, in violation of Title VII, 42 U.S.C.A. § 2000e.

169  Defendants have acted maliciously and/or with reckless disregard of Plaintiff's federally protected rights by intentionally retaliating against Plaintiff, thereby entitling Plaintiff to punitive damages under Title VII.

WHEREFORE, the Plaintiff respectfully requests that this Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

### COUNT FIVE– AEDA, TITLE II
(against all defendants)

170  Paragraphs 1 through 169 of this complaint are incorporated herein by reference as if fully pleaded in this Fifth Count.

171  As described above, the Plaintiff engaged in activity protected by the ADEA.

172  Defendants, jointly and severally, subjected the Plaintiff to the unlawful discriminatory conduct described above in retaliation for this protected activity.

173  As a direct and foreseeable consequence of the Defendants' discriminatory conduct, the Plaintiff has suffered harm, injury, and damages.

WHEREFORE, the Plaintiff respectfully requests that his Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation

interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

### COUNT SIX –RETALIATION UNDER AEDA
(against all defendants)

174  Paragraphs 1 through 173 of this complaint are incorporated herein by reference as if fully pleaded in this Fourth Count.

175  Defendants have violated Title II of the Age Discrimination in Employment Act of 1967, 29 U.S.C.A. § 621 et seq., when Defendants intentionally and/or with a reckless disregard committed the following acts: revoking Plaintiff's family medical leave; excluding her from a company break room, training, programs, and informal scheduled meetings; denying her access to manuals and books pertaining to her job; improperly issuing reviews, warnings and/or sanctions against the Plaintiff; refusing to give her a promised raise; refusing to provide fringe benefits; creating a hostile work environment; and ultimately terminating Plaintiff's employment as a result of Plaintiff's exercising rights and privileges protected by ADEA.

176  Defendants creating a hostile work environment and termination of Plaintiff's employment on the basis of her disability has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for future pecuniary losses, mental anguish, loss of enjoyment life, and other non-pecuniary losses.

29

177   By their actions set forth above, Defendants have, jointly and severally, engaged in unlawful retaliation against the Plaintiff for having filed a charge of discrimination, and have interfered with Plaintiff's exercise of her protected rights, in violation of AEDA, 29 U.S.C. § 621.

178   Defendants have acted maliciously and/or with reckless disregard of Plaintiff's federally protected rights by intentionally retaliating against Plaintiff, thereby entitling Plaintiff to punitive damages under ADEA.

WHEREFORE, the Plaintiff respectfully requests that this Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) punitive damages to be proved at trial; (4) attorney's fees and costs of this action; (5) other affirmative relief necessary to eradicate the effect of Defendants' unlawful employment practices; and (6) such other relief as this Court deems necessary.

### COUNT VII – BREACH OF EXPRESS OR IMPLIED CONTRACT
(Against Defendants CU and CGU only)

179   Paragraphs 1 through 178 of this complaint are incorporated herein by reference as if fully pleaded in this Seventh Count.

180   CU and CGU, severally and individually, promised Plaintiff that she could take the said reasonable accommodations, that she was entitled to take company sick leave, that she

was certified under the FMLA to take short-term disability, and entitled to take sick leave.

181   In consideration of Defendants' promises, Plaintiff satisfactorily performed services for Defendants.

182   Plaintiff reasonably relied upon Defendants promises to her detriment.

183   Plaintiff took necessary steps to remediate loss and damages when she retained counsel, who demanded said accommodations and said curative remedies.

184   The Defendants have continuously failed, refused or neglected to respond to said demand.

185   As a direct and foreseeable consequence of the Defendants' breach, the Plaintiff has suffered harm, injury, and damages.

WHEREFORE, the Plaintiff respectfully requests that his Court grant Plaintiff on this Count: (1) reinstatement of her position with the Defendant employer; (2) economic damages in the form of lost back pay, front pay, employment benefits, and medical insurance premiums and other pecuniary losses, together with pre and post-litigation interests, as permitted by law until paid in full; (3) compensatory damages for mental pain and anguish in amounts to be proved at trial; (4) attorney's fees and costs of this action; and (5) such other relief as this Court deems necessary.

\

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all the issues raised by the Complaint.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 19TH DAY OF DECEMBER 2003

*Bernadine T. Griffith*
Bernadine T. Griffith

### Commonwealth of Massachusetts

County of Suffolk

Then appeared before me on this 19th day of December 2003, the above-signed, Bernadine T. Griffith, who voluntarily executed this Complaint as her free act and deed.

Kathleen J. Hill, Notary of Public
My Commission Expires: July 18, 2008

Respectfully submitted,
BERNADINE T. GRIFFITH
By her Attorney,

Date: December 19, 2003

Kathleen J. Hill    BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)

32