UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE T. GRIFFITH ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ONE BEACON INSURANCE COMPANY, ) <br> ONEBEACON AMERICA INSURANCE ) <br> COMPANY, MICHAEL A. SISTO, and ) <br> KAREN ALLEN HOLMES ) <br> ) <br> Defendants. ) <br> ) | C.A. No. 03-CV-12573-EFH |

### DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Defendants OneBeacon Insurance Company ("OBIC"), OneBeacon America Insurance Company ("OBA"), Karen Allen Holmes ("Holmes") and Michael Sisto ("Sisto"), hereinafter collectively referred to as Defendants, by its attorneys, Morgan, Brown & Joy, LLP, state that the 185 paragraph, 32-page Amended Complaint herein fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." In particular, paragraphs 12 through 142 of the Amended Complaint recite a detailed litany of allegations going back ten (10) or more years. Without waiving their rights under FRCP Rule 8, and specifically reserving them, Defendants hereby answer each numbered paragraph of Plaintiff's Complaint in this matter as follows:

1.   Paragraph 1 of the Complaint sets forth legal conclusions to which no answer is

required. To the extent that Paragraph 1 sets forth any allegations to which a response is required, such allegations are denied.

2. Paragraph 2 of the Complaint sets forth legal conclusions to which no answer is required. To the extent that Paragraph 2 sets forth any allegations to which a response is required, such allegations are denied.

3. Defendants deny each and every allegation of discrimination set forth in Paragraph 3 of the Complaint, and further deny that Plaintiff was discriminated against on the basis of her race, color, age, or disability, subjected to a hostile work environment, or retaliated against in any way. Defendants admit that Plaintiff was terminated from her employment with CGU Insurance Company, a predecessor to Defendant OneBeacon America Insurance Company, effective September 27, 2000.

4. Defendants are without information sufficient to admit or deny the allegations set forth in the first sentence of Paragraph 4 of the Complaint, and therefore deny these allegations. Defendants admit upon information and belief that Plaintiff is a black female, but deny that she was "disabled" for purposes of the Americans With Disabilities Act. Defendants are without information sufficient to admit or deny that Plaintiff was 56 years of age when she filed a second charge of discrimination with the EEOC, and therefore deny this allegation. Defendants further respond by stating that Plaintiff filed a charge with the Massachusetts Commission Against Discrimination that appears to have been cross-filed with the EEOC pursuant to interagency agreements.

5. Defendants OBIC and OBA admit the allegations set forth in Paragraph 5 of the Complaint. Defendants Holmes and Sisto are without information sufficient to admit or deny the

allegations set forth in Paragraph 5 of the Complaint, and therefore deny these allegations.

6. Except as set forth herein, Defendants deny each and every allegation contained in Paragraph 6 of the Complaint and specifically deny engaging in any acts of discrimination or retaliation against Plaintiff. Further answering, Defendants state that the second sentence of paragraph 6 appears to incorporate a typographical error(s) and it's meaning is not clear. Further answering, Defendants admit that Defendants Sisto and Holmes were employed at OBIC's Foxborough facility in 1999 and 2000. Defendants further admit that Defendant Holmes acted as Plaintiff's supervisor during the time period from 1999 until Plaintiff's termination in 2000, and Defendants admit that Defendant Sisto acted as Defendant Holmes' supervisor during this time period.

7. Defendants OBIC and OBA admit that during their existence they have been engaged in the insurance industry, affecting commerce within the meaning of the ADA, ADEA and Title VII. Defendants Holmes and Sisto deny that they were engaged in the insurance industry or otherwise affecting commerce for purposes of the statutory provisions cited in Paragraph 7.

8. Defendant OBIC admits that it is an employer within the meaning of the ADA, ADEA, and Title VII. All defendants deny that any of the other defendants are such employers.

## PROCEDURAL REQUIREMENTS

9. Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

10. Defendants are without sufficient information to form a belief as to the truth of the

allegations set forth in this paragraph.

11.     Paragraph 11 sets forth a legal conclusion to which no response is required. To the extent that Paragraph 11 contains any factual allegations to which a response is required, Defendants deny these allegations.

## STATEMENT OF FACTS

12.     Defendants OBIC and OBA admit the allegations set forth in Paragraph 12 of the Complaint upon information and belief. Defendants Holmes and Sisto are without information sufficient to admit or deny these allegations, and therefore they are denied.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Complaint. Further answering, Defendants admit that Plaintiff's performance was at times satisfactory and at times unsatisfactory.

14 - 142.   Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in paragraphs 14 through 142 of the Amended Complaint, and accordingly those allegations are denied.

## COUNT ONE

143.    The answers to all preceding paragraphs of the Amended Complaint are incorporated herein by reference as if fully set forth herein.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. [No paragraph 153 appears in the Amended Complaint, and thus no corresponding answer is given.]

## COUNT TWO

154. The answers to all preceding paragraphs of the Amended Complaint are incorporated herein by reference as if fully set forth herein.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

## COUNT THREE

159. The answers to all preceding paragraphs of the Amended Complaint are incorporated herein by reference as if fully set forth herein.

160. Admitted.

161. Defendants admit that they knew Ms. Griffith to be a black female. Defendants deny the remaining allegations of this paragraph.

162. Denied.

163. Denied.

164. Defendants deny that they engaged in any unlawful discriminatory practices against

the plaintiff.

## COUNT FOUR

165. The answers to all preceding paragraphs of the Amended Complaint are incorporated herein by reference as if fully set forth herein.

    166. Denied.

    167. Denied.

    168. Denied.

    169. Denied.

## COUNT FIVE

170. The answers to all preceding paragraphs of the Amended Complaint are incorporated herein by reference as if fully set forth herein.

    171. Denied.

    172. Denied.

    173. Denied.

## COUNT SIX

174. The answers to all preceding paragraphs of the Amended Complaint are incorporated herein by reference as if fully set forth herein.

    175. Denied.

    176. Denied.

    177. Denied.

    178. Denied.

## COUNT SEVEN

179. The answers to all preceding paragraphs of the Amended Complaint are

incorporated herein by reference as if fully set forth herein.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

WHEREFORE, Defendants deny that Plaintiff is entitled to judgment, compensatory damages, liquidated damages, punitive damages, promotion, reinstatement, interest, attorney's fees, costs, expert fees, or any other remedy sought in any count of her Amended Complaint, and request that the Court dismiss all counts against them with prejudice and award such other and further relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint in whole or in part fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint in whole or in part is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is responsible in whole or in part for any harm suffered or loss incurred.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's own negligence was responsible in whole or in part for any harm suffered or loss

incurred.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed properly to mitigate damages, if any exist (which Defendants deny) as required by law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were caused in whole or in part by a person or persons for whose conduct Defendants are not legally responsible.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was employed as an at-will employee.

### NINTH AFFIRMATIVE DEFENSE

All of the actions taken by Defendants were supported by legitimate business interests, and by legitimate and nondiscriminatory reasons.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply fully with the administrative procedures that are a prerequisite to maintaining this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Punitive damages are not available as Defendants have undertaken good faith efforts to comply with the ADEA and all other laws prohibiting discrimination in the workplace.

### TWELFTH AFFIRMATIVE DEFENSE

The individual named defendants are not proper parties defendant under any theory pled

by plaintiff, and can have no individual liability to plaintiff as a matter of law.

WHEREFORE, Defendants request that:

1. Plaintiff's complaint be dismissed;

2. Defendants be awarded costs and fees; and

3. Defendants be granted such other and further relief as the Court deems appropriate.

Respectfully submitted,

OneBeacon Insurance Company
OneBeacon America Insurance Company
Karen Allen Holmes
Michael A. Sisto

By their attorneys,
Morgan, Brown & Joy
One Boston Place
Boston, MA 02108

By: _____
Keith B. Muntyan, Esq.

Dated: March 15, 2004

CERTIFICATE OF SERVICE

I, Keith Muntyan, hereby certify that a true copy of the above pleading was served on the date shown above, by first class mail, postage prepaid, on counsel for the plaintiff, Kathleen J. Hill, 92 State Street, Suite 700, Boston, MA 02109.

_____
Keith Muntyan