UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE T. GRIFFITH<br><br>Plaintiff,<br><br>v.<br><br>ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, MICHAEL A. SISTO, and KAREN ALLEN HOLMES<br><br>Defendants. | C.A. No. 03-CV-12573-EFH<br><br>Date:     Wednesday, May 12, 2004<br>Time:    2:00 p.m.<br>Location: Courtroom 19, 7th floor<br>Judge:   The Honorable Edward F. Harrington |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and in compliance with the Court's Order of March 24, 2004, Bernadine T. Griffith ("Griffith" or "Plaintiff") and OneBeacon Insurance Company ("OneBeacon"), OneBeacon America Insurance Company ("OneBeacon America"), Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively, "Defendants") (together with Griffith, the "parties"), hereby submit their Joint Statement in the above captioned matter.

### I. INTRODUCTION

On December 22, 2003, Ms. Griffith filed a Verified Complaint and Demand for Jury Trial against Defendants. On December 30, 2003, Ms. Griffith filed an Amended

1

Verified Complaint and Demand for Jury Trial against Defendants. Ms. Griffith is seeking to recover damages for alleged violations of Title VII, the ADEA, and the ADA.

Defendants filed an Answer to Ms. Griffith's Amended Verified Complaint on March 15, 2004.

On March 24, 2004, the Honorable United States District Court Judge Edward F. Harrington issued a Notice of Scheduling Conference setting this case for a May 12, 2004 Scheduling Conference.

## II. POSITION OF PLAINTIFF

Plaintiff, Bernadine T. Griffith, seeks to recover damages from OneBeacon Insurance Company, et. al., for alleged violation of Title VII, ADEA, and ADA, as more fully stated in the "Nature of the Action" section of her Amended Verified Complaint.

## III. POSITION OF DEFENDANTS

Defendants deny Ms. Griffith's allegations. Specifically, Defendants contend that Ms. Griffith was released from employment by Commercial Union Insurance Company ("Commercial Union") due to excessive absences that interfered with her ability to successfully perform the requirements of her job. Despite continued warnings and attempts by Commercial Union to assist Ms. Griffith in complying with the demands of her position, Ms. Griffith continued to engage in excessive absenteeism. Ms. Griffith's inability to be present and perform her job lead to her dismissal.

## IV. JOINT DISCOVERY PLAN

A.  PHASE 1:   For developing information required for a realistic assessment of the case:

   1. By agreement of the parties, the parties will make initial disclosures on or before June 1, 2004.

   2. All fact discovery will be completed by December 1, 2004.

   3. Pursuant to Local Rule 26.1(c), the parties will be limited to ten (10) depositions for each side, not including expert depositions or third-party record custodian depositions.

   4. The parties agree to comply with the discovery event limitations set forth in Local Rule 26.1(C).

B.  PHASE 2:   For developing information required to prepare for trial, if necessary:

   1. Plaintiff will provide her expert witness disclosure to Defendants in accordance with Rule 26(a)(2) no later than January 15, 2005.

   2. Defendants will provide their expert witness disclosure to Plaintiff in accordance with Rule 26(a)(2) no later than February 28, 2005.

   3. The parties will complete depositions of experts by March 28, 2005.

## V. PROPOSED MOTION FILING SCHEDULE

A.  The parties will file and serve motions for amendments to pleadings by December 6, 2004.

B.  The parties will file and serve Rule 56 motions by January 31, 2005.

C.      The parties will file and serve Oppositions to Rule 56 motions by February 21, 2005.

### VI.    OUTLINE OF PROPOSED PRE-TRIAL SCHEDULE

The parties propose that the Court hold the Final Pre-Trial Conference in May 2005.

### VII.    TRIAL BY MAGISTRATE JUDGE

The parties have conferred regarding the possibility of trial by a United States Magistrate Judge, and at this time, the parties consent to a trial by a United States Magistrate Judge.

### VIII.    CERTIFICATION OF CONFERENCE

Executed certifications affirming that each party and party's counsel have conferred regarding the costs of litigation and alternatives to litigation and have conferred regarding alternative dispute resolution will be filed by each respective party under separate cover.

### XI.    SETTLEMENT DEMAND

Pursuant to Local Rule 16(c), the parties state that they have engaged in preliminary settlement discussions. The parties will be prepared to further discuss settlement at the Scheduling Conference.

Dated: May 11, 2004

| | |
|---|---|
| KATHLEEN J. HILL<br>Attorney for Plaintiff<br>92 State Street, Suite 700<br>Boston, MA 02109<br>617-742-0457<br><br>By: _/s/ Kathleen J. Hill_<br>Kathleen J. Hill, Esq. by | MORGAN, BROWN & JOY, LLP<br>Attorneys for Defendants<br>One Boston Place<br>Boston, MA 02108<br>617-523-6666<br><br>By: _/s/_<br>Keith B. Muntyan, Esq.<br>Leah M. Moore, Esq. |