UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.: 03 CV 12573 EFH

|  |  |
|---|---|
| BERNADINE T. GRIFFITH<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| ONEBEACON INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE<br>COMPANY, MICHAEL A. SISTO, and<br>KAREN ALLEN HOLMES<br>    Defendants | )<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S RULE 42 (a) MOTION TO CONSOLIDATE

Now comes the Plaintiff, Bernadine T. Griffith, who respectfully moves this Honorable Court to allow the Plaintiff to consolidate Civil Action No. 03 cv 12573 EFH with Civil Action No. 04 10606 EFH for the purpose of trial, pursuant to Rule 42 (a), on the grounds that the actions involve common questions of law and facts, as she more fully states:

(1) Although the two separate employment discrimination actions concern the same law and facts, the employer repeatedly violated the law on different occurrences. Therefore, the two separate actions do not concern the same occurrences and are not subject to a Rule 15 amendment.

(2) The administrative proceedings below processed each action separately: each action ended with different results, the Massachusetts Commission Against Discrimination issued different findings, and the EEOC issued one right to sue letter seven months before the other right to sue letter.

1

(3)   The first action filed in the Massachusetts Commission Against Discrimination on April 27, 1997, for race, retaliation, and disability, which is the second action currently pending in the federal court as civil docket number 04 cv 10606 EFH, resulted in a probable cause finding with the EEOC issuing a right to sue letter on March 16, 2004.

(4)   The second action filed in the Massachusetts Commission Against Discrimination on October 5, 2000, for race, color, age, and disability, which is the first action currently pending in the federal court as civil docket number 03 cv 12573 EFH, resulted in a lack of probable cause finding with the EEOC issuing a right to sue letter on September 30, 2003.

(5)   Therefore, the Plaintiff moves to consolidate the two separate actions for purposes of trial, and requests the actions remain separate and independent actions for all purposes in the best interest of judicial economy.

## MEMORANDUM OF REASONING

The Plaintiff moves to consolidate the two separate actions only for the purpose of trial. *Bay State HMO Management v. Tingley Systems*, 181 F.3d 174 (1st Cir. 1999) (treating two separate actions as independent actions for all purposes). Consolidation of the two separate actions is a procedural tool invoked as a matter of convenience and judicial economy. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). Here, the facts of one action are already incorporated into the facts of the other action as one set of facts logically related to the facts of the other action. To date, the defendants never objected to the two actions

surviving as two separate independent actions, to include the years when the actions were pending at the two administrative agencies.

The plaintiff will be unduly prejudiced if the first federal action precedes the second federal action. The second federal action, if tried last, will be subjected to dismissal under the doctrine of res judicata and the statute of limitations because it actually occurred first in time. *Bay State HMO Management v. Tingley Systems*, 181 F.3d 174, 181 (1st Cir. 1999) (reasoning that consolidation is a remedial tool to bar against res judicata of the later-filed action).

Likewise, the proposed remedy suggested by the defendant, to amend the first federal action to include the second federal action, is prejudicial because (1) an amendment would subject the second action to dismissal under the doctrine of res judicata and the statute of limitations; (2) the amendment to include the second federal action, which proceeds first in time cannot relate back to the original pleading filed in the first federal action; and (3) a merger of the two actions would limit the extent of any compensatory and punitive damages the plaintiff may receive in a favorable judgment. 42 U.S.C § 1981a (b) (3) (capping damages for "each complaining party," a range of $50,000.00 to $300,000.00 based on the number of employees).

WHEREFORE, the Plaintiff respectfully requests this Court allow the Plaintiff's Motion to Consolidate the two separate actions for purpose of trial such that each action remains separate and independent for all purposes, order the defendants to answer the second federal complaint forthwith, and set a hearing date for a scheduling conference on the second federal action.

## RULE 7.1(d) REQUEST

THE PLAINTIFF RESPECTFULLY REQUESTS ORAL ARGUMENT.

                                Respectfully submitted,
                                BERNADINE T. GRIFFITH
                                By her Attorney,

Date: July 13, 2004

                                _____
                                Kathleen J. Hill    BBO# 644665
                                LAW OFFICE OF KATHLEEN J. HILL
                                92 State Street, Suite 700
                                Boston, MA 02109
                                617.742.0457 (O) / 617.742.4508 (F)

### RULE 7.1(a)(2) CERTIFICATION

I, Kathleen J. Hill, certify that I have conferred in good faith with the Defendants' Counsel of Record, Leah Moore, of Morgan, Brown, Joy, L.L.P. on June 1, 2004, June 28, 2004, and July 12, 2004, but the parties did not resolve the disputed issue.

_____
Kathleen J. Hill

### CERTIFICATE OF SERVICE

I, Kathleen J. Hill, herein certify that I served a true and accurate copy of the foregoing Plaintiff's Motion for Consolidation on the counsel of record: Leah M. Moore, of Morgan, Brown & Joy, One Boston Place, Boston, Massachusetts by pre-paid U.S. Mail and facsimile on this 13th day of July 2004.

_____
Kathleen J. Hill