UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE T. GRIFFITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. ) | C.A. No. 03-CV-12573-EFH |
| BERNADINE T. GRIFFITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. ) | C.A. No. 04-CV-10605-EFH |

**Defendants' Opposition to Plaintiff's Rule 42(a) Motion to Consolidate,
Defendants' Opposition to Plaintiff's Motion to Strike, and
<u>Defendants' Objection to Plaintiff's Amended Complaint</u>**

Now come the defendants in the above captioned Action, OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, and Karen Allen Holmes (collectively, the "defendants"), in opposition to the plaintiff's Motion to

Consolidate, as well as plaintiff's Motion to Strike and her related Amended Complaint. Defendants combine their opposition to the plaintiff's Motion to Consolidate and Motion to Strike in the 2003 Action[1] with their objection to the plaintiff's Amended Complaint in the 2004 Action[2] in this single pleading, for purposes of clarity and judicial economy and in the interest of obtaining a final ruling that will clarify the procedural status of both Actions pending before this Court.

All parties to the above captioned 2003 Action attended the initial scheduling conference on May 12, 2004, where the plaintiff agreed, based on defendant's objections to the duplicative nature of the two actions, to amend her 2003 Complaint to include the claims alleged on the same set of facts in her second, identically-styled 2004 Action also before this Court. The Clerk's notes from the Scheduling Conference were docketed on May 12, 2004, and included the Court's instruction, "Plaintiff to amend complaint to include other case." *See attached Exhibit A, entry date May 12, 2004.*

Upon counsel for the plaintiff subsequently indicating, both verbally and in writing, that should the defendants fail to file an Answer to the 2004 Complaint, she would file a Motion for Default, the defendants filed a Motion for Status Conference. See attached Exhibits B and C, Affidavit of Leah M. Moore and a copy of a letter from counsel for plaintiff to counsel for defendants dated June 29, 2004, respectively. The Court denied the defendants' Motion, presumably because its previous ruling to amend the 2003 Action was clear. *See attached Exhibit A, entry date July 13, 2004.*

Before the Court could rule on the Defendants' Motion for Status Conference, the

---

[1] "2003 action" refers to civil action number 03-CV-12573. The Complaint in the aforementioned action was filed on December 22, 2003, and amended on December 30, 2003.

[2] "2004 action" refers to civil action number 04-CV-10605. The Complaint in the aforementioned action was filed on March 29, 2004.

plaintiff filed a Motion to Consolidate, instead of simply amending her Complaint in the 2003 Action as had been instructed at the Scheduling Conference. One week later, the plaintiff further complicated the procedural posture of these cases by filing a Motion to Strike in the 2003 Action as well as an Amended Complaint in the 2004 Action. Plaintiff filed both of these pleadings without discussing her proposed course of action with counsel for Defendants, despite certifying that both parties had conferred. *See attached Exhibit B.*

The series of redundant and confusing pleadings filed by plaintiff in these two Actions appears to be in furtherance of an effort to have two complaints alleging a similar series of facts and events (against the same defendants) before this Court at the same time. The Court should not permit Plaintiff to arbitrarily divide these closely related cases into two separate Complaints and actions, presumably to be litigated and tried separately before two separate juries. Allowing Plaintiff to litigate this matter in two separate actions would be inefficient, an unnecessary waste of judicial resources and prejudicial to the defendants. "Obvious concerns arise when actions involving the same parties and similar subject matter are pending in different federal district courts: wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." Certainly if the filing of duplicative suits in separate federal courts constitutes wasted resources, surely maintaining two actions involving the same parties and same subject matter before the same judge is also a waste of judicial resources. *See TPM Holdings, Inc. v. Intra-Gold Indus, inc.*, 91 F.3d 1, 4 (1st Cir. 1996) (holding dismissal of second similar suit was proper).

3

By filing the instant Motions and Amended Complaint, the plaintiff has attempted to reconstruct the pleadings to reflect a situation where two separate trials are warranted. The fact remains that the plaintiff alleges the same complaints on the same set of facts in two separate actions with the hopes of arguing in front of two separate juries. These efforts are directly contrary to the Court's instruction to the plaintiff that she must amend her Complaint in the 2003 Action to include the facts and claims alleged in the 2004 Action.

Accordingly, in the interests of judicial economy and fairness to defendants, and with fidelity to the Court's prior instruction to plaintiff, defendants request that the Court:

(1)   Deny plaintiff's Motion to Consolidate and Motion to Strike;

(2)   Strike plaintiff's Amended Complaint in the 2004 Action

(3)   Once again order plaintiff to amend the Complaint in her 2003 action so that it includes all facts and claims raised in the 2004 action, such that all disputes between plaintiff and defendants can be litigated simultaneously in this action.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA
INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

_____
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
617-523-6666 (phone)
617-367-3629 (fax)

Dated: July 27, 2004

## CERTIFICATE OF SERVICE

I, Leah M. Moore, hereby certify that on this 27th day of July 2004, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

_____
Leah M. Moore

5