UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.: 03 CV 12573 EFH

| | |
|---|---|
| BERNADINE T. GRIFFITH<br>Plaintiff<br><br>vs.<br><br>ONEBEACON INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE<br>COMPANY, MICHAEL A. SISTO, and<br>KAREN ALLEN HOLMES<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### RULE 37 MOTION TO COMPEL AUTOMATIC REQUIRED DISCOVERY AND THE TAKING OF A DEPOSITION SUBPOENA DUCES TECUM

Now comes the Plaintiff, Bernadine T. Griffith, and respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. 37, to compel the defendants to produce forthwith the automatic discovery required by Fed. R. Civ. P. 26(a)(1), and to compel William Queenan to appear for his deposition on August 30, 2004 and produce the documents requested via subpoena duces tecum in paragraphs numbered 1-7, in accordance with Fed. R. Civ. P. 26, 30, and 34, as she more fully states:

(1)  Although the defendants submitted their alleged Rule 26 Disclosure on July 6, 2004, the unduly disclosure pertained to civil action no. 04-cv-10605, not civil action no. 03-cv-12573.

(2)  On July 12, 2004, this counsel conferred with defendants' counsel to inquire why defendants did not provide the requested Rule 26 Disclosure. At that time, defendants' counsel informed that they had inadvertently sent the wrong Rule 26

1

Disclosure, but that they intended to supplement the same to include Rule 26 Disclosure pertaining to civil action no. 03-cv-12573.

(3) On July 21, 2004 via letter, plaintiff again requested defendants provide the said Rule 26 Disclosure. *See attached Exhibit A, July 21, 2004 Hill letter to Moore.*

(4) To date, however, the defendants have not served plaintiff with the required Rule 26 Disclosure in civil action no. 03-cv-12573.

(5) On June 30, 2004, plaintiff provided the defendants with notice of her intention to take two depositions: Monica Scanlon, supervisor, and William Queenan, Director of Human Resources, as the latter deponent is identified in the MCAD file as the contact person of the Employer. At this time, Defendants, who raised no objections to the taking of Mr. Queenan's deposition, requested the plaintiff reschedule the said deposition to the end of August to accommodate Attorney Muntyan's schedule. *See attached Exhibit B, Subpoena Duces Tecum served on William Queenan.*

(6) On August 12, 2004, the defendants sent the plaintiff a letter in which they refused to attend the deposition of William Queenen, alleging: "despite several conversations with Mr. Queenan and his careful review of the Complaint in the above reference matter, Mr. Queenan continues to state that he has no knowledge of matters relevant to this litigation. Moveover, Mr. Queenan has no memory of his participation in matters addressing Ms. Griffith or her tenure with CGU/One Beacon Insurance." Defendants objected on grounds that the subpoena duces tecum "is both grossly overbroad and wholly inappropriate." *See attached Exhibit C, August 12, 2004 Moore letter to Hill.*

2

(7)  On August 12, 2004, this counsel responded to the said letter by sending defendants' counsel a facsimile-note informing her that Mr. Queenan handled the MCAD complaint pertaining to civil action no. 03-cv-12573 EFH, and he produced the same documents that are requested in the said subpoena duces tecum to the MCAD. *See attached Exhibit D, July 15, 2002 Queenan letter to Fisher of the MCAD.*

(8)  On August 17, 2004, defendants' counsel informed this counsel that Mr. Queenan will be present for his August 30, 2004 deposition. The defendants, however, continue to object alleging the subpoena duces tecum "is both grossly overbroad and wholly inappropriate." *See attached Exhibit E., August 17, 2004 Moore letter to Hill.*

(9)  On August 18, 2004, plaintiff's counsel conferred with defendants' counsel, at which time she advised that "the MCAD rules are different than the federal rule," and that this counsel could file a motion to compel.

## MEMORANDUM OF REASONING

Without awaiting a discovery request, Federal Rule 26(a)(1) requires, in pertinent part, the defendants to provide to the plaintiff disclosure of all individuals likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings and to provide either copies of relevant material or to identify the same. At this stage of discovery, the defendants cannot provide a justifiable reason for their failure to comply with automatic disclosure in civil action no. 03-cv- 12573-EFH. The defendants' bad-faith discovery tactics is highly prejudicial to the plaintiff's case, unfairly impeding her right to have access to relevant materials and the opportunity to depose those individuals either creating or controlling the relevant materials.

In sum, the defendants' refusal to identify William Queenan as the Human Resource Director who handled the action below in the MCAD and their refusal to produce the materials Mr. Queenan personally submitted to the MCAD is in direct conflict with fundamental principals and rules governing discovery. *See Pan American Grain MFG. v. Puerto Rico P.A.*, 295 F. 3d 108, 116 (1st Cir. 2002) (allowing award of attorneys' fees when granting a motion to compel pursuant to Fed. R. Civ. P. 37 (a)(4) "unless opposing party's behavior was 'substantially justified.'")

WHEREFORE, the plaintiff respectfully requests the Court impose Fed. R. Civ. P. 37 sanctions against the defendants: require the defendants to provide forthwith the automatic disclosure, require the witness to produce the subpoenaed materials at his deposition, and to order defendants to pay the costs and attorneys' fees for the taking of William Queenan deposition subpoena duces tecum.

## RULE 26.2 (2) CERTIFICATION

I, Kathleen J. Hill, herein certify that I took the above-stated steps in good faith to resolve this discovery dispute, and last conferred with defendants' counsel on August 18, 2004 at 1:00 PM, in compliance with LR 37.1, but the parties were not able to resolve this discovery dispute by agreement.

The matter remaining to be resolved is: (1) defendants to provide automatic required disclosure in civil action no. 03-cv12573 EFH, and (2) to require William Queenan to attend his

4

August 30, 2004 deposition and produce a copy of documents requested via the said subpoena duces tecum, paragraphs numbered 1-7.

Signed Under the Pains and Penalties of Perjury

_____
Kathleen J. Hill

Date: 8/19/04

Respectfully submitted,
BERNADINE T. GRIFFITH
By her Attorney,

_____
Kathleen J. Hill    BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)

5

## CERTIFICATE OF SERVICE

I, Kathleen J. Hill, certify that I served a true and accurate copy of the foregoing Plaintiff's Rule 37 Motion to Compel Automatic Required Discovery and the Taking of a Deposition Subpoena Duces Tecum on the counsel of record: Keith B. Muntyan, of Morgan, Brown & Joy, One Boston Place, Boston, Massachusetts by pre-paid U.S. Certified Mail and facsimile on this 19th day of August 2004.

_____
Kathleen J. Hill

# LAW OFFICE OF KATHLEEN J. HILL
*ATTORNEY & COUNSELOR AT LAW*
92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile: 617.742.4508

By U.S. Confirmation Mail
0300 1290 0001 6398 0183

July 21, 2004

Leah M. Moore, Esq.
Morgan, Brown & Joy, L.L.P.
One Boston Place
Boston, MA 02108-4472

  Re: Griffith v. OneBeacon Insurance Company, et. al.
    Docket No. 03-CV-12573 EFH
    Docket No. 04-CV-10605-EFH

Dear Attorney Moore:

  I enclose Plaintiff's Amended Complaint in Docket No. 0410605 and the Waiver of Service of Summons. Please advise if you will waiver service. Also enclosed is Plaintiff's Motion to Strike in Docket No. 0312573 EFH.

  This letter confirms that the depositions of Monica Scanlon and William Queenan have been rescheduled to Monday, August 23, 2004 to accommodate Attorney Muntyan's schedule.

  As we discussed in our last telephone conversation, I would like to receive the supplement to your initial discovery in Docket No. 0312573 EFH.

Very truly yours,

Kathleen J. Hill

cc: Ms. Bernadine T. Griffith

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

*CIVIL ACTION NO.: 03 CV 12573 EFH*

|  |  |
|---|---|
| BERNADINE T. GRIFFITH ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> ONEBEACON INSURANCE COMPANY, ) <br> ONEBEACON AMERICA INSURANCE ) <br> COMPANY, MICHAEL A. SISTO, and ) <br> KAREN ALLEN HOLMES ) <br> Defendants ) <br> ) | <u>DEPOSITION SUBPOENA</u> <br> <u>DUCES TECUM</u> |

To:  William Queenan, Director of Human Resources
     One Beacon Insurance
     One Beacon Street
     Boston, MA 02108

**YOU ARE HEREBY COMMANDED**, in the name of the Federal District Court of Massachusetts in accordance with the provisions of Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, to appear and testify on behalf of Plaintiff, Bernadine T. Griffith, before a Notary Public in and for the Federal District of Massachusetts, or before some other officer authorized by law to administer oaths, commencing at 10:00 AM on Monday, August 23, 2004, at the Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, MA 02109, 617.742.0457, and there to testify as to your knowledge at the taking of the deposition in the above-entitled action.

*And you are further required to bring with you:*

1. Complainant, Bernadine T. Griffith's, entire personnel file, please include all correspondences in regards to Complainant and Complainant's medical condition.

2. All requests for accommodations that the Complainant made during her tenure and all responsive documentation pertaining to all accommodations that have either been granted or denied.

1

3. A list identifying all other employees, who like the Complainant have requested an accommodation due to a disability and received accommodations for their disability.

4. All documentation pertaining to Complainant's grievances and accusations that she was discriminated against due to her disability, to include documentation identifying the investigators position with Defendants, date of accusations, date of investigation, and his/her findings.

5. All copies of any and all medical records of the Complainant, including correspondence, notes, and letters written by any medical care provider pertaining to the Complainant.

6. All copies of any and all documentation, correspondence, emails, letters, memorandum, pay roll records or other records pertaining to any and all benefits pertaining to the employment of the Complainant, including her retirement, short-term/long-term disability, medical coverage, dental coverage, family medical leave, vacation, bonuses or any other benefit.

7. All copies of any and all documentation, correspondence, emails, letters, memorandum, pay roll records, or other records pertaining to any and all income the Complainant received from the Defendants.

8. All copies of all other documentation and records not otherwise requested above, as kept and maintained by the Defendants, pertaining to the Complainant in the course of her employment and her claims of discrimination that are the subject matter of this litigation.

**HEREOR FAIL NOT,** as you will answer your default under the pains and penalties in the law in that behalf made and provided.

Dated at Boston, this twenty-eighth day of July, A.D. 2004.

_____
Notary Public – Craig La Clair
My Commission Expires on: May 21, 2010

2

**MORGAN, BROWN & JOY, LLP**
ATTORNEYS AT LAW
ONE BOSTON PLACE
BOSTON, MASSACHUSETTS 02108-4472
TELEPHONE (617) 523-6666
FACSIMILE (617) 367-3125

LEAH M. MOORE

DIRECT DIAL (617) 788-5021
lmoore@morganbrown.com

August 12, 2004

Via Facsimile

Kathleen J. Hill, Esq.
Law Office of Kathleen J. Hill
92 State Street, Suite 700
Boston, MA 02109
617-742-4508 (fax)

Re: **Griffith v. OneBeacon Insurance Company, et. al.**
    **U.S.D.C. Massachusetts, Docket No. 03-CV-12573-EFH**

Dear Kathleen:

I write with regard to the subpoena *duces tecum* served upon William Queenan.

Despite several conversations with Mr. Queenan and his careful review of the Complaint in the above referenced matter, Mr. Queenan continues to state that he has no knowledge of matters relevant to this litigation. Moreover, Mr. Queenan has no memory of his participation in matters addressing Ms. Griffith or her tenure with CGU/OneBeacon Insurance. Accordingly, Mr. Queenan is not a qualified witness for defendant companies OneBeacon Insurance Company and OneBeacon America Insurance Company.

Should you believe that Mr. Queenan is an appropriate witness, please produce copies of the documents in your possession that evidence such, including the documents you referenced in past conversations which contain either Mr. Queenan's name or signature. Upon evidence that Mr. Queenan does have relevant knowledge, Defendants will reconsider their opposition to his deposition.

Were Defendants to agree to Mr. Queenan's deposition, the subpoena *duces tecum* served upon him is both grossly overbroad and wholly inappropriate. As such, Defendants object to it

MORGAN, BROWN & JOY, LLP

and state that were Mr. Queenan's deposition to be taken, the eight categories of documents you subpoenaed would not be produced. Should you resubmit your request in the form of a request for production of documents, Defendants' would revisit the appropriateness of your requests at that time.

Should you have any questions or concerns, please do not hesitate to contact me.

Regards,

Leah M. Moore

cc: William Queenan
    Joan K. Geddes, Esq.
    Keith B. Muntyan, Esq.





RECEIVED
JUL 17 2002
COMMISSION AGAINST DISCRIMINATION

July 15, 2002

Sarah L. Fisher
Field Representative
The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place
Boston, MA 02108

RE: Griffith V. Commercial Union Insurance Co./Edmund Freeman NO: 97131760

Dear Ms. Fisher,

Thank you for providing us additional time to respond to your request.

Enclosed is a copy of Ms. Griffith's personnel file. The first section includes medical information that is normally kept in a separate file.

This file also contains references to accommodation requests. It also includes an investigation conducted in October 1996 by Cathleen Moynihan, then Regional Vice President, Human Resources.

Also enclosed is Edmund Freeman's personnel file. However, is does not contain any investigatory material.

We do not have a central repository for reporting employees' requests for accommodations. We will continue to investigate if any record of requests made by similarly situated employees may exist.

Please feel free to contact me with any further questions.

Sincerely,

William Queenan
Director, Human Resources Programs

**MORGAN, BROWN & JOY, LLP**
ATTORNEYS AT LAW
ONE BOSTON PLACE
BOSTON, MASSACHUSETTS 02108-4472
TELEPHONE (617) 523-6666
FACSIMILE (617) 367-3125

LEAH M. MOORE

DIRECT DIAL (617) 788-5021
lmoore@morganbrown.com

August 17, 2004

Via First Class Mail

Kathleen J. Hill, Esq.
Law Office of Kathleen J. Hill
92 State Street, Suite 700
Boston, MA 02109

Re:   **Griffith v. OneBeacon Insurance Company, et. al.**
      **U.S.D.C. Massachusetts, Docket No. 03-CV-12573-EFH**

Dear Attorney Hill:

Thank you for the information regarding William Queenan. Though he had no recollection of the document, Mr. Queenan agrees that it is his signature and will confirm that at his deposition. Accordingly, we are happy to produce him for deposition currently scheduled for 10:00 a.m. on Tuesday, August 30, 2004 at your office.

Though we are willing to produce Mr. Queenan for deposition, Defendants' objection to the subpoena *duces tecum* served upon him remains. As previously stated, the subpoena is both grossly overbroad and wholly inappropriate, and Defendants object to Plaintiff's service of a subpoena *duces tecum* in lieu of a request for production.

Should you have any questions or concerns, please do not hesitate to contact me.

Regards,

Leah M. Moore

cc:   Joan K. Geddes, Esq.
      William Queenan
      Keith B. Muntyan, Esq.

# LAW OFFICE OF KATHLEEN J. HILL
*ATTORNEY & COUNSELOR AT LAW*
92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile: 617.742.4508

By U.S. Certified Mail
7002 0460 0001 9780 2246

August 19, 2004

United States District Court for
the District of Massachusetts
Attn: Civil Clerk
One Courthouse Way
Boston, MA 02110

    Re: Bernadine T. Griffith vs. OneBeacon Insurance Company, et al.
        Docket No. 03-cv-12573 EFH

Dear Sir/Madam Clerk:

    I enclose for filing in this United States District Court in the above-captioned matter Plaintiff's Amended Complaint and Rule 37 Motion to Compel Automatic Required Discovery.

    Thank you for your courteous assistance in this matter.

Very truly yours,

Kathleen J. Hill

cc: Ms. Bernadine T. Griffith
    Keith B. Muntyan, Esq.
    Leah M. Moore, Esq.