UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE T. GRIFFITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. )<br>) | C.A. No. 03-CV-12573-EFH |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
AUTOMATIC REQUIRED DISCOVERY AND THE TAKING
OF A DEPOSITION SUBPOENA *DUCES TECUM***

Now come the defendants in the above captioned Action, OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto, and Karen Allen Holmes (collectively, the "defendants"), in opposition to the plaintiff Bernadine T. Griffith's (the "plaintiff" or "Ms. Griffith") Motion to Compel Automatic Required Discovery and with objection to the subpoena *duces tecum* served upon William Queenan ("Mr. Queenan").

On August 5, 2004, this Court dismissed the plaintiff's second identical Complaint, Civil Action No. 04-CV-10605 (the "2004 Action" or the "2004 Complaint"), thereby requiring Plaintiff to abide by the Court's May 12, 2004 Order to amend the above-referenced Action (the "2003 Action" or the "2003 Complaint") to include any unique claims in the 2004 Action. *See* Exhibit 1, the Court's Order dismissing the 2004

1

Action and ordering the plaintiff to amend the 2003 Action.

While the 2003 and 2004 Actions were still pending, on April 19, 2004, the plaintiff served the defendants with her initial disclosure in the 2003 Action. The entirety of Ms. Griffith's initial disclosure was "Ms. Griffith herein reincorporates her Exhibits to the Verified Complaint and submits the same to the defendants as her initial disclosure." *See* Exhibit 2, the April 19, 2004 Letter from Attorney Kathleen J. Hill to Attorney Leah M. Moore.

Because the defendants were gathering information and waiting for the plaintiff to amend the 2003 Complaint, they delayed serving their initial disclosure. When it became clear that the plaintiff had no intention of complying with the Court's order to amend, the defendants served the plaintiff with their initial disclosure on July 6, 2004 based upon the allegations contained in the 2003 Complaint. In compliance with Federal Rule of Civil Procedure 26(a)(1), the defendant's Initial Disclosure included seventeen named individuals believed to have knowledge or information regarding the plaintiff's tenure with OneBeacon and a comprehensive list of documents the defendants intend to produce. *See* Exhibit 3, Defendant's Rule 26 Initial Disclosure. Because the plaintiff's 2003 Complaint was over 185 paragraphs long and recounted an eight year history of the plaintiff's employment by OneBeacon, the defendants' Initial Disclosure addressed the entire eight year span. Accordingly, the plaintiff's statement in paragraph 4 of her Motion to Compel that "to date, however, the defendants have not served plaintiff with the required Rule 26 Disclosure in civil action no. 03-cv-12573" is wholly inaccurate.

Though counsel for the plaintiff states otherwise, during the July 12, 2004 conversation regarding sufficiency of the defendants' disclosure, counsel for the

defendants informed counsel for the plaintiff that the defendants believed the disclosure was complete and accurate given the breadth of time and topics outlined in the 2003 Complaint. Further, there was no discussion of sending the wrong disclosure because the defendants adhered to the Court's Order requiring the plaintiff to amend her 2003 Action to include the 2004 Action and would not have acknowledged the existence of the 2004 Action by serving an initial disclosure in that litigation. *See* Exhibit 4, Affidavit of Leah M. Moore.

On June 30, 2004, counsel for the plaintiff served counsel for the defendants with notices of deposition for William Queenan and Monica Scanlon. *See* Exhibit 5, June 30 letter from Attorney Hill to Attorney Muntyan and accompanying documents.

On July 9, 2004, counsel for the defendants informed counsel for the plaintiff that they represented both William Queenan and Monica Scanlon. Because counsel for the defendants[1] could not attend the deposition as scheduled by the plaintiff, the defendants and deponents suggested alternative dates. During a follow-up telephone conversation, counsel for both parties agreed upon August 23, 2004 for both depositions. *See* Exhibit 6, July 9, 2004 letter from Attorney Moore to Attorney Hill.

On July 28, 2004, counsel for the plaintiff contacted the defendants to inform them that she needed to reschedule the August 23, 2004 depositions of Monica Scanlon and William Queenan. *See* Exhibit 7, July 28, 2004 letter from Attorney Hill to Attorney Moore. Also on July 28, 2004, despite the fact that she intended to reschedule his deposition because she could not attend, counsel for the plaintiff, for the first time, served

---

[1] For the sake of clarity, the term 'counsel for the defendants' will encompass the named defendants in the 2003 Action as well as the two deponents William Queenan and Monica Scanlon.

3

the defendants with a deposition subpoena *duces tecum* for William Queenan scheduled for August 23, 2004. *See* Exhibit 8, July 28, 2004 letter from Attorney Hill to Attorney Moore and accompanying documents.

On August 12, 2004, counsel for the defendants wrote to counsel for the plaintiff to inform her of their concern about the subpoena *duces tecum* served upon Mr. Queenan. *See* Exhibit 9, August 12, 2004 letter from Attorney Moore to Attorney Hill. The defendants stated that the subpoena *duces tecum* was both grossly overbroad and procedurally inappropriate. *Id.* Moreover, not only was counsel for the defendants unable to locate a document referencing Mr. Queenan in the plaintiff's attachment to the 2003 Complaint, on several occasions Mr. Queenan informed counsel that he had no recollection of participating on behalf of OneBeacon in any incident involving the plaintiff. *See id.;* Exhibit 4, Affidavit of Leah M. Moore. In response to counsel for defendants' August 12, 2004 letter, the plaintiff produced from the attachment to the 2003 Complaint a letter to the plaintiff from the Massachusetts Commission Against Discrimination ("MCAD") on which Mr. Queenan was copied. *See* Exhibit 10, August 13, 2004 facsimile from Attorney Hill to Attorney Moore and accompanying documents. The plaintiff also produced a letter from Mr. Queenan to the MCAD the she previously failed to reference in her 2003 Complaint, the attachment to the 2003 Complaint, or in her one sentence initial disclosure. *See id.*

Upon receipt of the plaintiff's information regarding Mr. Queenan, the defendants immediately agreed to produce him for deposition, but renewed their objection to the breadth of the subpoena *duces tecum* and its procedural appropriateness. *See* Exhibit 11, August 17, 2004 letter from Attorney Moore to Attorney Hill. The defendants

4

specifically stated that their objection was based upon the fact that the plaintiff was attempting to utilize a subpoena *duces tecum* in lieu of serving the defendants with a document request. *See id;* Exhibit 4, Affidavit of Leah M. Moore; Exhibit 9, August 12, 2004 letter from Attorney Moore to Attorney Hill. Accordingly, the defendants renewed their objections and invited the plaintiff to serve them with a request for production of documents as outlined in Rule 34 of the Federal Rules of Civil Procedure. *Id.*

On August 18, 2004, counsel for the plaintiff telephoned counsel for the defendants to note the plaintiff's opposition to the defendants' objection to the subpoena *duces tecum.* For the third time, the defendants invited the plaintiff to serve them with a document request, but the plaintiff remained steadfast in her position that the subpoena *duces tecum* was proper. During this conversation counsel for plaintiff insisted that she had filed the same subpoena *duces tecum* upon Mr. Queenan when the matter was before the MCAD despite the fact that she was not the plaintiff's counsel at any stage of the MCAD litigation. *See* Exhibit 4, Affidavit of Leah M. Moore. Counsel for the defendants then informed counsel for the plaintiff that what occurred before the MCAD was irrelevant because this litigation was now in federal court and governed by the Federal Rules of Civil Procedure. *See id.*

While the defendants have agreed to produce Mr. Queenan for deposition, their objection to service of an overly broad subpoena *duces tecum* in lieu of a document request remains. "Rule 45, to the extent it concerns discovery, is still directed at non-parties and [] Rule 34 governs the discovery of documents in the possession or control of the parties themselves." *Hasbro v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) (Neiman) (citing *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622,

5

624 (D. Mass. 1988) (Collings) as rationale for its holding that service of a subpoena *duces tecum* upon a party to the litigation is procedurally inappropriate, despite the fact that Fed. R. Civ. P. 34 and 45 have been amended since the *Contardo* decision, and 9A Wright and Miller, Federal Practice and Procedure § 2452 (1995) "Rule 45 has a close relation to the proper functioning of the discovery rules. Most notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of the deposition.")[2].   Given the fact that Mr. Queenan is both a current employee of OneBeacon and a keeper of their records, there is not question that the documents the plaintiff seeks from him are under the control of a named defendant.  Hence, Rule 34 requiring the service of a request for production of documents, and not Rule 45 governs. *See Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) (Neiman) (applying the same rationale in ruling that the defendant's expert was not subject to a subpoena *duces tecum* because the expert's documents were within the control of the defendant.).

      Because the plaintiff knew the defendants would object to a document request seeking "a list identifying all other employees, who like the Complainant [sic] have requested an accommodation due to a disability and received accommodation for their disability," she has attempted to serve a keeper of the records and current employee of named defendants with a subpoena for such information.  There is no question that such a request if submitted as part of a document request would be overly broad, unduly burdensome, irrelevant and unlikely to lead to the discovery of admissible evidence; the

---

[2] Though this issue has been settled in the First Circuit, other circuits have a differing view of the use of a subpoena *duces tecum* upon a party to a litigation in lieu of serving a document request under Rule 34 of the Fed. R. Civ. P.  For a discussion of the circuits' differing positions see M*ortgage Info. Serv., Inc.*, 210 F.R.D. 562, 564-566 (WDNC 2002).

information would be protected by the attorney-client privilege and would require the production of confidential employee records and information.

Were these the only documents requested, perhaps plaintiff's failure to conform to this Court's rules governing the discovery process could be overlooked. However, the subpoena *duces tecum* served upon Mr. Queenan contains seven other requests, all of which are either overly broad or request documents that are equally as available to the plaintiff as they are to the defendants. Service of such a subpoena upon a keeper of records for a company that is a named defendant when no written discovery has been exchanged is a blatant attempt at an end run around the Federal Rules of Civil Procedure and the proper execution of the discovery process, particularly after the defendants twice suggested to the plaintiff that she serve a request for production of documents requesting the same information.

Moreover the plaintiff's attempt to sway this Court by arguing that the defendants failed to serve an initial disclosure and are engaging in "bad-faith discovery tactics" is offered despite the fact that the plaintiff clearly acknowledges receipt of the defendants' Initial Disclosure in her motion to compel. If any party could be accused of engaging in unethical behavior that is "highly prejudicial to this case," it can only be the plaintiff by her threats to seek a default judgment against the defendants and insistence upon a two and one-half month stalemate in direct defiance of the Court's Order to amend.

Though fully within their right to request it at the time, the defendants did not seek sanctions against the plaintiff for her refusal to comply with the Court's May 12, 2004 Order to amend her 2003 Complaint, despite the fact that the plaintiff's defiance resulted in the drafting of two motions and the exchange of myriad telephone calls and

7

letters. Yet the plaintiff now seeks sanctions against the defendants for conduct that "is in direct conflict with the principals and rules governing discovery." The defendants can no longer ignore the plaintiff's continued disrespect for the rules of civil procedure, her continues disregard of the defendants' attempts to resolve matter without seeking guidance from the Court; and the accumulation of attorney's fees that are an inevitable result of such behavior. Accordingly, the defendants request this court award them attorney's fees and costs generated in the bringing of the July 1, 2004 Motion for Status Conference; the bringing of the July 27, 2004 Opposition to Plaintiff's Rule 42(a) Motion to Consolidate, Opposition to Plaintiff's Motion to Strike, and Objection to Plaintiff's Amended Complaint; and the instant Opposition to Plaintiff's Motion to Compel as outlined under Rule 37 because all of these motions and oppositions are a direct result of the plaintiff's continued failure to abide by the orders and rules of this Court and the Federal Rules of Civil Procedure.

        Respectfully submitted,

        ONEBEACON INSURANCE CO.,
        ONEBEACON AMERICA
        INSURANCE CO.,
        MICHAEL A. SISTO, and
        KAREN ALLEN HOLMES

        By their attorneys

        _/s/ Leah M. Moore_____
        Keith B. Muntyan (BBO # 361380)
        Leah M. Moore (BBO # 658217)
        MORGAN, BROWN & JOY, LLP
        One Boston Place
        Boston, MA 02108
        617-523-6666 (phone)

Dated: August 30, 2004

## CERTIFICATE OF SERVICE

      I, Leah M. Moore, hereby certify that on this 30th day of August 2004, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

                                                                                                                                    /s/ Leah M. Moore_____
                                                                                                                                    Leah M. Moore