UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BERNADINE T. GRIFFITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. )<br>) | C.A. No. 03-CV-12573-EFH |

**Defendants' Rule 12(f) Motion to Strike**

Now come the defendants in the above captioned Action, OneBeacon Insurance Company, OneBeacon America Insurance Company, (together, "OneBeacon") Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively, the "defendants"), and move this Court to strike portions of plaintiff Bernadine Griffith's ("plaintiff" or "Ms. Griffith") Amended Verified Complaint and to strike exhibits from the plaintiff's Exhibits to the Verified Complaint.

On August 5, 2004, this Court dismissed the plaintiff's second identical Complaint, Civil Action No. 04-CV-10605 (the "2004 Action" or the "2004 Complaint"), thereby requiring Plaintiff to abide by the Court's May 12, 2004 Order to amend the above-referenced Action (the "2003 Action" or the "2003 Complaint") to include any unique claims in the 2004 Action. *See* Exhibit A, the Court's Order dismissing the 2004 Action and ordering the plaintiff to amend the 2003 Action.

In response to the Court's Order, on August 18, 2004, the plaintiff served the defendants with her Amended Verified Complaint. *See* Exhibit B, the August 18, 2004 Amended Verified Complaint and Demand for Jury Trial.  Despite the fact that she alleges counts one through six against all defendants, the plaintiff then realleges the same violations in counts eight though eleven against only the corporate defendant, OneBeacon[1]. *See id.*

Within the Amended Verified Complaint, the plaintiff refers to exhibits, presumably incorporating by reference the exhibits filed with the original Verified Complaint on December 22, 2003.  Several of the documents included by the plaintiff in her Exhibits to Plaintiff's Verified Complaint and Demand for Jury Trial reference settlement offers and negotiations. *See* Exhibit C, Exhibits 19, 20, and 21 to Plaintiff's Verified Complaint and Demand for Jury Trial.

"A motion to strike under Federal Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004). "'Redundant' matter consists of allegations that constitute a needless repetition of other averments in the pleadings." *Id*. at § 1382.

In her Verified Amended Complaint, the plaintiff repeatedly accuses the defendants of violating the same statutes in multiple counts.  For example, though Counts I and II allege violations of the Americans with Disabilities Act (ADA) and retaliation under same against all of the named defendants, i.e. Sisto, Holmes and OneBeacon, the plaintiff alleges the same ADA violations and retaliation against OneBeacon individually

---

[1] Despite the fact that the Complaint refers to OneBeacon as a defendant, the plaintiff inadvertently refers to OneBeacon as CU and CGU in explaining to which defendants each count applies.

in Counts VIII and IX.  The plaintiff makes a similar recurrent argument in her Title VII claims, arguing behavior in violation of the statute and retaliation under same against all named defendants in Counts III and IV, while alleging the same Title VII violations, including retaliation, against OneBeacon separately in Counts X and XI.  The plaintiff's repetitive allegations are by definition redundant.  It appears that the plaintiff is attempting to recover double damages through alleging violations of a statute by multiple defendants and later alleging the same violations by each individual defendant.

Additionally, the plaintiff includes documents discussing settlement as exhibits to and thereby grounds for her Amended Verified Complaint.  "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount." Fed. R. Ev. 408.  Because OneBeacon's offer of settlement cannot be admitted as evidence of an admission of guilt, its submission with the initial complaint to substantiate the plaintiff's claims is wholly inappropriate and should not be permitted.

Accordingly, the Court should strike exhibits 19-21 of the plaintiff's Exhibits to the Verified Complaint as evidentially inappropriate and should strike as redundant Counts VIII - XI of the Plaintiff's Amended Verified Complaint.

        Respectfully submitted,

        ONEBEACON INSURANCE CO.,
        ONEBEACON AMERICA
        INSURANCE CO.,
        MICHAEL A. SISTO, and
        KAREN ALLEN HOLMES

        By their attorneys

        /s/ Leah M. Moore_____
        Keith B. Muntyan (BBO # 361380)
        Leah M. Moore (BBO # 658217)
        MORGAN, BROWN & JOY, LLP
        One Boston Place
        Boston, MA 02108
        617-523-6666 (phone)
        617-367-3629 (fax)

Dated: September 7, 2004

## CERTIFICATE OF SERVICE

    I, Leah M. Moore, hereby certify that on this 7th day of September 2004, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

        /s/ Leah M. Moore_____
        Leah M. Moore