UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

BERNADINE T. GRIFFITH,
                Plaintiff

         v.                            CIVIL ACTION NO.:
                                               03-12573-EFH

ONEBEACON INSURANCE COMPANY,
ONEBEACON AMERICA INSURANCE
COMPANY, MICHAEL A. SISTO and
KAREN ALLEN HOLMES,
                Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**O R D E R**

September 14, 2004

HARRINGTON, S.D.J.

      The Court grants in part and denies in part plaintiff's motion to compel discovery regarding a subpoena ordering William Queenan, the Director of Human Resources for Defendant One Beacon Insurance Co. ("One Beacon"), to appear for deposition and to produce specified documents. Initially, the Court notes that it need not rule on plaintiff's motion to compel Queenan's appearance at the deposition because defendants have already agreed to produce him in their August 17, 2004 letter to plaintiff.

      Next, the Court rules that plaintiff's issuance of a subpoena for documents maintained by an employee of one of the defendants was procedurally improper. Because Queenan is an employee of Defendant One Beacon, the documents are under that defendant's control. Plaintiff,

therefore, should have issued a Rule 34 request for production, not a Rule 45 subpoena. Nevertheless, in the interest of judicial economy, the Court will overlook plaintiff's procedural error and deem plaintiff's subpoena as a Rule 34 request for production.

Regarding plaintiff's request to compel production of documents, the Court rules that Item Nos. 1 and 2 and 4 through 8 are not overbroad and their production should not impose an undue burden. But Item No. 3, which seeks "[a] list identifying all other employees, who like the Complainant have requested an accommodation due to a disability and received accommodations for their disability," could involve confidential or privileged information. As such, Queenan may produce a list of accommodations granted to disabled One Beacon employees rather than the names of these employees. And, to the extent that defendants may in the future be required to produce records detailing such accommodations, defendants may redact from those documents the names of the employees and other identifying information.

Finally, the Court denies plaintiff's request to impose sanctions against defendants because defendants provided plaintiff their initial disclosure on July 6, 2004. In addition, the Court also denies both parties' requests to award attorneys' fees and costs.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge