UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 03 CV 12573 EFH

BERNADINE T. GRIFFITH )
   Plaintiff )
)
vs. )
)
ONEBEACON INSURANCE COMPANY, )
ONEBEACON AMERICA INSURANCE )
COMPANY, MICHAEL A. SISTO, and )
KAREN ALLEN HOLMES )
   Defendants )
)

## OPPOSITION TO DEFENDANTS' RULE 12 (f) MOTION TO STRIKE

The plaintiff, Bernadine T. Griffith, opposes the defendants' Motion to Strike on the grounds that the Motion to Strike, which sets forth no rulings of law to support the argument, is procedurally and substantively defective: the defendants fail to show prejudice; the defendants fail to state what averments are "redundant"; the defendants cannot show that the claims in question are irrelevant to this action; the plaintiff's Amended Complaint fully complies with the August 5, 2004 Order to amend the complaint in Civil Action No. 03-12573; and the exhibits in question are relevant to this litigation.

## MEMORANDUM OF REASONING

Motions to strike are not favored, they are treated narrowly in scope, and such motions are "not calculated readily to invoke the court's discretion." *Boreri v. Flat S.P.A.*, 736 F.2d 17 (1st Cir. 1985). A moving party must show that the matter it is moving to strike is irrelevant and prejudicial to the movant. See, e.g., *Walmac Company v. Isaacs*, 220 F.2d 108 (1st Cir. 1955);

1

*Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 35 (N.D.Ill, 1980); *Skadegaard v. Farrell*, 578 F. Supp. 1209, 1221 (D.N.J. 1984). Here, the defendants have failed to show they are prejudiced by the claims they are moving to strike, and they have failed to show that the claims are irrelevant and have no bearing on the litigation.

Moreover, on August 5, 2004, the Court ordered the plaintiff to amend the complaint in this action to include "all facts and claims raised in Civil Action No. 04-10605." At no time, in litigation or at the administrative level, have the defendants asserted that the claims raised in Civil Action No. 04-10605 are redundant or duplicative to claims in Civil Action No. 03-12573. In their very limited argument, the defendants present no case law or reasoning to support a finding in their favor. Rather, the defendants merely rely on one secondary source to define the word "redundant," and then, somehow expect the Court to find redundancy without even indicating what facts are allegedly redundant in the Amended Complaint. The Amended Complaint, however, clearly sets forth different facts, different procedural requirements, and different parties having committed different violations during different time periods. Each count specifically presents only those facts that pertain to a specific count; no count is duplicative or redundant, as is clearly stated in paragraphs numbered: 143, 154, 159, 165, 170, 174, 179, 186, 195, and 206.

The exhibits in question offer some evidence of the plaintiff having requested retirement and disability benefits and, therefore, do not constitute an offer of settlement under Federal Rule of Evidence 408. Exhibit No. 21 is a letter evidencing the plaintiff's intent to retire. Exhibit Nos. 19 and 20 pertain to the plaintiff's prior counsel informing plaintiff of the status of her request for company benefits and of the employer having refused to distribute said company benefits *after* the plaintiff filed a discrimination claim. Accordingly, this evidence documents

plaintiff's effort to receive company benefits and is most definitely relevant to the plaintiff's breach of contract claim, as is clearly stated in the Amended Complaint.

Therefore, the Court should deny the defendants' motion because the Motion to Strike is procedurally and substantively defective and has no merit.

Respectfully submitted,
BERNADINE T. GRIFFITH
By her Attorney,

Date:   September 14, 2004

_____
Kathleen J. Hill          BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)

## CERTIFICATE OF SERVICE

I, Kathleen J. Hill, certify that I served a true and accurate copy of the foregoing Opposition to Defendants' Rule 12 (f) Motion to Strike on the counsel of record: Keith B. Muntyan and Leah M. Moore, of Morgan, Brown & Joy, One Boston Place, Boston, Massachusetts by pre-paid U.S. Mail on this 14th day of September 2004.

_____
Kathleen J. Hill