UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BERNADINE T. GRIFFITH | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 03-CV-12573-EFH |
| ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, MICHAEL A. SISTO, and KAREN ALLEN HOLMES | ) ) ) ) ) | |
| Defendants. | ) ) | |

**Defendants' Reply to Plaintiff's Opposition to
Defendants' Rule 12(f) Motion to Strike**

Now come the defendants in the above captioned Action, OneBeacon Insurance Company, OneBeacon America Insurance Company, (together, "OneBeacon") Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively, the "defendants"), in response to the plaintiff Bernadine Griffith's ("plaintiff" or "Ms. Griffith") Opposition to Defendants' Rule 12(f) Motion to Strike exhibits from the plaintiff's Exhibits to the Verified Complaint.

While the plaintiff is correct in her statement that a moving party must show that the matter it is moving to strike is irrelevant and prejudicial to the movant, her assertion that the defendants have failed to show that they are prejudiced by the claims the defendants are moving to strike is simply untrue. The defendants brought to the Court's attention the existence of the plaintiff's two nearly identical Complaints, Civil Action No.

04-CV-10605 ("the 2004 Action") and Civil Action 03-CV-12573 ("the 2003 Action"), at the May 12, 2004 scheduling conference. During this conference, the defendants explained to the Court that the plaintiff had filed two nearly identical 170 plus paragraph complaints based upon the same set of facts and arguing the same violations of law. Accordingly, the Court ordered the plaintiff to amend her 2003 Action to include the allegations in the 2004 Action. The plaintiff refused. The defendants filed both a motion for status conference and an opposition to the plaintiff's three procedural motions requesting the Court to again instruct the plaintiff to amend her Complaint because they believed that the two Complaints were not only procedurally improper, prejudicial, irrelevant, and redundant, but also that the Court had already ruled as much by issuing the original Order to amend. For the plaintiff to state in her Opposition that "at no time in litigation or at the administrative level, have the defendants asserted that the claims raised in Civil Action No. 04-10605 are redundant or duplicative to claims in Civil Action No. 03-12573" is a blatant misstatement of the procedural history of this litigation. (*See* Opposition to Defendants' Rule 12(f) Motion to Strike, p. 2).

The Verified Amended Complaint unequivocally alleges violations of the same set of facts by the same defendants in multiple counts. The net result is that the plaintiff accuses Sisto, Holmes, and OneBeacon of violating a statute in one count and then in a second count accuses OneBeacon, alone, of violating the same statute based upon the same set of facts by the same actors that substantiated the prior allegation. On its face, the Verified Amended Complaint is redundant. It's only apparent purpose is to recover double damages through the inclusion of duplicative allegations in circumvention of this Court's dismissal of the 2004 Action

Inclusion of offers of settlement to substantiate a breach of contract claim is in violation Rule 408 of the Federal Rules of Evidence. The documents in question clearly state that the offer of retirement benefits was contingent upon the dismissal of the existing claims. The plaintiff even admits in her own opposition that OneBeacon offered retirement benefits *after* the plaintiff filed a discrimination claim – which could only have occurred after the plaintiff was terminated. (*See id.*) (emphasis original). Logic dictates that such an offer was an attempt to settle the existing claims.

Accordingly, the defendants request that the Court strike exhibits 19-21 of the plaintiff's Exhibits to the Verified Complaint as evidentially inappropriate and strike as redundant Counts VIII - XI of the Plaintiff's Amended Verified Complaint.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA
INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys


/s/ Leah M. Moore
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
617-523-6666 (phone)
617-367-3629 (fax)

Dated: September 17, 2004

## CERTIFICATE OF SERVICE

      I, Leah M. Moore, hereby certify that on this 17th day of September 2004, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

                                                /s/ Leah M. Moore_____
                                                Leah M. Moore

Case 1:03-cv-12573-EFH    Document 30    Filed 09/17/2004    Page 4 of 4