# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

BERNADINE T. GRIFFITH          )

         )

       **Plaintiff,**          )

         )

**v.**           )      **C.A. No. 03-CV-12573-EFH**

         )

**ONEBEACON INSURANCE COMPANY,**    )

**ONEBEACON AMERICA INSURANCE**    )

**COMPANY, MICHAEL A. SISTO, and**    )

**KAREN ALLEN HOLMES**          )

         )

       **Defendants.**        )

_____ )

## DEFENDANTS' ANSWER
## TO THE AUGUST 2004 AMENDED COMPLAINT

Defendants OneBeacon Insurance Company, OneBeacon America Insurance

Company (together, "OneBeacon"), Michael A. Sisto ("Sisto"), and Karen Allen Holmes

("Holmes") (collectively, "Defendants"), by their attorneys Morgan, Brown & Joy, LLP, for

their Answer to Plaintiff Bernadine T. Griffith's ("Plaintiff" or "Griffith") Amended

Complaint state that the two hundred ten (210) paragraph, thirty-eight (38) page August 2004

Amended Complaint ("Complaint") fails to comply with Rule 8(a)(2) of the Federal Rules of

Civil Procedure which requires "a short and plain statement of the claim showing that the

pleader is entitled to relief" as paragraphs fourteen (14) through (143) one hundred forty-three

recite a detailed litany of allegations going back ten (10) or more years.

Without waiving their rights under FRCP Rule 8, and specifically reserving them,

Defendants hereby answer each numbered paragraph of Plaintiff's Complaint in this matter as follows:

1.      Paragraph 1 of the Complaint sets forth legal conclusions to which no response is required.  To the extent Paragraph 1 sets forth any allegations to which a response is required, such allegations are denied.

2.      Paragraph 2 of the Complaint sets forth legal conclusions to which no response is required.  To the extent that Paragraph 2 sets forth any allegations to which a response is required, such allegations are denied.

3.      Defendants deny each and every allegation of discrimination set forth in Paragraph 3 of the Complaint and further deny that Plaintiff was discriminated against on the basis of her race, color, age, or disability, subjected to a hostile work environment, or retaliated against in any way.  Defendants admit that Plaintiff's employment with CGU Insurance Company, a predecessor to Defendant OneBeacon, was terminated effective September 27, 2000.

4.      Defendants are without information sufficient to admit or deny the allegations set forth in the first sentence of Paragraph 4 of the Complaint and therefore deny these allegations.  Defendants admit upon information and belief that they knew Plaintiff to be an African-American woman, but deny that she was "disabled" for purposes of the Americans with Disabilities Act.  Defendants are without information sufficient to admit or deny that Plaintiff was fifty-six (56) years of age when she filed a second charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and therefore deny this allegation. Defendants further respond by stating that Plaintiff filed two charges of discrimination with

the Massachusetts Commission Against Discrimination ("MCAD") that appear to have been cross-filed with the EEOC pursuant to interagency agreements.

5.      OneBeacon admits the allegations set forth in Paragraph 5 of the Complaint. Defendants Holmes and Sisto are without information sufficient to admit or deny the allegations set forth in Paragraph 5 of the Complaint and therefore deny these allegations.

6.      Except as set forth herein, Defendants deny each and every allegation contained in Paragraph 6 of the Complaint and specifically deny engaging in any acts of discrimination or retaliation against Plaintiff.  Further answering, Defendants admit that Sisto and Holmes were employed at OneBeacon's Foxboro facility in 1999 and 2000.  Defendants further admit that Defendant Holmes acted as Plaintiff's immediate supervisor during the time period from late 1999 until Plaintiff's termination in 2000, and Defendants admit that Defendant Sisto acted as Defendant Holmes's supervisor during this time period.  Defendants state that the second sentence of paragraph 6 appears to incorporate a typographical error(s) and its meaning is not clear.

7.      OneBeacon admits that during its existence, it has been engaged in the insurance industry and thereby has affected commerce within the meaning of the ADA, ADEA, and Title VII.  Defendants Holmes and Sisto deny that they were engaged in the insurance industry or otherwise affected commerce for purposes of the statutory provisions cited in Paragraph 7.

8.      OneBeacon admits that it is an employer within the meaning of the ADA, ADEA, and Title VII. All defendants deny that any of the other defendants are such employers.

## PROCEDURAL REQUIREMENTS

9.      Defendants deny that Plaintiff was subjected to unlawful employment practices and state that they are without sufficient information to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.  Further answering, Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

10.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.  Further answering, Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

11.     Defendants deny that Plaintiff was subjected to unlawful employment practices and state that they are without sufficient information to form a belief as to the truth of the remainder of the allegations set forth in this paragraph.  Further answering, Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

12.     Defendants state that the actions of this Court as outlined in its August 5, 2004 Order speak for itself and further state that they are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

13.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

## STATEMENT OF FACTS

14.     OneBeacon admits the allegations set forth in Paragraph 14 of the Complaint upon information and belief.   Defendants Holmes and Sisto are without information sufficient to admit or deny these allegations, and therefore, they are denied.

15.     Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

Further answering, Defendants admit that Plaintiff's performance was at times satisfactory and at times unsatisfactory.

16.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

17.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

18.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

19.     Defendants deny the allegations set forth in Paragraph 19 of the Complaint, and OneBeacon states that Plaintiff's performance was at times satisfactory and at times unsatisfactory.

20.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

21.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

22.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

23.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

24.     OneBeacon states that on October 25, 1996, its predecessor CU committed to writing instructions to Plaintiff and Edmund Freeman outlining how the two were to interact with one another in the workplace.  Further answering, to the extent Plaintiff refers to a document, the document speaks for itself.  Sisto and Holmes are without sufficient

information to form a belief as to the truth of the allegations set forth in this paragraph.

25.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

26.    OneBeacon admits that Plaintiff filed a complaint with its predecessor regarding a comment allegedly made by Edmund Freeman.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

27.    OneBeacon denies that its predecessor permitted the existence of discrimination in its work environment.  Further answering, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

28.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

29    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

30.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

31.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

32.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

33.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

34.    Defendants are without sufficient information to form a belief as to the truth of

the allegations set forth in this paragraph.

35.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

36.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

37.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

38.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

39.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

40.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

41.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

42.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

43.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

44.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

45.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

46.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

47.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

48.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

49.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

50.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

51.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

52.    Defendants state the Paragraph 52 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

53.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

54.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

55.    Defendants state that Paragraph 55 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

56.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

57.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

58.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

59.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

60.     Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

61.     Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

62.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

63.     Defendants state that Plaintiff's performance was times satisfactory and at times unsatisfactory.

64.     Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.  Further answering, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

65.     OneBeacon states that Monica Scanlon's position was eliminated during a corporate reorganization after OneBeacon acquired its predecessor.  Holmes and Sisto are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

66.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

67.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

68.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

69.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

70.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

71.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

72.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

73.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

74.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

75.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

76.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.  Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

77.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

78.     Defendants state that Plaintiff's performance was at times satisfactory and at times unsatisfactory.

79.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

80.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

81.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

82.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

83.     Defendants state the Paragraph 83 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

84.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

85.     OneBeacon states that it paid for the classes Plaintiff took at Northeastern University from 1999 to 2000.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

86     OneBeacon states that it paid for the classes Plaintiff took at Northeastern University from 1999 to 2000.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

87.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

88.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

89.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.  Defendants further state that Plaintiff's performance was at times satisfactory and at times unsatisfactory.

90.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

91.     Defendants state the Paragraph 91 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

92.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

93.     Defendants state the Paragraph 93 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

94.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

95.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

96.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

97.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

98.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

99.     Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

100.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

101.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

102.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.  Defendants further state that to the extent Plaintiff refers to a document, the document speaks for itself.

103.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

104.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

105.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

106.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

107.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

108.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

109.    Defendants state the Paragraph 109 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and state that to the extent Plaintiff refers to a document, the document speaks for itself.

110.    Defendants state the Paragraph 110 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and state that to the extent Plaintiff refers to a document, the document speaks for itself.

111.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

112.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

113.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

114.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

115.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

116.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

117.    Defendants state that to the extent Plaintiff refers to a document, the document

speaks for itself.

118.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

119.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

120.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

121.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

122.    Defendants state the Paragraph 122 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and state that to the extent Plaintiff refers to a document, the document speaks for itself.

123.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

124.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

125.    Defendants state the Paragraph 125 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and state that to the extent Plaintiff refers to a document, the document speaks for itself.

126.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

127.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

128.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

129.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

130.    Defendants state the Paragraph 130 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph and state that to the extent Plaintiff refers to a document, the document speaks for itself.

131.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

132.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

133.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

134.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

135.    Defendants state the Paragraph 135 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants state that Plaintiff was offered a retirement package as an offer of settlement regarding her 1997 Charge of Discrimination and in anticipation of the 2000 Charge of Discrimination filed at the MCAD. Defendants further deny that they engaged in any action with the intent to harass Plaintiff and

state that to the extent Plaintiff refers to a document, the document speaks for itself.

136.    Defendants state that Plaintiff was offered a retirement package as an offer of settlement regarding her 1997 Charge of Discrimination and in anticipation of the 2000 Charge of Discrimination filed at the MCAD.

137.    Defendants state that Plaintiff was offered a retirement package as an offer of settlement regarding her 1997 Charge of Discrimination and in anticipation of the 2000 Charge of Discrimination filed at the MCAD.  Defendants further state that to the extent Plaintiff refers to a document, the document speaks for itself.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

138.    Defendants state that Plaintiff was offered a retirement package as an offer of settlement regarding her 1997 Charge of Discrimination and in anticipation of the 2000 Charge of Discrimination filed at the MCAD.  Defendants further state that to the extent Plaintiff refers to a document, the document speaks for itself.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

139.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.

140.    Defendants are without sufficient information to form a belief as to the truth of the allegations set forth in this paragraph.

141.    Defendants state the Paragraph 141 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that they engaged in unlawful employment practices of any kind and further state that they are without sufficient

information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

142.    Defendants state the Paragraph 142 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that they engaged in unlawful employment practices of any kind and further state that they are without sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

143.    Defendants state the Paragraph 143 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny that they engaged in unlawful employment practices of any kind and further state that they are without sufficient information to form a belief as to the truth of the remaining allegations set forth in this paragraph.

144.    Defendants state that to the extent Plaintiff refers to a document, the document speaks for itself.


**COUNT ONE – ADA, TITLE I**

143 [sic].        The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

144 [sic].        Denied.

145.  Denied.

146.  Denied.

147.  Denied.

148.  Denied.

149.  Denied.

150.  Denied.

151.  Denied.

152.  Denied.

[153.   No paragraph 153 appears in the Amended Complaint, and thus no corresponding answer is given.]

## COUNT TWO – RETALIATION UNDER ADA

154.  The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

155.  Denied.

156.  Denied.

157.  Denied.

158.  Denied.

## COUNT THREE – TITLE VII

159.  The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

160.  Defendants admit that upon information and belief, they knew Plaintiff to be an African-American woman, and as such, she is a member of a protected class.

161.  Defendants admit that upon information and belief, they knew Plaintiff to be an African-American woman. Defendants deny the remaining allegations of this paragraph.

162.  Denied.

163.  Denied.

164.  Defendants deny that they engaged in any unlawful discriminatory practices against Plaintiff.

## COUNT FOUR – RETALIATION UNDER TITLE VII

165.  The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

166.  Denied.

167.  Denied.

168.  Denied.

169.  Denied

## COUNT FIVE – AEDA [SIC], TITLE II

170.  The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

171.  Denied.

172.  Denied.

173.  Denied.

## COUNT SIX – RETALIATION UNDER AEDA [SIC]

174.  The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

175.  Denied.

176.  Denied.

177.  Denied.

178.  Denied.

## COUNT SEVEN – BREACH OF EXPRESS OR IMPLIED CONTRACT

179. The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

## COUNT EIGHT – ADA, TITLE I

186. The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Denied.

## COUNT NINE – RETALIATION UNDER ADA

192. The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

193. Denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

## COUNT TEN – TITLE VII

200. The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

201. Defendants admit that upon information and belief, they knew Plaintiff to be an African-American woman, and as such, she is a member of a protected class.

202. Defendants admit that upon information and belief, they knew Plaintiff to be an African-American woman, and as such, she is a member of a protected class.

203. Denied.

204. Denied.

205. Denied.

## COUNT ELEVEN – RETALIATION UNDER TITLE VII

206. The answers to all preceding paragraphs of the Complaint are incorporated herein by reference as if fully set forth herein.

207. Denied.

208. Denied.

209. Denied.

210. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint in whole or in part fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's Complaint in whole or in part is barred by the applicable statute of limitations.

### Third Affirmative Defense

Plaintiff is responsible in whole or in part for any harm suffered or loss incurred.

### Fourth Affirmative Defense

Plaintiff's own negligence was responsible in whole or in part for any harm suffered or any loss incurred.

### Fifth Affirmative Defense

Plaintiff failed to properly to mitigate damages, if any exist (which Defendants deny) as required by law.

### Sixth Affirmative Defense

Plaintiff has suffered no damages.

### Seventh Affirmative Defense

Any damages suffered by Plaintiff were caused in whole or in part by a person or persons for whose conduct Defendants are not legally responsible.

<u>Eighth Affirmative Defense</u>

Plaintiff was as an at-will employee and as such, her employment was terminable at-will.

<u>Ninth Affirmative Defense</u>

Defendants made all of their decisions and took all of their actions in this matter for proper and lawful reasons in advancement of legitimate interests and responsibilities, entirely unrelated to Plaintiff's race, gender, age, and/or alleged disability.

<u>Tenth Affirmative Defense</u>

Plaintiff is not disabled within the meaning of the ADA.

<u>Eleventh Affirmative Defense</u>

Punitive damages are not available as Defendants have undertaken good faith efforts to comply with the ADEA, the ADA, Title VII, and all other laws prohibiting discrimination in the workplace.

<u>Twelfth Affirmative Defense</u>

Individually named defendants Sisto and Holmes are not proper parties under any theory pled.

<u>Thirteenth Affirmative Defense</u>

Plaintiff's Complaint is barred, in whole or in part, because, regardless of any illegitimate motives, Defendants would have taken the same actions regardless of Plaintiff's race, gender, age and/or alleged disability.

## Fourteenth Affirmative Defense

Plaintiff's Complaint against OneBeacon is barred because OneBeacon was not Plaintiff's employer.

## Fifteenth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because the alleged discriminatory employment decisions of Defendants' agents, if any, were contrary to OneBeacon's good-faith efforts to comply with federal, state, and local anti-discrimination laws, policies, common law, and /or orders, including but not limited to Title VII, the ADA, and the ADEA. Defendants' good-faith efforts include, but are not limited to, adoption, implementation, and enforcement of valid anti-discrimination policies.

## Sixteenth Affirmative Defense

Plaintiff's Complaint is barred, in whole or in part, because Defendants did not evidence malice or reckless indifference to Plaintiff's rights protected by federal, state, and local anti-discrimination laws, policies, common law, and/or orders, including but not limited to Title VII, the ADA, and the ADEA.

## Seventh Affirmative Defense

Defendants reserve the right to amend this Answer to add such affirmative defenses as discovery and investigation may warrant.

WHEREFORE, Defendants request that:

1.    Plaintiff's Complaint be dismissed;

2.    Defendants be awarded costs and fees; and

3.    Defendants be granted such other and further relief as the Court deems

appropriate.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

/s/Leah M. Moore_____
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, MA 02108
617-523-6666 (phone)
617-367-3629 (fax)

Dated: November 19, 2004

## CERTIFICATE OF SERVICE

I, Leah M. Moore, hereby certify that on this 19th day of November 2004, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

/s/ Leah M. Moore_____
Leah M. Moore