# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### CIVIL ACTION NO.: 03 CV 12573 EFH

| | |
|---|---|
| BERNADINE T. GRIFFITH<br>Plaintiff<br><br>vs.<br><br>ONEBEACON INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE<br>COMPANY, MICHAEL A. SISTO, and<br>KAREN ALLEN HOLMES<br>Defendants | **PLAINTIFF'S SECOND RULE 37<br>MOTION TO COMPEL DISCOVERY** |

NOW COMES the Plaintiff, Bernadine T. Griffith, who respectfully moves this Honorable Court pursuant to Fed. R. Civ. P. 37, to compel the Defendants' OneBeacon Insurance Company and OneBeacon American Insurance Company: (1) to produce documents pursuant to the September 14, 2004 Discovery Order; (2) to respond to Plaintiff's First Set of Interrogatories, dated October 12, 2004; and (3) to produce documents and its attorney-client privilege log in response to Plaintiff's First Request For Production of Documents, dated October 12, 2004, in accordance with Fed. R. Civ. P. 26, 33, and 34, and local rules, as Plaintiff more fully states:

**September 14, 2004 Discovery Order**

On September 14, 2004, the Court issued an order[1] directing the Defendants to "produce a list of accommodations granted to disabled One Beacon employees rather than the names of

---

[1] See September 14, 2004 Order, attached as Exhibit A.

1

these employees. And, to the extent that the Defendants may in the future be required to produce records detailing such accommodations, defendants may redact from those documents the names of the employees and other identifying information." On January 4, 2005, the Defendants produced the following response: "The defendants object to this request because the terms "accommodations" and "Complaint" are vague and ambiguous; the request is overly broad, unduly burdensome, and unlimited in scope and time as it requires OneBeacon to compile a responsive list from 1990 to the present for any and all employees regardless of employee classification or accommodation requested from every OneBeacon office or office obtained or eliminated by OneBeacon; the request seeks confidential employee records and/or information; and the request seeks confidential documents and/or records. Subject to and without waiving these objections and the General Objections above to the extent the term "accommodations" refers to requests made by the plaintiff for some sort of assistance with or rationale for exclusion from a job requirement for the position she held at the time the request was made and the term "Complaint" refers to the plaintiff, the defendants state that after a good faith search, no such documents exist."[2]

The Plaintiff asserts that the employer must maintain all employee applications and records pertaining to short-term disability, long-term disability, and family medical leave, all of which documents whether an employee has a handicap and/or a disability. A public records search conducted at the Massachusetts Commission Against Discrimination shows that several actions have been filed against the employer and, therefore, the employer must keep and maintain

---

[2] See January 4, 2005 Defendants' Second Supplemental Response to Plaintiff's Request for Production of Documents, attached as Exhibit B.

2

complaints and position statements and/or pleadings documenting this information.[3]

**Plaintiff's First Set of Interrogatories**

The Defendants have neglected, refused or failed to answer Plaintiff's First Set of Interrogatories propounded on October 12, 2004, specifically numbers: 2, 4, 5, 6, 7, 8, 9, 12, 15, 16, 17, 18, 22, and 23, as is set forth below:

**Interrogatory No. 2**: Please identify all persons who have personal knowledge of any matter, directly or indirectly, concerning the claims described in the plaintiff's Complaint. Your answer should include the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provide a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.[4]
Answer: "Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information that is protected by the attorney-client privilege and/or work product doctrine; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving these objections and General Objections above, Defendant refers Plaintiff to information contained in Defendant's Initial Disclosures."[5]

*Rule 26 Conference:*
*Plaintiff* - This answer is non-responsive. You have failed to include in your answer: "the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.[6]
*Defendant* - "I explained to you that Defendant's answer were complete, and that should you seek additional specific information regarding the parameters of each person's knowledge

---

[3] See Table produced by Jeffery Turner at the MCAD in response to public records search request. as Exhibit C.
[4] See October 12, 2004 Plaintiff's First Set of Interrogatories, attached as Exhibit D.
[5] See January 3, 2005 Defendants Answers to Plaintiff's First Set of Interrogatories, attached as Exhibit E.
[6] See February 7, 2005 Rule 26 letter to Defendant, attached as Exhibit F.

regarding the parameters of each person's knowledge, you must contact the individual."[7]

**Interrogatory No. 4:** Please identify all individuals who have personal knowledge of any matter, directly or indirectly, pertaining to the plaintiff's April 27, 1997 Complaint filed at the Massachusetts Commission Against Discrimination against you; include in your answer the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.
Answer: "Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information that is protected by the attorney-client privilege and/or the work product doctrine; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving these objections and the General Objections above, to the extent the term "Complaint" refers to a Charge of Discrimination, Defendant refers Plaintiff to the information contained in Defendant's Initial Disclosures and to it Answer to Interrogatory No.2."[8]

*Rule 26 Conference:*
*Plaintiff* - This answer is non-responsive. You have failed to answer the interrogatory in its entirety.
*Defendant* - "I explained to you that this answer was complete given the interrogatory pose. Should you have a different question, Defendants are happy to respond to any interrogatory propounded."

**Interrogatory No. 5:** Please identify all individuals who have personal knowledge of any matter, directly or indirectly, pertaining to the plaintiff's October 5, 2000 Complaint filed at the Massachusetts Commission Against Discrimination against you; include in your answer the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.
Answer: "Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that

---

[7] See February 14, 2005 Rule 26 letter to Plaintiff, attached as Exhibit G.
[8] See October 18, 2004 Defendants' Amended Rule 26 Disclosure Statement and October 26, 2004 Defendants' Second Amended Rule 26 Disclosure Statement, attached as Exhibit H.

4

the events that are at the heart this matter occurred between 1996 and 2000; the interrogatory seeks information that is protected by the attorney-client privilege and/or the work product doctrine; the interrogatory is vague in its entirety; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving these objections and the General Objections above, to the extent the term "Complaint" refers to a Charge Discrimination, Defendant refers Plaintiff to the information contained in Defendant's Initial Disclosures and its Answer to Interrogatory No. 2."

*Rule 26 Conference:*
*Plaintiff* - This answer is non-responsive. You have failed to answer the interrogatory in its entirety.
*Defendant* - "I explained to you that this answer was complete given the interrogatory posed. Should you have a different question, Defendants are happy to respond to any interrogatory pounded."


**Interrogatory No. 6:** Prior to the Plaintiff filing the April 27, 1997 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the Plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the Plaintiff's complaints prior to April 27, 1997 and identify all persons responsible for investigating the same.
Answer: "Defendant objects to this interrogatory in its entirety because the interrogatory's premise is false, and as such, it is not possible to answer the interrogatory as drafted. Defendant further objects to this interrogatory as it requests information from individuals who are neither a party to this lawsuit nor within Defendant's control. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to the documents previously produced with Defendant's Initial Disclosure and with Defendant's response to Plaintiff's Request for Production Documents incorrectly styled as a subpoena duces tecum. Defendant further states that prior to April 1997, Plaintiff's allegation of discrimination was investigated by the office of Thomas Ford. At that time, human resources employees spoke with Plaintiff and Edmund about Plaintiff's allegations. Because the of Plaintiff's allegation, Mr. Freeman's supervisory responsibilities were removed."

*Rule 26 Conference:*
*Plaintiff* - You have failed to identify the "human resources employees" who spoke with Plaintiff and Edmund Freeman. You did not fully describe all actions you took in response to the plaintiff's complaints that she made to her supervisors and to your Human Resource Department prior to Plaintiff filing the April 27, 1997 Complaint with the MCAD and EEOC.
*Defendant* - "Defendants have fully described the non-privileged actions taken in response to Plaintiff's April 27, 1997 Charge of Discrimination. To the extent Plaintiff seeks additional names of individuals consulted or involved with Plaintiff's allegations against Mr. Freeman, defendants refer Plaintiff to the documents previously produced with Defendant's Initial Disclosure and with Defendant's response to Plaintiff's Request for Production of Documents Incorrectly Styled as a Subpoena Duces Tecum."

5

**Interrogatory No. 7**: Prior to the Plaintiff filing the October 5, 2000 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the Plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the Plaintiff's Complaints prior to October 5, 2000 and identify all persons responsible for investigating the same."

**Answer**: " Defendant objects to this interrogatory in its entirety because the interrogatory's premise is false, and as such, it is not possible to answer the interrogatory as drafted. Subject to and without waiving this objection and the General Objections above, to the best of Defendant's knowledge, Plaintiff did not complain to her supervisors or to persons in Defendant's Human Resources Department about her termination which was the subject of the 2000 Charge of Discrimination filed with the MCAD."[9]

*Rule 26 Conference:*

*Plaintiff* - This answer is non-responsive. You have failed to answer the interrogatory in its entirety.

*Defendant* - "I explained to you that this answer was complete given the interrogatory posed. Should you have a different question, Defendants are happy to respond to any interrogatory propounded."


**Interrogatory No 8**: Please fully describe the Plaintiff's position, her duties and responsibilities at OneBeacon Insurance Company, and identify all other employees who hold the same or similar position, duties, and responsibilities as the plaintiff and, include in your answer the full name, residential address, business address, telephone number, race/color, sex, age, disability (if any), and the date of hire and date of termination of each employee identified herein.

**Answer**: Defendant objects to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information in that it requests information beyond the scope of defendant's knowledge and from individuals outside the scope of Defendant's control. Subject to and without waiving these objections and the General Objections above, Defendant states that because Plaintiff is no longer in its employ, she has no responsibilities or duties to it.

*Rule 26 Conference:*

*Plaintiff* - "This answer is non-responsive. You have failed to answer the interrogatory in its entirety. See your answer to Interrogatory number 16. See also, the instructions to the October 12, 2002 Set of Interrogatories, which clearly defines and sets forth that the context of all terms used in the interrogatories.

*Defendant* - "I explained to you that this answer was complete given the interrogatory pose. There were no materials distributed solely to Plaintiff. Should you have a different question, Defendants are happy to respond to any interrogatory propounded.

---

[9] See October 5, 2000 Massachusetts Commission Against Discrimination Complaint, attached as Exhibit I.

6

**Interrogatory No. 9**: If you distributed any technical materials, software manuals, or any other technical guides or books to the Plaintiff to assist her in performing her job, please list each technical material issued to the Plaintiff and explain the company procedure for storing and handling of technical material issued to employees.
Answer: "Defendant objects to this interrogatory because it is unlimited in scope and time despite the fact that the events that are the heart of this matter occurred between 1996 and 2000. Subject to an without waiving this objections and the General Objections above, Defendant states that technical materials, software manuals, and guides were made generally available to all employees."

*Rule 26 Conference:*
*Plaintiff* - You have failed to list the technical materials, software manuals or any other technical guides or books distributed or issued to the Plaintiff, and to "explain the company procedure for storing and handling of technical material issued to employees."
*Defendant* - "I explained to you that this answer was complete given the interrogatory posed. There were no materials distributed solely to Plaintiff. Should you have a different question, Defendants are happy to respond to any interrogatory propounded."


**Interrogatory No. 12**: If you have terminated any other employees, please identify each terminated employee, provide the date of termination, state the reason(s) for termination, identify any and all employees hired to replace the terminated employee, and state each employee's race/color, sex, age, and disability (if any) hen identifying each employee named herein.
Answer: "Defendant objects to this interrogatory because it is grossly overbroad, unduly burdensome, and unlimited in scope and time in that it request information regarding the status of every employee from the time of OneBeacon's predecessor companies' incorporation to the present regardless of their association with or status similar to Plaintiff or named Defendants Karen Holmes and Michael Sisto; the interrogatory seeks confidential employee information, records, and/or documents; the interrogatory seeks confidential business information, records, and/or document; and the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible information."

*Rule 26 Conference:*
*Plaintiff* - This information is not confidential, and a numbered list of employees may be identified by race/color, sex, age, and disability. See instruction to the October 12, 2004 set of Interrogatories, which clearly defines and sets forth the context of all terms used in the interrogatories.
*Defendant* - "I explained to you that your request was grossly overbroad. I stated that Defendants would produce the requested information from 1999-2000 for employees in Ms. Griffith's department in Foxboro Office. You stated that this information was insufficient and that you need company-wide data in order to mount a statistical argument.


**Interrogatory No. 15**: If you have ever sent the plaintiff to any in-house or out-of-house

7

technical training program, educational coursework or career development class while under your employment, please fully describe each class or training program and give the date of each class or training program.
Answer: "Defendant objects to this interrogatory because it is overly broad and unlimited in scope and time in that it seeks information throughout Plaintiff's tenure at OneBeacon despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; and the interrogatory seeks information that is neither relevant not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to her previously produced employment record and states that between 1998 and 2000, Defendant provided Plaintiff and her colleagues with opportunities to attend training courses. Because the employees in Plaintiff's department had different areas of expertise, some employees may have attended courses that others did not. Though she was free to attend training courses of her choosing, Plaintiff was not required to attend off-sit training because, according to Plaintiff, her physician instructed her not to travel and only to work between specified hours each day."

*Rule 26 Conference:*
*Plaintiff* - You have improperly limited your answer to the 1996 to 2000. Your answer should also include the technical training Plaintiff received from the inception of her employment to 1996.
*Defendant* - "The training Plaintiff received prior to 1996 is irrelevant given that Plaintiff argues


**Interrogatory No. 16**: If you have ever sent any other employee in the Plaintiff's department to any in-house or out-of-house technical training program, educational coursework or career development class, please fully describe each class or training program each coworker received while under your employment.
Answer: "Defendant objects to this request because it is wholly irrelevant, grossly overbroad, and unlimited in scope and time as it requires Defendant to list for all of its employees in any department where the Plaintiff worked from 1977 and through 2000 each and every training course attended from the date of Defendant's predecessor's incorporation to the present despite the fact that the events at the heart of this matter occurred between 1996 and 2000 and without regard for the fact that the employees in Plaintiff's department did not perform the same duties, have the same responsibilities, nor have possess the same expertise as Plaintiff; the interrogatory seeks confidential employee information, records, and/or documents; and the interrogatory is not reasonably calculated to lead to the discovery of admissible information."

*Rule 26 Conference:*
*Plaintiff* - It is not established that the Plaintiff performed different duties or responsibilities from other employees in her department. Monica Scanlon, in part, at her deposition provided some responsive information about technical training. The remainder of this information, as kept and maintained by Human Resources, is necessary to determine whether the Plaintiff was in fact

8

treated differently than other employees.
*Defendant* - Defendants, to the best of their knowledge, have provided Plaintiff with all documents in their possession that are responsive to Plaintiff's discovery requests.

**Interrogatory No. 17**: If the Plaintiff has ever received any company benefits while under your employment, please fully describe the same, provide all reasons for issuing each benefit, and identify all employees responsible for making the determination to issue each company benefit describe herein.
Answer: "Defendant objects to this interrogatory because it seeks information protected by the attorney-client privilege and/or the work product doctrine; the interrogatory seeks confidential business information, records, and/or documents; and the interrogatory is irrelevant and unlimited in scope and time as it seeks information throughout Plaintiff's tenure despite the facts that the events that are the heart of this matter occurred between 1996 and 2000, and as such, sit is not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to her benefits information previously produced with Defendant's Initial Disclosure and with Defendant's response to Plaintiff's Request for Production of Documents incorrectly styled as a subpoena duces tecum."[10]

*Rule 26 Conference:*
*Plaintiff* - Your production of documents did not include documentation on benefits issued to the Plaintiff. Please list all defendant bates numbers of the documents that you allege are responsive to this answer.
*Defendant* - "Defendants provided this information by hand delivery on November 11, 2004 in response to Plaintiff's Request for Production of Documents Incorrectly Styled as a Subpoena Duces Tecum."[11]

**Interrogatory No. 18**: If the Plaintiff has ever been qualified for or entitled to receive any retirement benefits while under your employment, please fully describe the same: identify each retirement program the Plaintiff was enrolled in, provide an annual history statement of the value of each retirement program, and describe all steps you have taken, if any, to distribute or issue retirement benefits to the Plaintiff to date.
Answer: "Defendant objects to this interrogatory because it seeks information protected by the attorney-client privilege and/or work product doctrine; the interrogatory seeks confidential business information, records, and/or documents; and the interrogatory is irrelevant and

---

[10] See October 18, 2004 Defendants First Response to Plaintiff's Request for Production of Documents bates DEF0031 - DEF 0035, attached as Exhibit J.
[11] See Cover pages of draft produced and November 2000 benefits manual, attached as Exhibit K. Defendants produced a draft copy of a proposed benefit's manual that was not published or issued prior to the Plaintiff's September 27, 2000 termination date, and a benefits manual dated November 2000.

9

unlimited in scope and time, and as such, it is not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to it Answer to Interrogatory No. 17, to her benefits information previously produced with Defendant's Initial Disclosure, and to her b benefits information previously produced with Defendant's response to Plaintiff's Request for Production of Documents incorrectly styled as a subpoena duces tecum. Defendant further states that to the best of OneBeacon's knowledge, Plaintiff has never applied to receive retirement benefits."

*Rule 26 Conference:*
*Plaintiff* - You have failed to answer the question, which seeks information about whether the Plaintiff qualified for or was entitled to receive retirement benefits, to identify each retirement program the Plaintiff was enrolled in, and to provide an annual history statement of the value of each retirement program.
*Defendant*- "Defendants provided this information by hand delivery on November 11, 2004 in response to Plaintiff's Request for Production of Documents Incorrectly Styled as a Subpoena Duces Tecum."


**Interrogatory No. 22**: If the Defendant asserts that it is not responsible for or it did not contribute to the cause of actions referred to in the Plaintiff's Complaint, please explain why it is not responsible for the cause of actions referred to in the Plaintiff's Complaint. And, if you allege that other parties are responsible for or contributed to the cause of actions referred to in the Plaintiff's Complaint, please identify those persons and explain how you arrived at this conclusion.
Answer: "Defendant objects to this interrogatory because it seeks information that is subject to the attorney-client privilege and/or the work product doctrine; the interrogatory is overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendant to respond to each of the one hundred forty (140) allegations contained in Plaintiff's Complaint on behalf of individuals who are neither a party to his lawsuit nor within Defendant's control for the length of Plaintiff's tenure with OneBeacon despite the fact that the events which are at the heart of this matter occurred between 1996 and 2000; the interrogatory is vague and ambiguous in its entirety; and the interrogatory is not reasonably calculated to lead to the discovery of admissible information."

*Rule 26 Conference:*
*Plaintiff* - The Complaint has seven counts. Information about the employer/ee responsibility and/or contribution to the elements of each count in the Complaint is more likely than not relevant. It is necessary information in determining intentional discrimination or negligent investigation, and, therefore, discoverable.
*Defendant* - "This request is unclear, confusing, and improperly formed. Should you wish to provide Defendants with a clear, concise follow-up interrogatory, Defendants are happy to respond."

10

**Interrogatory No. 23**: Please provide a complete list of all of your employees for each year, 1994 to 2000, identify each employee by race/color, sex, age, and indicate whether the each employee was disabled or made a request for an accommodation. If an employee was disabled or made a request for an accommodation. If an employee was disabled or made a request for an accommodation, please fully describe the same herein.

Answer: "Defendant objects to this interrogatory because it is overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendant to compile information which the law does not require it to maintain and which Defendant does not maintain for all of its employees, worldwide, regardless of whether the employee interacted with was supervised by, or was in the same department as the individually named Defendants Karen Holmes and Michael Sisto and without regard for the fact that the events which are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks confidential employee information, records, and/or documents; and the interrogatory is not reasonably calculated to lead to the discovery of admissible information."

*Rule 26 Conference:*
*Plaintiff* - This information is readily available form employee applications and/or the employer's records of all MCAD filings. This information is fundamental to rendering an analysis of disparate treatment.
*Defendant* - "This request is grossly overbroad. As stated in Defendants' Response to Plaintiff's Request for Production of Documents, Defendants will produce reflective data without individual from 1999-2000 regarding race, sex, and age of employees in the Foxboro Office. You stated that this information was insufficient and that you need company-wide data in order to mount a statistical argument."

## Plaintiff's Request For Production of Documents

The Defendants have neglect, refused or failed to produce documents in satisfaction of Plaintiff's Request for Production of Documents, dated October 12, 2004,[12] specifically request numbers: 23, 24, 25, 28, and 32, as is stated below. And, the Defendants raised the attorney-client privilege in response to document request number: 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, 23, 24, 25, 30, 31, 32, 33, 34, 35, and 37; but, did not produce its attorney-client privilege log in compliance with Local Rule 34.1.

---

[12] See October 12, 2004 Plaintiff's Request for Production of Documents, attached as Exhibit L.

11

**Document Request No. 23** All documents or records providing a list of persons employed by you or your predecessor from April 1994 to October 2000, which identifies each employee's age. Response "Defendants object to this request because it is grossly overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to produce documents that in any way indicate the age of every OneBeacon employee worldwide regardless of their relationship to or with Plaintiff, Holmes, and/or Sisto from 1994 through 2000; the request seeks confidential employee documents, records, and/or information; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents protected by the attorney-client privilege and the work product doctrine; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; and the request seeks documents that no law requires OneBecon to maintain. Subject to n without waiving these objections and the General Objections above, OneBeacon states that it will provide the following chart, an example of which is included below, that identifies the number of employees in the Foxboro IT office by age category, gender, and minority status for the years 1999-2000 only." (no completed chart served to date)

*Rule 26 Conference*
*Plaintiff* - The Plaintiff informed Defendant that responses in satisfaction of document request number 23 should include data from April 1994 to October 2000 and that all employees must be listed. This information is necessary for calculation of a comprehensive statistical data analysis (a portion of an employee pool is not representative of the whole pool of employees) and a statutory limitation of damages is based on the size of company.[13]

**Document Request No. 24** All documents or records providing a list of all persons employed by you or your predecessor from April 1994 to October 2000, which identifies each employee's race. Response "Defendants object to this request because it is duplicative, grossly overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to produce documents that in any way indicate the race of every OneBeacon employee worldwide regardless of their relationship to or with Plaintiff, Holmes, and/or Sisto from 1994 through 2000; the request seeks confidential employee documents, records, and/or information; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes an/or Sisto; the request seeks documents protected by the attorney-client privilege and work product doctrine; the request seeks documents that are not reasonably calculated to lead to discovery of admissible information; and the request seeks documents that no law requires OneBeacon to maintain. Subject to and without waiving these objections and the General Objections above, OneBeacon states that it will provide the following chart, an example of which is included below, that identifies the number of

---

[13] See February 18, 2005 two Rule 26 letters to Defendants written as a follow-up to discovery conference, attached as Exhibit M.

employees in the Foxboro office by age category, race, and gender for the years 1999-2000 only." (no completed chart served to date)

*Rule 26 Conference*
*Plaintiff* - The Plaintiff informed Defendant that responses in satisfaction of document request number 24 should include data from April 1994 to October 2000 and that all employees must be listed. This information is necessary for calculation of a comprehensive statistical data analysis (a portion of an employee pool is not representative of the whole pool of employees) and a statutory limitation of damages is based on the size of company.

**Document Request No. 25** - All documents or records providing a list of all persons employed by you or your predecessor form April 1994 to October 2000, which identifies each disability or request for a reasonable accommodation made by an employee.
Response "Defendants object to this request because it is duplicative, grossly overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to produce documents that in any way indicate the disability status and/or whether an accommodation was requested for every OneBeacon employee worldwide regardless of their relationship to or with Plaintiff, Holmes, and/or Sisto from 1994 through 2000; the request seeks confidential employee documents, records, and/or information; request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents protected by the attorney-client privilege and work product doctrine; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; ant the request seeks documents that no law requires OneBeacon to maintain. Subject to and without waiving these objections and General Objections above, OneBeacon states that no such document exists because OneBeacon has no reason to compile this information as it is required by state or federal law."

*Rule 26 Conference*
*Plaintiff* - Even though Defendants allege that it does not maintain documents pertaining to document request number 25, a public records search at the Massachusetts Commission Against Discrimination shows that several actions have been filed against the employer and, therefore, the employer's records kept and maintained on these actions should contain the requested information. The employer must maintain all employee applications and records pertaining to short-term disability, long-term disability, and family medical leave, all of which documents whether an employee has a handicap and/or a disability.

**Document Request No 28** All documents and attendance records pertaining to the absences and tardiness of each of the following employees: Rick Cantin, Langning Chen, Aihu Dia, Tom Danforth, Joe DeMarco, Tony DePina, Ellen Elliott, Chris Genest, Bernadine T. Griffith, Karen Holmes, Jackie Marzelli, Jeff Neville, Jane Rinkaus, Dan Page, Bob Petrarca, Monica Scanlon, Steve Sugarman, Suzanne Walker, Greg Wells, and John Ziak."

Response "Defendants object to this request because it is duplicative, overly broad, wholly irrelevant, unduly burdensome, duplicative, and unlimited in scope and time as it requires Defendants to produce attendance records for several of Plaintiff's colleagues throughout the course of each employee's tenure without regard for the fact that the relevant time period is 1996 to 2000 or the fact that a majority of the individuals listed above were not supervised by Holmes and had no relationship with Plaintiff other than to work in the same building with her; the request seeks confidential employee documents, records, and/or information; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; the request seeks documents that are equally as available to Plaintiff as they are to Defendants. Subject to and without waiving these objections and the General Objections above, OneBeacon refers Plaintiff to Response to Request No. 6, Plaintiff previously produced employment records, the documents previously produced with Defendant's Initial Disclosure, and the documents previously produced with Defendant's response to Plaintiff's Request for Production of Documents incorrectly styled as a subpoena duces tecum for documents relating to her attendance record."

*Rule 26 Conference*
*Plaintiff* - The employees listed in this request were identified in the Complaint and/or identified by the employer at the depositions of Monica Scanlon, Michael Sisto, and Karen Holmes. This information will be used to show how the employer, in fact, carried out its policy and procedure on attendance and tardiness, and kept and maintained attendance/tardiness records.

**Document Request No. 32** All pleadings filed with any federal or state Massachusetts trial court pertaining to any and all charges of discrimination against you.
Response "Defendants object to this request because the term "pertaining to" is vague and ambiguous; the request is grossly overly broad, wholly irrelevant, and unlimited in scope and time as it requires Defendants to produce documents related to any lawsuit filed in the Massachusetts state court system that allege any kind of discrimination from the time of OneBeacon's predecessor's incorporation to the present despite the fact that the allegation in the Complaint in no way relates to Plaintiff, Holmes, Sisto, or the Foxboro office; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents protected by the attorney-client privilege and the work product doctrine; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; and the request seeks documents that are equally as available to Plaintiff as they are to Defendants."

*Rule 26 Conference*
*Plaintiff* - Even though Defendants allege that it does not maintain documents pertaining to document request number 32, a public records search at the Massachusetts Commission Against Discrimination shows that several actions have been filed against the employer and, therefore, the employer's records kept and maintained on these actions should contain the requested

14

information.

## RULE 26.2 (2) CERTIFICATION

I, Kathleen J. Hill, certify that I have attempted to resolve this discovery dispute in good faith as is set forth in my discovery letters dated February 7, 2005, February 18, 2005 and February 21, 2005, and conferred with defendant's counsel on February 18, 2005 at 3:00PM, in compliance with LR 37.1, but the parties were not able to resolve this discovery dispute by agreement.

The Plaintiff respectfully requests this Honorable Court issue an order requiring the Defendants produce a list of accommodations forthwith, in accordance with the September 14, 2004 Order; answer interrogatories, produce documents, and produce its attorney-client privilege log as is more fully set forth and requested in this Motion forthwith; and, impose sanctions as deemed necessary to resolve this discovery dispute.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court consider the Plaintiff's Motion to Compel Discovery and order the Defendants to produce a list of accommodations, in accordance with the September 14, 2004 Order; answer the interrogatories, produce documents, and produce its attorney-client privilege log as requested in this Motion forthwith; bar Defendants from giving testimony and/or submitting evidence in their defense at the time of summary judgment and/or at trial on each request and/or issue not satisfied per Order of the Court; and, order any other sanctions deemed necessary to compel Defendants to respond to requested discovery, including attorney's fees and costs.

15

Respectfully Submitted,
BERNADINE T. GRIFFITH
By her Attorney,

Date: 2/28/05

_____
Kathleen J. Hill          BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)

## CERTIFICATE OF SERVICE

I, Kathleen J. Hill, hereby certify that I served a true and accurate copy of the foregoing Plaintiff's Second Rule 37 Motion to Compel Discovery on counsel of record: *Keith B. Muntyan and Leah M. Moore*, of Morgan Brown & Joy, Two Hundred State Street, 11th Floor, Boston, Massachusetts, 02109-2605 by pre-paid U.S. Confirmation Mail on this 28th day of February 2005.

_____
Kathleen J. Hill

16