# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **BERNADINE T. GRIFFITH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 03-CV-12573-EFH** |
| | ) | |
| **ONEBEACON INSURANCE COMPANY,** | ) | |
| **ONEBEACON AMERICA INSURANCE** | ) | |
| **COMPANY, MICHAEL A. SISTO, and** | ) | |
| **KAREN ALLEN HOLMES** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

Now come the defendants in the above captioned Action, OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto, and Karen Allen Holmes (collectively, the "defendants"), in opposition to the plaintiff Bernadine T. Griffith's (the "plaintiff" or "Ms. Griffith") Second Rule 37 Motion to Compel.

## ARGUMENT

The defendants note that they have attempted to cooperate with the plaintiff regarding all aspects of this litigation, including discovery and the production of documents. Despite the defendants' best efforts, the plaintiff is unwilling to compromise or reduce the scope of discovery to that which is relevant to the instant matter. This

general unwillingness to cooperate is most recently evidenced by the behavior of plaintiff's counsel during plaintiff's deposition, when counsel spent the first hour and a quarter of the deposition insisting that she be able to personally make a tape recording of the plaintiff's deposition in order to dispute the transcript at a later date. This was followed by a request by plaintiff's counsel that the deposition be suspended because the plaintiff was "exhausted" after less than three hours of deposition testimony. The defendants accommodated plaintiff's request to suspend the deposition for the day, with the agreement of plaintiff and her counsel to return to complete the deposition another day. Upon the defendants' attempt to schedule the final day of plaintiff's deposition, however, plaintiff's counsel informed them that she would not produce her client so that defendants could finish the deposition.

## I.     The September 2004 Discovery Order

The Court's September 14, 2004 Discovery Order overruled the defendants' objection to plaintiff's request that they "produce a list of accommodations granted to disabled OneBeacon employees." Upon receipt of the Court's Order, the defendants undertook a search for the requested document(s) and found that none existed. Defendants responded in compliance with the Order on October 18, 2004, stating that

"after a good faith search, no such documents [a listing of accommodations granted] exist. Defendants further respond that they are willing to treat this request as an interrogatory and will conduct research to determine what, if any, accommodations were provided to OneBeacon employees in the Foxboro office from 1996 through 2000."

On January 4, 2005, the defendants supplemented their October 18, 2004 response stating "that that after a good faith search, no such documents exist." The defendants made every effort to uncover the information the plaintiff requested and even went beyond the plaintiff's document request to offer that should they be able to uncover the

requested information in a manner that was not contained in a document, the defendants would provide this information to the plaintiff as if she propounded it in an interrogatory.

Because no law requires the maintenance of such records, OneBeacon did not create a company wide tracking system to maintain this information. Moreover, OneBeacon has undergone multiple mergers and reorganizations both during and after the plaintiff's tenure, and as such, a majority of the individuals with whom plaintiff worked are no longer employed by OneBeacon. The result is that defendants have been able to find no record or recollection of what accommodations have been provided to the employees at OneBeacon's Foxboro, Massachusetts location.

Plaintiff provides no authority for her continued assertion that OneBeacon is required to maintain applications for accommodations and records pertaining to requests for accommodations made by its employees. Further, the plaintiff's reliance on a public records search at the Massachusetts Commission Against Discrimination ("MCAD") for all charges filed against OneBeacon has no bearing on the instant litigation in the United States District Court for the District of Massachusetts.

## II.     <u>Plaintiff's First Set of Interrogatories</u>

On February 14, 2005, the parties conferred regarding discovery each party believed was incomplete. Immediately following the conference, the defendants memorialized their understanding in writing. A true and accurate copy of this letter is attached hereto as Exhibit A.

<u>Interrogatory Nos. 2, 4, 5, and 6</u>:     These interrogatories seek the names of individuals with knowledge or information about specific aspects of the plaintiff's allegations. In response to these requests, the defendants referred the plaintiff to their

Initial Disclosure, which the defendants have amended or supplemented three times since it was originally produced in an effort to insure that the plaintiff had access to the same information to which the defendants had access. *See id.*, pp. 5-6.

Interrogatory Nos. 7, 8, 9, 16, 17, and 18: The defendants have answered these interrogatories as they were posed. *See id.*, p. 6.

Interrogatory Nos. 12, 15, and 23: These interrogatories are grossly overbroad and wholly irrelevant to the subject matter and time frame of the instant litigation. Despite the defendants' responses, which attempt to narrow the scope of the requested information to reasonable levels, the plaintiff refused to accept the narrowed responses. *See id.*, pp. 6-7.

Interrogatory No. 22: The defendants have explained to the plaintiff that they do not understand the question as posed, but are happy to respond to the request if it can be explained. *See id.*, p. 7.

### III.    **Plaintiff's Request for Production of Documents**

On February 21, 2005, the plaintiff provided the defendants with a letter indicating that she believed that the defendants' document production was incomplete.

Document Request Nos. 23 and 24: The defendants agreed to create and produce a chart that identifies the number of employees in the Foxoboro office where the plaintiff worked by age category, gender, and minority status from 1999 and 2000. The defendants explained to the plaintiff that though the relevant period was only 2000, they would agree to compile and provide this information for 1999 as well. The plaintiff insisted that the defendants produce this information for every office and employee, corporation- and nation-wide, from 1994 until 2000. Such an exercise, encompassing

tens of thousands of employees with no common supervision or management to that of the plaintiff, is simply unreasonable.

<u>Document Request No. 25</u>:    The defendants previously responded to this request when it was a part of the Plaintiff's Request for Production of Documents Incorrectly Titled Subpoena *Duces Tecum*.  The plaintiff's continued request for these documents borders on the abusive.

<u>Document Request No. 28</u>:    The plaintiff seeks personal and confidential documents relating to the attendance of several OneBeacon employees throughout the course of each employee's tenure with OneBeacon.  The attendance records of the employees listed are irrelevant because they did not report to the same manager as plaintiff.  Moreover, the time period covered by plaintiff's request is overly broad.

<u>Document Request No. 23</u>:    This request, again, is overbroad, and plaintiff has refused to accept a reasonable reduction of its scope.

## IV.  <u>CONCLUSION</u>

As clearly indicated by plaintiff's objection to the defendants' responses to discovery requests, plaintiff is unwilling to limit her discovery requests to the relevant time period and to relevant subject matter.  In other instances, the plaintiff is unwilling to accept even the defendants' complete response to her discovery requests.  Accordingly, the defendants request this Court deny Plaintiff's Second Motion to Compel in its entirety

as the filing of the plaintiff's motion is further evidence of her refusal to cooperate with

opposing counsel in this litigation.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA
INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

s/ Leah M. Moore
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

Dated: March 14, 2005

## CERTIFICATE OF SERVICE

I, Leah M. Moore, hereby certify that on this 14th day of March 2004, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

s/ Leah M. Moore
Leah M. Moore