**MORGAN, BROWN & JOY, LLP**
ATTORNEYS AT LAW
200 STATE STREET
BOSTON, MASSACHUSETTS 02109-2605
TELEPHONE (617) 523-6666
FACSIMILE (617) 367-3125

LEAH M. MOORE

DIRECT DIAL (617) 788-5021
lmoore@morganbrown.com

February 14, 2005

<u>Via Facsimile and First Class Mail</u>

Kathleen J. Hill, Esq.
Law Office of Kathleen J. Hill
92 State Street, Suite 700
Boston, MA 02109

Re:   <u>Griffith v. OneBeacon Insurance Company, et. al.</u>
      U.S.D.C. Massachusetts, Docket No. 03-CV-12573-EFH

Dear Kathleen:

I write to summarize our February 14, 2005 conversation regarding the parties' concern that discovery responses were unanswered or otherwise incomplete.

Plaintiff's Answers to Defendants' Interrogatories were received by my office on Monday, February 7, 2005, despite the fact that the interrogatories were served December 3, 2005. During our February 14, 2005 conversation, we discussed Plaintiff's Answers to the following interrogatories:

**Interrogatory No. 10:** Please state whether you received any treatment by a physician, hospital, psychiatrist, psychologist, counselor, therapist, or other health care professional(s) during the period from 1992 to April of 1997 for any physical or emotional condition to which you believe the Defendants caused or contributed.

<u>Plaintiff's Answer</u>:  Yes, Please refer to my medical records produced in response to Defendant's [sic] Request for Production of Documents.

<u>Summary of Meet and Confer</u> : Despite my request that Plaintiff list, specifically, the emotional and physical ailments she attributes to the Defendants, you refused to do anything other than refer me to Plaintiff's medical records and stated that if I wanted further detail I could simply "ask the Plaintiff at her deposition." Defendants are not asking for a professional opinion, rather they are attempting to learn, with specificity, the ailments Plaintiff believes Defendants caused. If Plaintiff contends that Defendants

MORGAN, BROWN & JOY, LLP

Kathleen J. Hill
February 14, 2005
Page 2

caused *all* of her medical conditions, including genetic and hereditary diseases, tooth aches, and ear infections, Defendants simply request that Plaintiff so answer.

**Interrogatory No. 11:** Please state whether you received any treatment by a physician, hospital, psychiatrist, psychologist, counselor, therapist, or other health care professional(s) during the period from April of 1997 to September of 2000 for any physical or emotional condition to which you believe the Defendants caused or contributed.

Plaintiff's Answer:   Yes, Please refer to my medical records produced in response to Defendant's [sic] Request for Production of Documents.

Summary of Meet and Confer:  Despite my request that Plaintiff list the emotional and physical ailments she attributes to the Defendants, you refused to do anything other than refer me to Plaintiff's medical records and stated that if I wanted further detail I could simply "ask the Plaintiff at her deposition." Defendants are not asking for a professional opinion, rather they are attempting to learn, with specificity, the health conditions Plaintiff believes Defendants contributed to or caused.  If Plaintiff contends that Defendants caused or contributed to *all* of her medical conditions, including genetic and hereditary diseases, tooth aches, and ear infections, Defendants simply request that Plaintiff so state.

**Interrogatory No. 12:** Please state whether you have received any treatment by a physician, hospital, psychiatrist, psychologist, counselor, therapist, or other health care professional(s) during the period from September of 2000 to the present for any physical or emotional distress and the cause or source of the physical or emotional distress.

Plaintiff's Answer:   Yes, Please refer to my medical records produced in response to Defendant's [sic] Request for Production of Documents.

Summary of Meet and Confer :  Despite my request that Plaintiff list, specifically, the emotional and physical ailments she attributes to the Defendants, you refused to do anything other than refer me to Plaintiff's medical records and stated that if I wanted further detail I could simply "ask the Plaintiff at her deposition.".  Defendants are not asking for a professional opinion, rather they are attempting to learn, with specificity, the ailments Plaintiff believes Defendants caused.  If Plaintiff contends that Defendants caused *all* of her medical conditions, including genetic and hereditary diseases, tooth aches, and ear infections Defendants simply request that Plaintiff so answer.

MORGAN, BROWN & JOY, LLP

Kathleen J. Hill
February 14, 2005
Page 3

**Interrogatory No. 13:** Please provide the name and address of each professional identified in response to Interrogatories Nos. 10, 11, and 12 and a description of the nature of any such treatment.

Plaintiff's Answer:
1. Helen D. Tramposch, MD, Lahey Medical Center, 41 Mall Road, Burlington, MA 01805 (617)744-5723
2. Susan Moner, MD, Lahey Clinic, One Essex Center Drive, Peabody, MA 01960 (978) 523-4000
3. Bajgwan D. Gupta, M.D. 10 Post Office Square, Lynnfield, MA 01940-2218 (781) 599-0594
4. John Garrison, Ph.D. 1, FA Clinic, Lahey Medical Center 41 Mall Road, Burlington, MA 01805 (617) 744-5723
5. Stephen M. Fleet, M.D., Lahey Clinic Northshore, 1 Essex Center Drive, Peabody, MA 01960. (978-538-4200

Dr. Tramposch and Dr. Moner are my primary treating physicians who rendered a medical opinion that I should be granted an accommodation. Dr. Garrison is my treating psychiatrist for depression. Dr. Fleet is my current cardiologist.

Summary of Meet and Confer: This is the first time that Plaintiff has provided Defendants with the names and contact information for her treating physicians. Plaintiff failed to provide any Initial Disclosure. Because Plaintiff's response was late, Defendants are unable to schedule the depositions of Plaintiff's physicians before the close of discovery. In response to my request that you allow Defendants to take the depositions of the listed physicians outside of the discovery period, you said no and noted that, "Our responses are not late in comparison to your [Defendants'] responses." Should you be willing to provide us and the physicians with the professional courtesy of additional time to take their depositions, in light of your late response, please let me know no later than February 18, 2005 so that I may file a motion for an extension regarding these specific depositions should you be unwilling to agree.

**Interrogatory No. 14:** Please state whether you have held any employment or made any attempt to secure employment during the period after your employment with Defendants ceased through the present. To the extent you have made such efforts and/or have been employed, please provide the name, address, and telephone number of any place of employment or employment agency where you have either held or applied for employment or through which you have attempted to secure employment; identify the name, business address, and business telephone number of any manager, supervisor, employment consultant, or employment counselor who directed or controlled your work performance at any place of employment; and describe the nature of any employment you have held or attempted to secure and the corresponding salary.

MORGAN, BROWN & JOY, LLP

Kathleen J. Hill
February 14, 2005
Page 4

<u>Plaintiff's Answer</u>:   I have not secured any employment since the date of my termination from OneBeacon.

<u>Summary of Meet and Confer</u> :  When I explained to you that Defendants believed Plaintiff had not fully answered this question because she failed to discuss whether she had made any attempt to secure employment, you told me that because I had included the word 'or' instead of 'and,' Plaintiff did not have to respond to the question.  Instruction Number 7 of Defendants First Set of Interrogatories Propounded to Plaintiff clearly reads:
> "7.   The use of the singular in these interrogatories includes the plural, and the use of the plural includes the singular.  The use of the word "and" in these interrogatories includes the word "or," and the use of the word "or" includes the word "and.""

Accordingly, Defendants ask that Plaintiff fully respond to the question.

**Interrogatory No. 15:**  Please state whether you contend that you applied for, sought to receive, or are owed pension or other retirement benefits from Defendants.  To the extent you so contend, please state:
- a. to which benefits you believe you are entitled;
- b. the date, or your best approximation thereof, you were contacted or believe you should have been contacted regarding receipt of a pension or other retirement benefits and the name of the company and company representative with whom you spoke or contend you should have spoken;
- c. whether you contacted any company or company representative regarding receipt of a pension or other retirement benefits, the date or dates, or your best approximation thereof, of contact, and the name or names of the company and/or company representative contacted;
- d. whether you contend you were denied pension or other retirement benefits and the name or names of the company and company representative that conveyed the denial;
- e. what pension or other retirement benefits you believe you are owed and the date from which you believe the pension or other retirement benefits are owed; and
- f. identify which documents evidence and/or support any of your contentions regarding your receipt of a pension or other retirement benefits from OneBeacon.

<u>Plaintiff's Answer</u>:    As I stated in my answer to interrogatory numbered [sic] three: The Defendants retaliated against me and barred me from retiring unless I dismissed my charges of discrimination. (See Exhibits 20-22 of the Complaint).  But for the wrongful termination, I would have realized additional contributions and growth to my retirement accounts that the Company offered in my 2000 CGU Benefit Plans manual when I was terminated.  I believe Joan Geddes of OneBeacon told my attorney that I would only

MORGAN, BROWN & JOY, LLP

Kathleen J. Hill
February 14, 2005
Page 5

>receive retirement if I dismissed the then-pending charges of discrimination. I am demanding to be to be [sic] rehired and then allowed to take early retirement.
>
>Summary of Meet and Confer: In response to my request for specific information regarding both Plaintiff's pension and retirement, you told me that Plaintiff's response was clear and that pension was couched under retirement. Defendants are simply seeking information regarding Plaintiff's efforts to obtain her pension. Please provide a specific and complete response to this interrogatory.

Defendants responded to Request No. 2 of Plaintiff's Document Requests Incorrectly Styled as a Subpoena *Duces Tecum* on October 18, 2004 and to Request No. 3 of same on January 4, 2005.

Defendants responded to Plaintiff's October 12, 2004 Interrogatories to OneBeacon Insurance Company by hand delivery on January 3, 2005. OneBeacon states that it was unaware that Plaintiff served identical discovery requests up on it and its predecessor. OneBeacon America Insurance Company states that its answers to Plaintiff's Interrogatories will be the same as OneBeacon Insurance Company's answers. OneBeacon American Insurance Company will respond to the Plaintiff's Interrogatories as soon as possible.

Before we began to discuss your position regarding incomplete responses, you told me to let you know if I was going to agree to any of your requests, because if I did not agree, you would simply file a motion to compel. Set forth below is Defendants response to your letter. This response includes information we discussed in response to the Defendants' answers during our meet and confer.

>**Interrogatory No. 2:** I explained to you that Defendant's answers were complete, and that should you seek additional specific information regarding the parameters of each person's knowledge, you must contact the individual.
>
>**Interrogatory No. 3:** I explained to you that this answer was complete given the interrogatory posed. Should you have a different question, Defendants are happy to respond to any interrogatory propounded.
>
>**Interrogatory No. 4:** I explained to you that this answer was complete given the interrogatory posed. Should you have a different question, Defendants are happy to respond to any interrogatory propounded.
>
>**Interrogatory No. 5:** I explained to you that this answer was complete given the interrogatory posed. Should you have a different question, Defendants are happy to respond to any interrogatory propounded.

MORGAN, BROWN & JOY, LLP

Kathleen J. Hill
February 14, 2005
Page 6

**Interrogatory No. 6:** Defendants have fully described the non-privileged actions taken in response to Plaintiff's April 27, 1997 Charge of Discrimination. To the extent Plaintiff seeks additional names of individuals consulted or involved with Plaintiff's allegations against Mr. Freeman, Defendants refer Plaintiff to the documents previously produced with Defendant's Initial Disclosure and with Defendant's response to Plaintiff's Request for Production of Documents Incorrectly Styled as a Subpoena *Duces Tecum.*

**Interrogatory No. 7:** I explained to you that this answer was complete given the interrogatory posed. Should you have a different question, Defendants are happy to respond to any interrogatory propounded.

**Interrogatory No. 8:** I explained to you that this answer was complete given the interrogatory posed. Should you have a different question, Defendants are happy to respond to any interrogatory propounded.

**Interrogatory No. 9:** I explained to you that this answer was complete given the interrogatory posed. There were no materials distributed solely to Plaintiff. Should you have a different question, Defendants are happy to respond to any interrogatory propounded.

**Interrogatory No. 12:** I explained to you that your request was grossly overbroad. I stated that Defendants would produce the requested information from 1999-2000 for employees in Ms. Griffith's department in the Foxboro Office. You stated that this information was insufficient and that you need company-wide data in order to mount a statistical argument.

**Interrogatory No. 15:** The training Plaintiff received prior to 1996 is irrelevant given that Plaintiff argues that she was subject to discrimination beginning after undergoing a quadruple bypass.

**Interrogatory No. 16:** Defendants, to the best of their knowledge, have provided Plaintiff with all documents in their possession that are responsive to Plaintiff's discovery requests.

**Interrogatory No. 17:** Defendants provided this information by hand delivery on November 11, 2004 in response to Plaintiff's Request for Production of Documents Incorrectly Styled as a Subpoena *Duces Tecum.*

**Interrogatory No. 18:** Defendants provided this information by hand delivery on November 11, 2004 in response to Plaintiff's Request for Production of Documents Incorrectly Styled as a Subpoena *Duces Tecum.*

MORGAN, BROWN & JOY, LLP

Kathleen J. Hill
February 14, 2005
Page 7

**Interrogatory No. 22:**  This request is unclear, confusing, and improperly formed. Should you wish to provide Defendants with a clear, concise follow-up interrogatory, Defendants are happy to respond.

**Interrogatory No. 23:**  This request is grossly overbroad. As stated in Defendants' Response to Plaintiff's Request for Production of Documents, Defendants will produce reflective data without individual names from 1999-2000 regarding the race, sex, and age of employees in the Foxboro Office. You stated that this information was insufficient and that you need company-wide data in order to mount a statistical argument.

Please do not hesitate to contact me should you have any questions or concerns or if you believe I mischaracterized our conversation.

Very truly yours,

Leah M. Moore

cc:   Joan K. Geddes, Esq. (via first class mail)
      Keith B. Muntyan, Esq.