UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BERNADINE T. GRIFFITH | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 03-CV-12573-EFH |
| ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, MICHAEL A. SISTO, and KAREN ALLEN HOLMES | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Now come the defendants in the above captioned Action, OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto, and Karen Allen Holmes (collectively, the "defendants"), in opposition to the plaintiff Bernadine T. Griffith's (the "plaintiff" or "Ms. Griffith") Motion for Protective Order. As grounds for their motion, the defendants' state that: 1) the plaintiff has failed to comply with Local Rule 7.1(A)(2) and Local Rule 37.1(C) which requires the parties to confer before the filing of a motion and 2) the plaintiff's motion is moot as the Court awarded additional time for discovery on March 15, 2005.

## **ARGUMENT**

The defendants note that they have attempted to cooperate with the plaintiff regarding all aspects of this litigation, including discovery. Despite the Court's March 15, 2005 Order extending discovery until May 1, 2005, the plaintiff refuses to move forward with the depositions of her physicians and psychologist. (March 15, 2005 Order on Defendants' February 18, 2005 Motion to Extend Discovery and Amend Scheduling Order). The rationale for the plaintiff's refusal is purportedly her belief that the award of additional time for discovery pertained only to the taking of the plaintiff's deposition. (*See* Exhibit A, Affidavit of Leah M. Moore, p. 2, ¶ 7). The plaintiff was unrelenting in her position despite the fact that the defendants' Motion to Extend Discovery clearly stated that the defendants were in need of additional time because "Plaintiff's physicians are unable to schedule time for the deposition with such short notice and are only available for deposition outside of the current discovery period." (Defendants' February 18, 2005 Motion to Extend Discovery and Amend Scheduling Order, p. 2, ¶ 1). Further, the plaintiff has refused to allow her physicians to release her complete medical history despite the fact that the plaintiff's medical history is part and parcel of her claims against the defendants. (*See* Exhibit A, p.2 ¶ 7). When asked to commit her feelings regarding release of medical records to paper, the plaintiff refused, forcing counsel for the physicians to compose the letter. (*See id.*).

Despite the defendants' best efforts, at every turn, the plaintiff is unwilling to compromise or reduce the costs associated with discovery. This general unwillingness to cooperate has accompanied every deposition, including the plaintiff's deposition, when the plaintiff's counsel spent the first hour and a quarter of the deposition insisting that she

be able to personally make a tape recording of the plaintiff's deposition in order to dispute the transcript at a later date. (*See id.* p. 1, ¶ 2). This was followed by a request by plaintiff's counsel that the deposition be suspended because the plaintiff was "exhausted" after less than three hours of deposition testimony. (*See id.* ¶ 3). The defendants accommodated plaintiff's request to suspend the deposition for the day, with the agreement of plaintiff and her counsel to return to complete the deposition another day. (*See id.*). Upon the defendants' attempt to schedule the final day of plaintiff's deposition, however, plaintiff's counsel informed them that she would not produce her client so that defendants could finish the deposition. (*See id.*).

### I.    The Plaintiff Failed to Comply with Local Rules 7.1(A)(2) and 37.1(B)

The plaintiff has failed to comply with Local Rules 7.1(A)(2) and 37.1(B) which require counsel to confer before the filing of a discovery motion. According to Local Rule26.2(C), "the judicial officer s*hall not consider* any discovery motion that is not accompanied by a certification, as required by LR 7.1(A)(2) and LR 37.1(B), that the moving party has made a reasonable and good-faith effort to reach agreement with opposing counsel on the matter set forth in the motion." (emphasis added).

At no time did the plaintiff contact the defendants to discuss her concern regarding the depositions of Susan E. Moner, MD, Helen D. Tramposch, MD, or John D. Garrison, Ph.D. (*See id*. p. 2, ¶ 5). To the contrary, the plaintiff's first and only response was to file the instant Motion for Protective Order. (*See id*.). Accordingly, the plaintiff's motion must be denied.

### II.    The Court Awarded Additional Time for Discovery

On March 15, 2005, the Court granted the Defendants' Motion to Extend

Discovery and Amend Scheduling Order in full, extending the time for discovery until May 1, 2005. (March 15, 2005 Order on Defendants' February 18, 2005 Motion to Extend Discovery and Amend Scheduling Order). As grounds for the defendants' motion to extend, they relied upon their inability to schedule the plaintiff's physicians for deposition. (Defendants' February 18, 2005 Motion to Extend Discovery and Amend Scheduling Order, p. 2, ¶ 1). In her instant motion, the plaintiff argues that a protective order should be granted "[b]ecause the discovery period ended on March 1, 2005." The Court's granting of the defendants' request for additional time for discovery renders the grounds for the plaintiff's motion moot, and accordingly, it should be denied. (March 15, 2005 Order on Defendants' February 18, 2005 Motion to Extend Discovery and Amend Scheduling Order).

### III.   Conclusion

Because the plaintiff failed to confer with the defendants prior to the filing of the instant motion and because this Court granted the defendants' request for additional time to conduct discovery, the defendants request this Court deny Plaintiff's Motion for Protective Order.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA
INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

s/ Leah M. Moore
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

Dated: March 22, 2005

## CERTIFICATE OF SERVICE

I, Leah M. Moore, hereby certify that on this 22nd day of March 2005, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

s/ Leah M. Moore
Leah M. Moore