UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE T. GRIFFITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. )<br>) | C.A. No. 03-CV-12573-EFH |

### DECLARATION OF LEAH M. MOORE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S <u>MOTION FOR PROTECTIVE ORDER</u>

I, Leah M. Moore, Esquire, hereby declare, certify, verify, and state under penalty of perjury that the following declaration is true and correct to the best of my knowledge:

1. I am co-counsel for Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto, and Karen Allen Holmes (collectively, the "defendants"), in the above referenced matter.

2. During the February 16, 2005 portion of the plaintiff Bernadine T. Griffith's (the "plaintiff") deposition, counsel for the plaintiff spent the first hour and a quarter insisting that she be able to personally tape record the plaintiff's deposition in order to dispute the stenographer's record.

3. During the February 21, 2005 portion of the plaintiff's deposition, counsel for the plaintiff requested that the plaintiff's deposition be suspended for the day because the plaintiff was exhausted after less than four hours of testimony. The defendants granted the plaintiff's request, and she agreed to return on a later date to continue her deposition. When the defendants contacted the plaintiff to schedule the next portion of her deposition, the plaintiff's counsel informed the defendants that, "the plaintiff's

      deposition was complete," despite having previously agreed, on the record, to produce plaintiff. *See* Exhibit 1 and 2, the plaintiff's March 3, 2005 letter to the defendants' counsel regarding her deposition and an excerpt from the plaintiff's February 21, 2005 deposition, respectively.

4. On February 18, 2005, the defendants filed their Motion to Extend Discovery and Amend Scheduling Order. As grounds for their motion, the defendants relied upon the fact that the plaintiff failed to disclose the plaintiff's physicians until such time as was inadequate for the defendants to schedule their depositions. *See* Defendants' Motion to Extend Discovery and Amend Scheduling Order.

5. On March 2, 2005, the defendants noticed the depositions of Susan E. Moner, MD ("Dr. Moner"), Helen D. Tramposch, MD ("Dr. Tramposch"), and John E. Garrison ("Dr. Garrison"), Ph.D. After receiving the notices of deposition, the plaintiff filed the instant Motion for Protective Order without conferring with the defendants regarding her concerns.

6. On March 15, 2005, this Court granted in full Defendants' Motion to Extend Discovery and Amend Scheduling Order. In so doing, the Court extended the period for discovery until May 1, 2005.

7. On March 18, 2005 the defendants spoke with counsel for Drs. Moner, Tramposch, and Garrison in an effort to schedule the doctors' depositions. After speaking with the plaintiff's counsel, counsel for the doctors informed the defendants that the plaintiff's counsel believed that the discovery extension applied only to the taking of the plaintiff's deposition, and as such, she refused to allow the doctors' depositions move forward. *See* Exhibit 3, the March 22, 2005 letter from Douglas Perlo, counsel for the doctors, documenting his call with plaintiff's counsel Kathleen Hill. Not only did the plaintiff's counsel refuse to schedule the doctors' depositions, she refused to release her complete medical records to the defendants and refused to commit her feelings to paper, forcing the doctors' counsel to draft a letter documenting the plaintiff's position that her medical records should not be released. *See id*.

Signed under the pains and penalties of perjury this 22nd day of March 2005.

                                                                                       /s/ Leah M. Moore
                                                                                       Leah M. Moore