# FICKSMAN & CONLEY, LLP
## ATTORNEYS AT LAW

**98 NORTH WASHINGTON STREET**
**SUITE 500**
**BOSTON, MASSACHUSETTS 02114**

TEL (617) 720-1515
FAX (617) 720-1519

LIONEL H. PERLO
FRANCIS LEONE
DAVID M. GOULD◆
KENNETH D. WEISS*
JOHN D. CASSIDY*◆
NANCY L. WATSON
JOHN M. DELLEA◆
DOUGLAS N. PERLO
MATTHEW R. CONNORS■
HEIDI R. WOLMUTH
SEAN E. CAPPLIS
NICOLE M. MASON
M. KATE WELTI

MAX S. FICKSMAN (1907-1982)
ROBERT G. CONLEY (1921-1994)

* also admitted NY
◆ also admitted NH
■ also admitted CT

March 22, 2005

<u>Via Fax (617-742-4508)</u>
Kathleen J. Hill, Esq.
92 State Street
Suite 700
Boston, MA 02109

Dear Attorney Hill:

    RE:    Bernadine T. Griffith
    VS:    Susan E. Moner, M.D., et al
            Our File: 15L 284

This is to confirm our telephone conversation of Friday 18 March 2005 at approximately 3:00 p.m. At that time, we discussed the proposed depositions of my clients Drs. Moner, Tramposch and Garrison, all affiliated with Lahey Clinic. These depositions had originally been noticed by counsel for the defendant OneBeacon Insurance Company, through their attorneys, Morgan, Brown and Joy. Subsequently, you have moved for protective order relative to these depositions.

You and I discussed the question whether the court has allowed Morgan, Brown and Joy to go forward with these depositions. I understand it is their view that their motion to extend discovery includes these depositions, while it is your view that it does not. It is my intention to make the physicians available for deposition once I am advised that the court has allowed that their depositions go forward. If the court does not so allow, then the depositions will not go forward.

More importantly, I suggested to you that I would obtain and produce a certified copy of the complete records from Lahey Clinic and Lahey Hospital, which I suggested would save time and thus money in that the records could be reviewed by all counsel prior to the depositions so that time would not be wasted during the depositions. I believe that production of the records before

Kathleen J. Hill, Esq.
March 22, 2005
Page 2

depositions of these three physicians would help both counsel narrow issues for questioning before the depositions and would allow my clients to answer focused questions relating to narrowed issues. You have advised me that your client, Bernadine Griffith, has not and will not approve of my releasing these records to defense counsel. You have advised that Ms. Griffith does not authorize Lahey Clinic or Lahey Hospital (or Dr. Garrison, if he keeps separate records) to release any such records to counsel for the defendant.

I will honor your client's wishes unless and until I see evidence that the court has ordered that the records be released. I must suggest, though, that if the court orders that the depositions of the three Lahey physicians go forward, but if records are not produced in advance, depositions will likely take far longer than they otherwise might if counsel had access to the records in advance.

If I have in any way misstated our conversation, please let me know as soon as practicable. Thank you very much for your cooperation.

Very truly yours,

Douglas N. Perlo

DNP/cm
cc:   Leah M. Moore, Esq.