UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE T. GRIFFITH ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 03-CV-12573-EFH |
| ) | |
| ONEBEACON INSURANCE COMPANY, ) | |
| ONEBEACON AMERICA INSURANCE ) | |
| COMPANY, MICHAEL A. SISTO, and ) | |
| KAREN ALLEN HOLMES ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS MICHAEL A. SISTO AND KAREN ALLEN HOLMES**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Karen Allen Holmes ("Holmes") and Michael A. Sisto ("Sisto") (collectively, "Defendants") hereby submit the following memorandum in support of their Motion for Judgment on the Pleadings. Defendants respectfully request this Court dismiss with prejudice Plaintiff's Amended Complaint as against Holmes and Sisto, thereby dismissing Holmes and Sisto from this action in its entirety, as Plaintiff fails to state a claim on which relief can be granted because the anti-discrimination statutes under which Plaintiff asserts her claims expressly prohibit individual liability.

**INTRODUCTION**

Plaintiff Bernadine T. Griffith ("Plaintiff") is a former employee of Defendants OneBeacon Insurance Company and OneBeacon America Insurance Company (together,

"OneBeacon"). During the latter stages of her tenure at OneBeacon, Plaintiff reported directly to Holmes, and Holmes reported to Sisto. Plaintiff was frequently absent from work, often calling in sick and taking vacation days without providing Holmes with advance notice. As a result, Plaintiff was placed on warnings to correct her attendance problems. When she her absences continued, she was terminated in accord with OneBeacon policy. Plaintiff responded to her termination by filing, *inter alia*, the instant action.

## STATEMENT OF RELEVANT FACTS[1]

Plaintiff is a former long-term employee of Defendant OneBeacon who began her tenure with the company in 1979. (*See* Amended Complaint, ¶ 14). The final four years of Plaintiff's employment, from 1996 through her termination in September 2000, are those relevant to the instant action. (*See gen*. Amended Complaint). During those four years, Plaintiff alleges that she suffered retaliation and various forms of discrimination based upon her race, her color, her status as a disabled person due to heart disease, and her age. (*See* Amended Complaint, ¶ 1).

Plaintiff alleges that she began to suffer discriminatory treatment in 1996 at the hands of her then supervisor, Edmund Freeman ("Mr. Freeman"). (*See* Amended Complaint, ¶¶ 20-28). Plaintiff accuses Mr. Freeman of failing to provide her with what she believes were reasonable accommodations required after undergoing bypass surgery two years prior. (*See* Amended Complaint, ¶¶ 20-23). She also asserts that she overheard Mr. Freeman, in a conversation with a co-worker in October 1996, used the term "tar baby." (*See* Amended Complaint, ¶ 25). Plaintiff believed this term to be a racial slur and complained to OneBeacon human resources personnel.

---

[1] Defendants Holmes, Sisto, and OneBeacon admit those facts as alleged in Plaintiff's Amended Complaint solely for purposes of the instant Motion.

(*See* Amended Complaint, ¶ 26). As a result of Plaintiff's complaint, in November 1996, Mr. Freeman's supervisory responsibilities were removed. (*See* Amended Complaint, ¶ 29).

Between November 1996 and November 1999, Plaintiff reported to two different supervisors who allegedly continued to discriminate and retaliate against her based upon her race, color, disability, and age. (*See* Amended Complaint, ¶¶ 29, 92). In December 1999, Plaintiff began to report directly to Defendant Holmes, and Holmes reported to Defendant Sisto. Plaintiff continued to report to Holmes and Sisto until her termination in September 2000. Similar to the accusations made against her three former supervisors, Plaintiff alleges that Sisto and Holmes continued the mistreatment she suffered because of her race, color, disability, and age.[2] (*See* Amended Complaint, ¶¶ 83, 94-116, 122-125, 129-130).

On May 23, 2000, while she reported to Holmes and Sisto, Plaintiff was placed on a written warning due to her frequent absences. (Amended Complaint, ¶ 109; Exhibit 9 to Complaint[3]). The written warning required Plaintiff not to be absent or tardy for a period of three months and not to take vacation days without one week's advance notice. (Exhibit 9 to Complaint). Within two months receipt of the written warning, Plaintiff violated its terms by calling in a vacation day on the day she intended to be absent. (*See* Exhibit 16 to Complaint). As a result, Holmes and Sisto placed Plaintiff on a final written warning, again requiring that she not be absent or tardy for a period of three months and not take vacation days without one week's

---

[2] Despite the fact that Plaintiff alleges mistreatment at the hands of five former supervisors and the company generally, she has only named supervisors Holmes and Sisto as individual defendants.

[3] Plaintiff's Initial Complaint in this action included several exhibits. When Plaintiff filed her Amended Complaint, she incorporated these exhibits by reference, but did not re-file them. Because the Clerk was unable to make electronic files of Plaintiff's Exhibits to the Initial and Amended Complaints, for ease in review, Defendants have attached the relevant documents to the instant motion as one exhibit.

advance notice. (*Id.*) At the time she received the final written warning, Plaintiff was told that failure to adhere to these restrictions would result in termination. (*Id.*). Despite the forewarning, Plaintiff violated the restrictions by taking three sick days just six weeks into the three month probationary period. (*See* Amended Complaint, ¶ 127). As a result, Plaintiff was terminated in accord with the consequences outlined in the final written warning. (*See* Amended Complaint, ¶ 130).

## ARGUMENT

Plaintiff's Complaint contains eleven counts, the first six of which are directed against OneBeacon, Holmes, and Sisto. Count I alleges discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Count II alleges retaliation in violation of the ADA. Count III alleges discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. Count IV alleges retaliation in violation of Title VII. Count V alleges discrimination in violation of the Age Discrimination in Employment Act of 1967[4] ("ADEA"), 29 U.S.C. § 621 *et seq*., and Count VI alleges retaliation in violation of the ADEA. Because the ADA, Title VII, and the ADEA all expressly prohibit claims of discrimination and retaliation against individuals, Plaintiff's claims against Holmes and Sisto must be dismissed with prejudice, thereby dismissing Holmes and Sisto as defendants in this matter.

### I.    Legal Standard for Evaluating a Motion for Judgment on the Pleadings

"A motion for judgment on the pleadings, made pursuant to Fed. R. Civ. P. 12(c) tests the legal sufficiency of the complaint, not the plaintiff's likelihood of ultimate success." *Lamanaque*

---

[4] In her Complaint, Plaintiff alleges discrimination in violation of the AEDA. Presumably Plaintiff intends to allege discrimination under the ADEA.

*v. MA Dept. of Employment & Training*, 3 F.Supp.2d 83, 89 (D.Mass 1998) (Lindsay) (citing *Furtick v. Medford Hous. Auth.*, 963 F.Supp. 64, 67 (D. Mass. 1997)).  "'The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as the standard for evaluating a Rule (12)(b)(6) motion.'" *Furtick*, 963 F.Supp. at 67 (citing *Nedder v. Rivier Coll.*, 944 F.Supp. 111, 120 (D.N.H. 1996) (quoting *Metromedia Steakhouses Co. v. Resco Mgmt. Inc.*, 168 B.R. 483, 485 (D.N.H. 1994))).  As such, the court must focus "not on 'whether a plaintiff will ultimately prevail, but [on] whether the claimant is entitled to offer evidence to support the claims.'" *Lewis v. Bristol Energy Corp.*, 1995 WL 113930 * 1 (D.N.H. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  Accordingly, judgment on the pleadings should be granted when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" *McCord v. Horace Mann Ins. Co.*, 390 F.3d 138, 141 (1st Cir. 2004) (citing *Feliciano v. State of R.I.*, 160 F.3d 780, 788 (1st Cir. 1998) (citations omitted)).

**II.    Individual Liability Does Not Exist Under the ADA**

In Count I and II of her Amended Complaint, Plaintiff alleges that Holmes and Sisto through a myriad of separate acts discriminated and retaliated against her because of her alleged disability.  Though the Supreme Court and the First Circuit have yet to rule on the issue of individual liability under the ADA, "the growing weight of authority is that there is no individual liability under the ADA." *Fink v. Printed Circuit Corp.*, 204 F.Supp.2d 119, 129 (D.Mass. 2002) (referencing the following cases for their finding of no individual liability: *Lemire v. Silva*, 104 F. Supp.2d 80 (D.Mass. 2000); *Meara v. Bennett*, 27 F. Supp.2d 288, 290 (D.Mass. 1998); *Butler v. City of Prairie Village, Kansas*, 172 F.3d 736, 744(10th Cir. 1999); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995)); *see also Riviera Sanchez v.*

*Autoridad de Energia Electrica*, 360 F.Supp.2d 302 (D.P.R. 2005).  Moreover, the ADA expressly prohibits claims against individuals in its very definition of the term employer where it "extends [the employer's liability] to agents so as to 'ensure employer liability and reject individual liability.'" *Fink*, 204 F.Supp.2d at 129 (emphasis added).  If Plaintiff had proof that Holmes and Sisto violated the ADA in their treatment of her, Plaintiff would not be without a remedy – filing suit against the company which she, of course, has done by naming OneBeacon as a defendant in this matter.  Accordingly, Plaintiff's claims against Holmes and Sisto must be dismissed with prejudice as the ADA includes no provision for recovery against them as individuals. *See id.*

### III.    Individual Liability Does Not Exist Under Title VII

Each of the eleven circuits that have addressed the issue of individual liability under Title VII has determined "that individual employees, agents, and/or supervisors are not liable under Title VII." *Healy v. Henderson*, 275 F.Supp.2d 40, 45 (D.Mass. 2003) (Tauro) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-14 (2d Cir. 1995); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996), *cert. den'd*, 521 U.S. 1129 (1997); *Lissau v. Southern Food Serv. Inc.,* 159 F.3d 177, 180 (4th Cir. 1998); *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) *cert. den'd*, 513 U.S. 1015 (1994); *Wathen v. Gen. Elec. Co.*, 155 F.3d 400, 405 (6th Cir. 1997); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Bonomolo-Hagen v. Clay Cent. Everly Cmty. Sch. Dist.*, 121 F.3d 446, 446 (8th Cir. 1997); *Miller v. Maxwell's Int'l., Inc.,* 991 F.2d 583, 588 (9th Cir. 1993), *cert den'd*, 510 U.S. 1109; *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *Smith v. Lomax*, 45 F.3d 402, 403-04, n. 4 (11th Cir. 1995); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir. 1995), *cert den'd*, 516 U.S. 1011 (1995).  When issuing the *Healy* decision, the "court join[ed] the other jurisdictions (including every circuit court that has

interpreted Title VII's definition of 'employer' and the majority of District Courts in the First Circuit) that have concluded that Congress did not intend to impose individual liability upon agents of the employer." *Id.* at 44-45. As a result, Counts III and IV of Plaintiff's Complaint alleging discrimination and retaliation in violation of Title VII against Holmes and Sisto fail as a matter of law. *See id.* at 45. Again, this result will not leave Plaintiff without a remedy since she has sued the company for the same conduct.

### IV.   Individual Liability Does Not Exist Under the ADEA

Counts V and VI of Plaintiff's Complaint allege claims of discrimination and retaliation against Holmes and Sisto in violation of the ADEA. "Although the First Circuit Court of Appeals has declined to determine whether individuals can be held liable under the federal anti-discrimination statutes, almost all circuits that have addressed the issue have determined that individual liability is not authorized." *Orell v. UMASS Mem'l. Med. Cntr., Inc.*, 203 F.Supp.2d 52, 64 (D.Mass. 2002) (Gorton) (ruling no individual liability under the ADEA or ADA) (referencing *Butler*, 172 F.3d at 744 (ADA); *Lissau*, 159 F.3d at 180-81 (Title VII); *Wathen,* 155 F.3d at 405-06 (ADEA); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (ADA); *Dici v. PA*, 91 F.3d 542, 551-52 (3d Cir. 1996) (Title VII); *Tomka*, 66 F.3d at 1313-1317 (Title VII); *Gary,*  59 F.3d at 1399 (Title VII); *E.E.O.C. v. AIC Sec. Investigations, Inc.*, 55 F.3d 1276, 1279-82 (7th Cir. 1995) (Title VII)). Further, "most district courts in this circuit have also determined that the [anti-discrimination] statues do not invoke individual liability." *See id*. (string citation omitted). As such, no individual liability exists under the ADEA, and the claims against Holmes and Sisto must be dismissed with prejudice for failure to state a claim. *See id.*

### CONCLUSION

Because no individual liability exists under the ADA, Title VII, and the ADEA, Plaintiff's claims under these anti-discrimination statutes fail as a matter of law as against Holmes and Sisto. Accordingly, Defendants request the Court dismiss with prejudice Counts I-VI against Holmes and Sisto, thereby dismissing them from this action.

For the forgoing reasons, Defendants' Motion for Judgment on the Pleadings should be granted.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

/s/ Leah M. Moore_____
Keith B. Muntyan (BBO # 361380)
keithmuntyan@morganbrown.com
Leah M. Moore (BBO # 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

Dated: June 9, 2005

**CERTIFICATE OF SERVICE**

I, Leah M. Moore, hereby certify that on this 9th day of June 2005, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq.,

Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

                                              /s/ Leah M. Moore
                                              Leah M. Moore