UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
**BERNADINE T. GRIFFITH**                   )
                                            )
       **Plaintiff,**                         )
                                            )
v.                                          )   C.A. No. 03-CV-12573-EFH
                                            )
**ONEBEACON INSURANCE COMPANY,**            )
**ONEBEACON AMERICA INSURANCE**             )   **DEFENDANTS' EMERGENCY**
**COMPANY, MICHAEL A. SISTO, and**          )   **MOTION TO COMPEL**
**KAREN ALLEN HOLMES**                      )
                                            )
       **Defendants.**                        )
_____)

NOW COME Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto, and Karen Allen Holmes (collectively, the "defendants") and respectfully request this Court: 1) compel the plaintiff's Bernadine T. Griffith ("Griffith" or the "plaintiff") appearance at her Rule 35 independent medical examination at the Waban, Massachusetts office of Harvey S. Waxman, Ph.D. ("Dr. Waxman") on Wednesday, June 15, 2005 from 1:30-5:30 p.m. and Wednesday, June 22, 2005 from 12:30-4:30 p.m. as previously ordered by this Court on May 18, 2005 and 2) instruct the plaintiff that the examination proceed with only the plaintiff and Dr. Waxman present and without any form of video or audio recording.

The defendants apologize for the timing of the instant motion and state that despite their best efforts to resolve this matter without involving the Court, the plaintiff insists that the federal rules permit recording of the independent medical examination. (*See* Exhibits A and B, the June

9, 2005 from counsel for the defendants to counsel for plaintiff and the June 13, 2005 letter from counsel for plaintiff to counsel for defendants, respectively).

Defendants submit that there is no Federal Rule of Civil Procedure that permits a party to record[1] an independent medical examination. *See gen.*, Fed. R. Civ. P. To the contrary, courts generally prohibit the presence of a recording device unless there is some basis for concern or "fear that the examiner will utilize improper, unconventional, or harmful examination techniques." *Hertenstein v. Kimberly Home Health Care, Inc*., 189 F.R.D. 620, 630 (D.Kan. 1999); *see gen*., *id*. at 628 (citing *Holland v. U.S.*, 182 F.R.D. 493, 495 (D.S.C. 1998); (*Barrett v. Great Hawaiian Cruises, Inc.*, No. 96-00257 DAE, 1997 WL 862762 *1-2 (D.Haw. 1997); *Shirsat v. Mut. Pharm. Co.,* 169 F.R.D. 68, 70 (E.D.Pa. 1996); *Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y.); *Tomlin v. Holecek*, 150 F.R.D. 628, 631-32 (D.Minn. 1993) (internal quotations omitted)). Plaintiff has made no attempt to show such a legitimate concern. Given the fact that Dr. Waxman has conducted mental examinations at the request of counsel for both plaintiffs and defendants in matters before the U.S. District Court for the District of Massachusetts as well as in the Massachusetts Superior Courts, there is no concern that he will utilize some improper, unconventional, or harmful technique during Ms. Griffith's examination. *See gen.*, Exhibit C, Affidavit of Harvey S. Waxman, Ph.D. Moreover, Dr. Waxman's opposition to the audio recording of the examination stems from his desire to develop a rapport with the plaintiff in an environment where she can freely and candidly engage in discussion without concern that her words will be transcribed and used as part of a motion or to impeach her at trial which often results when an audio recording device is present. *See id; Hertenstein*, 189 F.R.D. at 630-31

---

[1] It is unclear if the plaintiff makes reference to Rule 30(b)(3) which permits a party to record a deposition for her proposition that the Federal Rules permit her to record a Rule 35 examination. Counsel for the defendants attempted to explain this distinction in her June 9, 2005 letter attached here to as Exhibit A.

(citing *Tomlin*, 150 F.R.D. at 630-31 (relying on the examining physician's "'opinion that the presence of a third person, physically or by taperecording [sic] is inimical to the conduct of a valid psychiatric examination'" to refuse request for audio recording of mental examination)).

Though "there is no compelling 'longstanding rule' on the issue," courts have generally ruled that under Rule 26(c), the court may determine appropriate conditions for a Rule 35 mental examination. *Nicholas v. Wyndham Int'l. Inc.*, 218 F.R.D. 122, 124 (D.V.I. 2003) (referencing *Gavenda v. Orleans County*, 174 F.R.D. 272. 274 (W.D.N.Y. 1996)); *see Hertenstein*, 189 F.R.D. at 630. The plaintiff has offered no rational basis for her insistence that the sessions be audio recorded. Courts have ruled that the plaintiff's desire to have a verbatim recording of the session is not a sufficient reason to warrant audio recording, particularly in light of the fact that the plaintiff is entitled to a copy of the clinician's written report. *See E.E.O.C. v. Grief Bros. Corp.*, 218 F.R.D. 59, 64 (W.D.N.Y. 2003).

In light of Dr. Waxman's professional experience and opinion that the audio recording distinctly alters his ability to conduct an accurate psychological evaluation, the case law supporting this position, and the plaintiff's failure to articulate any reason for her insistence that the mental examination be recorded, the defendants respectfully request this Court order the plaintiff to appear for her examination with Dr. Waxman at his Waban, Massachusetts office on Wednesday, June 15, 2005 from 1:30-5:30 p.m. and Wednesday, June 22, 2005 from 12:30-4:30 p.m. and instruct the plaintiff that the examination proceed with only the plaintiff and Dr. Waxman present and without any form of video or audio recording.

        Respectfully submitted,

        ONEBEACON INSURANCE CO.,
        ONEBEACON AMERICA INSURANCE CO.,
        MICHAEL A. SISTO, and
        KAREN ALLEN HOLMES

        By their attorneys

        /s/ Leah M. Moore_____
        Keith B. Muntyan (BBO # 361380)
        keithmuntyan@morganbrown.com
        Leah M. Moore (BBO # 658217)
        lmoore@morganbrown.com
        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, MA 02109
        617-523-6666 (phone)
        617-367-3629 (fax)

Dated: June 14, 2005

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

     I hereby certify that I attempted to confer with counsel for Plaintiff, Kathleen J. Hill, Esq. regarding the filing of this motion in compliance with Local Rule 7.1 of the Federal Rules of Civil Procedure.

        /s/ Leah M. Moore_____
        Leah M. Moore

## CERTIFICATE OF SERVICE

     I, Leah M. Moore, hereby certify that on this 14th day of June 2005, I caused a true and correct copy of the foregoing to be served via facsimile and first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

        /s/ Leah M. Moore_____
        Leah M. Moore