Exhibit 17

# BCK
## BERNSTEIN, CUSHNER & KIMMELL, P.C.
### ATTORNEYS AT LAW

Jeffrey M. Bernstein
Stacey L. Cushner
Kenneth L. Kimmell
Elisabeth C. Goodman
Charles Harak
Cristin L. Rothfuss
Erin M. O'Toole

The firm has attorneys who
are also admitted to practice
in California, Connecticut,
District of Columbia,
Idaho and New York

585 Boylston Street, Suite 200
Boston, Massachusetts 02116
(617) 236-4090

Facsimile: (617) 236-4339
E-Mail: bckboston@bck.com
URL: www.bck.com

August 10, 2000

*CONFIDENTIAL*

Mr. Michael Sisto
CGU Insurance United States
436 Walnut Street
Philadelphia, PA 19106-3786

  Re: *Bernadine Griffith*

Dear Mr. Sisto:

  This firm represents Ms. Bernadine Griffith, who has been an employee of CGU Southern New England ("CGU") (formerly Commercial Union Insurance Company) since 1978. Ms. Griffith suffers from serious heart and related stress conditions, including coronary heart disease, hypertension, and hyperlipidemia. Medical professionals have deemed these conditions to be disabling. The purpose of this letter is to notify CGU that certain of its employment-related actions with respect to Ms. Griffith appear to be in violation of the American with Disabilities Act (the "ADA), 42 U.S.C. § 12101 *et seq.*, and the Massachusetts anti-discrimination statute ("Chapter 151B"), M.G.L. c. 151B, § 1 *et seq.* We believe, however, that this situation is rectifiable and look forward to working with you to ensure that it is.

  One repercussion of Ms. Griffith's health condition is that she requires a flexible work schedule — both in terms of her daily hours and the ability to visit doctors and obtain necessary medical treatment. As instructed by her doctors, Ms. Griffith must take medication each morning upon waking. The medication causes certain serious side effects that prohibit her from driving for at least one hour afterwards. As a result, Ms. Griffith cannot arrive at work any earlier than 10:00 AM to 10:30 AM, depending on the traffic encountered on her commute. In January, 2000, Ms. Griffith requested an accommodation from CGU with respect to her hours and supported that request with a letter from her cardiologist recommending 10:00 AM to 6:15 PM as an appropriate schedule. CGU appeared to honor that request by informing Ms. Griffith that she could indeed

Western Massachusetts Office:
20 Bank Row, Suite 200
Pittsfield, MA 01201
Telephone: (413) 442-3773
Facsimile: (413) 442-3774
E-Mail: bckberk@bck.com

Idaho Office:
P.O. Box 2765
Hailey, ID 83333
Telephone: (208) 578-0129
Facsimile: (208) 788-9654
E-Mail: eotoole@bck.com

Mr. Michael Sisto
Page 2
August 10, 2000

abide by that schedule.[1] To compensate for her arrival time, Ms. Griffith routinely stays at work later than 6:15 PM and regularly works many more hours than the 7 ½ hours per day required of your employees.

Ms. Griffith's health condition also requires her to visit her doctors on a fairly routine basis. From time to time, she also suffers more serious, unforeseen episodes that require her to seek emergency and/or long-term treatment. The ability to seek such treatment is critical to the well-being of Ms. Griffith's health. Finally, Ms. Griffith's condition sometimes causes tired and/or dizzy spells and swelling in her ankles. A short break, not unlike those afforded to your smoking employees, is usually all that is necessary to alleviate these issues.

Despite Ms. Griffith's health condition and accommodation requirements, it is evident from her performance reviews and history with the company that she is a skilled and valued employee. This fact notwithstanding, CGU has recently subjected Ms. Griffith to the following improper employment-related actions.

First, she has received two disciplinary action notices — a Written Warning dated May 23, 2000 and a Probation/Final Warning dated July 27, 2000. The Written Warning cites "excessive absences and tardiness" as its basis. The information that we have reviewed reveals that, between January 1, 2000 and May 23, 2000, Ms. Griffith was absent from work 31.5 days out of 100 working days. However, more than one-third of those absences (11.5 days) were caused by health issues and more than one-half (16 days) were pre-approved vacation days.[2] That leaves only 4 days of unplanned, non-health-related absences during the 100 day period leading up to her first disciplinary action notice.

Between May 24, 2000 and July 27, 2000, Ms. Griffith was absent on 19.5 out of 43 working days. All but *one* of those days, however, were caused by health issues. As recommended by her doctors, Ms. Griffith was required to take a 17 day leave of absence during that time period. The single, unplanned, non-health-related absence[3] during this time period

---

[1] More recently, Ms. Karen Holmes (Ms. Griffith's supervisor) informed Ms. Griffith that it was permissible to arrive at 10:15 AM.

[2] On February 1, 2000, Ms. Holmes authorized Ms. Griffith to take every Monday during the months of February, 2000 through June, 2000 as a vacation day. In addition, Ms. Holmes pre-approved Ms. Griffith's request to take April 7, 2000 as a vacation day to deal with her car, which had been damaged in an accident.

[3] Ms. Griffith was absent on July 24, 2000 because her garage door broke, trapping her car inside and leaving her without a means of getting to work.

Mr. Michael Sisto
Page 3
August 10, 2000

appears to have been the event triggering the July 27, 2000 Probation/Final Warning. Regarding tardiness, our review of records indicates that Ms. Griffith routinely arrives at work between 9:30 AM and 10:30 AM, which is generally consistent with her authorized schedule and health requirements. Also, as noted above, Ms. Griffith compensates for the times she arrives later than 10:15 AM by routinely working later than required.

Second, Ms. Griffith was informed in her January, 2000 performance review that she was to receive a $1,900 salary increase, retroactive to November, 1999. Ms. Griffith has yet to receive that compensation and it appears that CGU's refusal to provide it is based on its position that she is unduly absent and tardy.

Third, CGU has taken issue with Ms. Griffith's occasional need to take brief (approximate 15 minute) breaks during working hours. In particular, Ms. Holmes required Ms. Griffith to obtain a doctor's letter verifying the necessity for such breaks. Ms. Griffith provided such a letter. We are unaware that CGU requires its smoking employees to provide such verification.

Ms. Griffith's medical condition constitutes a "disability" under the ADA and Chapter 151B, as it substantially impairs one or more of her major life activities. Ms. Griffith is also a "qualified individual" within the meaning of those laws, as she is able to perform the essential functions of her job with reasonable accommodation. In particular, a flexible schedule that allows Ms. Griffith to arrive between 10:00 AM and 10:30 AM, take occasional brief breaks, and obtain medical treatment when necessary is a reasonable accommodation that does not undermine her ability to perform her job or impose undue hardship upon CGU. Ms. Griffith is therefore protected by the ADA and Chapter 151B. Moreover, CGU's above-described actions violate those laws because they were based on reasons that are directly related to her disability. In particular, the vast majority of Ms. Griffith's absences were to caused by her medical condition.

To rectify this situation, we request that CGU immediately: (1) retract the May 23, 2000 Written Warning and July 27, 2000 Probation/Final Warning from Ms. Griffith's personnel file and terminate her probation period; (2) provide Ms. Griffith with the flexible work schedule described above, including flexibility in arrival time, ability to seek medical treatment, and ability to take brief breaks; and (3) render to Ms. Griffith the $1,900 in compensation promised to her in January, 2000.

Mr. Michael Sisto
Page 4
August 10, 2000

      We trust that you will look into this matter as soon as possible and look forward to hearing from you.

                                        Sincerely,

                                        Cristin L. Rothfuss

CLR/mam

cc:    Bernadine Griffith

I:\Clients\GRI\letsisto.gri