# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| **BERNADINE T. GRIFFITH** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 03-CV-12573-EFH** |
| | ) | |
| **ONEBEACON INSURANCE COMPANY,** | ) | |
| **ONEBEACON AMERICA INSURANCE** | ) | |
| **COMPANY, MICHAEL A. SISTO, and** | ) | |
| **KAREN ALLEN HOLMES** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
## TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company, (together, "OneBeacon"), Karen Allen Holmes ("Holmes"), and Michael A. Sisto ("Sisto") (collectively, "Defendants") hereby submit the following Reply to Plaintiff Bernadine T. Griffith's ("Griffith" or "Plaintiff") Opposition to Defendants' Motion for Judgment on the Pleadings[1]. Defendants respectfully renew their request that this Court dismiss with prejudice Plaintiff's Amended Complaint as against Holmes and Sisto, thereby dismissing Holmes and Sisto from this action in its entirety, as Plaintiff fails to state a claim against them on which relief can be granted because the federal anti-discrimination statutes under which Plaintiff asserts her claims unequivocally prohibit individual liability.

_____

[1] The original Motion for Judgment on the Pleadings was brought by Defendants Holmes and Sisto. Without altering the original motion, the remaining OneBeacon Defendants join the original Motion for Judgment on the Pleadings. The instant Reply is filed on behalf of all Defendants.

## ARGUMENT

In her Complaint, Plaintiff asserts violations of the federal anti-discrimination statutes, the ADA, the ADEA, and Title VII, against Holmes, Sisto, and corporate employer Defendants OneBeacon for disability, age, and race discrimination, respectively. However, Plaintiff's Opposition argues that Massachusetts and federal anti-discrimination statutes provide for individual as well as employer liability. While Plaintiff is accurate in her assertion that M.G.L. c. 151 B provides for individual liability, this assertion is of no relevance in the present situation where Plaintiff has opted to bring only claims under federal statutes and has foregone the opportunity to bring her claims under the state statute. Accordingly, Plaintiff's reliance on *Morehouse* and *Ruffino* to suggest that individual liability must be permitted under the federal anti-discrimination statues because Massachusetts District Court have permitted individual liability in complaints alleging violations of M.G.L. c. 151 B is misplaced. *See gen.*, *Morehouse v. Berkshire Gas Co.*, 989 F.Supp. 54 (D.Mass. 1997); *Ruffino v. State St. Bank & Trust Co.*, 908 F.Supp. 1019 (D.Mass. 1995).

More importantly, Plaintiff's assertion that Massachusetts District Courts permit individual liability under the federal anti-discrimination statutes is only accurate with respect to one Court – that of the Honorable Nancy Gertner in a decision issued ten years ago.[2] *Ruffino*,

---

[2]  Plaintiff also suggests that Judge Zobel's ruling in *Hart* supports the assertion that Massachusetts District Courts interpret federal anti-discrimination statutes to permit individual liability. *See Hart v. Verizon Comm., Inc.*, 2002 WL 31027429 *1 (D.Mass. 2002). This assertion overstates the *Hart* ruling because *Hart* never specifically addresses the issue of individual liability. *Id.* More importantly, the decision does not include a recitation of the facts, an omission that clearly suggests Judge Zobel did not intend her ruling that "Plaintiff's sexual harassment claims against his co-workers and a training manager are dismissed because the complaint does not allege the necessary level of supervisory powers to trigger liability even under the most generous reading of Title VII" to stand for the principle that in certain situations,

908 F.Supp. 1019.  In fact, eleven Massachusetts District Court Judges - Judges Tauro, Young, Gorton, Lindsay, Ponsor, Stearns, Keeton, Saylor, O'Toole, Lasker, and Neiman - have all ruled in accord with "every circuit court that has interpreted … the definition of 'employer' and the majority of District Courts in the First Circuit that have concluded that <u>Congress did not intend to impose individual liability</u> upon agents of an employer." *Healy v.* Henderson, 275 F.Supp.2d 40, 44-45 (D.Mass. 2003) (Tauro, J.) (emphasis added) (footnote with string citation omitted). Accordingly, each has declined to follow Judge Gertner's *Ruffino* ruling. S*ee ex.*, *Id.*, *Danio v. Emerson Coll.*, 963 F.Supp. 61, 62 (D.Mass 1997) (Young); *Herrera v. Boyd Coating Research Co., Inc.*, 983 F.Supp. 49, 51 (D.Mass 1997) (Gorton); *Chatman v. Gentle Dental Ctr. of Waltham*, 973 F.Supp. 228, 233 (D.Mass. 1997) (Lindsay); *Meara v. Bennett*, 27 F.Supp.2d 288 (D.Mass 1998) (Ponsor); *Daley v. Wellpoint Health Networks, Inc.*, 146 F.supp.2d 92 (D.Mass. 2001) (Stearns); *Lemire v. Silva*, 104 F.Supp.2d 80, 92 (D.Mass. 2000) (Keeton); *Edsall v. Assumption Coll.*, 367 F.Supp.2d 72 (D.Mass. 2005) (Saylor); *Szabo v. Trustees of Boston Uni.*, 1998 WL 151272 (D.Mass. 1998) (O'Toole); *Wrights v. CompUSA, Inc.*, 183 F.Supp.2d 308 (D.Mass. 2001) (Lasker); *Horney v. Westfield Gage Co.*, 95 F.Supp.2d 29, 33 (D.Mass. 20000 (Neimer).  Indeed, the majority of citations by Massachusetts courts to *Ruffino* regarding individual liability under the federal anti-discrimination statutes have disagreed with, declined to follow, or criticized the *Ruffino* Court's decision that the terms "employer" and "agent" create individual liability. *See ex.*, *Pineada v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88 (D.P.R. 1997); *Healy*, 275 F. Supp.2d 40; *Hernandez v. Wagen*, 938 F.Supp. 1052 (D.P.R. 1996); *Danio*, 963 F.Supp. 61; *Chatman*, 973 F. Supp. 228; *Herrera*, 983 F. Supp. 49; *Horney*, 95 F.Supp.2d 29;

---

allegations in a complaint, alone, are sufficient to create individual, as well as employer, liability under the federal anti-discrimination statutes. *See id.*

*Martin v. Tennford Weaving Co., Inc.*, (D.Me. 1997); *Arnold v. Sodexho Marriot Mgmt., Inc.*, 2001 WL 170654 (Mass.Super. 2001); *Dahms v. Cognex Corp.*, 2000 WL 33170952 (Mass.Super. 2000).

Further, Plaintiff's reliance on *Chapin* to establish the individual liability of Holmes and Sisto is the result of an incorrect reading of *Chapin's* holding. *See gen.*, *Chapin v. Univ. of MA. at Lowell*, 977 F.Supp. 72 (D.Mass. 1997). In *Chapin,* the Court determined that Title VII did not prevent a claim under § 1983 against a state actor (in this instance, a UMass police officer) for sexual harassment. Plaintiff, in her Opposition, misstates this ruling as permitting individual liability under Title VII. Quite to the contrary, the Court permitted suit under § 1983 despite the broad remedies under Title VII. Accordingly, Plaintiff, who brought no § 1983 claim, cannot rely upon *Chapin* as precedent to establish individual liability under the federal anti-discrimination statutes.

## <u>CONCLUSION</u>

Because no individual liability exists under the ADA, Title VII, and the ADEA, Plaintiff's claims under these federal anti-discrimination statutes fail as a matter of law as against Holmes and Sisto. Accordingly, Defendants renew their request the Court dismiss with prejudice Counts I-VI against Holmes and Sisto, thereby dismissing them from this action.

For the forgoing reasons, Defendants' Motion for Judgment on the Pleadings should be granted.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

/s/ Leah M. Moore_____
Keith B. Muntyan (BBO # 361380)
keithmuntyan@morganbrown.com
Leah M. Moore (BBO # 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

Dated: June23, 2005

## CERTIFICATE OF SERVICE

I, Leah M. Moore, hereby certify that on this 23rd day of June 2005, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

/s/ Leah M. Moore_____
Leah M. Moore