UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.: 03 CV 12573 EFH

BERNADINE T. GRIFFITH )
    Plaintiff )
 )
vs. )
 )
ONEBEACON INSURANCE COMPANY, )
ONEBEACON AMERICA INSURANCE )
COMPANY, MICHAEL A. SISTO, and )
KAREN ALLEN HOLMES )
    Defendants )

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This Court should render a Default Judgment against the Defendants because Defendants have violated federal laws and the Rules of this Court; intentionally and maliciously published Plaintiff's personal data identifiers and confidential information on PACER in the course of litigation, subjecting the Plaintiff to identity theft; failed to obtain leave of the court to file the July 29, 2005 Defendants' Motion for Summary Judgment under seal, and to serve the Plaintiff with a copy of the July 29, 2005 Defendants' Motion For Summary Judgment filed under seal, in accordance with the Rules and the July 27, 2005 Order; and failed to comply with discovery orders dated September 14, 2004 and March 15, 2005.

## STATEMENT OF FACTS

On July 21, 2005, the Defendants electronically filed two non-conforming motions for summary judgment,[1] in which Defendants wrongfully published the Plaintiff's personal and confidential information on PACER, including the Plaintiff's personal data identifiers: social security number, birth date, residential address, mailing address, telephone number, husband's business address, medical records, psychological records, and patient data identifiers. The Plaintiff filed an Emergency Motion to Seal Defendants' Motion For Summary Judgment,[2] and this Court required the Defendants to file one copy of a motion for summary judgment that does not exceed forty (40) pages and required Defendants to serve a written copy of the Defendants' Motion for Summary Judgment within seven (7) days of the July 27, 2005 Order. The Defendants failed to comply with the July 27, 2005 Order. On July 29, 2005, the Defendants apparently re-filed one of the July 21, 2005 motions under seal and failed to serve the Plaintiff with the same. Further, the Defendants failed to comply with the September 14, 2004 (Docket No. 28) and March 15, 2005 discovery orders pertaining to Plaintiff's motions to compel dated August 20, 2004 (Docket No. 25) and February 28, 2005 (Docket No. 38), respectively. A failure to comply with the March 15, 2005 discovery order, in pertinent part, effectively bars the Defendants from submitting evidence at the time of summary judgment. The Plaintiff has filed an Opposition to the Defendants' July 29, 2005 Motion for Summary Judgment, herewith.

---

[1] July 21, 2005 Defendants' motions for summary judgment referred to as then-docketed numbers 61 – 70, which is now removed from the Docket and sealed per July 27, 2005 Order. See Docket Sheet, attached as Exhibit A.

[2] The publication of the non-conforming motions remained on PACER for four (4) days and four (4) nights. The

ARGUMENT

THIS COURT SHOULD RENDER A DEFAULT JUDGMENT AGAINST THE DEFENDANTS BECAUSE DEFENDANTS HAVE VIOLATED FEDERAL LAWS AND THE RULES OF THIS COURT WHEN INTENTIONALLY AND MALICIOUSLY PUBLISHING THE PLAINTIFF'S PERSONAL DATA IDENTIFIERS

This Court should impose serious sanctions on the Defendants for having intentionally and maliciously published the Plaintiff's social security number and other personal data identifiers, subjecting the Plaintiff to identify theft. Whoever "discloses, uses, or compels the disclosure of the social security number of any person in violation of the laws of the United States shall be guilty of a felony and upon conviction thereof shall be fined under title 18 or imprisoned for not more than five years, or both." *42 U.S.C. § 408 (a) (8)*. The E-Government Act of 2002, which expressly prohibits the filing of personal data identifiers in federal public printing and access to documents, was enacted to be consistent with laws "relating to (A) privacy and confidentiality, including section 552a of title 5; (B) security of information, including section 11332 of title 40; and (C) access to information, including section 552 of title 5. *44 U.S.C. § 3501*. Accordingly, Local Rule 5.3 restricts the publication of social security numbers, names of minor children, dates of birth, and financial account numbers, pursuant to E-Government Act of 2002.

In this case, the Defendants, who made an electronic filing of two non-conforming motions for summary judgment on July 21, 2005, intentionally and maliciously published the Plaintiff's social security number and other personal data identifiers on PACER for four (4) days and four (4) nights.[3] The Plaintiff's social security number was published in multiply documents and deposition transcripts attached as exhibits to the motions. Some exhibits attached to one of

---

Plaintiff, not the defendant, took immediate affirmative steps to remove the filings from PACER.
[3] July 25, 2005 Plaintiff's Emergency Motion To Seal Defendants' Motion For Summary

the July 21, 2005 motions contained documents not produced to Plaintiff in the course of discovery: Exhibits LL, PP, QQ, and VV. Likewise, the Defendants intentionally and maliciously published the Plaintiff's personal and confidential information in the body of Defendants' Memorandum of Law.

Furthermore, the Defendants acted in bad faith and when they decided to re-file the same non-conforming motion for summary judgment purposely flouted the July 27, 2005 Order; re-filed the July 21, 2005 non-conforming motion[4] under seal, without leave of the court, in violation of Local Rule 5.3; and did not serve the Plaintiff with a copy of the July 29, 2005 Motion for Summary Judgment, as ordered by this Court and required by Fed. R. Civ. P. 5(a) and Local Rule 7.1 (c).

Consequently, this Court should render a Default Judgment against the Defendants upon finding the Defendants have violated federal laws and the Rules of this Court expressly prohibiting the publication of a parties' social security number and personal data identifiers, and hold both the Defendants and counsel personally liable for all damages, including expenses and attorney's fees.

**THIS COURT SHOULD INVOKE ITS INHERENT POWERS TO ENTER A DEFAULT JUDGMENT BECAUSE DEFENDANTS HAVE INTENTIONALLY AND MALICIOUSLY ENGAGED IN EGREGIOUS LITIGATION PRACTICE AND VIOLATED THE RULES OF THIS COURT IN BAD FAITH**

This Court should exercise its inherent powers and render a default judgment against the Defendants as the curative sanction in managing Defendants' egregious litigation practices and to deter future abuses. The intentional and malicious publication of a parties' personal and

---

Judgment and July 26, 2005 letter to Senior Justice Harrington, attached as Exhibit B.

confidential information on PACER in the course of litigation, subjecting the party to identity theft for four (4) days and four (4) nights is wholly egregious conduct that is evidence of Defendants' callous disregard and deliberate intention to cause the Plaintiff substantial and irreversible harm. See Chambers v. NASCO, 501 U.S. 32, 44 (1991) (holding that district courts have inherent powers to impose serious sanctions for egregious conduct, including dismissal of an action); National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam) (reasoning that it is desirable to deter future abuses, a district court may invoke its inherent powers to impose serious sanctions); Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1119 (1st Cir. 1989) (reasoning that a district court has inherent powers to do whatever is necessary to deter abuse of judicial process, including the innate power to dismiss an action); Farm Constr. Services, Inc. v. Fudge, 831 F.2d 18, 20 (1st Cir. 1987) (holding that less drastic sanctions need not precede a judgment of dismissal). Invoking the serious sanction of a default judgment is warranted in cases where the defaulting party's misconduct is wholly egregious. See Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 & n. 5 (1st Cir. 1985) (affirming entry of default judgment for procedural non-compliance and reasoning that district courts possess an inherent power to deal with troublesome litigation); see also D.P. Apparel Corp. v. Roadway Express, Inc., 736 F.2d 1, 3 (1st Cir. 1984); Corchado v. Puerto Rico Marine Management, Inc., 665 F.2d 410, 413 (1st Cir. 1981), cert. denied, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). If this Court acquiesces, turns a blind eye to this kind of egregious conduct in litigation, then surely it will have indirectly aided and abetted in the disclosure and misuse of personal data identifiers; and will have, in itself, effectively fostered the violation of existing federal laws enacted to secure and protect the citizens of the United States from identity theft.

---

[4] Local Rule 5.3 delineates the procedure for filing a "*document*" under seal.

Therefore, This Court should act with a firm hand when penning an order in this case and render a Default Judgment against the Defendants, and hold both the Defendants and counsel personally liable for all damages, including expenses and attorney's fees.

THIS COURT SHOULD RENDER A DEFAULT JUDGMENT AGAINST THE DEFENDANTS BECAUSE DEFENDANTS HAVE WILFULLY AND DELIBERATELY VIOLATED COURT DISCOVERY ORDERS

Unequivocally, Federal Rule of Civil Procedure 37 empowers this Court with broad discretion to impose sanctions against disobedient defendants who fail to comply with discovery orders, including the dismissal of an action or the entry of a default judgment. Fed.R.Civ.P. 37 (b) (2) (B) (C), in pertinent part, states:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Fed.R.Civ.P. 37(b)(2)(C) permits a court to impose the sanction of rendering a default judgment against a non-complying defendant for disobeying a discovery order. See U.S. v. Palmer, 956 F.2d 3 (1st Cir. 1992) (affirming entry of a default judgment for disobeying a discovery order and reasoning that there is no expressed limitation of default judgments under Rule 37); Marquis Theatre Corp. v. Condado Mini Cinema, 846 F.2d 86, 88-90 (1st Cir. 1988) (affirming district court's striking answer as sanction for non-production of documents); Brockton Sav. B. v. Peat, Marwick, Mitchell, 771 F.2d 5, 6-10 (1st Cir. 1985) (affirming entry of default judgment for non-compliance of a discovery order and discussing the authority of the district court to enter a default judgment); Hammond Packing Co. v. Arkansas, 212 U.S. 322

(1909) (affirming the striking of an answer and entry of a default judgment against a defendant who failed to comply with a pretrial discovery order).

Accordingly, Rule 37 empowers the district courts with broad discretion to bar a disobedient party from introducing certain evidence and to dismiss an action or render a default judgment against a disobedient party. A district court may hold both the disobedient party and counsel personally liable for expenses, including attorney's fees. Most importantly, the United States Supreme Court reasoned that Rule 37 sanctions should be applied "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent." Roadway Express, Inc. v. Piper, 447 U.S. 752, 763, 100 S.Ct. 2455, 2462 (1980), citing National League v. Metropolitan Hockey Club, 427 U.S. 639, 96 S.Ct. 2778 (1976) (per curiam). See also Pan American Grain MFG. v. Puerto Rico P.A., 295 F.3d 108 (1st Cir. 2002) (affirming sanctions imposed at trial for actions taken in discovery because disobedient parties "were disruptive of orderly course of litigation, insulting to the dignity of the Court, and most importantly, utterly lacking in civility).

The willful failure to answer interrogatories and produce necessary documents in accordance with this Court's discovery orders dated September 14, 2004 and March 15, 2005 (Filing No. 38) seriously hinders the Plaintiff's right to pursue her claims, as is set forth in Plaintiff's Motion for Default Judgment and Motions to Compel (Docket Nos. 25 and 28). The disobedient Defendants have engaged in bad-faith conduct that justifies an order of sanctions under Rule 37 (b) (2), including the entry of a default judgment in favor of Plaintiff with regard to her Complaint, and a finding that the Defendants are in contempt for their failure to comply with Court orders.

7

## CONCLUSION

Accordingly, the Plaintiff, Bernadine T. Griffith, requests this Honorable Court grant Plaintiff's Motion for Default Judgment and issue an order imposing sanctions pursuant this Court's inherent powers and to Rule 37(b)(2), that shall render a Default Judgment against the Defendants with regard to Plaintiff's Complaint; that shall schedule an hearing on damages; that shall find the Defendants are in contempt of court for their failure to obey the September 14, 2005, March 15, 2005 and July 27, 2005 Orders; and in addition thereto, order Defendants and/or its attorneys, jointly and severally, to pay reasonable expenses, including attorney's fees and expenses caused by Defendants' failure to comply with the Court's Orders.

Respectfully submitted,
BERNADINE T. GRIFFITH
By her Attorney,

Date: 8/11/2005

Kathleen J. Hill    BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)

## CERTIFICATE OF SERVICE

I, Kathleen J. Hill, certify that I served a true and accurate copy of the foregoing Plaintiff's Opposition to the July 29, 2005 Defendants' Motion for Summary Judgment on the counsel of record: *Keith B. Muntyan and Leah M. Moore*, of Morgan, Brown & Joy, Two Hundred State Street, 11th Floor, Boston, Massachusetts 02109 by pre-paid U.S. Mail on this 11th day of August 2005.

_____
Kathleen J. Hill          BBO# 644665