Exhibit B

# LAW OFFICE OF KATHLEEN J. HILL
### *ATTORNEY & COUNSELOR AT LAW*
92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile: 617.742.4508

By Facsimile and U.S. Mail

July 25, 2005

Keith B. Muntyan, Esq.
Leah M. Moore, Esq.
Morgan, Brown & Joy, L.L.P.
200 State Street, 11th Floor
Boston, MA 02109-2605

> Re: Griffith v. OneBeacon Insurance Company, et. al.
>     Docket No. 03-CV-12573 EFH

Dear Counsel:

I write to inform you that I still have not received a copy of your Motion for Summary Judgment in the above-referenced matter; nor have I been able to download the Motion due to the size and the slow-speed access of pacer. My client called me shortly after 12:00PM today to inform me that she viewed the Exhibits on pacer (which took an entire day) and discovered that you have published Ms. Griffith's personal identification information subjecting her to identify theft. Ms. Griffith informed me that you have published her: social security number, residential address, husband's work address, Lahey clinical identification numbers, and confidential medical and psychologist records. I specifically objected during Ms. Griffith's deposition to the publication of her social security number. In addition, on February 21, 2005 I wrote you a letter advising you not to publish Ms. Griffith's identification information and confidential information. *See attached February 21, 2005 letter to Leah M. Moore.*

I request that you immediately serve me with a copy of the Motion and Exhibits in hand today at my office (which is down the street from you) and file an emergency motion to remove the motion and exhibits from the docket/pacer.

Very truly yours,

Kathleen J. Hill

cc: Senior Justice Edward F. Harrington (by facsimile)
    Ms. Bernadine T. Griffith

# LAW OFFICE OF KATHLEEN J. HILL

*ATTORNEY & COUNSELOR AT LAW*

92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile:  617.742.4508

By Facsimile (letter only) and by hand

February 21, 2005

Leah M. Moore, Esq.
Morgan, Brown & Joy, L.L.P.
200 State Street, 11th Floor
Boston, MA 02109-2605

> Re: Griffith v. OneBeacon Insurance Company, et. al.
> Docket No. 03-CV-12573 EFH

Dear Attorney Moore:

I enclose copies of documents produced in satisfaction of defendant's document request number 26 and 27 (income and benefits documentation) and number 30 (e-mails), as bates stamped P260 - P 514.

Many of the documents produced to you during the course of discovery pertaining to Ms. Griffith and Mr. Freeman contain their social security numbers or other confidential financial information and identification information. As you know, the local rules specifically bar the publication of social security numbers in all filings and, therefore, you should not publish any of Ms. Griffith's financial information or other identification information, including her birth date and address.

Also, I request you provide me with the original signature page to OneBeacon American Insurance Company's Answer to Plaintiff's First Set of Interrogatories, dated February 15, 2005. I notice that its answers are the same as OneBeacon Insurance Company's answers. I direct the same requests that I made to you in our discovery conferences and my letters concerning OneBeacon Insurance Company's failure to answer Plaintiff's interrogatories and to produce documents to OneBeacon American Insurance Company. OneBeacon American Insurance Company still needs to respond to Plaintiff's Request for Production of Documents.

Very truly yours,

Kathleen J. Hill

cc: Ms. Bernadine T. Griffith

Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| BERNADINE T. GRIFFITH )<br><br>Plaintiff, )<br><br>v. )<br><br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br><br>Defendants. )  | C.A. No. 03-CV-12573-EFH<br><br>MEMORANDUM OF LAW<br>IN SUPPORT OF<br>DEFENDANTS' MOTION<br>FOR SUMMARY JUDGMENT |

Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively, "Defendants") hereby move this Court for summary judgment as to all claims in Plaintiff Bernadine T. Griffith's ("Griffith" or Plaintiff") August 2004 Verified Amended Complaint.

As grounds for its Motion and as more fully set forth in Defendants' Statement of Undisputed Material Facts and Memorandum of Law submitted herewith, Defendants state that Plaintiff is a former OneBeacon employee who brings this action alleging discrimination and retaliation beginning in early 1996 and continuing until her termination in September 2000 on the basis of her age, race, and disability in violation of the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Plaintiff also alleges that OneBeacon breached a contract with her by failing to accommodate her disabilities in the manner she requested.

1

The undisputed facts reveal that Plaintiff's termination came after she twice violated a OneBeacon discipline warning for excessive absences and tardiness. Plaintiff can neither demonstrate a *prima facie* case of discrimination or retaliation on any basis, nor can she substantiate a claim that OneBeacon engaged in a pattern or practice of discrimination. Further, Plaintiff admits that she was an at-will employee thereby precluding her from arguing that a contractual relationship existed between her and OneBeacon. As such, judgment should enter in favor of Defendants on each and every cause of action.

WHEREFORE, Defendants respectfully request that their Motion for Summary Judgment be granted.

## REQUEST FOR HEARING

Defendants request a hearing on this motion.

Respectfully submitted,

ONEBEACON INSURANCE CO., ONEBEACON
AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

Dated: July 21, 2005

/s/ Leah M. Moore
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

2

## CERTIFICATE OF SERVICE

I, Leah M. Moore, hereby certify that on July 21, 2005, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, MA 02109.

/s/ Leah M. Moore
Leah M. Moore

3

Exhibit D

# MORGAN, BROWN & JOY, LLP

ATTORNEYS AT LAW

200 STATE STREET

BOSTON, MASSACHUSETTS 02109-2605

TELEPHONE (617) 523-6666

FACSIMILE (617) 367-3125

LEAH M. MOORE

DIRECT D'AL (617) 788-5021
lmoore@morganbrown.com

July 25, 2005

Via Facsimile

Kathleen J Hill, Esq.
Law Office of Kathleen J. Hill
92 State Street, Suite 700
Boston, MA 02109

Re:    Griffith v. OneBeacon Insurance Company, et. al.

Dear Kathleen:

I write in response to your July 25, 2005 letter and to confirm the voice mail messages I left for you this afternoon.

Defendants filed their Motion for Summary Judgment and supporting documents electronically, as required by the United States District Court for the District of Massachusetts, on July 21, 2005. Though e-filing is sufficient for service, Defendants placed an additional copy of their Motion and supporting documents in the mail to you on July 21, 2005.

In support of their Motion, Defendants have filed only documents that have been produced over the course of discovery. Plaintiff posed no formal objection to the production of her medical records by Lahey Clinic. Moreover, you failed to respond to Defendants' multiple attempts to enter into a confidentiality agreement.

Nevertheless, Defendants are willing to accommodate your client by filing every exhibit under seal so that no person has access to even the smallest of details such as the post office box Ms. Griffith uses as an address or the fact that her husband is employed. Accordingly, I will file a Motion with the Court requesting that the exhibits be filed under seal tomorrow at noon.

The Clerk has also indicated that Ms. Griffith has some concern with privacy issues related to the Memorandum of Law. If that is true, please bring those issues to my attention before noon tomorrow so that we can address them prior to filing the Motion for Leave to File Under Seal.

I would appreciate it if you could return my call so that we can discuss this situation by telephone as I am away from the office for the remainder of the week. Please call our main

MORGAN, BROWN & JOY LLP

Kathleen J. Hill
July 25, 2005
Page 2

telephone line and ask to speak with my assistant, Kathy Richards, who can put us in contact
with one another.

Very truly yours,

Leah M. Moore

Leah M. Moore

cc:    The Honorable Edward F. Harrington (via facsimile)
       Joan K. Geddes, Esq.
       Keith B. Muntyan, Esq.

# LAW OFFICE OF KATHLEEN J. HILL
*ATTORNEY & COUNSELOR AT LAW*
92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile: 617.742.4508

By Facsimile and U.S. Confirmation Mail
0304 0370 0000 6465 6259

July 26, 2005

The Honorable Edward F. Harrington
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

> Re: Griffith v. OneBeacon Insurance Company, et. al.
>    Docket No. 03-CV-12573 EFH

Dear Senior Justice Harrington:

This letter is written to supplement Plaintiff's Emergency Motion To Seal Defendant's Motion For Summary Judgment. The parties previously stipulated to the taking of the depositions of Ms. Griffith's treating physicians and the confidentiality of Ms. Griffith's health records. I wrote letters either prior to or subsequent to our telephone conferences on: March 24, 2005, April 14, 2005, April 21, 2005, May 4, 2005, and May 9, 2005, which evidences our agreement in the taking of the physician's depositions and the handling of medical records. *See attached Exhibit A, said letters written to counsel for the defendants and to counsel for Lahey Clinic.*

In addition to my February 21, 2005 letter requesting that Ms. Griffith's social security number or other confidential financial information and identification information not be published, I specifically raised the issue of not publishing Ms. Griffith's social security number during Ms. Griffith's deposition. *See attached Exhibit B, Deposition of Bernadine T. Griffith, Volume IV, pages 497 –498.*

Very truly yours,

Kathleen J. Hill

cc: Keith B. Muntyan, Esq.
    Leah M. Moore, Esq.
    Ms. Bernadine T. Griffith

Exhibit A

# LAW OFFICE OF KATHLEEN J. HILL

### ATTORNEY & COUNSELOR AT LAW
92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile: 617.742.4508

By Facsimile and U.S. Mail

May 9, 2005

Douglas N. Perlo, Esq.
Ficksman & Conley, LLP
98 North Washington Street, Suite 500
Boston, MA 02114

Re: Griffith v. OneBeacon Insurance Company, et. al.
Docket No. 03-CV-12573 EFH

Dear Attorney Perlo:

I write to request Lahey Clinic stamp "confidential" on all medical records released pertaining to John E. Garrison, Ph.D.'s treatment of Ms. Griffith; and, request that you advise Dr. Garrison to not engage in ex parte communications with adverse counsel or the defendants' expert witnesses. As I previously wrote, Ms. Griffith expressly waived no right and invoked her privacy rights under HIPAA. The taking of Dr. Garrison's deposition (formal discovery) does not entitle adverse counsel to engage in informal discovery with Dr. Garrison. HIPAA regulates the release of a patient's health information, including oral medical records and, therefore, ex parte communications with Dr. Garrison are expressly prohibited.

If you have any questions or concerns prior to the taking of the depositions, please call me. Thank you for your prompt attention in this matter.

Very truly yours,

Kathleen J. Hill

cc: Leah M. Moore, Esq. (via facsimile)
Ms. Bernadine T. Griffith

# LAW OFFICE OF KATHLEEN J. HILL

Address: 92 State Street, Suite 700, Boston, MA 02109  Telephone: (617) 742-0457  Facsimile: (617) 742-4508

## FAX COVER SHEET

DATE:            May 9, 2005

TO:              Leah M. Moore

FAX:             (617) 367-3125

FROM:            Kathleen J. Hill

TELEPHONE:       (617) 742-0457

TOTAL PAGES NOT INCLUDING FAX COVER SHEET:            1 page

MESSAGE:

Letter regarding confidentiality of Dr. Garrison's records (restrictive use) . . . these records are not to be published or released – you should not attach these records as an exhibit or attach to any other filing, etc..

This facsimile contains privileged and/or confidential information intended only for the use of the individual or entity named above. If the receiver of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this fax is strictly prohibited. If you have received this fax in error, please immediately notify the sender by telephone and return the original facsimile to the LAW OFFICE OF KATHLEEN J. HILL by U.S. Mail. Thank you.

```
*****************************************************************************************
*                                                                                       *
*                          TRANSMISSIONS ACTIVITY REPORT                                 *
*                                                                                        *
*                                                                    MAY-09-2005 11:59 AM *
*                                                                                        *
*               FOR: KATHLEEN J. HILL, ESQ.    617 742 0457                              *
*                                                                                        *
*---------------------------------------------------------------------------------------*
*NO.  DATE    START    RECEIVER          TX TIME  PAGES  TYPE           NOTE             *
*---------------------------------------------------------------------------------------*
* 1   MAY-09 11:50 AM  6177201519        **'**"    0   SEND          CANCEL             *
* 2   MAY-09 11:51 AM  6173673125-Leah Moore  1'06"  2   SEND          OK                 *
* 3   MAY-09 11:54 AM  6177201519-Doug Perto  1'29"  2   SEND          OK                 *
* 4   MAY-09 11:57 AM  19788874995-Client     1'05"  2   SEND          OK                 *
*---------------------------------------------------------------------------------------*
*                           TOTAL          3'40"    6                                    *
*                                                                                        *
*                       GRAND TOTAL TIME:        80H 01M 17S                             *
*                                PAGES:             9339                                 *
*                                                                                        *
*****************************************************************************************
```

# LAW OFFICE OF KATHLEEN J. HILL
### ATTORNEY & COUNSELOR AT LAW
92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile: 617.742.4508

By Facsimile and U.S. Mail

May 4, 2005

Douglas N. Perlo, Esq.
Ficksman & Conley, LLP
98 North Washington Street, Suite 500
Boston, MA 02114

     Re: Griffith v. OneBeacon Insurance Company, et. al.
       Docket No. 03-CV-12573 EFH

Dear Attorney Perlo:

     I write to request Lahey Clinic or your office fax a copy of the production of medical records for the depositions of John E. Garrison, Ph.D. and Helen D. Tramposch, M.D., as soon as the production is assembled.

     Thank you for your courteous assistance in this matter.

                    Very truly yours,

                    Kathleen J. Hill

cc: Leah M. Moore, Esq. (via facsimile)
    Ms. Bernadine T. Griffith

# LAW OFFICE OF KATHLEEN J. HILL
### ATTORNEY & COUNSELOR AT LAW
92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile: 617.742.4508

By Facsimile and U.S. Mail

April 21, 2005

Leah M. Moore, Esq.
Morgan, Brown & Joy, L.L.P.
200 State Street, 11th Floor
Boston, MA 02109-2605

Douglas N. Perlo, Esq.
Ficksman & Conley, LLP
98 North Washington Street, Suite 500
Boston, MA 02114

      Re: Griffith v. OneBeacon Insurance Company, et. al.
      Docket No. 03-CV-12573 EFH

Dear Counsel:

      This letter is written to provide you with Rule 30(b)(3) notice that I will make an audio cassette recording at the depositions of John E. Garrison, M.D. and Helen D. Tramposch, M.D.

      It is my understanding that Attorney Moore will revise each subpoena to limit the scope of the production of documents to those medical records prepared by and/or reviewed by the deponent treating physician when rendering medical treatment to Ms. Griffith from 1994 to date.

                 Very truly yours,

                 Kathleen J. Hill

cc: Ms. Bernadine T. Griffith

# LAW OFFICE OF KATHLEEN J. HILL

*ATTORNEY & COUNSELOR AT LAW*

92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone:  617.742.0457
Facsimile:  617.742.4508

By Facsimile and U.S. Mail

April 14, 2005

Leah M. Moore, Esq.
Morgan, Brown & Joy, L.L.P.
200 State Street, 11th Floor
Boston, MA 02109-2605

      Re: Griffith v. OneBeacon Insurance Company, et. al.
          Docket No. 03-CV-12573 EFH

Dear Attorney Moore:

      This letter is written to provide you with Rule 30(b)(3) notice that I will make an audio cassette recording at my client's deposition on April 26, 2005 and April 28, 2005. As discussed on prior occasions, I intend to record my client's testimony by using a standard cassette recorder. Incidentally, your notice is defective because you have not designated "the method by which the testimony shall be recorded," as required by Rule 30(b)(2).

      Rule 30(b)(3) allows a party "to designate another method to record the deponent's testimony in addition to that specified by the person taking the deposition." As stated in the Notes on Amendments to Federal Rule 30: "Subparagraph (b)(3) now allows parties, at their own expense, to record a deposition by any means, in addition to the method designated, and subparagraph (7) is revised to include technological improvements in the taking of depositions." Perhaps, you are thinking I should be barred from designating another method to the record my client's testimony because you did not specify a method by which the testimony shall be recorded in the first place?

      In our April 12th telephone conference, when I asked you to state what rule or law you believed bars a party from making an additional recording as set forth in Rule 30, you were not able to provide a rule or law. Nonetheless, you conceded that I could make an additional recording of my client's testimony, but only under the two conditions stated in your April 11, 2005 letter.

      When I stated that I was amenable to providing you with a copy of the cassette tapes after the deposition if you provided me with the blank cassette tapes, you indicated that you would be willing to provide the blank cassette tapes, but you still wanted me to use a recorder that has the ability to bar re-recording. Without responding to the inference drawn from such a request, I

suggested that you could also make an audio recording using a similar cassette tape recorder, and you simply refused.

Finally, in your April 13th letter, you decide that it is appropriate to proceed under the circumstances, and "we must simply agree to disagree." If you will not state what rule or law specifically prohibits me from making an additional recording of my client's testimony by the means I have selected, then I will move for a protective order at this time.

Very truly yours,

Kathleen J. Hill

cc: Ms. Bernadine T. Griffith

2

# LAW OFFICE OF KATHLEEN J. HILL

*ATTORNEY & COUNSELOR AT LAW*
92 State Street
Suite 700, 7th Floor
Boston, Massachusetts 02109

**KATHLEEN J. HILL**
Web Site: www.kathleenjhill.com

Telephone: 617.742.0457
Facsimile:  617.742.4508

By Facsimile and U.S. Mail

March 24, 2005

Douglas N. Perlo, Esq.
Ficksman & Conley, LLP
98 North Washington Street, Suite 500
Boston, Massachusetts 02114

Re: Griffith v. OneBeacon Insurance Company, et. al.
Docket No. 03-CV-12573 EFH

Dear Attorney Perlo:

As I indicated at the time of our March 18th telephone conversation, I was not served with a copy of the subpoena; I had no idea of a request for medical records; my Motion for a Protective Order did not address the issue of the production of medical records or the release of a privilege; and, therefore, I requested that you **not release** Ms. Griffith's medical records, without her express written consent. I believe you agreed, particularly in light of HIPPA. Further, we discussed why Ms. Griffith will not release the privilege with regards to Dr. Garrison.

I stated that I believed it would be prudent for opposing counsel to serve Ms. Griffith with a proper notice that includes a copy of the subpoenas because I had no knowledge of the contents of the subpoenas when I filed the Motion for a Protective Order, which only addressed the issue of the extension of discovery. You stated that you would not require counsel to serve you again, even though you only received copies of the subpoenas by fax (copies which you were courteous enough to fax to me).

Subsequent to the issuance of the court order on the extension of discovery and within three hours of your March 22, 2005 letter sent by fax, opposing counsel filed an opposition to the Motion for a Protective Order with an Affidavit that purported to have personal knowledge of our telephone conversation and attached a copy of your letter. I would think the Motion for the Protective Order is moot given the entry of the Court's order on the extension of discovery because the Motion only pertained to the extension of discovery. Please be advised that the Court's Order (as reflected on the docket sheet) does not pertain to the release medical records or a privilege. Therefore, if you receive notice or are served with a subpoena in this case, please fax me a copy of the same.

Finally, we discussed that Ms. Griffith intended to make a cassette-recording of any

deposition taken and that she would be present at the time of a deposition. It is my understanding that you had no objection to these requests.

If this letter does not summarily state your position, please call me to discuss this matter. As I had previously explained to you, a telephone call versus a written letter saves Ms. Griffith attorney's fees, and Ms. Griffith has incurred the hardship of having to retain legal counsel for almost ten years now, without resolution of this case.

Thank you very much for your cooperation.

Very truly yours,

Kathleen J. Hill

cc: Keith B. Muntyan, Esq.
    Leah M. Moore, Esq.
    Ms. Bernadine T. Griffith

2

Exhibit B



Bernadine T. Griffith

454

1                              Volume IV

2                              Pages 454 to 590

3                              Exhibits (See Index)

4              UNITED STATES DISTRICT COURT

5           FOR THE DISTRICT OF MASSACHUSETTS

6                    C.A. No. 03-CV-12573-EFH

7    - - - - - - - - - - - - - - - - - x

8    BERNADINE T. GRIFFITH,                    :

9              Plaintiff,                      :

10        vs.                                  :

11   ONEBEACON INSURANCE COMPANY,              :

12   ONEBEACON AMERICA INSURANCE               :

13   COMPANY, MICHAEL A. SISTO, and            :

14   KAREN ALLEN HOLMES,                       :

15              Defendants.                    :

16   - - - - - - - - - - - - - - - - - x

17     CONTINUED DEPOSITION OF BERNADINE T. GRIFFITH

18              Thursday, April 28, 2005

19                   11:04 a.m.

20                       at

21              Morgan Brown & Joy, LLP

22                 200 State Street

23              Boston, MA 02109-2605

24         Reporter:  Kathleen M. Madden

Bernadine T. Griffith

497

1  June 26th.

2      Q.  On Exhibit 12?

3      A.  On Exhibit 12.  And then I see a date stamp

4  of June 28th, so it appears as if, what I recalled

5  earlier, that the paperwork for this leave was done

6  after I returned to work.  In other words, after

7  June 23rd, so --

8     *Q.  Looking at Exhibit 11?

9            MS. HILL:  Excuse me.

10     Q.  There's a date indication on there, is there

11  not?

12     A.  Up here?

13     Q.  On Exhibit 11.

14     A.  Yes.  It says June 2, 2000.

15            MS. MOORE:  What is it, Kathleen?

16            MS. HILL:  I would like to remind

17  counsel that I have asked for Ms. Griffith's Social

18  Security number not to be published, and I see on

19  Exhibit 12 part of her Social Security number

20  remains on this document.  So if you intend on using

21  this as an exhibit for a motion for summary

22  judgment, I would ask that you redact that, and also

23  remind you ~~we~~ have twice asked for her Social

24  Security number in the deposition, and if you use a

498
1    transcript page in which her Social Security number
2    is on that page, please redact her Social Security
3    number.

4                MS. MOORE:  I'm well aware of that, and,
5    of course, we'll abide by it.  Would you read back
6    from the time when I asked her why she wrote
7    "serious health condition."

8                *(Questions and answers read)
9        Q.   Looking back at Exhibit 12, do you recall
10   why you wrote serious health condition on this form?
11       A.   I believe I wrote serious health condition
12   because I was instructed to, and I see here on
13   Exhibit 11, here, where it says, "You notified us
14   that you need this leave beginning on June 1, 2000,
15   and you except leave to continue on or about," it
16   says here, "undetermined."  So when Exhibit 12 was
17   filled out, I knew exactly what the beginning and
18   the end dates of the leave would be.  And I believe
19   serious health condition was filled out because of
20   this FMLA and me dealing with Kemper.

21       Q.   Did someone tell you to write "serious
22   health condition"?

23       A.   I believe so.

24       Q.   Do you recall who told you to write it?