## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### CIVIL ACTION NO.: 03 CV 12573 EFH

|  |  |
|---|---|
| BERNADINE T. GRIFFITH<br>    Plaintiff | )<br>)<br>) |
|  | )<br>) |
| vs. | )<br>) |
| ONEBEACON INSURANCE COMPANY,<br>ONEBEACON AMERICA INSURANCE<br>COMPANY, MICHAEL A. SISTO, and<br>KAREN ALLEN HOLMES<br>    Defendants | )<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OPPOSITION TO
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Plaintiff, Bernadine T. Griffith, opposes the Defendants' Motion For Summary

Judgment on grounds that Defendants failed to serve the Plaintiff with a copy of the Motion, in

accordance with Fed. R. Civ. P. 5(a) and Local Rule 7.1 (c);[1] the Defendants failed to file a

conforming motion for summary judgment within the forty (40) page limit and did not serve a

written copy of the Defendants' Motion for Summary Judgment with seven (7) days per the July

27, 2005 Order; failed to comply with the September 14, 2004 and March 15, 2005 Discovery

Orders; and, this Court effectively barred the Defendants from submitting evidence in their

defense at the time of summary judgment per the March 15, 2005 Discovery Order.

The willful failure to answer interrogatories and to produce requested documents, in

accordance with this Court's discovery orders dated September 14, 2004 and March 15, 2005

---

[1] August 11, 2005 Attorney Affidavit, attached as Exhibit A.

1

(Filing No. 38) has seriously hindered the Plaintiff's right to pursue her claims, as previously set forth in Plaintiff's Motions to Compel (Docket Nos. 25 and 28).

In specific, the Plaintiff asserts that subsequent to the February 28, 2005 Plaintiff's Second Rule 37 Motion to Compel Discovery (Docket No. 28),[2] the Defendants submitted further responses on May 23, 2005 that continue to be non-responsive, evasive; and, in fact, are verbatim, Defendants' answers previously give as their initial response to Plaintiff's First Set of Interrogatories propounded on October 12, 2004. Accordingly, the Defendants have refused to answer Plaintiff's First Set of Interrogatories, specifically numbers: 2, 4, 5, 6, 7, 8, 9, 12, 15, 16, 17, 18, 22, and 23.[3] Furthermore, counsel, not the defendant party, signed the May 23, 2005 supplemental responses to Plaintiff's Interrogatories.

On May 23, 2005, the Plaintiff received the following supplemental responses to Plaintiff's First Set of Interrogatories, dated October 12, 2004:

**Interrogatory No. 2**: Please identify all persons who have personal knowledge of any matter, directly or indirectly, concerning the claims described in the plaintiff's Complaint. Your answer should include the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement. Answer: "Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information that is protected by the attorney-client privilege and/or work product doctrine; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving these objections and General Objections above, Defendant refers Plaintiff to information contained in Defendant's Initial Disclosures, **and state that no person identified therein provided Defendant with an oral or written statement not previously produced to Plaintiff**."

---

[2] February 28, 2005 Second Rule 37 Motion to Compel Discovery, attached as Exhibit B.

[3] May 23, 2005 First Supplemental Answer to Plaintiff's First Set of Interrogatories, attached as Exhibit C.

*ARGUMENT*: This answer is non-responsive. The Defendants did not provide the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.

**Interrogatory No. 4:** Please identify all individuals who have personal knowledge of any matter, directly or indirectly, pertaining to the plaintiff's April 27, 1997 Complaint filed at the Massachusetts Commission Against Discrimination against you; include in your answer the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement. Answer: "Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information that is protected by the attorney-client privilege and/or the work product doctrine; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving these objections and the General Objections above, to the extent the term "Complaint" refers to a Charge of Discrimination, Defendant refers Plaintiff to the information contained in Defendant's Initial Disclosures and to it Answer to Interrogatory No.2."

*ARGUMENT*: This answer is non-responsive. Defendants have failed to answer the interrogatory in its entirety. The answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.

**Interrogatory No. 5**: Please identify all individuals who have personal knowledge of any matter, directly or indirectly, pertaining to the plaintiff's October 5, 2000 Complaint filed at the Massachusetts Commission Against Discrimination against you; include in your answer the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement. Answer: "Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the events that are at the heart this matter occurred between 1996 and 2000; the interrogatory seeks information that is protected by the attorney-client privilege and/or the work product doctrine; the interrogatory is vague in its entirety; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving these objections and the General Objections above, to the extent the term "Complaint" refers to a Charge Discrimination, Defendant refers Plaintiff to the information contained in Defendant's Initial Disclosures and its Answer to Interrogatory No. 2."

*ARGUMENT:* This answer is non-responsive. Defendants have failed to answer the interrogatory in its entirety. The answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.

**Interrogatory No. 6:** Prior to the Plaintiff filing the April 27, 1997 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the Plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the Plaintiff's complaints prior to April 27, 1997 and identify all persons responsible for investigating the same. Answer: "Defendant objects to this interrogatory in its entirety because the interrogatory's premise is false, and as such, it is not possible to answer the interrogatory as drafted. Defendant further objects to this interrogatory as it requests information from individuals who are neither a party to this lawsuit nor within Defendant's control. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to the documents previously produced with Defendant's Initial Disclosure and with Defendant's response to Plaintiff's Request for Production Documents incorrectly styled as a subpoena duces tecum. Defendant further states that prior to April 1997, Plaintiff's allegation of discrimination was investigated by the office of Thomas Ford. At that time, human resources employees spoke with Plaintiff and Edmund about Plaintiff's allegations. Because the of Plaintiff's allegation, Mr. Freeman's supervisory responsibilities were removed."

*ARGUMENT:* This answer is non-responsive. Defendants have failed to answer the interrogatory in its entirety. As previously argued: the Defendants failed to identify the human resources' employees who spoke with Plaintiff and Edmund Freeman. Defendants did not fully describe all actions taken in response to the plaintiff's complaints that she made to her supervisors and to its Human Resource Department prior to Plaintiff filing the April 27, 1997 Complaint with the MCAD and EEOC. The answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.

**Interrogatory No. 7:** Prior to the Plaintiff filing the October 5, 2000 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the Plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the Plaintiff's Complaints prior to October 5, 2000 and identify all persons responsible for investigating the same."
Answer: " Defendant objects to this interrogatory in its entirety because the interrogatory's premise is false, and as such, it is not possible to answer the interrogatory as drafted. Subject to and without waiving this objection and the General Objections above, to the best of Defendant's knowledge, Plaintiff did not complain to her supervisors or to persons in Defendant's Human Resources Department about her termination which was the subject of the 2000 Charge of Discrimination filed with the MCAD."

4

*ARGUMENT:* This answer is non-responsive. Defendants have failed to answer the interrogatory in its entirety. <u>The answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.</u>

**Interrogatory No 8**: Please fully describe the Plaintiff's position, her duties and responsibilities at OneBeacon Insurance Company, and identify all other employees who hold the same or similar position, duties, and responsibilities as the plaintiff and, include in your answer the full name, residential address, business address, telephone number, race/color, sex, age, disability (if any), and the date of hire and date of termination of each employee identified herein. <u>Answer</u>: Defendant objects to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information in that it requests information beyond the scope of defendant's knowledge and from individuals outside the scope of Defendant's control. Subject to and without waiving these objections and the General Objections above, Defendant states that because Plaintiff is no longer in its employ, she has no responsibilities or duties to it. **Further answering, Defendant states that Plaintiff's position at the time of her termination was Programmer Analyst II, and Defendant refers to Bates stamped documents DEF0122 and DEF0123 for a complete job description for the Programmer Analyst II position.**

*ARGUMENT:* This answer is non-responsive and evasive, as it does not identify all other employees who hold the same or similar position, duties, and responsibilities as the plaintiff. This is a discrimination action and the race/color, sex, age, disability (if any) of all employees who were similarly situated as the Plaintiff is necessary information that will enable Plaintiff to establish her claims. <u>With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.</u>

**Interrogatory No. 9**: If you distributed any technical materials, software manuals, or any other technical guides or books to the Plaintiff to assist her in performing her job, please list each technical material issued to the Plaintiff and explain the company procedure for storing and handling of technical material issued to employees.
<u>Answer</u>: "Defendant objects to this interrogatory because it is unlimited in scope and time despite the fact that the events that are the heart of this matter occurred between 1996 and 2000. Subject to an without waiving this objections and the General Objections above, Defendant states that technical materials, software manuals, and guides were made generally available to all employees."

*ARGUMENT:* This answer is non-responsive and evasive. Defendants have failed to answer the interrogatory in its entirety. <u>The answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.</u>

**Interrogatory No. 12**: If you have terminated any other employees, please identify each terminated employee, provide the date of termination, state the reason(s) for termination, identify

any and all employees hired to replace the terminated employee, and state each employee's race/color, sex, age, and disability (if any) hen identifying each employee named herein. Answer: "Defendant objects to this interrogatory because it is grossly overbroad, unduly burdensome, and unlimited in scope and time in that it request information regarding the status of every employee from the time of OneBeacon's predecessor companies' incorporation to the present regardless of their association with or status similar to Plaintiff or named Defendants Karen Holmes and Michael Sisto; the interrogatory seeks confidential employee information, records, and/or documents; the interrogatory seeks confidential business information, records, and/or document; and the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible information. **Subject to and without waiving these objections and the General Objections above, Defendant refers Plaintiff to the documents produced herewith**"

*ARGUMENT:* The Defendants produced a list of employees termination in 1999 and 2000, which set forth information on the an employee's race/color, sex, age, but not disability. Defendants failed to provide information on individuals who were hired to replace the Complainant and the other terminated employees. <u>With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.</u> See first page of the said table produced by Defendants with employees name redacted by Plaintiff, attached as Exhibit D.

**Interrogatory No. 15**: If you have ever sent the plaintiff to any in-house or out-of-house technical training program, educational coursework or career development class while under your employment, please fully describe each class or training program and give the date of each class or training program.

Answer: "Defendant objects to this interrogatory because it is overly broad and unlimited in scope and time in that it seeks information throughout Plaintiff's tenure at OneBeacon despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; and the interrogatory seeks information that is neither relevant not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to her previously produced employment record and states that between 1998 and 2000, Defendant provided Plaintiff and her colleagues with opportunities to attend training courses. Because the employees in Plaintiff's department had different areas of expertise, some employees may have attended courses that others did not. Though she was free to attend training courses of her choosing, Plaintiff was not required to attend off-sit training because, according to Plaintiff, her physician instructed her not to travel and only to work between specified hours each day. **Further answering Plaintiff was permitted to and did take computer based courses at Northeastern University.**"

*ARGUMENT:* You have improperly limited your answer to the 1996 to 2000 and provided no information or data about the technical training. Your answer should also include the technical training Plaintiff received from the inception of her employment to 1996. <u>With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in</u>

Plaintiff's Second Motion to Compel. The bold portion of the answer refers to a college program outside the scope of employment that the Plaintiff took during the evenings, and therefore, is not responsive to the question.

**Interrogatory No. 16**: If you have ever sent any other employee in the Plaintiff's department to any in-house or out-of-house technical training program, educational coursework or career development class, please fully describe each class or training program each coworker received while under your employment.

Answer: "Defendant objects to this request because it is wholly irrelevant, grossly overbroad, and unlimited in scope and time as it requires Defendant to list for all of its employees in any department where the Plaintiff worked from 1977 and through 2000 each and every training course attended from the date of Defendant's predecessor's incorporation to the present despite the fact that the events at the heart of this matter occurred between 1996 and 2000 and without regard for the fact that the employees in Plaintiff's department did not perform the same duties, have the same responsibilities, nor have possess the same expertise as Plaintiff; the interrogatory seeks confidential employee information, records, and/or documents; and the interrogatory is not reasonably calculated to lead to the discovery of admissible information. **Subject to and without waving these objections and the General Objections above, Defendant states that to the best of its knowledge, it has provided Plaintiff with all responsive documents and information in its possession.**"

*ARGUMENT*: It is not established that the Plaintiff performed different duties or responsibilities from other employees in her department. Monica Scanlon, in part, at her deposition provided some responsive information about technical training. The remainder of this information, as kept and maintained by Human Resources, is necessary to determine whether the Plaintiff was in fact treated differently than other employees. With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.

**Interrogatory No. 17**: If the Plaintiff has ever received any company benefits while under your employment, please fully describe the same, provide all reasons for issuing each benefit, and identify all employees responsible for making the determination to issue each company benefit describe herein.

Answer: "Defendant objects to this interrogatory because it seeks information protected by the attorney-client privilege and/or the work product doctrine; the interrogatory seeks confidential business information, records, and/or documents; and the interrogatory is irrelevant and unlimited in scope and time as it seeks information throughout Plaintiff's tenure despite the facts that the events that are the heart of this matter occurred between 1996 and 2000, and as such, sit is not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to her benefits information previously produced with Defendant's Initial Disclosure and with Defendant's response to Plaintiff's Request for Production of Documents incorrectly styled as a subpoena duces tecum, **a copy of which has again been produced herewith.**"

*ARGUMENT:* Defendants' production of documents did not include documentation on benefits issued to the Plaintiff. Defendants were asked to list all bates stamped numbers of the documents that they allege are responsive to this answer, in the Rule 26 discovery conference and via the second Motion to Compel. To date they have failed to respond. <u>With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.</u>

**Interrogatory No. 18**: If the Plaintiff has ever been qualified for or entitled to receive any retirement benefits while under your employment, please fully describe the same: identify each retirement program the Plaintiff was enrolled in, provide an annual history statement of the value of each retirement program, and describe all steps you have taken, if any, to distribute or issue retirement benefits to the Plaintiff to date.

Answer: "Defendant objects to this interrogatory because it seeks information protected by the attorney-client privilege and/or work product doctrine; the interrogatory seeks confidential business information, records, and/or documents; and the interrogatory is irrelevant and unlimited in scope and time, and as such, it is not reasonably calculated to lead to the discovery of admissible information. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to it Answer to Interrogatory No. 17, to her benefits information previously produced with Defendant's Initial Disclosure, and to her b benefits information previously produced with Defendant's response to Plaintiff's Request for Production of Documents incorrectly styled as a subpoena duces tecum. Defendant further states that to the best of OneBeacon's knowledge, Plaintiff has never applied to receive retirement benefits."

*ARGUMENT:* Defendants have failed to answer the question, which seeks information about whether the Plaintiff qualified for or was entitled to receive retirement benefits, to identify each retirement program the Plaintiff was enrolled in, and to provide an annual history statement of the value of each retirement program. <u>The answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.</u>

**Interrogatory No. 23**: Please provide a complete list of all of your employees for each year, 1994 to 2000, identify each employee by race/color, sex, age, and indicate whether the each employee was disabled or made a request for an accommodation. If an employee was disabled or made a request for an accommodation. If an employee was disabled or made a request for an accommodation, please fully describe the same herein.

Answer: "Defendant objects to this interrogatory because it is overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendant to compile information which the law does not require it to maintain and which Defendant does not maintain for all of its employees, worldwide, regardless of whether the employee interacted with was supervised by, or was in the same department as the individually named Defendants Karen Holmes and Michael Sisto and without regard for the fact that the events which are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks confidential employee information, records, and/or documents; and the interrogatory is not reasonably calculated to lead to the discovery of admissible information. **Subject to and without waiving these objections**

8

and the General Objections above, Defendant refers Plaintiff to the Bates stamped
documents produced herewith."

*ARGUMENT:* This information is readily available form employee applications and/or the
employer's records of all MCAD filings. This information is fundamental to rendering an
analysis of disparate treatment. With exception to the bolded portion of the answer, the answer
is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel. No
such information has been produced. As previously stated, the Defendants produced a table that
lists terminated employees and current employees in 1999 and 2000 by race/color, sex, and age,
but provided no information about disabilities.

## Plaintiff's Request For Production of Documents

The Defendants have neglect, refused or failed to produce documents in satisfaction of

Plaintiff's Request for Production of Documents, dated October 12, 2004,[4] specifically request

numbers: 23, 24, 25, 28, and 32, as is stated below. And, the Defendants raised the attorney-

client privilege in response to document request number: 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15,

16, 17, 18, 19, 20, 22, 23, 24, 25, 30, 31, 32, 33, 34, 35, and 37; but, did not produce its attorney-

client privilege log in compliance with Local Rule 34.1.

**Document Request No. 23** All documents or records providing a list of persons employed by
you or your predecessor from April 1994 to October 2000, which identifies each employee's age.
Response "Defendants object to this request because it is grossly overly broad, wholly
irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to
produce documents that in any way indicate the age of every OneBeacon employee worldwide
regardless of their relationship to or with Plaintiff, Holmes, and/or Sisto from 1994 through
2000; the request seeks confidential employee documents, records, and/or information; the
request seeks confidential business documents, records, and/or information; the request seeks
documents that are not and never were in the control of Holmes and/or Sisto; the request seeks
documents protected by the attorney-client privilege and the work product doctrine; the request
seeks documents that are not reasonably calculated to lead to the discovery of admissible
information; and the request seeks documents that no law requires OneBecon to maintain.
Subject to and without waiving these objections and the General Objections above, OneBeacon
**refers Plaintiff to the documents produced herewith.**"

---

[4] May 23, 2005 Defendants' First Supplemental Response To Plaintiff's Request for Production
of Documents, attached as Exhibit E.

*ARGUMENT:* - The Plaintiff informed Defendant that responses in satisfaction of document request number 23 should include data from April 1994 to October 2000 and that all employees must be listed. This information is necessary for calculation of a comprehensive statistical data analysis (a portion of an employee pool is not representative of the whole pool of employees) and a statutory limitation of damages is based on the size of company. With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel. As previously stated, the Defendants produced a table that lists terminated employees and current employees in 1999 and 2000 by race/color, sex, and age.

**Document Request No. 24** All documents or records providing a list of all persons employed by you or your predecessor from April 1994 to October 2000, which identifies each employee's race.

Response "Defendants object to this request because it is duplicative, grossly overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to produce documents that in any way indicate the race of every OneBeacon employee worldwide regardless of their relationship to or with Plaintiff, Holmes, and/or Sisto from 1994 through 2000; the request seeks confidential employee documents, records, and/or information; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes an/or Sisto; the request seeks documents protected by the attorney-client privilege and work product doctrine; the request seeks documents that are not reasonably calculated to lead to discovery of admissible information; and the request seeks documents that no law requires OneBeacon to maintain. Subject to and without waiving these objections and the General Objections above, OneBeacon **refers Plaintiff to the documents produced herewith.**"

*ARGUMENT:* The Plaintiff informed Defendant that responses in satisfaction of document request number 24 should include data from April 1994 to October 2000 and that all employees must be listed. This information is necessary for calculation of a comprehensive statistical data analysis (a portion of an employee pool is not representative of the whole pool of employees) and a statutory limitation of damages is based on the size of company. With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel. As previously stated, the Defendants produced a table that lists terminated employees in 1999 and 2000 by race/color, sex, and age -- bates stamped: DEF0887 –DEF0931.

**Document Request No. 25** - All documents or records providing a list of all persons employed by you or your predecessor form April 1994 to October 2000, which identifies each disability or request for a reasonable accommodation made by an employee.

Response "Defendants object to this request because it is duplicative, grossly overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to produce documents that in any way indicate the disability status and/or whether an accommodation was requested for every OneBeacon employee worldwide regardless of their

relationship to or with Plaintiff, Holmes, and/or Sisto from 1994 through 2000; the request seeks
confidential employee documents, records, and/or information; request seeks confidential
business documents, records, and/or information; the request seeks documents that are not and
never were in the control of Holmes and/or Sisto; the request seeks documents protected by the
attorney-client privilege and work product doctrine; the request seeks documents that are not
reasonably calculated to lead to the discovery of admissible information; ant the request seeks
documents that no law requires OneBeacon to maintain.  Subject to and without waiving these
objections and General Objections above, OneBeacon states that no such document exists
because OneBeacon has no reason to compile this information as it is required by state or federal
law."

*ARGUMENT*: Even though Defendants allege that it does not maintain documents pertaining to
document request number 25, a public records search at the Massachusetts Commission Against
Discrimination shows that several actions have been filed against the employer and, therefore,
the employer's records kept and maintained on these actions should contain the requested
information.  The employer must maintain all employee applications and records pertaining to
short-term disability, long-term disability, and family medical leave, all of which documents
whether an employee has a handicap and/or a disability.  The answer is verbatim Defendants'
prior answer as set forth in Plaintiff's Second Motion to Compel.

**Document Request No 28**  All documents and attendance records pertaining to the absences and
tardiness of each of the following employees: Rick Cantin, Langning Chen, Aihu Dia, Tom
Danforth, Joe DeMarco, Tony DePina, Ellen Elliott, Chris Genest, Bernadine T. Griffith, Karen
Holmes, Jackie Marzelli, Jeff Neville, Jane Rinkaus, Dan Page, Bob Petrarca, Monica Scanlon,
Steve Sugarman, Suzanne Walker, Greg Wells, and John Ziak."

Response  "Defendants object to this request because it is duplicative, overly broad, wholly
irrelevant, unduly burdensome, duplicative, and unlimited in scope and time as it requires
Defendants to produce attendance records for several of Plaintiff's colleagues throughout the
course of each employee's tenure without regard for the fact that the relevant time period is 1996
to 2000 or the fact that a majority of the individuals listed above were not supervised by Holmes
and had no relationship with Plaintiff other than to work in the same building with her; the
request seeks confidential employee documents, records, and/or information; the request seeks
confidential business documents, records, and/or information; the request seeks documents that
are not and never were in the control of Holmes and/or Sisto; the request seeks documents that
are not reasonably calculated to lead to the discovery of admissible information; the request
seeks documents that are equally as available to Plaintiff as they are to Defendants.  Subject to
and without waiving these objections and the General Objections above, OneBeacon refers
Plaintiff to Response to Request No. 6, Plaintiff previously produced employment records, the
documents previously produced with Defendant's Initial Disclosure, and the documents
previously produced with Defendant's response to Plaintiff's Request for Production of
Documents incorrectly styled as a subpoena duces tecum for documents relating to her
attendance record.  **OneBeacon further states that upon the execution of a Court approved
confidentiality agreement, it will provide attendance information where available for the
employees identified above.**"

11

*ARGUMENT:*  The employees listed in this request were identified in the Complaint and/or identified by the employer at the depositions of Monica Scanlon, Michael Sisto, and Karen Holmes.  This information will be used to show how the employer, in fact, carried out its policy and procedure on attendance and tardiness, and kept and maintained attendance/tardiness records.  <u>With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.</u>  As the September 14, 2004 Order stated, the Defendants may redact the names of the employees.  Plaintiff has consistently, maintained that this information may be redacted.  Most commonly in employment actions, counsel for parties redact and insert a number or letter in place of a name.  Defendants continue to act in bad faith because they refuse to redact documents and claimed on June 9, 2005 that they are holding back documents until Plaintiff executes a confidential agreement.  Defendants sent this counsel a letter on June 9, 2005 (nine days after the close of discovery) and enclosed a confidential agreement.  As previously noted, the Defendants disclosed the name of 1999 and 2000 terminated employees with name, birth date, race, color, sex, and age – bates stamped: DEF0887 –DEF0931.

**Document Request No. 32**  All pleadings filed with any federal or state Massachusetts trial court pertaining to any and all charges of discrimination against you.
<u>Response</u>  "Defendants object to this request because the term "pertaining to" is vague and ambiguous; the request is grossly overly broad, wholly irrelevant, and unlimited in scope and time as it requires Defendants to produce documents related to any lawsuit filed in the Massachusetts state court system that allege any kind of discrimination from the time of OneBeacon's predecessor's incorporation to the present despite the fact that the allegation in the Complaint in no way relates to Plaintiff, Holmes, Sisto, or the Foxboro office; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents protected by the attorney-client privilege and the work product doctrine; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; and the request seeks documents that are equally as available to Plaintiff as they are to Defendants.  **Subject to and without waiving these objections and General Objections above, OneBeacon states that upon the execution of a Court approved confidentiality agreement, it will provide the above requested pleadings where available.**"

*ARGUMENT:*  Even though Defendants allege that it does not maintain documents pertaining to document request number 32, a public records search at the Massachusetts Commission Against Discrimination shows that several actions have been filed against the employer and, therefore, the employer's records kept and maintained on these actions should contain the requested information.  <u>With exception to the bolded portion of the answer, the answer is verbatim Defendants' prior answer as set forth in Plaintiff's Second Motion to Compel.</u>  Federal and state court pleadings are public information.  In any event, if Plaintiff were seeking confidential information, ss the September 14, 2004 Order stated, the Defendants may redact the names of the employees.  Plaintiff has consistently, maintained that this information may be redacted.  Most commonly in employment actions, counsel for parties redact and insert a number or letter in place of a name.

12

Moreover, the Defendants have failed to comply with the September 14, 2005, which

states:

"Regarding plaintiff's request to compel production of documents,[5] the Court rules that Item Nos. 1 and 2 and 4 through 8 are not overbroad and their production should not impose an undue burden. But Item No. 3, which seeks "[a] list identifying all other employees, who like the Complainant have requested an accommodation due to a disability and received accommodations for their disability," could involve confidential or privileged information. As such, Queenan may produce a list of accommodations granted to disabled One Beacon employees rather than the names of these employees. And, to the extent that defendants may in the future be required to produce records detailing such accommodations, defendants may redact from those documents the names of the employees and other identifying information."

The Defendants have refused to produce the documents in satisfaction of the September 14, 2004 Order. On May 23, 2005, the Defendants served Plaintiff with a Third Supplemental Response,[6] which responded to Request No. 3, as follows:

Request No. 3: A list of all other employees, who like the Complainant have requested accommodation due to a disability and received accommodations for their disability. Response No. 3: "The defendants object to this request because the terms "accommodations" and "Complainant" are vague and ambiguous; the request is overly broad, unduly burdensome, and unlimited in scope and time as it requires OneBeacon to compile a responsive list from 1990 to the present for any and all employees regardless of employee classification or accommodation requested from every OneBeacon office or office obtained or eliminated by OneBeacon; the request seeks confidential employee records and/or information; and the request seeks confidential business documents and/or records. Subject to and without waiving these objections and the objections above to the extent the term "accommodations" refers to requests made by the plaintiff for some sort of assistance with or rationale for exclusion from a job requirement for the position she held at the time the request was made and the term "Complainat refers to the plaintiff, the defendants state that after a good faith search, no such documentation or raw data exists."

*ARGUMENT*:   This case is in litigation and the party has a duty to preserve information relevant to the action. In addition, filings have been made in the MCAD and in federal and state courts. EEOC requires employers maintain the requested information, and because the parties have filed against the employer, this information must exist. The fact remains the Court ruled on this issue on September 14, 2005, and the Defendants have failed to provide the documents pertaining to this request and the other said requests.

Consequently, the disobedient Defendants have engaged in bad-faith litigation practices

that justifies an order of sanctions under Rule 37 (b) (2), including the denial of Defendants'

---

[5] July 28, 2004 Deposition Subpoena Duces Tecum, attached as Exhibit F.
[6] May 23, 2005 Defendants' Third Supplemental Response to Plaintiff's First Request For Production of Documents, attached as Exhibit G.

13

Motion for Summary Judgment, and a finding that the Defendants are in contempt for their failure to comply with Court orders.

In support of this Opposition, the Plaintiff submits her Memorandum of Law herewith, and attaches her Attorney's Affidavit as Exhibit A.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court deny the July 29, 2005 Defendants' Motion for Summary Judgment and issue an order imposing sanctions pursuant this Court's inherent powers and to Rule 37(b)(2); that shall :render a Default Judgment against the Defendants with regard to Plaintiff's Complaint, schedule an hearing on damages, find the Defendants are in contempt of court for their failure to obey the September 14, 2005 and March 15, 2005 Discovery Orders and the July 27, 2005 Order; and in addition thereto, order Defendants and/or its attorneys, jointly and severally, to pay reasonable expenses, including attorney's fees and expenses caused by Defendants' failure to comply with the Court's Orders.

Respectfully submitted,
BERNADINE T. GRIFFITH
By her Attorney,

Date:    August 11, 2005

Kathleen J. Hill        BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)

14

## CERTIFICATE OF SERVICE

I, Kathleen J. Hill, certify that I served a true and accurate copy of the foregoing

Plaintiff's Opposition to Defendants' Motion for Summary Judgment on the counsel of record:

*Keith B. Muntyan and Leah M. Moore*, of Morgan, Brown & Joy, Two Hundred State Street, 11th

Floor, Boston, Massachusetts 02109 by pre-paid U.S. Mail on this 11th day of August 2005.

Kathleen J. Hill          BBO# 644665

15