## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **BERNADINE T. GRIFFITH** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **C.A. No. 03-CV-12573-EFH** |
| **ONEBEACON INSURANCE COMPANY, ONEBEACON AMERICA INSURANCE COMPANY, MICHAEL A. SISTO, and KAREN ALLEN HOLMES** | ) |
| **Defendants.** | ) |

### DEFENDANT ONEBEACON AMERICA INSURANCE COMPANY'S FIRST SUPPLEMENTAL ANSWER TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order of March 15, 2005, Defendant OneBeacon America Insurance Company ("OneBeacon" or "Defendant") hereby responds to Plaintiff's Set of Interrogatories Propounded on Defendant OneBeacon America Insurance Company. All responses are subject to the general and specific responses interposed herein.

### GENERAL STATEMENT AND OBJECTIONS

1.     Defendant objects generally to each interrogatory insofar as it calls for information protected by the attorney-client privilege, the work product doctrine, or any information otherwise not discoverable within the meaning of Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.      Defendant objects to Plaintiff's "Definition 2" because the definition requires personal and confidential information from individuals not a party to this matter; the definition requires Defendant to produce information equally available to Plaintiff as it is to Defendant; the definition requires Defendant to produce information previously provided to Plaintiff; and the definition requires information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.

3.      Defendant objects to Plaintiff's "Definition 5" because the definition is vague and ambiguous given the number of individually named defendants in this matter and states that the responses provided below are given only by OneBeacon Insurance Company and by no other defendant or entity.

4.      Defendant states that these responses are based on its present knowledge and/or understanding of the facts. As discovery is ongoing, Defendant reserves the right to supplement these responses when and if additional information and/or documents become available. Defendant also reserves the right to produce and/or rely on any such additional information later uncovered or determined relevant.

## SPECIFIC RESPONSES AND OBJECTIONS

### INTERROGATORY NO. 2:

Please identify all persons who have personal knowledge of any matter, directly or indirectly, concerning the claims described in the plaintiff's Complaint. Your answer should include the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.

2

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad and unduly

burdensome in that it requests information beyond the scope of Defendant's knowledge and

from individuals outside the scope of Defendant's control; the interrogatory is unlimited in

scope and time as it seeks information regarding Plaintiff's tenure which began in 1977

despite the fact that the events that are at the heart of this matter occurred between 1996 and

2000; the interrogatory seeks information that is protected by the attorney-client privilege

and/or the work product doctrine; and the interrogatory seeks information that is neither

relevant nor reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above,

Defendant refers Plaintiff to the information contained in Defendant's Initial Disclosures

and states that no person identified therein provided Defendant with an oral or written

statement not previously produced to Plaintiff.

**INTERROGATORY NO. 4:**

Please identify all individuals who have personal knowledge of any matter, directly

or indirectly, pertaining to the plaintiff's April 27, 1997 Complaint filed at the

Massachusetts Commission Against Discrimination against you; include in your answer the

particulars of each person's knowledge identified herein and indicate whether the identified

person provided a statement. If the person provided a statement, then identify the statement,

describe the subject matter, and identify the custodian of each documented statement.

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad and unduly burdensome

in that it requests information beyond the scope of Defendant's knowledge and from individuals

outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it

3

seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information that is protected by the attorney-client privilege and/or the work product doctrine; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above, to the extent the term "Complaint" refers to a Charge of Discrimination, Defendant refers Plaintiff to the information contained in Defendant's Initial Disclosures and to its Answer to Interrogatory No. 2.

## INTERROGATORY NO. 5:

Please identify all individuals who have personal knowledge of any matter, directly or indirectly, pertaining to the plaintiff's October 5, 2000 Complaint filed at the Massachusetts Commission Against Discrimination against you; include in your answer the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.

## ANSWER:

Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the events that are at the heart this matter occurred between 1996 and 2000; the interrogatory seeks

4

information that is protected by the attorney-client privilege and/or the work product doctrine;
the interrogatory is vague in its entirety; and the interrogatory seeks information that is neither
relevant nor reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above, to the
extent the term "Complaint" refers to a Charge of Discrimination, Defendant refers Plaintiff to
the information contained in Defendant's Initial Disclosures and its Answer to Interrogatory No.
2.

**INTERROGATORY NO. 6:**

Prior to the plaintiff filing the April 27, 1997 Complaint with the MCAD and the EEOC
charging you with having unlawfully discriminated against the plaintiff, she complained to her
supervisors and to your Human Resource Department about the same discriminatory incidents.
Please fully describe all actions you took in response to the plaintiff's complaints prior to April
27, 1997 and identify all persons responsible for investigating the same.

**ANSWER:**

Defendant objects to this interrogatory in its entirety because the interrogatory's premise
is false, and as such, it is not possible to answer the interrogatory as drafted. Defendant further
objects to this interrogatory as it requests information from individuals who are neither a party to
this lawsuit nor within Defendant's control. Subject to and without waiving this objection and
the General Objections above, Defendant refers Plaintiff to the documents previously produced
with Defendant's Initial Disclosure and with Defendant's response to Plaintiff's Request for
Production of Documents incorrectly styled as a subpoena *duces tecum*. Defendant further states
that prior to April 1997, Plaintiff's allegation of discrimination was investigated by the office of

5

Thomas Ford. At that time, Cathleen Moynihan spoke with Plaintiff and Edmund Freeman about Plaintiff's allegations. Because of Plaintiff's allegation, Mr. Freeman's supervisory responsibilities were removed.

## INTERROGATORY NO. 7:

Prior to the plaintiff filing the October 5, 2000 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the plaintiff's complaints prior to October 5, 2000 and identify all persons responsible for investigating the same.

## ANSWER:

Defendant objects to this interrogatory in its entirety because the interrogatory's premise is false, and as such, it is not possible to answer the interrogatory as drafted. Subject to and without waiving this objection and the General Objections above, to the best of Defendant's knowledge, Plaintiff did not complain to her supervisors or to persons in Defendant's Human Resources Department about her termination which was the subject of the 2000 Charge of Discrimination filed with the MCAD.

## INTERROGATORY NO. 8:

Please fully describe the plaintiff's position, her duties and responsibilities at OneBeacon America Insurance Company, and identify all other employees who hold the same or similar position, duties, and responsibilities as the plaintiff and, include in your answer the full name, residential address, business address, telephone number, race/color, sex, age, disability (if any),

6

and the date of hire and date of termination of each employee identified herein.

**ANSWER:**

Defendant objects to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control. Subject to and without waiving these objections and the General Objections above, Defendant states that because Plaintiff is no longer in its employ, she has no responsibilities or duties to it. Further answering, Defendant states that Plaintiff's position at the time of her termination was Programmer Analyst II, and Defendant refers to Bates stamped documents DEF0122 and DEF0123 for a complete job description for the Programmer Analyst II position.

**INTERROGATORY NO. 9:**

If you distributed any technical materials, software manuals, or any other technical guides or books to the plaintiff to assist her in performing her job, please list each technical material issued to the plaintiff and explain the company procedure for storing and handling of technical material issued to employees.

**ANSWER:**

Defendant objects to this interrogatory because it is unlimited in scope and time despite the fact that the events that are the heart of this matter occurred between 1996 and 2000. Subject to and without waiving this objection and the General Objections above, Defendant states that technical materials, software manuals, and guides were made generally available to all employees.

7

**INTERROGATORY NO. 12:**

If you have terminated any other employees, please identify each terminated employee, provide the date of termination, state the reason(s) for termination, identify any and all employees hired to replace the terminated employee, and state each employee's race/color, sex, age, and disability (if any) when identifying each employee named herein.

**ANSWER:**

Defendant objects to this interrogatory because it is grossly overbroad, unduly burdensome, and unlimited in scope and time in that it request information regarding the status of every employee from the time of OneBeacon's predecessor companies' incorporation to the present regardless of their association with or status similar to Plaintiff or named Defendants Karen Holmes and Michael Sisto; the interrogatory seeks confidential employee information, records, and/or documents; the interrogatory seeks confidential business information, records, and/or document; and the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above, Defendant refers Plaintiff to the documents produced herewith.

**INTERROGATORY NO. 15:**

If you have ever sent the plaintiff to any in-house or out-of-house technical training program, educational coursework or career development class while under your employment, please fully describe each class or training program and give the date of each class or training program.

8

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad and unlimited in scope and time in that it seeks information throughout Plaintiff's tenure at OneBeacon despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to her previously produced employment record and states that between 1998 and 2000, Defendant provided Plaintiff and her colleagues with opportunities to attend training courses. Because the employees in Plaintiff's department had different areas of expertise, some employees may have attended courses that others did not. Though she was free to attend training courses of her choosing, Plaintiff was not required to attend off-site training because, according to Plaintiff, her physician instructed her not to travel and only to work between specified hours each day. Further answering, Plaintiff was permitted to and did take computer based courses at Northeastern University.

**INTERROGATORY NO. 16:**

If you have ever sent any other employee in the plaintiff's department to any in-house or out-of-house technical training program, educational coursework or career development class, please fully describe each class or training program each coworker received while under your employment.

9

**ANSWER:**

Defendant objects to this request because it is wholly irrelevant, grossly overbroad, and unlimited in scope and time as it requires Defendant to list for all of its employees in any department where the Plaintiff worked from 1977 through 2000 each and every training course attended from the date of Defendant's predecessor's incorporation to the present despite the fact that the events at the heart of this matter occurred between 1996 and 2000 and without regard for the fact that the employees in Plaintiff's department did not perform the same duties, have the same responsibilities, nor have possess the same expertise as Plaintiff; the interrogatory seeks confidential employee information, records, and/or documents; and the interrogatory is not reasonably calculated to lead to the discovery of admissible information.

Subject to and without waving these objections and the General Objections above, Defendant states that, to the best of its knowledge, it has provided Plaintiff with all responsive documents and information in its possession.

**INTERROGATORY NO. 17:**

If the plaintiff has ever received any company benefits while under your employment, please fully describe the same, provide all reasons for issuing each benefit, and identify all employees responsible for making the determination to issue each company benefit described herein.

**ANSWER:**

Defendant objects to this interrogatory because it seeks information protected by the attorney –client privilege and/or the work product doctrine; the interrogatory seeks confidential

business information, records, and/or documents; and the interrogatory is irrelevant and
unlimited in scope and time as it seeks information throughout Plaintiff's tenure despite the fact
that the events that are the heart of this matter occurred between 1996 and 2000, and as such, it is
not reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving this objection and the General Objections above,
Defendant refers Plaintiff to her benefits information previously produced with Defendant's
Initial Disclosure and with Defendant's response to Plaintiff's Request for Production of
Documents incorrectly styled as a subpoena *duces tecum,* a copy of which has again been
produced herewith.

## INTERROGATORY NO. 18:

If the plaintiff has ever been qualified for or entitled to receive any retirement benefits
while under your employment, please fully describe the same: identify each retirement program
the plaintiff was enrolled in, provide an annual history statement of the value of each retirement
program, and describe all steps you have taken, if any, to distribute or issue retirement benefits to
the plaintiff to date.

## ANSWER:

Defendant objects to this interrogatory because it seeks information protected by the
attorney–client privilege and/or the work product doctrine; the interrogatory seeks confidential
business information, records, and/or documents; and the interrogatory is irrelevant and
unlimited in scope and time, and as such, it is not reasonably calculated to lead to the discovery
of admissible information.

Subject to and without waiving these objections and the General Objections above,

11

Defendant refers Plaintiff to it Answer to Interrogatory No. 17, to her benefits information

previously produced with Defendant's Initial Disclosure, and to her benefits information

previously produced with Defendant's response to Plaintiff's Request for Production of

Documents incorrectly styled as a subpoena *duces tecum*, a copy of which have again been

produced herewith. Defendant further states that to the best of OneBeacon's knowledge,

Plaintiff has never applied to receive retirement benefits.

### INTERROGATORY NO. 22:

If the defendant asserts that it is not responsible for or it did not contribute to the cause of

actions referred to in the plaintiff's Complaint, please explain why it is not responsible for the

cause of actions referred to in the plaintiff's Complaint. And, if you allege that other parties are

responsible for or contributed to the cause of actions referred to in the plaintiff's Complaint,

please identify those persons and explain how you arrived at this conclusion.

### ANSWER:

Defendant objects to this interrogatory because it seeks information that is subject to the

attorney-client privilege and/or the work product doctrine; the interrogatory is overly broad,

wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendant

to respond to each of the one hundred forty (140) allegations contained in Plaintiff's Complaint

on behalf of individuals who are neither a party to his lawsuit nor within Defendant's control for

the length of Plaintiff's tenure with OneBeacon despite the fact that the events which are at the

heart of this matter occurred between 1996 and 2000; the interrogatory is vague and ambiguous

in its entirety; and the interrogatory is not reasonably calculated to lead to the discovery of

admissible information.

Subject to and without waving these objections and the General Objections above,

Defendant states that the "cause of actions" [sic] referred to in Plaintiff's Amended Complaint

allege violations of statutory and common law. Defendant asserts that neither it nor, to the best

of its knowledge, any other Defendant in this matter has violated either the statutory or common

law in its treatment of Plaintiff with respect to her employment at OneBeacon Insurance

Company or its predecessors.

## INTERROGATORY NO. 23:

Please provide a complete list of all of your employees for each year, 1994 to 2000,

identify each employee by race/color sex, age, and indicate whether the each employee was

disabled or made a request for an accommodation. If an employee was disabled or made a

request for an accommodation, please fully describe the same herein.

## ANSWER:

Defendant objects to this interrogatory because it is overly broad, wholly irrelevant,

unduly burdensome, and unlimited in scope and time as it requires Defendant to compile

information which the law does not require it to maintain and which Defendant does not

maintain for all of its employees, worldwide, regardless of whether the employee interacted with,

was supervised by, or was in the same department as the individually named Defendants Karen

Holmes and Michael Sisto and without regard for the fact that the events which are at the heart of

this matter occurred between 1996 and 2000; the interrogatory seeks confidential employee

information, records, and/or documents; and the interrogatory is not reasonably calculated to lead

to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above,

13

Defendant refers Plaintiff to the Bates stamped documents produced herewith.

ONEBEACON AMERICA INSURANCE CO.,

By its attorneys,

Dated: May 23, 2005

Keith B. Muntyan (BBO # 361380)
keithmuntyan@morganbrown.com
Leah M. Moore (BBO # 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (telephone)
617-367-3125 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2005, I caused a true and correct copy of the foregoing to be served by hand upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

Leah M. Moore

14

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **BERNADINE T. GRIFFITH** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **C.A. No. 03-CV-12573-EFH** |
| | ) |
| **ONEBEACON INSURANCE COMPANY,** | ) |
| **ONEBEACON AMERICA INSURANCE** | ) |
| **COMPANY, MICHAEL A. SISTO, and** | ) |
| **KAREN ALLEN HOLMES** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT ONEBEACON INSURANCE COMPANY'S
## FIRST SUPPLEMENTAL ANSWER TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Court's Order of

March 15, 2005, Defendant OneBeacon Insurance Company ("OneBeacon") hereby

responds to Plaintiff's Set of Interrogatories Propounded solely upon Defendant OneBeacon

Insurance Company. All responses are subject to the general and specific responses

interposed herein.

## GENERAL STATEMENT AND OBJECTIONS

1.    Defendant objects generally to each interrogatory insofar as it calls for

information protected by the attorney-client privilege, the work product doctrine, or any

information otherwise not discoverable within the meaning of Rules 26 and 33 of the

Federal Rules of Civil Procedure.

2.     Defendant objects to Plaintiff's "Definition 2" because the definition requires
personal and confidential information from individuals not a party to this matter; the
definition requires Defendant to produce information equally available to Plaintiff as it is to
Defendant; the definition requires Defendant to produce information previously provided to
Plaintiff; and the definition requires information that is neither relevant nor reasonably
calculated to lead to the discovery of admissible information.

3.     Defendant objects to Plaintiff's "Definition 5" because the definition is vague
and ambiguous given the number of individually named defendants in this matter and states
that the responses provided below are given only by OneBeacon Insurance Company and by
no other defendant or entity.

4.     Defendant states that these responses are based on its present knowledge
and/or understanding of the facts. As discovery is ongoing, Defendant reserves the right to
supplement these responses when and if additional information and/or documents become
available. Defendant also reserves the right to produce and/or rely on any such additional
information later uncovered or determined relevant.


## SPECIFIC RESPONSES AND OBJECTIONS

## INTERROGATORY NO. 2:

Please identify all persons who have personal knowledge of any matter, directly or
indirectly, concerning the claims described in the plaintiff's Complaint. Your answer should
include the particulars of each person's knowledge identified herein and indicate whether
the identified person provided a statement. If the person provided a statement, then identify
the statement, describe the subject matter, and identify the custodian of each documented
statement.

2

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information that is protected by the attorney-client privilege and/or the work product doctrine; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above, Defendant refers Plaintiff to the information contained in Defendant's Initial Disclosures and states that no person identified therein provided Defendant with an oral or written statement not previously produced to Plaintiff.

**INTERROGATORY NO. 4:**

Please identify all individuals who have personal knowledge of any matter, directly or indirectly, pertaining to the plaintiff's April 27, 1997 Complaint filed at the Massachusetts Commission Against Discrimination against you; include in your answer the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad and unduly burdensome in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it

3

seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the

events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory

seeks information that is protected by the attorney-client privilege and/or the work product

doctrine; and the interrogatory seeks information that is neither relevant nor reasonably

calculated to lead to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above, to the

extent the term "Complaint" refers to a Charge of Discrimination, Defendant refers Plaintiff to

the information contained in Defendant's Initial Disclosures and to its Answer to Interrogatory

No. 2.

**INTERROGATORY NO. 5:**

Please identify all individuals who have personal knowledge of any matter, directly or

indirectly, pertaining to the plaintiff's October 5, 2000 Complaint filed at the Massachusetts

Commission Against Discrimination against you; include in your answer the particulars of each

person's knowledge identified herein and indicate whether the identified person provided a

statement. If the person provided a statement, then identify the statement, describe the subject

matter, and identify the custodian of each documented statement.

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad and unduly burdensome

in that it requests information beyond the scope of Defendant's knowledge and from individuals

outside the scope of Defendant's control; the interrogatory is unlimited in scope and time as it

seeks information regarding Plaintiff's tenure which began in 1977 despite the fact that the

events that are at the heart this matter occurred between 1996 and 2000; the interrogatory seeks

4

information that is protected by the attorney-client privilege and/or the work product doctrine; the interrogatory is vague in its entirety; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above, to the extent the term "Complaint" refers to a Charge of Discrimination, Defendant refers Plaintiff to the information contained in Defendant's Initial Disclosures and its Answer to Interrogatory No. 2.

**INTERROGATORY NO. 6:**

Prior to the plaintiff filing the April 27, 1997 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the plaintiff's complaints prior to April 27, 1997 and identify all persons responsible for investigating the same.

**ANSWER:**

Defendant objects to this interrogatory in its entirety because the interrogatory's premise is false, and as such, it is not possible to answer the interrogatory as drafted. Defendant further objects to this interrogatory as it requests information from individuals who are neither a party to this lawsuit nor within Defendant's control. Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to the documents previously produced with Defendant's Initial Disclosure and with Defendant's response to Plaintiff's Request for Production of Documents incorrectly styled as a subpoena *duces tecum*. Defendant further states that prior to April 1997, Plaintiff's allegation of discrimination was investigated by the office of

5

Thomas Ford. At that time, Cathleen Moynihan spoke with Plaintiff and Edmund Freeman about Plaintiff's allegations. Because of Plaintiff's allegation, Mr. Freeman's supervisory responsibilities were removed.

### INTERROGATORY NO. 7:

Prior to the plaintiff filing the October 5, 2000 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the plaintiff's complaints prior to October 5, 2000 and identify all persons responsible for investigating the same.

### ANSWER:

Defendant objects to this interrogatory in its entirety because the interrogatory's premise is false, and as such, it is not possible to answer the interrogatory as drafted. Subject to and without waiving this objection and the General Objections above, to the best of Defendant's knowledge, Plaintiff did not complain to her supervisors or to persons in Defendant's Human Resources Department about her termination which was the subject of the 2000 Charge of Discrimination filed with the MCAD.

### INTERROGATORY NO. 8:

Please fully describe the plaintiff's position, her duties and responsibilities at OneBeacon America Insurance Company, and identify all other employees who hold the same or similar position, duties, and responsibilities as the plaintiff and, include in your answer the full name, residential address, business address, telephone number, race/color, sex, age, disability (if any),

6

and the date of hire and date of termination of each employee identified herein.

**ANSWER:**

Defendant objects to this interrogatory because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information in that it requests information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control. Subject to and without waiving these objections and the General Objections above, Defendant states that because Plaintiff is no longer in its employ, she has no responsibilities or duties to it. Further answering, Defendant states that Plaintiff's position at the time of her termination was Programmer Analyst II, and Defendant refers to Bates stamped documents DEF0122 and DEF0123 for a complete job description for the Programmer Analyst II position.

**INTERROGATORY NO. 9:**

If you distributed any technical materials, software manuals, or any other technical guides or books to the plaintiff to assist her in performing her job, please list each technical material issued to the plaintiff and explain the company procedure for storing and handling of technical material issued to employees.

**ANSWER:**

Defendant objects to this interrogatory because it is unlimited in scope and time despite the fact that the events that are the heart of this matter occurred between 1996 and 2000. Subject to and without waiving this objection and the General Objections above, Defendant states that technical materials, software manuals, and guides were made generally available to all employees.

7

**INTERROGATORY NO. 12:**

If you have terminated any other employees, please identify each terminated employee, provide the date of termination, state the reason(s) for termination, identify any and all employees hired to replace the terminated employee, and state each employee's race/color, sex, age, and disability (if any) when identifying each employee named herein.

**ANSWER:**

Defendant objects to this interrogatory because it is grossly overbroad, unduly burdensome, and unlimited in scope and time in that it request information regarding the status of every employee from the time of OneBeacon's predecessor companies' incorporation to the present regardless of their association with or status similar to Plaintiff or named Defendants Karen Holmes and Michael Sisto; the interrogatory seeks confidential employee information, records, and/or documents; the interrogatory seeks confidential business information, records, and/or document; and the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above, Defendant refers Plaintiff to the documents produced herewith.

**INTERROGATORY NO. 15:**

If you have ever sent the plaintiff to any in-house or out-of-house technical training program, educational coursework or career development class while under your employment, please fully describe each class or training program and give the date of each class or training program.

8

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad and unlimited in scope and time in that it seeks information throughout Plaintiff's tenure at OneBeacon despite the fact that the events that are at the heart of this matter occurred between 1996 and 2000; the interrogatory seeks information beyond the scope of Defendant's knowledge and from individuals outside the scope of Defendant's control; and the interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving this objection and the General Objections above, Defendant refers Plaintiff to her previously produced employment record and states that between 1998 and 2000, Defendant provided Plaintiff and her colleagues with opportunities to attend training courses. Because the employees in Plaintiff's department had different areas of expertise, some employees may have attended courses that others did not. Though she was free to attend training courses of her choosing, Plaintiff was not required to attend off-site training because, according to Plaintiff, her physician instructed her not to travel and only to work between specified hours each day. Further answering, Plaintiff was permitted to and did take computer based courses at Northeastern University.

**INTERROGATORY NO. 16:**

If you have ever sent any other employee in the plaintiff's department to any in-house or out-of-house technical training program, educational coursework or career development class, please fully describe each class or training program each coworker received while under your employment.

9

**ANSWER:**

Defendant objects to this request because it is wholly irrelevant, grossly overbroad, and unlimited in scope and time as it requires Defendant to list for all of its employees in any department where the Plaintiff worked from 1977 through 2000 each and every training course attended from the date of Defendant's predecessor's incorporation to the present despite the fact that the events at the heart of this matter occurred between 1996 and 2000 and without regard for the fact that the employees in Plaintiff's department did not perform the same duties, have the same responsibilities, nor have possess the same expertise as Plaintiff; the interrogatory seeks confidential employee information, records, and/or documents; and the interrogatory is not reasonably calculated to lead to the discovery of admissible information.

Subject to and without waving these objections and the General Objections above, Defendant states that, to the best of its knowledge, it has provided Plaintiff with all responsive documents and information in its possession.

**INTERROGATORY NO. 17:**

If the plaintiff has ever received any company benefits while under your employment, please fully describe the same, provide all reasons for issuing each benefit, and identify all employees responsible for making the determination to issue each company benefit described herein.

**ANSWER:**

Defendant objects to this interrogatory because it seeks information protected by the attorney –client privilege and/or the work product doctrine; the interrogatory seeks confidential

10

business information, records, and/or documents; and the interrogatory is irrelevant and
unlimited in scope and time as it seeks information throughout Plaintiff's tenure despite the fact
that the events that are the heart of this matter occurred between 1996 and 2000, and as such, it is
not reasonably calculated to lead to the discovery of admissible information.

Subject to and without waiving this objection and the General Objections above,
Defendant refers Plaintiff to her benefits information previously produced with Defendant's
Initial Disclosure and with Defendant's response to Plaintiff's Request for Production of
Documents incorrectly styled as a subpoena *duces tecum,* a copy of which has again been
produced herewith.

**INTERROGATORY NO. 18:**

If the plaintiff has ever been qualified for or entitled to receive any retirement benefits
while under your employment, please fully describe the same: identify each retirement program
the plaintiff was enrolled in, provide an annual history statement of the value of each retirement
program, and describe all steps you have taken, if any, to distribute or issue retirement benefits to
the plaintiff to date.

**ANSWER:**

Defendant objects to this interrogatory because it seeks information protected by the
attorney–client privilege and/or the work product doctrine; the interrogatory seeks confidential
business information, records, and/or documents; and the interrogatory is irrelevant and
unlimited in scope and time, and as such, it is not reasonably calculated to lead to the discovery
of admissible information.

Subject to and without waiving these objections and the General Objections above,

11

Defendant refers Plaintiff to it Answer to Interrogatory No. 17, to her benefits information previously produced with Defendant's Initial Disclosure, and to her benefits information previously produced with Defendant's response to Plaintiff's Request for Production of Documents incorrectly styled as a subpoena *duces tecum*, a copy of which have again been produced herewith. Defendant further states that to the best of OneBeacon's knowledge, Plaintiff has never applied to receive retirement benefits.

## INTERROGATORY NO. 22:

If the defendant asserts that it is not responsible for or it did not contribute to the cause of actions referred to in the plaintiff's Complaint, please explain why it is not responsible for the cause of actions referred to in the plaintiff's Complaint. And, if you allege that other parties are responsible for or contributed to the cause of actions referred to in the plaintiff's Complaint, please identify those persons and explain how you arrived at this conclusion.

## ANSWER:

Defendant objects to this interrogatory because it seeks information that is subject to the attorney-client privilege and/or the work product doctrine; the interrogatory is overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendant to respond to each of the one hundred forty (140) allegations contained in Plaintiff's Complaint on behalf of individuals who are neither a party to his lawsuit nor within Defendant's control for the length of Plaintiff's tenure with OneBeacon despite the fact that the events which are at the heart of this matter occurred between 1996 and 2000; the interrogatory is vague and ambiguous in its entirety; and the interrogatory is not reasonably calculated to lead to the discovery of admissible information.

Subject to and without waving these objections and the General Objections above,

Defendant states that the "cause of actions" [sic] referred to in Plaintiff's Amended Complaint

allege violations of statutory and common law. Defendant asserts that neither it nor, to the best

of its knowledge, any other Defendant in this matter has violated either the statutory or common

law in its treatment of Plaintiff with respect to her employment at OneBeacon Insurance

Company or its predecessors.

**INTERROGATORY NO. 23:**

Please provide a complete list of all of your employees for each year, 1994 to 2000,

identify each employee by race/color sex, age, and indicate whether the each employee was

disabled or made a request for an accommodation. If an employee was disabled or made a

request for an accommodation, please fully describe the same herein.

**ANSWER:**

Defendant objects to this interrogatory because it is overly broad, wholly irrelevant,

unduly burdensome, and unlimited in scope and time as it requires Defendant to compile

information which the law does not require it to maintain and which Defendant does not

maintain for all of its employees, worldwide, regardless of whether the employee interacted with,

was supervised by, or was in the same department as the individually named Defendants Karen

Holmes and Michael Sisto and without regard for the fact that the events which are at the heart of

this matter occurred between 1996 and 2000; the interrogatory seeks confidential employee

information, records, and/or documents; and the interrogatory is not reasonably calculated to lead

to the discovery of admissible information.

Subject to and without waiving these objections and the General Objections above,

Defendant refers Plaintiff to the Bates stamped documents produced herewith.

ONEBEACON INSURANCE CO.,

By its attorneys,

Dated: May 23, 2005

Keith B. Muntyan (BBO # 361380)
keithmuntyan@morganbrown.com
Leah M. Moore (BBO # 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (telephone)
617-367-3125 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, I caused a true and correct copy of the foregoing to be served by hand upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

Leah M. Moore

14