UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BERNADINE T. GRIFFITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. )<br>) | C.A. No. 03-CV-12573-EFH |

### DEFENDANTS' FIRST SUPPLEMENTAL RESPONSE TO
### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's Order of March 15, 2005, Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively "Defendants") hereby respond to Plaintiff Bernadine T. Griffith's ("Plaintiff") Request for Production of Documents. All responses are subject to the general and specific objections interposed herein.

### GENERAL STATEMENTS AND OBJECTIONS

1.  Defendants object generally to each request to the extent that the request is overly broad, vague, ambiguous, duplicative, unduly burdensome, and/or calls for information that is irrelevant or immaterial.

2.  Defendants object generally to each request to the extent that the request calls

for information protected by the attorney-client privilege, the work product doctrine, or any information otherwise not discoverable within the meaning of Rules 26 and 34 of the Federal Rules of Civil Procedure.

3. Defendants object to the defined time period applicable to this document request. Specifically, Plaintiff has defined the time period from April 1, 1994 through the present despite the fact that the events which are at issue in this matter occurred from 1996-2000.

4. Holmes and Sisto object to each and every request to the extent the request seeks documents that are not currently in their individual control and state that unless the response to the document request specifically indicates otherwise, the documents are produced by the OneBeacon Defendants only and not by Holmes and/or Sisto as neither Holmes nor Sisto possess documents related to Plaintiff's employment not provided to them over the course of this litigation.

5. Defendants state that these responses are based on their present knowledge and/or understanding of the facts. As discovery is ongoing, Defendants reserve the right to supplement these responses when and if additional information and/or documents become available. Defendants also reserve the right to produce and/or rely on any such additional information later uncovered or determined relevant.

## SPECIFIC RESPONSES AND OBJECTIONS

REQUEST NO. 23:

All documents or records providing a list of all persons employed by you or your predecessor from April 1994 to October 2000, which identifies each employee's age.

RESPONSE NO. 23:

Defendants object to this request because it is grossly overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to produce documents that in any way indicate the age of every OneBeacon employee worldwide regardless of their relationship to or with Plaintiff, Holmes, and/or Sisto from 1994 through 2000; the request seeks confidential employee documents, records, and/or information; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents protected by the attorney-client privilege and the work product doctrine; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; and the request seeks documents that no law requires OneBeacon to maintain.

Subject to and without waiving these objections and the General Objections above, OneBeacon refers Plaintiff to the documents produced herewith.

REQUEST NO. 24:

All documents or records providing a list of all persons employed by you or your predecessor from April 1994 to October 2000, which identifies each employee's race.

RESPONSE NO. 24:

Defendants object to this request because it is duplicative, grossly overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to produce documents that in any way indicate the race of every OneBeacon employee worldwide regardless of their relationship to or with Plaintiff, Holmes, and/or

3

Sisto from 1994 through 2000; the request seeks confidential employee documents, records, and/or information; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents protected by the attorney-client privilege and the work product doctrine; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; and the request seeks documents that no law requires OneBeacon to maintain.

Subject to and without waiving these objections and the General Objections above, OneBeacon refers Plaintiff to the documents produced herewith.

REQUEST NO. 25:

All documents or records providing a list of all persons employed by you or your predecessor from April 1994 to October 2000, which identifies each disability or request for a reasonable accommodation made by an employee.

RESPONSE NO. 25:

Defendants object to this request because it is duplicative, grossly overly broad, wholly irrelevant, unduly burdensome, and unlimited in scope and time as it requires Defendants to produce documents that in any way indicate the disability status and/or whether an accommodation was requested for every OneBeacon employee worldwide regardless of their relationship to or with Plaintiff, Holmes, and/or Sisto from 1994 through 2000; the request seeks confidential employee documents, records, and/or information; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the

4

request seeks documents protected by the attorney-client privilege and the work product doctrine; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; and the request seeks documents that no law requires OneBeacon to maintain.

Subject to and without waiving these objections and the General Objections above, OneBeacon states that despite a reasonable search, no such documentation exists. OneBeacon further states that it had no reason to compile this information as it is not required to so do by state or federal law.

REQUEST NO. 28:

All documents and attendance records pertaining to the absences and tardiness of each of the following employees: Rick Cantin, Langning Chen, Aihua Dia, Tom Danforth, Joe DeMarco, Tony DePina, Ellen Elliott, Chris Genest, Bernadine T. Griffith, Karen Holmes, Jackie Marzelli, Jeff Neville, Jane Rinkaus, Dan Page, Bob Petrarca, Monica Scanlon, Steve Sugarman, Suzanne Walker, Greg Wells, and John Ziak.

RESPONSE NO. 28:

Defendants object to this request because it is duplicative, overly broad, wholly irrelevant, unduly burdensome, duplicative, and unlimited in scope and time as it requires Defendants to produce attendance records for several of Plaintiff's colleagues throughout the course of each employee's tenure without regard for the fact that the relevant time period is 1996 to 2000 or the fact that a majority of the individuals listed above were not supervised by Holmes and had no relationship with Plaintiff other than to work in the same building with her; the request seeks confidential employee documents, records, and/or information;

5

the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; the request seeks documents that OneBeacon was not required to maintain by law; and the request seeks documents that are equally as available to Plaintiff as they are to Defendants.

Subject to and without waiving these objections and the General Objections above, OneBeacon refers Plaintiff to its Response to Request No. 6, Plaintiff's previously produced employment records, the documents previously produced with Defendant's Initial Disclosure, and the documents previously produced with Defendant's response to Plaintiff's Request for Production of Documents incorrectly styled as a subpoena *duces tecum* for documents relating to her attendance record. OneBeacon further states that upon the execution of a Court approved confidentiality agreement, it will provide attendance information where available for the employees identified above.

REQUEST NO. 32:

All pleadings filed with any federal or state Massachusetts trial court pertaining to any and all charges of discrimination against you.

RESPONSE NO. 32:

Defendants object to this request because the term "pertaining to" is vague and ambiguous; the request is grossly overly broad, wholly irrelevant, and unlimited in scope and time as it requires Defendants to produce documents related to any lawsuit filed in the Massachusetts state court system that allege any kind of discrimination from the time of

OneBeacon's predecessor's incorporation to the present despite the fact that the allegations in the Complaint in no way relates to Plaintiff, Holmes, Sisto, or the Foxboro office; the request seeks confidential business documents, records, and/or information; the request seeks documents that are not and never were in the control of Holmes and/or Sisto; the request seeks documents protected by the attorney-client privilege and the work product doctrine; the request seeks documents that are not reasonably calculated to lead to the discovery of admissible information; and the request seeks documents that are equally as available to Plaintiff as they are to Defendants.

Subject to and without waiving these objections and the General Objections above, OneBeacon states that upon the execution of a Court approved confidentiality agreement, it will provide the above requested pleadings where available.

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys,

Dated: May 23, 2005

Keith B. Muntyan (BBO # 361380)
keithmuntyan@morganbrown.com
Leah M. Moore (BBO # 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (telephone)
617-367-3125 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, I caused a true and correct copy of the foregoing to be served by hand upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

Leah M. Moore