UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE T. GRIFFITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. )<br>) | C.A. No. 03-CV-12573-EFH |

### DEFENDANTS' THIRD SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS STYLED AS A SUBPOENA *DUCES TECUM*

Pursuant to this Court's Order of September 14, 2004 and of the Court's Order of March 15, 2005, the defendants OneBeacon Insurance Company and OneBeacon America Insurance Company ("OneBeacon"), Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively, the "defendants") hereby supplement their response to the plaintiff's Request for Production of Documents incorrectly styled as a subpoena *duces tecum* that was served upon William Queenan. All responses are subject to the general and specific responses interposed herein.

## GENERAL STATEMENT AND OBJECTIONS

1. The defendants object generally to each request insofar as the request calls for information protected by the attorney-client privilege, the attorney work product doctrine, or any information otherwise not discoverable within the meaning of Rules 26 and 34 of the Federal Rules of Civil Procedure.

2. The defendants state that these responses are based on their present knowledge and/or understanding of the facts. As discovery is ongoing, the defendants reserve the right to supplement these responses when and if additional information and/or documents become available. The defendants also reserve the right to produce and/or rely on any such additional information later uncovered or determined relevant.

## SPECIFIC RESPONSES AND OBJECTIONS

REQUEST NO. 3:

A list of all other employees, who like the Complainant have requested accommodation due to a disability and received accommodations for their disability.

RESPONSE NO. 3:

The defendants object to this request because the terms "accommodations" and "Complainant" are vague and ambiguous; the request is overly broad, unduly burdensome, and unlimited in scope and time as it requires OneBeacon to compile a responsive list from 1990 to the present for any and all employees regardless of employee classification or accommodation requested from every OneBeacon office or office obtained or eliminated by OneBeacon; the request seeks confidential employee records and/or information; and the request seeks confidential business documents and/or records.

2

Subject to and without waiving these objections and the objections above and to the extent the term "accommodations" refers to requests made by the plaintiff for some sort of assistance with or rationale for exclusion from a job requirement for the position she held at the time the request was made and the term "Complainant" refers to the plaintiff, the defendants state that after a good faith search, no such documentation or raw data exists.

Dated: May 23, 2005

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys,

Keith B. Muntyan (BBO # 361380)
keithmuntyan@morganbrown.com
Leah M. Moore (BBO # 658217)
lmoore@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (telephone)
617-367-3125 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2005, I caused a true and correct copy of the foregoing to be served by first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

Leah M. Moore