## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### CIVIL ACTION NO.: 03 CV 12573 EFH

```
                                        )
BERNADINE T. GRIFFITH                   )
     Plaintiff                          )
                                        )
vs.                                     )
                                        )
ONEBEACON INSURANCE COMPANY,            )
ONEBEACON AMERICA INSURANCE             )
COMPANY, MICHAEL A. SISTO, and          )
KAREN ALLEN HOLMES                      )
     Defendants                         )
                                        )
```

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S
## OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This Court should the Defendants' Motion for Summary Judgment because Defendants have violated federal laws and the Rules of this Court; intentionally and maliciously published Plaintiff's personal data identifiers and confidential information on PACER in the course of litigation, subjecting the Plaintiff to identity theft; failed to obtain leave of the court to file the July 29, 2005 Defendants' Motion for Summary Judgment under seal; failed to serve the Plaintiff with a copy of the July 29, 2005 Defendants' Motion For Summary Judgment, in accordance with the Rules and the July 27, 2005 Order; and failed to comply with discovery orders dated September 14, 2004 and March 15, 2005.

## STATEMENT OF FACTS

On July 21, 2005, the Defendants electronically filed two non-conforming motions for summary judgment,[1] in which Defendants wrongfully published the Plaintiff's personal and confidential information on PACER, including the Plaintiff's personal data identifiers: social security number, birth date, residential address, mailing address, telephone number, husband's business address, medical records, psychological records, and patient data identifiers. The Plaintiff filed an Emergency Motion to Seal Defendants' Motion For Summary Judgment,[2] and this Court required the Defendants to file one copy of a motion for summary judgment that does not exceed forty (40) pages and required Defendants to serve a written copy of the Defendants' Motion for Summary Judgment within seven (7) days of the July 27, 2005 Order. The Defendants failed to comply with the July 27, 2005 Order. On July 29, 2005, the Defendants apparently re-filed one of the July 21, 2005 motions under seal and failed to serve the Plaintiff with the same. Further, the Defendants failed to comply with the September 14, 2004 (Docket No. 28) and March 15, 2005 discovery orders pertaining to Plaintiff's motions to compel dated August 20, 2004 (Docket No. 25) and February 28, 2005 (Docket No. 38), respectively. A failure to comply with the March 15, 2005 discovery order, in pertinent part, effectively bars the Defendants from submitting evidence at the time of summary judgment. The Plaintiff has filed a Motion for Default Judgment, herewith.

---

[1] July 21, 2005 Defendants' motions for summary judgment referred to as then-docketed numbers 61 – 70, which is now removed from the Docket and sealed per July 27, 2005 Order. See Docket Sheet, attached as Exhibit 1.

[2] The publication of the non-conforming motions remained on PACER for four (4) days and four (4) nights. The Plaintiff, not the defendant, took immediate affirmative steps to remove the filings from PACER.

## ARGUMENT

THIS COURT SHOULD INVOKE ITS INHERENT POWERS TO IMPOSE SERIOUS SANCTIONS
AGAINST THE DEFENDANTS, BECAUSE DEFENDANTS HAVE INTENTIONALLY AND
MALICIOUSLY ENGAGED IN EGREGIOUS LITIGATION PRACTICES AND VIOLATED THE RULES
OF THIS COURT IN BAD FAITH

This Court should exercise its inherent powers to deny the Defendants' Motion for

Summary Judgment and find the Defendants in contempt when imposing serious sanctions

against the Defendants. The intentional and malicious publication of a parties' personal and

confidential information on PACER in the course of litigation, subjecting the party to identity

theft for four (4) days and four (4) nights is wholly egregious conduct that is evidence of

Defendants' callous disregard and deliberate intention to cause the Plaintiff substantial and

irreversible harm. See Chambers v. NASCO, 501 U.S. 32, 44 (1991) (holding that district courts

have inherent powers to impose serious sanctions for egregious conduct, including dismissal of

an action); National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96

S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam) (reasoning that it is desirable to deter

future abuses, a district court may invoke its inherent powers to impose serious sanctions);

Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1119 (1st Cir. 1989) (reasoning that a district court has

inherent powers to do whatever is necessary to deter abuse of judicial process, including the

innate power to dismiss an action); Farm Constr. Services, Inc. v. Fudge, 831 F.2d 18, 20 (1st

Cir. 1987) (holding that less drastic sanctions need not precede a judgment of dismissal).

Invoking the serious sanction of a default judgment is warranted in cases where the defaulting

party's misconduct is wholly egregious. See Brockton Savings Bank v. Peat, Marwick, Mitchell

& Co., 771F.2d 5, 11 & n. 5 (1st Cir. 1985) (affirming entry of default judgment for procedural

3

non-compliance and reasoning that district courts possess an inherent power to deal with troublesome litigation); see also D.P. Apparel Corp. v. Roadway Express, Inc., 736 F.2d 1, 3 (1st Cir. 1984); Corchado v. Puerto Rico Marine Management, Inc., 665 F.2d 410, 413 (1st Cir. 1981), cert. denied, 459 U.S. 826, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982). If this Court acquiesces, turns a blind eye to this kind of egregious conduct in litigation, then surely it will have indirectly aided and abetted in the disclosure and misuse of personal data identifiers; and will have, in itself, effectively fostered the violation of existing federal laws enacted to secure and protect the citizens of the United States from identity theft.

Furthermore, the Defendants acted in bad faith and when they decided to re-file the same non-conforming motion for summary judgment purposely flouted the July 27, 2005 Order; re-filed the July 21, 2005 non-conforming motion[3] under seal, without leave of the court, in violation of Local Rule 5.3; and did not serve the Plaintiff with a copy of the July 29, 2005 Motion for Summary Judgment, as ordered by this Court and required by Fed. R. Civ. P. 5(a) and Local Rule 7.1 (c).

Therefore, this Court should act with a firm hand when penning an order in this case and deny the Defendants' Motion for Summary Judgment, and hold both the Defendants and counsel personally liable for all damages, including expenses and attorney's fees.

## THIS COURT SHOULD RENDER A DEFAULT JUDGMENT AGAINST THE DEFENDANTS BECAUSE DEFENDANTS HAVE WILFULLY AND DELIBERATELY VIOLATED COURT DISCOVERY ORDERS

Unequivocally, Federal Rule of Civil Procedure 37 empowers this Court with broad discretion to impose sanctions against disobedient defendants who fail to comply with discovery

---

[3] Local Rule 5.3 delineates the procedure for filing a "*document*" under seal.

orders, including the dismissal of an action or the entry of a default judgment. Fed.R.Civ.P. 37

(b) (2) (B) (C), in pertinent part, states:

> (B) An order refusing to allow the disobedient party to support or oppose
> designated claims or defenses, or prohibiting that party from introducing
> designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further
> proceedings until the order is obeyed, or dismissing the action or proceeding
> or any part thereof, or rendering a judgment by default against the
> disobedient party;

Fed.R.Civ.P. 37(b)(2)(C) permits a court to impose the sanction of rendering a default

judgment against a non-complying defendant for disobeying a discovery order. See U.S. v.

Palmer, 956 F.2d 3 (1st Cir. 1992) (affirming entry of a default judgment for disobeying a

discovery order and reasoning that there is no expressed limitation of default judgments under

Rule 37); Marquis Theatre Corp. v. Condado Mini Cinema, 846 F.2d 86, 88-90 (1st Cir. 1988)

(affirming district court's striking answer as sanction for non-production of documents);

Brockton Sav. B. v. Peat, Marwick, Mitchell, 771 F.2d 5, 6-10 (1st Cir. 1985) (affirming entry of

default judgment for non-compliance of a discovery order and discussing the authority of the

district court to enter a default judgment); Hammond Packing Co. v. Arkansas, 212 U.S. 322

(1909) (affirming the striking of an answer and entry of a default judgment against a defendant

who failed to comply with a pretrial discovery order).

Accordingly, Rule 37 empowers the district courts with broad discretion to bar a

disobedient party from introducing certain evidence and to dismiss an action or render a default

judgment against a disobedient party. A district court may hold both the disobedient party and

counsel personally liable for expenses, including attorney's fees. Most importantly, the United

States Supreme Court reasoned that Rule 37 sanctions should be applied "to penalize those

whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be

447 U.S. 752, 763, 100 S.Ct. 2455, 2462 (1980), citing National League v. Metropolitan Hockey

Club, 427 U.S. 639, 96 S.Ct. 2778 (1976) (per curiam). See also Pan American Grain MFG. v.

Puerto Rico P.A., 295 F.3d 108 (1st Cir. 2002) (affirming sanctions imposed at trial for actions

taken in discovery because disobedient parties "were disruptive of orderly course of litigation,

insulting to the dignity of the Court, and most importantly, utterly lacking in civility).

The willful failure to answer interrogatories and produce necessary documents in

accordance with this Court's discovery orders dated September 14, 2004 and March 15, 2005

(Filing No. 38) seriously hinders the Plaintiff's right to pursue her claims, as is set forth in

Plaintiff's motions to compel (Docket Nos. 25 and 28).

Moreover, the Defendants have failed to comply with the September 14, 2005 Order,

which states:

"Regarding plaintiff's request to compel production of documents, the Court rules that Item Nos. 1 and 2 and 4 through 8 are not overbroad and their production should not impose an undue burden. But Item No. 3, which seeks "[a] list identifying all other employees, who like the Complainant have requested an accommodation due to a disability and received accommodations for their disability," could involve confidential or privileged information. As such, Queenan may produce a list of accommodations granted to disabled One Beacon employees rather than the names of these employees. And, to the extent that defendants may in the future be required to produce records detailing such accommodations, defendants may redact from those documents the names of the employees and other identifying information."

The Defendants have refused to produce the documents in satisfaction of the September

14, 2004 Order.

Consequently, the disobedient Defendants have engaged in bad-faith litigation practices

that justifies an order of sanctions under Rule 37 (b) (2), including the dismissal of Defendants'

Motion for Summary Judgment, the entry of a default judgment in favor of Plaintiff with regard

to her Complaint, and a finding that the Defendants are in contempt for their failure to comply

with Court orders.

## CONCLUSION

Accordingly, the Plaintiff, Bernadine T. Griffith, requests this Honorable Court deny the

July 29, 2005 Defendants' Motion for Summary Judgment and issue an order imposing sanctions

pursuant this Court's inherent powers and to Rule 37(b)(2); that shall :render a Default Judgment

against the Defendants with regard to Plaintiff's Complaint, schedule an hearing on damages,

find the Defendants are in contempt of court for their failure to obey the September 14, 2005 and

March 15, 2005 Discovery Orders and the July 27, 2005 Order; and in addition thereto, order

Defendants and/or its attorneys, jointly and severally, to pay reasonable expenses, including

attorney's fees and expenses caused by Defendants' failure to comply with the Court's Orders.

Respectfully submitted,
BERNADINE T. GRIFFITH
By her Attorney,

Date: August 11, 2005

Kathleen J. Hill          BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)

7

## CERTIFICATE OF SERVICE

I, Kathleen J. Hill, certify that I served a true and accurate copy of the foregoing

Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to the July 29, 2005

Defendants' Motion for Summary Judgment on the counsel of record: *Keith B. Muntyan and*

*Leah M. Moore*, of Morgan, Brown & Joy, Two Hundred State Street, 11th Floor, Boston,

Massachusetts 02109 by pre-paid U.S. Mail and facsimile on this 11th day of August 2005.

Kathleen J. Hill        BBO# 644665

8

Exhibit 1

| | | |
|---|---|---|
| | | Produce Expert Report of Harvey S. Waxman, Ph.D. filed by Bernadine T. Griffith. (Attachments: # 1 Exhibit A)(Holahan, Sandra) (Entered: 07/13/2005) |
| 07/20/2005 | 60 | Emergency MOTION for Extension of Time to July 21, 2005 to File *Summary Judgment Motion* by OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, Karen Allen Holmes.(Moore, Leah) (Entered: 07/20/2005) |
| 07/21/2005 | | Judge Edward F. Harrington : Electronic ORDER entered granting 60 Motion for Extension of Time to File. MOTION ALLOWED. cc/cl (Holahan, Sandra) (Entered: 07/21/2005) |
| 07/21/2005 | 61 | MOTION for Declaratory Judgment by OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, Karen Allen Holmes. (Attachments: # 1 Exhibit A1# 2 Exhibit A2# 3 Exhibit A3# 4 Exhibit A4# 5 Exhibit B# 6 Exhibit C# 7 Exhibit D# 8 Exhibit E# 9 Exhibit F# 10 Exhibit G# 11 Exhibit H# 12 Exhibit I# 13 Exhibit J# 14 Exhibit K# 15 Exhibit L# 16 Exhibit M# 17 Exhibit N# 18 Exhibit O# 19 Exhibit P# 20 Exhibit Q# 21 Exhibit R# 22 Exhibit S# 23 Exhibit T# 24 Exhibit U# 25 Exhibit V# 26 Exhibit W# 27 Exhibit X# 28 Exhibit Y# 29 Exhibit Z# 30 Exhibit AA# 31 Exhibit BB# 32 Exhibit CC# 33 Exhibit DD# 34 Exhibit EE# 35 Exhibit FF# 36 Exhibit GG# 37 Exhibit HH# 38 Exhibit II# 39 Exhibit JJ# 40 Exhibit KK# 41 Exhibit LL# 42 Exhibit MM# 43 Exhibit NN# 44 Exhibit OO# 45 Exhibit PP# 46 Exhibit QQ# 47 Exhibit RR# 48 Exhibit SS# 49 Exhibit TT# 50 Exhibit UU)(Moore, Leah) (Entered: 07/21/2005) |
| 07/21/2005 | 62 | STATEMENT of facts re 61 MOTION for Declaratory Judgment. (Attachments: # 1 Supplement pages 21-28 of Statement of Undisputed Material Facts)(Moore, Leah) (Entered: 07/21/2005) |
| 07/21/2005 | 63 | MEMORANDUM in Support re 61 MOTION for Declaratory Judgment filed by OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, Karen Allen Holmes. (Attachments: # 1 Supplement second half of brief)(Moore, Leah) (Entered: 07/21/2005) |
| 07/22/2005 | 64 | MOTION for Summary Judgment by OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, Karen Allen Holmes.(Moore, Leah) (Entered: 07/22/2005) |
| 07/22/2005 | 65 | MEMORANDUM in Support re 64 MOTION for Summary Judgment filed by OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, Karen Allen Holmes. (Attachments: # 1 Supplement Memorandum of Law - part 2)(Moore, Leah) (Entered: 07/22/2005) |
| 07/22/2005 | 66 | STATEMENT of facts re 64 MOTION for Summary Judgment. (Attachments: # 1 Supplement Facts - part 2)(Moore, Leah) (Entered: 07/22/2005) |
| 07/22/2005 | 67 | MOTION for Summary Judgment by OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, Karen Allen |

| | | Holmes.(Moore, Leah) (Entered: 07/22/2005) |
|---|---|---|
| 07/22/2005 | 68 | MEMORANDUM in Support re 67 MOTION for Summary Judgment filed by OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, Karen Allen Holmes. (Attachments: # 1 Supplement Memo of Law - pt 2)(Moore, Leah) (Entered: 07/22/2005) |
| 07/22/2005 | 69 | STATEMENT of facts re 67 MOTION for Summary Judgment. (Attachments: # 1 Supplement Facts - pt. 2)(Moore, Leah) (Entered: 07/22/2005) |
| 07/22/2005 | 70 | DECLARATION re 67 MOTION for Summary Judgment by OneBeacon Insurance Company, OneBeacon America Insurance Company, Michael A. Sisto, Karen Allen Holmes. (Moore, Leah) (Entered: 07/22/2005) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/25/2005 15:39:05 | | |
| PACER Login: | kh0558 | Client Code: |
| Description: | Docket Report | Search Criteria: 1:03-cv-12573-EFH |
| Billable Pages: | 6 | Cost: 0.48 |