UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**BERNADINE T. GRIFFITH**            )
                                    )
    **Plaintiff,**                    )
                                    )
v.                                  )   C.A. No. 03-CV-12573-EFH
                                    )
**ONEBEACON INSURANCE COMPANY,**     )   REPLY MEMORANDUM
**ONEBEACON AMERICA INSURANCE**      )   IN SUPPORT OF
**COMPANY, MICHAEL A. SISTO, and**   )   DEFENDANTS' MOTION
**KAREN ALLEN HOLMES**               )   FOR SUMMARY JUDGMENT
                                    )
    **Defendants.**                   )
_____)

      Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively, the "defendants") hereby submit their Reply Memorandum in response to Plaintiff's Opposition[1] to Defendants' Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

      In lieu of addressing the legal arguments advanced in Defendants' Motion for Summary Judgment, Plaintiff's Opposition papers address discovery issues. This strategic decision on the Plaintiff's part has waived Plaintiff's right to argue in opposition to Defendants' arguments and

---

[1] In addition to filing an Opposition to Defendants' Motion for Summary Judgment ("Opposition"), Plaintiff filed a Memorandum of Law in Support of her Opposition. Plaintiff's Memorandum of Law in Support of her Opposition will be denoted "Opposition Memorandum," the Opposition to Defendants' Motion for Summary Judgment will be denoted "Opposition," and both documents together will be denoted "Opposition papers." The phrase "Motion for Summary Judgment" will refer to Defendants' Motion for Summary Judgment and supporting papers unless a specific document filed in support of the Motion is referenced.

authorities presented in their Motion for Summary Judgment. Moreover, Plaintiff's arguments regarding discovery are untimely procedurally and substantively without merit.

Nevertheless, even if this Court were to consider the discovery issues raised in Plaintiff's Opposition, Defendants still prevail on their Motion for Summary Judgment because Plaintiff has: 1) admitted the truth of every statement contained in Defendant's Statement of Material Facts, thereby admitting that she failed to report to work in violation of her final written warning; 2) failed to raise any objection to the arguments raised in support of Defendants' Motion; 3) failed to demonstrate that Defendants' Motion was somehow non-conforming; and 4) failed to demonstrate that the disputed discovery affected Plaintiff's ability to oppose Defendants' Motion in any manner whatsoever.

## **FACTS**

In support of their Motion for Summary Judgment, Defendants submitted their Statement of Undisputed Material Facts ("Defendants' Facts") which contains the facts pertinent to the present motion. By virtue of Plaintiff's failure to controvert Defendants' Facts as required by Local Rule 56.1, Plaintiff has admitted them. *See Stonkus v. City of Brockton Sch. Dept*., 322 F.3d 97, 102 (1st Cir. 2003) (deeming statement of undisputed material facts admitted for failure to controvert them). Accordingly, Defendants are entitled to summary judgment because "Plaintiff has utterly failed to establish a genuine issue of material fact as to the legitimacy of [the Defendants'] proffered explanation" for her termination – Plaintiff's continued failure to report for work in a timely manner in violation of her final written warning. *Deslauriers v. Dole Packaged Foods Co.*, 2001 WL826400 * 3 (D.Mass. 2001).

## **REPLY**

I. **PLAINTIFF'S HAS ABANDONED ANY OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Opposition fails to address any of the arguments raised in Defendants' Motion for Summary Judgment and attempts to address an alleged discovery dispute never brought to Defendants' attention until the filing of the Opposition over two months after the close of discovery. Accordingly Plaintiff's Opposition is deficient on its face, and this Court should not swayed by Plaintiff's attempts to divert the Court's attention from Defendants' Motion for Summary Judgment.

    A. **PLAINTIFF'S OPPOSITION IS NON-CONFORMING**

In Opposition to Defendants' Motion for Summary Judgment, Plaintiff filed a single spaced document addressing discovery issues wholly irrelevant to those raised in Defendants' Motion for Summary Judgment in violation of Local Rules 7.1(B)(4) and 56.1. As such, the Court should disregard Plaintiff's Opposition.

        1. PLAINTIFF HAS WAIVED ANY ARGUMENT IN OPPOSITION TO DEFENDANTS' MOTION

"A party who aspires to oppose a summary judgment motion must spell out his arguments squarely and distinctly, or else forever hold his peace." *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (citing *Sammartano v. Palmas del Mar Prop.*, 161 F.3d 96, 97-98 (1st Cir. 1998); *Paterson-Leitch Co. v. MA Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir.1988)). Despite the fact that the First Circuit has definitively ruled that a party must address every issue or risk waiver, Plaintiff makes no reference to nor argument against <u>any</u> of the legal arguments advanced in Defendants' Motion for Summary Judgment. She neither reserved a right to address Defendants' arguments at a later date, nor requested

additional time to respond. As such, Plaintiff has waived her opportunity to contest Defendants' Motion, and the Court should disregard any such argument that may later be advanced. *See id.* ("district court is free to disregard arguments that are not adequately developed") (citing *McCoy v. MIT,* 950 F.2d 13, 22 (1st Cir.1991) (internal citations omitted)). Plaintiff's failure to file a conforming opposition shifts the burden to "the Court [to] peruse the record with a very critical eye and determine whether the moving party has met its burden of demonstrating undisputed facts that will entitle it to judgment as a matter of law" without the benefit of an opposition. *Gotay Sanchez v. Pereira*, 343 F.Supp.2d 65, 70 (D.P.R. 2004) (citing *Corretjer Farinacci v. Picayo,* 149 F.R.D. 435 (D.P.R. 1993)).

### B. BECAUSE THE DISCOVERY PERIOD CLOSED ON JUNE 1, 2005, PLAINTIFF IS BARRED FROM RAISING DISCOVERY DISPUTES

Failure to raise a discovery motion seeking to compel production of documents prior to the close of the discovery period is grounds for denial of the motion as untimely. *See Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 621 (D.Nev. 1999) (finding untimely a motion to compel filed by the plaintiff after the discovery period closed and after the defendant's filing of a motion for summary judgment); *In re Health Mgmt.*, 1999 WL 33594132 * 5-6 (E.D.N.Y. 1999) (upholding magistrate's decision to deny motion to compel as untimely filed after the close of discovery) (string citation omitted); *Barnes v. Madison*, 79 Fed.Appx. 691, 699 (5th Cir. 2003) (upholding denial of the plaintiff's motion to compel filed in the days immediately prior to close of discovery where the plaintiff had received the defendants' objections to the discovery requests months earlier); *Thomas v. City of Cleveland*, 57 Fed.Appx. 652, 654 (6th Cir. 2003) (upholding denial of *pro se* plaintiff's motion to compel after a twice-extended discovery deadline); *Gray v. Southwest Airlines, Inc.*, 33 Fed.Appx. 865, 867 (9th Cir. 2002) (upholding denial of motion when, even if construed as a motion to compel disclosure, party clearly missed trial court's

deadline for filing); *Firefighters' Inst. for Racial Equality v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (en banc) (upholding denial of motion to compel filed three days after the close of discovery and eleven days after the close of the time for filing motions to compel); *Greene v. Swain Co. P'ship for Health*, 342 F.Supp.2d 442, 449 (W.D.N.C. 2004) (motion to compel filed twenty-one days after the discovery deadline and six days after the motions deadline was untimely).

Because Plaintiff's Opposition addresses none of the arguments raised in Defendants' Motion for Summary Judgment and instead purports to raise discovery issues, Plaintiff's Opposition is essentially a discovery motion. Accordingly, Plaintiff was required to confer with Defendants prior to the filing of her motion. *See* L.R.Civ.Pro. 7.1. Contrary to Rule 7.1 requirements, Plaintiff never alerted Defendants to her concern that Defendants' latest response to discovery requests was in any way insufficient even after Plaintiff's receipt of three proposed confidentiality agreements on three separate occasions over the course of two months. (*See* Declaration of Leah M. Moore ("Moore Declaration"), ¶¶ 15, 25). Instead, Plaintiff waited until Defendants filed their Motion for Summary Judgment which neither included nor referenced any of the discovery allegedly at issue to raise her concerns to Defendants and/or the Court regarding Defendants' production nearly three months earlier. Accordingly, Plaintiff's Opposition is not only untimely, the undue delay in the filing of the motion has potentially prejudiced Defendants. *See id.* ("'If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely.' '[T]he requesting party cannot delay a motion to compel with impunity.'") (internal citations omitted). The Court should disregard the discovery arguments as a matter of law. *See id.*

5

## II.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS PROCEDURALLY APPROPRIATE

Plaintiff opposes Defendants' Motion for Summary Judgment on multiple[2] grounds. Plaintiff's arguments related to procedural appropriateness are addressed below.

### A.  DEFENDANTS COMPLIED WITH THE RULES FOR SERVICE

#### 1.  SERVICE IS COMPLETE UPON ELECTRONIC FILING

In her Opposition, Plaintiff argues that Defendants failed to serve her with their Motion for Summary Judgment. Rule 5 of the Federal Rules of Civil Procedure states "[s]ervice by electronic means is complete on transmission." Fed.R.Civ.P. 5; Local Rule 5.2 (adopting service requirements specified in Fed.R.Civ.P. 5). Throughout the instant litigation, Defendants have filed documents electronically in accord with the United States District Court for the District of Massachusetts's September 3, 2003 General Order and this Court's April 1, 2005 Order. Despite the fact that service is complete upon electronic transmission, Defendants have with each electronic filing provided courtesy copies to both the Court and Counsel for Plaintiff. (*See* Moore Declaration, ¶¶ 7, 17). At no time during this litigation has Counsel for Plaintiff indicated that she cannot receive electronic service. (*See id.* at ¶ 8).

In accord with their usual practice, in addition to serving Plaintiff electronically, Defendants' placed a courtesy copy of their Motion in the mail to Plaintiff on July 21, 2005. (*See id.* at ¶ 17). This package contained Plaintiff's Counsel's correct address as well as Defendants' Counsel's correct return address. (*Id.*) To date, the package has not been returned via mail service to Defendants. (*Id.*). Moreover, in her July 25, 2005 letter to Defendants, Plaintiff's

---

[2] Plaintiff's Opposition states four grounds upon which Plaintiff argues Defendants' Motion for Summary Judgment should be denied. (Opposition, p. 1). Plaintiff's Opposition Memorandum cites three additional reasons why Defendants' Motion should be denied. (Opposition Memorandum, p. 1). Defendants will therefore address each ground cited in the Opposition papers.

Counsel stated that she had viewed the document on PACER, and in Plaintiff's Emergency Motion, Plaintiff's Counsel quotes from the actual documents filed in connection with Defendants' Motion. (*See id.* at ¶ 20; Plaintiff's Emergency Motion to Seal, pp. 1-2 ). Such behavior gives rise to the inference that service was effectuated.

        2.      DEFENDANTS TWICE OFFERED TO PROVIDE PLAINTIFF
WITH AN ADDITIONAL COPY OF DEFENDANTS' MOTION

Once Defendants' Counsel was made aware that Plaintiff's Counsel claimed she had not received the courtesy copy, Defendants' Counsel stated in writing that she would provide Plaintiff with another copy of the Motion if necessary. (*See* Moore Declaration, ¶ 21). Plaintiff's Counsel never responded to Defendants' offer. (*Id.*).

On July 29, 2005, after communicating with Clerk Holahan, Defendants' provided the Court with an exact copy of the summary judgment papers originally filed and served upon the Court with the lone exception that the papers were marked "SEAL" instead of "COURTESY COPY." (*See id.* at ¶¶ 22-24). When Plaintiff's Counsel complained that she had not received an additional copy of papers filed on July 29, 2005, Defendants explained that the papers submitted under seal were identical to those originally filed with the exception that they were marked "SEAL." (*See id.* at ¶ 24). Defendants further explained that even though these were the exact same papers previously served, they would happily provide Plaintiff with a second copy should she so desire. (*Id.*). Plaintiff never responded to Defendants' offer. (*Id.*).

Given that Defendants served Plaintiff both electronically and by courtesy copy and twice agreed to produce a third courtesy copy to Plaintiff's Counsel should it be necessary, Plaintiff was properly served with Defendants' Motion for Summary Judgment and supporting documents in accord with both the Federal and Local Rules of Civil Procedure.

### B.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT COMPLIES WITH THE COURT'S ORDER PURSUANT AND LOCAL RULE 7.1(B)(4)

#### 1. PROCEDURAL HISTORY

Subsequent to the filing of Defendants' Motion for Summary Judgment, Plaintiff filed an Emergency Motion to Seal Defendants' Motion ("Plaintiff's Emergency Motion to Seal"). In addition to seeking leave to file the documents under seal, in her closing sentence Plaintiff also made several additional requests. (*See id.*, pp. 2-3). There, Plaintiff requested fourteen additional days to file her Opposition and requested that the Court require Defendants' to file a Motion for Summary Judgment that did not exceed forty pages seven days after the Court ruled on her motion. (*See id.*). Defendants did not oppose Plaintiff's Emergency Motion to Seal to the extent it was reviewed by the Court as a simple request for documents to be filed under seal and did not include the two additional requests in Plaintiff's closing sentence. (*See* Defendants' Response to Plaintiff's Emergency Motion to Seal). Plaintiff now contends that when the Court granted her Motion, it also granted her request that Defendants re-file a Motion for Summary Judgment that did not exceed 40 pages seven days from the Court's ruling.

#### 2.  Defendants' Motion Complies With the Court's Order

On June 15, 2005, Defendants moved this Court for an extension of the twenty page limit set by Rule 7.1(B)(4) for memoranda in support of motions. (*See gen.*, Defendants' Motion to Enlarge Page Limit). Specifically, "Defendants' request[ed] that they be permitted to file a memorandum of law that is not in excess of forty double-spaced pages." (*Id.*, p.1). Plaintiff never responded to the filing of Defendants' Motion, and the Court granted Defendants' Motion on June 29, 2005. On July 29, 2005, Defendants' submitted their Motion for Summary Judgment with supporting documents for the Court to file under seal in accord with the Court's Order. (*See* Moore Declaration, ¶ 24). Defendants' Memorandum of Law in Support of it

Motion was 35 pages. (*See id.* at ¶ 18). Despite explaining to Plaintiff that Defendants' Motion for Summary Judgment complied with the Court's Order, Plaintiff continues to insist that Defendants' Motion is non-conforming. (*See id.* at ¶ 24; Opposition, p. 1).

  C.  THE INCLUSION OF PLAINTIFF'S SOCIAL SECURITY NUMBER ON ONE EXHIBIT WAS INADVERTENT

  Local Rule 5.3(A) requires parties to redact only the following information prior to electronically filing: 1) social security numbers; 2) names of minor children; 3) dates of birth; and 4) financial account numbers. *See* L.R.Civ.P. 5.3(A)(1-4). The rule is devoid of any requirement that medical records, mailing or residential addresses, or the simple fact that a spouse is employed be redacted from the record or otherwise filed under seal. *See id.* Notwithstanding the absence of legal requirement, Defendants did not oppose Plaintiff's Motion to Seal Defendants' entire Motion for Summary Judgment. (*See gen.*, Defendants' Response to Plaintiff's Emergency Motion to Seal).

  Defendants' Counsel inadvertently failed to redact Plaintiff's social security number as it appears in her records produced by Counsel for Lahey Clinic annexed to Defendants' Motion for Summary Judgment at Tab LL of Declaration of Leah M. Moore. Despite Plaintiff's contention that the inclusion of such information was motivated by malicious intent, Plaintiff has no evidentiary support for her assertion that Counsel intentionally included this information on one of forty-eight exhibits for the sole purpose of harming Plaintiff. To the contrary, it was Defendants' Counsel who attempted to engage Plaintiff's Counsel in discussion about a confidentiality agreement, and it was Plaintiff's Counsel who ignored and later rebuffed Defendants' Counsel's efforts. (*See* Moore Declaration, ¶¶ 15, 25-26).

  Moreover, Plaintiff fails to cite to authority for the proposition that Defendants' should be sanctioned for their solitary failure to redact a personal identifier. Instead, Plaintiff cites to case

9

law for the general proposition that a court possesses the inherent authority to sanction a party for egregious conduct, a proposition Defendants do not dispute. To argue that Defendants' Counsel's disclosure of a single item of Plaintiff's personal data in one of forty-eight exhibits contained in a document Defendants' neither created nor produced was intentional and egregious is wholly illogical, particularly in light of the fact that Defendants' attempted to rectify the situation by offering to file all of their exhibits under seal when Plaintiff made them aware of the inclusion of information Plaintiff believed was confidential. (*See id.* at ¶ 21).

Plaintiff further suggests that Defendants acted in bad faith when they re-filed Defendants' Motion for Summary Judgment. (Opposition, p.4). This proposition is wholly unfounded. Defendants' Counsel re-filed Defendants' Motion for Summary Judgment upon instruction from Clerk Holahan after both Clerk Holahan and Defendants' Counsel realized that the Motion for Summary Judgment had been filed incorrectly under the Declaratory Judgment motion heading. (*See id.* at ¶ 19). Correcting this was a simple administrative matter and in no way prejudice to Plaintiff.

### D.    DEFENDANTS WERE NOT REQUIRED TO FILE THEIR MOTION FOR SUMMARY JUDGMENT UNDER SEAL

Plaintiff fails to cite any authority for her assertion that Defendants were required to seek leave of Court to file their entire Motion for Summary Judgment under seal. Given Plaintiff's refusal to agree to a confidentiality agreement, Defendants were unaware that Plaintiff would have required these documents be filed under seal, particularly after Plaintiff failed to object when similar medical records were filed electronically in support of Defendants' Motion to Conduct Rule 35 Examination. (*See* Exhibit A and B(1) to Defendants' Motion to Conduct Rule 35 Examination). Nonetheless, in response to Plaintiff's July 25, 2005 letter expressing her belief that confidential information was wrongfully included, Defendants' immediately offered

10

in writing to file a motion requesting that the Court file Defendants' exhibits under seal – a document Plaintiff included in support of her own motion requesting the Court require Defendants' to re-file their motion under seal. (*See* Exhibit D to Plaintiff's Emergency Motion to Seal; Moore Declaration, ¶ 21). Plaintiff now seeks to punish Defendants and their Counsel for their attempts to comply with Plaintiff's request that Defendants' entire Motion for Summary Judgment be filed under seal – a position that is nonsensical.

### E. DEFENDANTS HAVE ACTED IN ACCORD WITH THE RULES OF THIS COURT AND THE LAWS OF THE UNITED STATES

In her Opposition Memorandum, Plaintiff asserts that "Defendants have violated federal laws and the Rules of this Court." (Opposition Memorandum, p. 1). However, Plaintiff fails to identify any federal laws or rules of the Court Defendants have broken. (*See gen., id.*). Defendants and their Counsel state definitively that they have not intentionally, nor even inadvertently, so far as they aware, violated any rules of this Court or laws of the United States.

### III. PLAINTIFF HAS FAILED TO DEMONSTRATE THAT THE DISPUTED DISCOVERY AFFECTED HER ABILITY TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In lieu of addressing the issues raised in Defendants' Summary Judgment Motion, the entirety of Plaintiff's Opposition papers is devoted to arguing a discovery motion. As previously noted, discovery disputes must be addressed prior to the close of discovery or the dispute is waived. (*See* Section II(B), *supra*). Nevertheless, were the Court to decide that federal procedure permits a discovery dispute to be raised two months after the close of discovery in an opposition to motion for summary judgment without prior notice to or discussion with opposing counsel of the moving party's concern, Defendants have complied to the best of their ability with this Court's Discovery Orders.

11

### A.    DEFENDANTS HAVE COMPLIED WITH THE COURT'S DISCOVERY ORDERS

Despite Plaintiff's contention, Defendants have produced appropriate documents and information responsive to Plaintiff's discovery requests. Of the nineteen discovery requests[3] addressed in Plaintiff's Opposition, Defendants have produced all available responsive documents and information for seventeen of the requests. (*See gen.*, Appendix A). Moreover, Defendants have compiled information not previously recorded by OneBeacon and created documents that did not otherwise exist in an effort to comply with the Court's Order, arguably producing work product in an effort to comply. (*See* Appendix A, Interrogatories 12, 23; Document Requests 23-25; Moore Declaration, ¶ 27). Nevertheless, Plaintiff continues to assert without basis that Defendants have additional information in their possession, custody, or control in spite of Defendants repeated written representations that it possesses no additional information.

For the two requests for which OneBeacon has withheld documents, while OneBeacon has compiled the information and offered it to Plaintiff, it has not been willing produce it without a basic, customary confidentiality agreement. (*See* Appendix A, Document Requests 28, 32). When Defendants served their May 23, 2005 document production, they did so with a cover letter advising Plaintiff that the documents marked confidential would be subject to a forth-coming confidentiality agreement, and if Plaintiff would not agree to this stipulation, she should return the documents without copying or reviewing them. (*See* Moore Declaration, ¶¶ 12-13). Plaintiff maintained possession of the documents and never indicated that she would not agree to a confidentiality agreement. (*See id.* at ¶ 14). Defendants presented a proposed confidentiality

---

[3] In an effort to ease the Court's review of Defendants' Reply, Defendants have thoroughly addressed each of Plaintiff's Discovery Requests in detail in Appendix A. For ease of review Appendix A includes only Plaintiff's discovery request and an explanation of Defendants' compliance with the Court's Orders. Defendants have omitted their objections as they are irrelevant to the instant motion, but this omission is not meant to imply waiver of the objections.

agreement to Plaintiff for her review on June 9, 2005. (*See id.* at ¶ 15). Thereafter, Defendants approached Plaintiff on July 1, 2005 and August 5, 2005 regarding the status of the proposed confidentiality agreement. (*See id.* at ¶¶ 15, 25). Plaintiff ignored Defendants' overtures until August 5, 2005 when she simply stated that "employee names and other identifying information should be redacted." (*See id.* at ¶ 25).

OneBeacon cannot properly produce documents in response to Request No. 28 without a confidentiality agreement because the documents relate directly to the health records of OneBeacon employees with information so specific to the individual that even if the employee's name were redacted, Plaintiff would be able to identify to which employee the records belonged. (*See* Appendix A, Interrogatory 28). These other employees have not chosen to put their medical condition at issue. Additionally, OneBeacon cannot properly produce documents in response to Request No. 32 because the documents are confidential pleadings filed in other OneBeacon lawsuits where the parties are bound by confidentiality agreements, breach of which could subject OneBeacon to liability and potential revocation of settlement agreements. (*See* Appendix A, Document Request 32). Accordingly, any delay in production of this information is a direct result of Plaintiff's two month failure to respond to Defendants' proposed confidentiality agreement, and Plaintiff's request for Rule 37 sanctions should be denied.

    **B.**    **THE EVIDENCE OFFERED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WAS EXCHANGED DURING THE DISCOVERY PERIOD**

In the final paragraph of her February 28, 2005 Motion to Compel, Plaintiff requested that the Court "bar Defendants from giving testimony and/or submitting evidence in their defense at the time of summary judgment and/or trial on each request and/or issue not satisfied." (Plaintiff's Second Rule 37 Motion to Compel Discovery, p. 15). Plaintiff now argues that in allowing her motion, the Court also granted her request that Defendants be barred from

incorporating certain information in their Motion for Summary Judgment.  Plaintiff offers no authority other than her February 28, 2005 Motion to Compel in support of her contention.

      Despite Plaintiff's contention that Defendants are barred from offering evidence in support, Plaintiff makes no allegation that the documents allegedly at issue in her Opposition are necessary to her ability to defeat summary judgment.  Moreover, her Opposition is wholly devoid of any mention of the utility of the documents.  "Moving papers must contain a proffer which, at a bare minimum, <u>articulates a plausible basis for the movant's belief that previously undisclosed or undocumented facts exist</u>, that those facts can be secured by further discovery, and that, <u>if obtained there is some credible prospect that the new evidence will create a trialworthy issue</u>." *Mowbray v. Waste Mgmt. Holdings, Inc.*, 45 F.Supp.2d 132, 142 (D.Mass. 1999) (Young, J.) (emphasis added) (interpreting Rule 56(f) motion for continuance) (citing *MA Sch. of Law at Andover, Inc. v. Am. Bar Assoc.*, 142 F.3d 26, 44 (1st Cir. 1998)).  "Thus [Plaintiff's] purported need for discovery [as set forth in her Opposition papers] is unavailing because, even if evidence [requested] was found, it would not be 'capable of breathing life into [Plaintiff's] claim or defense.'" *Id.* (citing *Mattoon v. City of Pittsfield*, 980 F.2d 1, 7 (1st Cir. 1992)).

      Moreover, all documents offered in support of Defendants' Motion for Summary Judgment are those which were exchanged over the course of discovery either in response to requests from the parties or to Defendants' subpoena of Plaintiff's medical records.  Plaintiff has made no argument that any of the documents offered in support of Defendants' Motion are those to which she was denied access or those allegedly at issue in Plaintiff's Opposition.  Accordingly, even if the Court granted Plaintiff's request that Defendants' be barred from introducing evidence they allegedly failed to produce, Defendants must prevail on their Motion

14

for Summary Judgment since none of the documents in dispute are referenced nor offered in support their Motion. *See Over the Road Drivers, Inc. v. Transport Ins. Co.*, 637 F.2d 816, 820-21 (1st Cir. 1980) (absence of discovery does not preclude award of summary judgment where party had ample time to begin discovery prior to summary judgment and did not request district court to postpone summary judgment).

## CONCLUSION

Given that Plaintiff has 1) admitted that she failed to report to work in violation of her final written warning; 2) failed to raise any objection to the arguments raised in support of Defendants' Motion; 3) failed to demonstrate that Defendants' Motion was somehow non-conforming; and 4) failed to demonstrate that the evidence offered in support of Defendants' Motion was part of a discovery dispute, Defendant respectfully requests that the Court grant its Motion for Summary Judgment in its entirety and deny the requests set forth in Plaintiff's Opposition papers.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

Dated: August 22, 2005        /s/ Leah M. Moore_____
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

CERTIFICATE OF SERVICE

      I, Leah M. Moore, hereby certify that on this 22nd day of August 2005, I caused a true and correct copy of the foregoing to be served via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

                                        /s/ Leah M. Moore_____
                                        Leah M. Moore