**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BERNADINE T. GRIFFITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. )<br>) | C.A. No. 03-CV-12573-EFH<br><br>REPLY DECLARATION OF<br>LEAH M. MOORE IN FURTHER<br>SUPPORT OF DEFENDANTS'<br>MOTION FOR<br>SUMMARY JUDGMENT |

I, LEAH M. MOORE, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1. I am an associate at the law firm of Morgan, Brown & Joy, LLP, 200 State Street, Boston, Massachusetts 02109, telephone number (617) 523-6666, attorneys for Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto, and Karen Allen Holmes (collectively, "Defendants") in the above captioned matter. I have been affiliated with the instant litigation since March 2004, and as such, am familiar with the pleadings and proceeding to date.

2. This Declaration is based upon personal knowledge and information provided by OneBeacon.

3. In 1999, General Accident merged with OneBeacon. As a result of the merger, the newly formed company instituted a new computer system for maintenance of

records. As a result of the new computer system, OneBeacon has only retained information for its current employees since 1999 and for those employee no longer in the company's employ for the three years immediately following their departure from the company.

4. To date, OneBeacon does not now and has not since 1999 tracked or recorded information related to the disability status of its employees.

5. To date, OneBeacon does not now and has not since 1999 tracked or recorded information related to requests for accommodation made by employees.

6. At present, OneBeacon does not maintain records of the technical training courses taken by its employees.

7. It is my usual practice to file documents with the Court electronically and to serve both the Court and opposing counsel with courtesy copies.

8. At no time has Plaintiff's Counsel indicated that she is unable to receive electronic service.

9. On July 6, 2004, Defendants' served Plaintiff with their Rule 26.1 Disclosure Statement. This document was supplemented or otherwise amended by Defendants to include additional information three times. A vast majority of the individuals listed as those possessing knowledge or information were those identified by Plaintiff in her Verified Complaint.

10. On October 18, 2004 via hand delivery, OneBeacon produced company-wide benefits information for the benefits to which Plaintiff was entitled as Bates stamped document numbers DEF 0388 – DEF 0550.

11. On November 11, 2004, OneBeacon produced via hand delivery

individual benefits information specific to Plaintiff at Bates stamped document numbers DEF 0606 – DEF 0622.

12. On May 23, 2005, Defendants served Plaintiff with supplemental responses to discovery requests which included Bates stamped documents numbered DEF 0292 – DEF 1349 via hand delivery. (*See* Exhibit A*,* the May 23, 2005 letter to Kathleen Hill from Leah M. Moore). This production was in response to the Court's March 15, 2005 Order allowing Plaintiff's Motion to Compel.

13. In the letter accompanying Defendants' May 23, 2005 production, Defendants indicated that Bates stamped documents numbered DEF 0887 – DEF 1349 contained confidential employee information that "[would] be subject to and retroactively incorporated in the upcoming confidentiality agreement." (*Id.*). The letter further indicated that if Counsel was "unwilling to agree to these [above described] terms, [Counsel should] please return all of the documents without making photo copies before 11:00 a.m. Monday, May 23, 2005. Defendants w[ould] then reproduce these documents after the confidentiality agreement ha[d] been executed and approved by the Court." (*Id.*).

14. To date, Plaintiff's Counsel has maintained possession of Bates stamped documents numbered DEF 0887 – DEF 1349.

15. On June 9, 2005, I sent a proposed confidentiality agreement to Counsel for Plaintiff for her review. (*See* Exhibit B*,* the June 9, 2005 letter to Kathleen Hill from Leah M. Moore). I indicated that Defendants had additional documents ready for production, but could not produce them until the parties entered into a confidentiality agreement. (*See id.*). When Plaintiff's Counsel failed to respond, in any way, to the proposed confidentiality agreement, I provided her with an additional copy of the

agreement on July 1, 2005. At that time, I again indicated that responsive documents were ready for production subject to the parties entering into a confidentiality agreement as previously. (*See* Exhibit C, the July 1, 2005 letter to Kathleen Hill from Leah M. Moore).

16. On June 16, 2005 and July 5, 2005, I contacted the Massachusetts Commission Against Discrimination in an effort to obtain records related to any and every Charge of Discrimination filed against OneBeacon and/or its predecessors. (*See* Exhibits D and E, the June 16, 2005 and July 5, 2005 letters to Jeff Turner from Leah M. Moore, respectively).

17. In accord with my usual practice, on July 21, 2005, Defendants' placed a courtesy copy of their Motion for Summary Judgment and supporting papers in the U.S. mail. (*See* Exhibit F, the Declaration of Nancy J. Weymouth, ¶ 2). This package contained Plaintiff's Counsel's rightful address as well as Defendants' Counsel's rightful return address. (*See id.*). To date, the package has not been returned via mail service to Defendants. (*See id.* at ¶ 3).

18. Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment was 35 pages. (*See gen.*, Memorandum of Law in Support of Defendants' Motion for Summary Judgment).

19. On July 22, 2005, I communicated with Clerk Holahan regarding Defendants' concern that their Motion for Summary Judgment had been electronically filed under the Declaratory Judgment heading. Clerk Holahan instructed me to re-file the Motion under the correct heading.

20. On July 25, 2005, Plaintiff's Counsel indicated that upon review of

4

Defendants' Motion for Summary Judgment and supporting documents, she believed Defendants had revealed Plaintiff's confidential information. (*See* Exhibit G, the July 25, 2005 letter to Leah M. Moore from Kathleen Hill).

21.  On July 25, 2005, in response to Plaintiff's Counsel concern, Defendants' indicated that while they did not believe information contained in their supporting documents was confidential, they would seek leave of Court to file the exhibits to Defendants' Motion for Summary Judgment under seal. (*See* Exhibit H, the July 25, 2005 letter to Kathleen Hill from Leah M. Moore).  Defendants further indicated that they would provide Plaintiff with an additional copy of Defendants' Motion for Summary Judgment should Plaintiff require. (*See id.*)  Counsel never responded to Defendants' offer.

22.  On July 28, 2005, I communicated with Clerk Holahan regarding how the Court wished Defendants' to handle the filing under seal of Defendants' Motion for Summary Judgment and supporting papers.  Clerk Holahan instructed me to resubmit the same Summary Judgment papers originally filed replacing the "COURTESY COPY" stamp with a "Seal" stamp.

23.  On July 29, 2005, after communicating with Clerk Holahan, Defendants' provided the Court with an exact copy of the summary judgment papers originally filed and served upon the Court with the lone exception that the papers were marked "SEAL" instead of "COURTESY COPY."

24.  When Plaintiff's Counsel complained that she had not received an additional copy of papers filed on July 29, 2005, Defendants explained that the papers submitted under seal were identical to those originally filed with the exception that they

were marked "SEAL." (*See* Exhibit I*,* the August 3, 2005 letter to Kathleen Hill from Leah M. Moore).  Defendants further explained that even though these were the exact same papers previously served, they would provide Plaintiff with a second copy should she so desire. (*See id.*).  Plaintiff never responded to Defendants' offer.

25. On August 5, 2005, Defendants sent a third proposed confidentiality agreement to Counsel for Plaintiff.  (*See* Exhibit J*,* the August 5, 2005 letter to Kathleen Hill from Leah M. Moore).  Counsel remained silent on her position regarding the confidentiality order and instead indicated that "employee names and other identifying information should be redacted." (*See* Exhibit K*,* the August 5, 2005 letter to Leah M. Moore from Kathleen Hill).

26. Plaintiff failed to acknowledge Defendants' efforts to establish a straight-forward confidentiality agreement for the third time in two months, and on August 8, 2005, Defendants presumed that counsel's previous agreement to enter into a confidentiality agreement was being repudiated. (*See* Exhibit L*,* the August 8, 2005 letter to Kathleen Hill from Leah M. Moore).

27. In an attempt to comply with the Court's September 14, 2004 Order, OneBeacon conducted a company-wide inquiry of all managerial employees to determine if any of those managers had received requests for accommodations and if so, whether those requests had been granted or denied.  Defendants served Plaintiff with Bates stamped documents numbered DEF 2165 - DEF 2603 compiled in response to the company-wide inquiry on August 12, 2005, despite their confidentiality concerns. (*See* Exhibit M*,* the August 12, 2005 letter to Kathleen Hill from Leah M. Moore). These documents had been ready for production since June 9, 2005, but were not produced

because Defendants were awaiting Plaintiff's response to the proposed confidentiality order.

Dated:       Boston, Massachusetts
             August 22, 2005

          ___/s/ Leah M. Moore_____
          Leah M. Moore (BBO No. 658217)
          MORGAN, BROWN & JOY, LLP
          200 State Street
          Boston, Massachusetts  02109
          617-523-6666 (phone)
          617-367-3125 (fax)

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, Kathleen J. Hill, Law Office of Kathleen J. Hill, 92 State Street, Boston, MA 02109, by first-class mail this 22nd day of August 2005.

          _/s/ Leah M. Moore_____
          Leah M. Moore