UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
BERNADINE T. GRIFFITH               )
                                    )
            Plaintiff,              )
                                    )
v.                                  )   C.A. No. 03-CV-12573-EFH
                                    )
ONEBEACON INSURANCE COMPANY,        )   DEFENDANTS' OPPOSITION
ONEBEACON AMERICA INSURANCE         )   TO PLAINTIFF'S MOTION
COMPANY, MICHAEL A. SISTO, and      )   FOR DEFAULT JUDGMENT
KAREN ALLEN HOLMES                  )
                                    )
            Defendants.             )
_____)

Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively, "Defendants") hereby submit their Opposition to Plaintiff's Motion for Default Judgment ("Motion").

## PRELIMINARY STATEMENT

Defendants have made every effort to comply with the Court's Orders compelling their response to Plaintiff's discovery requests. Nevertheless, Plaintiff insists that Defendants' compliance is deficient despite the fact that, to date, they have produced nearly two thousand (2000) pages of Bates stamped documents and supplemented their Rule 26.1 Statement three times, their response to Plaintiff's subpoena *duces tecum* four times, their answer to interrogatories two times, and their responses to document requests two times. Defendants have gone so far as to produce arguably privileged discovery in the form of company-wide email

inquiries sent to OneBeacon managerial employees nationwide in an effort to compile information about requests for accommodations and employee disability status that it, consistent with federal law, does not keep in the ordinary course of business.

Notwithstanding Defendants' every effort to comply with discovery, Plaintiff now approaches the Court seeking the most serious of sanctions – entry of default – arguing that Defendants have intentionally withheld production in defiance of the Court's Orders. No allegation could be further from the truth as evidenced by Defendants' plentiful document production, diligent effort to supplement discovery in a timely manner, and Plaintiff's utter failure to point to any evidence suggesting Defendants are wrongfully withholding responsive documents. Accordingly, the Court should deny Plaintiff's Motion for Default Judgment.

## **ARGUMENT**

**I.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS PROCEDURALLY IMPROPER**

Rule 55 of the Federal Rules of Civil Procedure discusses the procedure for entry of a default judgment. *See* Fed.R.Civ.P. 55. Though Plaintiff has entitled the instant Motion as one for default judgment, it appears that Plaintiff argues for sanctions pursuant to Rule 37(b)(2)(B-C), rules permitting the Court to impose sanctions upon a party that disobeys a discovery order following approval of a motion to compel. *See* Fed.R.Civ.P. 37(b). Because Plaintiff seeks sanctions based upon Defendants' alleged failure to respond to the Court's Orders compelling discovery, Defendants respond to Plaintiff's Motion as if it were styled Motion for Rule 37 Sanctions.

### A.     PLAINTIFF FAILED TO CONDUCT A LOCAL RULE 37.1 CONFERENCE

Local Rule 37.1 requires that before filing "any motion for sanctions or for a protective order, counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest extent possible." L.R.Civ.P. 37.1(A).  Plaintiff failed to adhere to Local Rule 37.1's requirements.  Specifically, Plaintiff failed to give Defendants <u>any notification</u> that she believed their response to discovery was insufficient despite the fact that Defendants contacted her three times over the course of two months regarding approval of language in a proposed confidentiality agreement. (*See* Declaration of Leah M. Moore, "Moore Declaration" ¶¶ 17-18, 29-30).  Not until Plaintiff filed her Opposition to Defendants' Motion for Summary Judgment over two months after Defendants served Plaintiff with their additional response to discovery requests pursuant to the Court's March 2005 Order did Plaintiff give any indication that she believed Defendants' production was deficient.

Despite Defendants' production, in her Motion, Plaintiff represents to the Court that Defendants failed to respond in any substantive manner to the Court's Order compelling discovery – a position that is entirely without merit. (*See id.* at ¶¶ 16, 31; Motion, pp. 2, 6, 7).  Given Plaintiff's disregard for Local Rule 37.1, the unexplained lapse of time during which she did not address her belief that Defendants' production was insufficient, and her erroneous suggestion to the Court that Defendants failed to comply with the Court's Discovery Orders, this Court should deny Plaintiff's Motion for its procedural defectiveness.

### B.     PLAINTIFF FAILED TO CITE TO THE RECORD

In addition to her failure to confer with Defendants prior to submission of the instant Motion, Plaintiff includes a "Statement of Facts" that is devoid of citations to the record or to an affidavit. (*See* Motion, p. 2).  Accordingly, this portion of her Motion must be disregarded as it

fails to comply with Local Rule 7.1(B) which requires a party to file an affidavit or other document setting forth or evidencing facts on which the motion is based. *See* L.R.Civ.P. 7.1(B)(1). Given Plaintiff's failure to include an affidavit or declaration in support of her Motion, the statement should be disregarded in its entirety. Coupled with her failure to inform and confer with Defendants prior to service of the instant Motion, Plaintiff's failure to cite to the record in her purported "Statement of Facts" renders her Motion procedurally defective on its face. As such, the Motion should not be considered by the Court.

II. **PLAINTIFF'S ACCUSATIONS LACK EVIDENTIARY BASES AND HER CONCLUSIONS LACK A LEGAL FOUNDATION**

Assuming the Court were to permit Plaintiff to file a procedurally defective motion, Plaintiff's Motion for Default Judgment fails because Plaintiff cannot demonstrate that Defendants acted in violation of the Court's Order. Further, in support of her Motion, Plaintiff argues that default judgment is warranted for several procedural grounds related to Defendants' Motion for Summary Judgment, all of which are without merit. While Defendants do not concede that such an argument is appropriately set forth in a Motion for Rule 37 Sanctions inappropriately titled Motion for Default Judgment, they nevertheless addresses these issues below in an effort to ensure that the record is both clear and complete.

   A. **DEFENDANTS COMPLIED WITH THE RULES FOR SERVICE**

      1. **SERVICE IS COMPLETE UPON ELECTRONIC FILING**

Plaintiff argues that entry of default is warranted because of Defendants' alleged failure to serve her with their Motion for Summary Judgment. Rule 5 of the Federal Rules of Civil Procedure states "[s]ervice by electronic means is complete on transmission." Fed.R.Civ.P. 5; L.R.Civ.P. 5.2 (adopting service requirements specified in Fed.R.Civ.P. 5). Throughout the instant litigation, Defendants have filed documents electronically in accord with the United

4

States District Court for the District of Massachusetts's September 3, 2003 General Order and this Court's April 1, 2005 Order. (*See* Moore Declaration, ¶ 7). Despite the fact that service is complete upon electronic transmission, Defendants have with each electronic filing provided courtesy copies to both the Court and Counsel for Plaintiff. (*See id.*). At no time during this litigation has Counsel for Plaintiff indicated that she cannot receive electronic service. (*See id.* at ¶ 8).

In accord with their usual practice, in addition to serving Plaintiff electronically, Defendants placed a courtesy copy of their Motion in the mail to Plaintiff on July 21, 2005. (*See id.* at ¶¶ 7, 21 ). This package contained Plaintiff's Counsel's correct address as well as Defendants' Counsel's correct return address. (*See id.* at ¶ 21). To date, the package has not been returned via mail service to Defendants. (*See id.*). Moreover, in her July 25, 2005 letter to Defendants, Plaintiff's Counsel stated that she had viewed the document on PACER, and in Plaintiff's Emergency Motion, Plaintiff's Counsel quotes from the actual documents filed in connection with Defendants' Motion. (*See id.* at ¶ 24; Plaintiff's Emergency Motion to Seal, pp. 1-2 ). Such behavior gives rise to the inference that service was effectuated.

    2.  DEFENDANTS TWICE OFFERED TO PROVIDE PLAINTIFF
       WITH AN ADDITIONAL COPY OF DEFENDANTS' MOTION

Once Defendants' Counsel became aware that Plaintiff's Counsel claimed she had not received the courtesy copy, Defendants' Counsel stated in writing that she would provide Plaintiff with another copy of the Motion if necessary. (*See* Moore Declaration, ¶ 25). Plaintiff's Counsel never responded to Defendants' offer. (*Id.*).

On July 29, 2005, after communicating with Clerk Holahan, Defendants' provided the Court with an exact copy of the summary judgment papers originally filed and served upon the Court with the lone exception that the papers were marked "SEAL" instead of "COURTESY

5

COPY." (*See id.* at ¶¶ 28-29).  When Plaintiff's Counsel complained that she had not received an additional copy of papers filed on July 29, 2005, Defendants explained that the papers submitted under seal were identical to those originally filed with the exception that they were marked "SEAL." (*See id.* at ¶ 28).  Defendants further explained that even though these were the exact same papers previously served, they would happily provide Plaintiff with a second copy should she so desire. (*See id.*).  Plaintiff never responded to Defendants' offer. (*Id.*).

Given that Defendants served Plaintiff both electronically and by courtesy copy and twice agreed to produce a third courtesy copy to Plaintiff's Counsel should it be necessary, Plaintiff was properly served with Defendants' Motion for Summary Judgment and supporting documents in accord with both the Federal and Local Rules of Civil Procedure.

    **B.**    **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT COMPLIED WITH THE COURT'S ORDER PURSUANT TO LOCAL RULE 7.1(B)(4)**

        1.    PROCEDURAL HISTORY

Subsequent to the filing of Defendants' Motion for Summary Judgment, Plaintiff filed an Emergency Motion to Seal Defendants' Motion ("Plaintiff's Emergency Motion to Seal").  In addition to seeking leave to file Defendants' entire Motion under seal, in her closing sentence Plaintiff also made several more requests. (*See id.*, pp. 2-3).  There, Plaintiff requested fourteen additional days to file her Opposition and requested that the Court require Defendants' to file a Motion for Summary Judgment that did not exceed forty (40) pages seven (7) days after the Court ruled on her motion. (*See id.*).  Defendants did not oppose Plaintiff's Emergency Motion to Seal to the extent it was reviewed by the Court as a simple request for documents to be filed under seal and did not include the two additional requests in Plaintiff's closing sentence. (*See* Defendants' Response to Plaintiff's Emergency Motion to Seal).  Plaintiff now contends that when the Court granted her Motion, it also granted her request that Defendants re-file a Motion

6

for Summary Judgment that did not exceed forty (40) pages seven (7) days from the Court's ruling.

### 2. Defendants' Motion Complied with the Court's Order

On June 15, 2005, Defendants moved this Court for an extension of the twenty page limit set by Local Rule 7.1(B)(4) for memoranda in support of motions. (*See gen.*, Defendants' Motion to Enlarge Page Limit). Specifically, "Defendants' request[ed] that they be permitted to file a memorandum of law that is not in excess of forty double-spaced pages." (*Id.*, p. 1). Plaintiff never responded to the filing of Defendants' Motion, and the Court granted Defendants' Motion on June 29, 2005. On July 29, 2005, Defendants' submitted their Motion for Summary Judgment with supporting documents for the Court to file under seal in accord with the Court's Order. (*See* Moore Declaration, ¶ 27). Defendants' Memorandum of Law in Support of it Motion was thirty-five (35) pages. (*See id.* at ¶ 22). Despite explaining to Plaintiff that Defendants' Motion for Summary Judgment complied with the Court's Order extending the page limit for the Memorandum of Law, Plaintiff continues to insist that Defendants' Motion is non-conforming because, when added together, Defendants' papers in support of its Motion for Summary Judgment exceed forty (40) pages . (*See* Motion, pp. 1-2).

### C. THE FAILURE TO REDACT PLAINTIFF'S SOCIAL SECURITY NUMBER ON ONE EXHIBIT WAS INADVERTENT

Local Rule 5.3(A) requires parties to redact only the following information prior to electronically filing: 1) social security numbers; 2) names of minor children; 3) dates of birth; and 4) financial account numbers. *See* L.R.Civ.P. 5.3(A)(1-4). The rule is devoid of any requirement that medical records, mailing or residential addresses, or the simple fact that a spouse is employed be redacted from the record or otherwise filed under seal. *See id.* Notwithstanding the absence of a legal requirement, Defendants did not oppose Plaintiff's

Motion to Seal Defendants' entire Motion for Summary Judgment. (*See gen.*, Defendants' Response to Plaintiff's Emergency Motion to Seal).

Defendants' Counsel inadvertently failed to redact Plaintiff's social security number as it appears in her records produced by Counsel for Lahey Clinic annexed to Defendants' Motion for Summary Judgment at Tab LL of Declaration of Leah M. Moore.  Despite Plaintiff's contention that failure to remove such information from one of forty-eight (48) exhibits was motivated by malicious intent, Plaintiff has no evidentiary support for her assertion that Defense Counsel's oversight was intentional and for the sole purpose of causing her harm.  To the contrary, it was Defendants' Counsel who attempted to engage Plaintiff's Counsel in discussion about a confidentiality agreement, and it was Plaintiff's Counsel who ignored and later rebuffed Defendants' Counsel's efforts. (*See* Moore Declaration, ¶¶ 19, 29-30).

Moreover, Plaintiff fails to cite to authority for the proposition that Defendants' should be sanctioned for their solitary failure to redact a personal identifier.  Instead, Plaintiff cites to case law for the general proposition that a court possesses the inherent authority to sanction a party for egregious conduct, a proposition Defendants do not dispute. (*See* Motion, p. 5).  To argue that Defendants' Counsel's failure to redact a single item of Plaintiff's personal data in one of forty-eight exhibits contained in a document Defendants neither created nor produced was intentional and egregious is wholly illogical, particularly in light of the fact that Defendants attempted to rectify the situation by offering to file all of their exhibits under seal when Plaintiff made them aware that information Plaintiff believed was confidential had not been redacted. (*See id.* at ¶¶ 28-29 ).

Plaintiff further suggests that Defendants acted in bad faith when they re-filed Defendants' Motion for Summary Judgment. (*See* Motion, p.4).  This proposition is wholly

8

unfounded. Defendants' Counsel re-filed Defendants' Motion for Summary Judgment upon instruction from Clerk Holahan after both Clerk Holahan and Defendants' Counsel realized that the Motion for Summary Judgment had been filed incorrectly under the declaratory judgment motion heading. (*See id.* at ¶ 23). Correcting this was a simple administrative matter and in no way prejudiced to Plaintiff.

### D.  DEFENDANTS WERE NOT REQUIRED TO FILE THEIR MOTION FOR SUMMARY JUDGMENT UNDER SEAL

Plaintiff fails to cite any authority for her assertion that Defendants were required to seek leave of Court to file their entire Motion for Summary Judgment under seal. Given Plaintiff's refusal to agree to a confidentiality agreement, Defendants were unaware that Plaintiff would have required these documents be filed under seal, particularly after Plaintiff failed to object when similar medical records were filed electronically in support of Defendants' Motion to Conduct Rule 35 Examination. (*See* Exhibit A and B(1) to Defendants' Motion to Conduct Rule 35 Examination). Moreover, Plaintiff's position is based upon the erroneous belief that <u>any information</u> relating to Plaintiff is confidential. To the contrary, nowhere in Local Rule 5.3 does the Court state that a Plaintiff's mailing address, or medical records placed at issue in litigation, or the simple fact that a spouse is employed[1] is somehow confidential information that cannot be made reference to in an exhibit or argued in a Memorandum of Law. (*See* Motion, pp. 2, 4; L.R.Civ.P. 5.3). Moreover, this position is particularly nonsensical when one considers that the very type of generic information to which Plaintiff objects is a part of her Verified Compliant and exhibits thereto. (*See* Verified Complaint, ¶¶ 3, 53, 57, 74-75, 77, 89, 94, 95, 97-98, 125;

---

[1]  To date, Defendants remain unclear what information Plaintiff believes is confidential. Regardless of the fact that a majority of the information for which Plaintiff appears to claim confidentiality is in fact, not confidential, Defendants do not concede that all of the information referenced by Plaintiff was included in their Motion for Summary Judgment or that the inclusion of this information, if true, was somehow malicious or at odds with the rules of this Court.

Exhibits to Verified Complaint, 7, 8, 11, 12, 14, 15, 17, and 21) (inclusion of information related to Griffith's pay; information related to Griffith's health; information related to the health of other employees; medical records; inclusion of Lahey Clinic identification number).

Nonetheless, in response to Plaintiff's July 25, 2005 letter expressing her belief that confidential information was wrongfully included, Defendants immediately offered in writing to file a motion requesting that the Court file Defendants' exhibits under seal – a document Plaintiff included in support of her own motion requesting the Court require Defendants to re-file their motion under seal. (*See* Exhibit D to Plaintiff's Emergency Motion to Seal; Moore Declaration, ¶¶ 24-25).  Plaintiff now seeks to punish Defendants and their Counsel for their attempts to comply with Plaintiff's request that Defendants' entire Motion for Summary Judgment be filed under seal – a position that is nonsensical.

### E.  DEFENDANTS HAVE ACTED IN ACCORD WITH THE RULES OF THIS COURT AND THE LAWS OF THE UNITED STATES

In her Motion, Plaintiff asserts that "Defendants have violated federal laws and the Rules of this Court." (Motion, pp. 1, 3).  In do doing, Plaintiff makes reference to 42 U.S.C. § 408 (a)(8), a criminal statute regarding misuse of social security numbers in situations involving payment of social security benefits – a situation irrelevant to the unintentional failure to redact a document used in litigation. *See* 42 U.S.C.§ 408 (a)(8) (found in Title 42, Chapter 7 – Social Security, Subchapter II – Federal Old Age, Survivors, and Disability Insurance Benefits).

The Massachusetts Rules of Professional Conduct provide that counsel violates the ethical cannon when threatening criminal charges in a private civil action solely to obtain an advantage. *See* SJC Rule 3:07, Rule 3.4(h).  That is the only apparent use for the citation in this instance.  Leaving this single occurrence of Plaintiff's social security number visible was nothing

10

more than simple inadvertence, which Defense Counsel attempted to rectify immediately. (*See* Moore Declaration, ¶ 25).

### III.   DEFENDANTS HAVE COMPLIED WITH THE COURT'S DISCOVERY ORDERS

In addition to arguing that Defendants' Motion for Summary Judgment included procedural deficiencies, Plaintiff argues that she is entitled to a default judgment because "Defendants have willfully and deliberately violated Court Discovery Orders." (Motion, p. 6). However, Plaintiff fails to indicate how Defendants have willfully and deliberately violated the Court's Discovery Order or to cite to the record in any material fashion to so demonstrate. Moreover, Plaintiff wholly disregards the one thousand plus (1000+) pages of documents produced in response to the Court's March Discovery Order and continues to disregard Defendants' attempts to provide additional documents subject to the confidentiality order to which the parties agreed in principle. (*See* Moore Declaration, ¶¶ 16, 31).

#### A.   DEFENDANTS PRODUCED OVER 1000 PAGES OF DOCUMENTS AND WRITTEN RESPONSES TO DISCOVERY REQUESTS ON MAY 23, 2005

Despite Plaintiff's contention, Defendants have produced appropriate documents and information responsive to Plaintiff's discovery requests. Of the nineteen discovery requests[2] addressed in Plaintiff's Opposition, Defendants have produced all available responsive documents and information for seventeen of the requests. (*See gen.*, Appendix A).

Subsequent to the Court's March 15, 2005 Order compelling production, Defendants wrote to Plaintiff indicating that they were attempting to comply with the Court's Order, and that though the documents were taking some time to compile as they required a nation-wide search,

---

[2] In an effort to ease the Court's review of Defendants' Opposition, Defendants have thoroughly addressed each of Plaintiff's discovery requests in detail in Appendix A. For ease of review, Appendix A includes only Plaintiff's discovery request and an explanation of Defendants' compliance with the Court's Orders. Defendants have omitted their objections as they are irrelevant to the instant motion, but this omission is not meant to imply waiver of the objections.

11

the documents were forthcoming. (*See* Moore Declaration, ¶ 12). On May 23, 2005, Defendants produced over one thousand (1000) pages of responsive documents and supplemented their written response to Plaintiff's discovery requests in accord with the Court's March 2005 Order. (*See id.* at ¶¶ 16-17). Defendants further made Plaintiff aware that additional documents had been compiled, but required a confidentiality agreement before service, to which Plaintiff agreed in principle by retaining previous documents marked confidential as explained in the cover letter. (*See id.* at ¶¶ 17-19, 31). These documents included information not previously recorded by OneBeacon in the form of documents created at the request of Counsel subsequent to the onset of litigation; arguably producing Defendants' work product in a good faith effort to comply with the Court's Order. (*See* Appendix A, Interrogatories 12, 23; Document Requests 23-25; Moore Declaration, ¶ 31). Despite Defendants' efforts to comply, Plaintiff continues to assert without basis that Defendants have additional information in their possession, custody, or control in spite of Defendants' repeated written representations that it possesses no additional information.

For the two requests for which OneBeacon has withheld documents, while OneBeacon has compiled the information and offered it to Plaintiff, it has not been willing to produce it without a basic, customary confidentiality agreement. (*See* Appendix A, Document Requests 28, 32). When Defendants served their May 23, 2005 document production, they did so with the above referenced cover letter advising Plaintiff that the documents marked confidential would be subject to a forth-coming confidentiality agreement, and if Plaintiff would not agree to this stipulation, she should return the documents without copying or reviewing them. (*See* Moore Declaration, ¶¶ 16-17). Plaintiff maintained possession of the documents and never indicated that she would not agree to a confidentiality agreement. (*See id.* at ¶¶ 18-19, 29-30). Defendants presented a proposed confidentiality agreement to Plaintiff for her review on June 9, 2005. (*See*

*id.* at ¶ 19). Thereafter, Defendants approached Plaintiff on July 1, 2005 and August 5, 2005 regarding the status of the proposed confidentiality agreement. (*See id.* at ¶¶ 19, 29). Plaintiff ignored Defendants' overtures until August 5, 2005 when she simply stated that "employee names and other identifying information should be redacted." (*See id.* at ¶¶ 29-30).

OneBeacon cannot properly produce documents in response to Request No. 28 without a confidentiality agreement because the documents relate directly to the health records of OneBeacon employees with information so specific to the individual that even if the employee's name were redacted, Plaintiff would be able to identify to which employee the records belonged. (*See* Appendix A, Interrogatory 28). Unlike Plaintiff, these other employees have not chosen to put their medical condition at issue, and as such their private information must be protected. Additionally, OneBeacon cannot properly produce documents in response to Request No. 32 because the documents are confidential pleadings filed in other OneBeacon lawsuits where the parties are bound by confidentiality agreements, breach of which could subject OneBeacon to liability and potential revocation of settlement agreements. (*See* Appendix A, Document Request 32). Accordingly, any delay in production of this information is a direct result of Plaintiff's two month failure to respond to Defendants' proposed confidentiality agreement, and Plaintiff's request for Rule 37 sanctions should be denied.

  **B.**   **PLAINTIFF RECEIVED ALL DOCUMENTS OFFERED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN THE NORMAL COURSE OF DISCOVERY**

Though not raised in her Opposition to Plaintiff's Motion for Summary Judgment, Plaintiff argues in the instant Motion that Exhibits LL, PP, QQ, and VV annexed to the Declaration of Leah M. Moore in support of Defendants' Motion for Summary Judgment were not produced to her in the normal course of discovery. (*See* Motion, p. 4). This assertion is a misrepresentation of the facts.

Exhibit LL contains the signature of Dr. John Garrison of the Lahey Clinic, Plaintiff's treating psychologist for much of time period relevant to the instant litigation. (*See* Moore Declaration, ¶ 14). This document was produced by Counsel for Lahey Clinic in response to a subpoena by Defendants after Plaintiff refused to produce her complete medical records. (*See id.* at ¶¶ 13-14). On the same date Counsel for Lahey Clinic served Defendants with medical records, he also served Plaintiff with an identical copy. (*See id.* at ¶ 13). Plaintiff's assertion that this document was "not produced to Plaintiff in the course of discovery" is inaccurate. (*See id.*).

Exhibits PP, QQ, and VV, Bates stamped documents numbers DEF 575, DEF 574, and DEF 585, respectively, each contain Bates stamp numbers, indicating that they were number prior to production. (*See* Declaration of Leah M. Moore to Defendants' Motion for Summary Judgment, Tabs PP, QQ, VV). These documents were part of Defendants' first production served by hand on October 18, 2004. (*See id.* at ¶ 10). Moreover, Exhibit PP was Exhibit 16 to Plaintiff's Deposition. (*See id.* at ¶ 15). Plaintiff's assertion that these exhibits were "not produced in the course of discovery" is unequivocally false. Accordingly, there can be no question that Plaintiff was produced with Exhibits LL, PP, QQ, and VV over the normal course of discovery <u>over ten months ago</u>.

### C. PLAINTIFF'S CONTENTION THAT DEFENDANTS ARE BARRED FROM SUBMITTING EVIDENCE AT SUMMARY JUDGMENT IS ERRONEOUS

In the final paragraph of her February 28, 2005 Motion to Compel, Plaintiff requested that the Court "bar Defendants from giving testimony and/or submitting evidence in their defense at the time of summary judgment and/or trial on each request and/or issue not satisfied." (Plaintiff's Second Rule 37 Motion to Compel Discovery, p. 15). Plaintiff now argues that in allowing her motion, the Court also granted her request that Defendants be barred from incorporating certain information in their Motion for Summary Judgment. (*See* Motion, p. 2)

14

Plaintiff offers no authority other than her February 28, 2005 Motion to Compel in support of her contention.

Plaintiff essentially argues to the Court that Defendants have failed to comply with the Court's Orders because Defendants have not produced the information Plaintiff desires. Defendants have, on multiple occasions, explained to Plaintiff that the documents she seeks simply do not exist. (*See gen.*, Appendix A). Despite these explanations and in spite of the fact that she possesses no evidence to support her argument, Plaintiff insists that more documents exist.

Plaintiff's insistence that Defendants' failure to comply bars their introduction of evidence at summary judgment is nonsensical. Plaintiff has failed to allege that the documents proffered in support of Defendants' Motion for Summary Judgment were those that Defendants failed to produce. More importantly, to accept Plaintiff's argument, would require the Court to rule that its general approval of Plaintiff's sixteen (16) page Motion to Compel should be interpreted as approval of each phrase contained in the motion, including a singular, buried request for near fatal sanctions. If the Court had intended to bar Defendants from entering evidence at the time of summary judgment or trial, surely the Court would simply have rendered judgment in March 2005 after it approved the Plaintiff's Motion to Compel since barring Defendants from producing evidence would render them incapable of rebutting Plaintiff's *prima facie* case.

### D. RULE 37 SANCTIONS ARE UNWARRANTED

"'Rule 37 should not be construed to authorize dismissal of this complaint because of [Defendants'] noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of

15

petitioner.'" *Gaudette v. Panos*, 852 F.2d 30, 32 (1st Cir. 1988) (emphasis added) (dismissal for failure to comply was with discovery order was inappropriate where party, unbeknownst to Court, did comply) (citing *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958) (dismissal improper where "very fact of compliance by disclosure of [compelled information] itself will constitute the initial violation of Swiss laws"); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (citation omitted). To the contrary, dismissal pursuant to Rule 37 is appropriate in situations of "flagrant bad faith" and "counsel's callous disregard of their responsibilities," and "ordinarily should be employed only when a [party's] conduct is extreme." *Nat'l Hockey League*, 427 U.S. at 643; *Bushay v. McDonnell*, 2005 WL 1764931, (1st Cir. BAP 2005) (citation omitted) (emphasis added).

Defendants do not contest the Court's inherent power to impose sanctions on a case by case basis in the interest of justice. *See Whitney Bros. Co. v. Sprafkin*, 60 F.3d 8, 12 (1st Cir. 1995). Defendants simply state that in her present Motion, Plaintiff has failed to identify one instance where Defendants have failed to comply with this Court's Discovery Orders. To the extent Plaintiff incorporates by reference her Opposition to Defendants' Motion for Summary Judgment, Defendants suggest to the Court that Plaintiff's representations are less than factual given Defendants' documented compliance with the March 2005 Discovery Order in the form of production of over one thousand (1,000) responsive documents, supplementation of the written responses to discovery requests, and two month attempt to obtain Plaintiff's signature on a standard confidentiality agreement that would have allowed Defendants to produce almost one thousand (1,000) more responsive documents. *See id.* at 30 ("If [Defendants'] actions during discovery were 'substantially justified,' then no award of sanctions should issue."); *Morris v. Snappy Car Rental, Inc.*, 151 F.R.D. 17, 19-20 (D.R.I. 1993) (production, while somewhat

16

incomplete and unresponsive, after order compelling response was not "willfull" or "arrogant" disobedience, and therefore dismissal was not warranted); *R.W. Int'l Corp., v. Welch Foods, Inc.*, 937 F.2d 11, (1st Cir. 1991) (where party complies somewhat less than fully with order compelling production, dismissal is inappropriate without first entering an order commanding production of the specific materials); Moore Declaration, ¶¶ 16-19, 29-31.

Should the Court determine that Defendants have not complied with its Discovery Orders in their entirety, certainly Defendants' efforts are worthy of a good faith finding, rendering Rule 37 sanctions unwarranted. *See id.*; *Gaudette*, 852 F.2d at 32 ( "Absent bad faith or some fault on the part of [Defendants], dismissal is unwarranted."); *BigTop USA, Inc. v. The Wittern Grp.*, 183 F.R.D. 331, (D.Mass. 1998) (Saris, J.) (citing *Velazquez-Rivera v. Sea-Land Serv. Inc.*, 920 F.2d 1072, 1077 (1st Cir. 1990) ("'dismissal should be employed only if the district court has determined that it could not fashion an 'equally effective but less drastic remedy'")); Wright, Miller & Marcus, Federal Practice and Procedure § 2291 (2d ed. 2005) (court lacks power to enter default when party answers some discovery; rather, court can compel further answers).

Moreover, Plaintiff has failed to demonstrate that any failure of Defendants to produce has resulted in prejudice to Plaintiff. There is no question that exhibits LL, PP, QQ, and VV were produced, and Plaintiff's Motion is devoid of any allegation that the additional material she believes has been withheld would allow her to defeat summary judgment. *See* Wright, Miller & Marcus, § 2289.1 (exclusion of evidence should not apply if failure to disclose was "substantially justified" or if failure was not substantially justified, failure to disclose was harmless); Moore Declaration, ¶¶ 14-15 ; *See* Argument, Section III(B), *supra*. As such, Defendants have met their burden as "the party facing sanction for belated disclosure to show that its failure to comply with the Rule [requiring production] was either justified or harmless and therefore deserving of some

17

lesser sanction [than exclusion of evidence]." *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) (citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999); *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741-42 (7th Cir. 1998)).

Given that Defendants have complied with the Court's Discovery Order in full, or at the very least, have made a good faith effort to comply, Rule 37 sanctions are not appropriate. As such, Plaintiff's Motion for Default Judgment should be denied in its entirety.

## CONCLUSION

Defendants have made every effort to comply with the Court's Discovery Orders and all other rules governing the litigation of this matter. As such, Defendants respectfully request this Court deny Plaintiff's Motion for Default Judgment in its entirety.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

Dated: August 25, 2005            /s/ Leah M. Moore_____
                                  Keith B. Muntyan (BBO # 361380)
                                  Leah M. Moore (BBO # 658217)
                                  MORGAN, BROWN & JOY, LLP
                                  200 State Street
                                  Boston, MA 02109
                                  617-523-6666 (phone)

CERTIFICATE OF SERVICE

    I, Leah M. Moore, hereby certify that on this 25th day of August 2005, I caused a true and correct copy of the foregoing to be served electronically with courtesy copy via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

    /s/ Leah M. Moore_____
    Leah M. Moore