## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BERNADINE T. GRIFFITH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ONEBEACON INSURANCE COMPANY, )<br>ONEBEACON AMERICA INSURANCE )<br>COMPANY, MICHAEL A. SISTO, and )<br>KAREN ALLEN HOLMES )<br>)<br>Defendants. )<br>) | C.A. No. 03-CV-12573-EFH<br><br>APPENDIX "A" TO<br>DEFENDANTS' OPPOSITION TO<br>PLAINTIFF'S MOTION<br>FOR DEFAULT JUDGMENT |

Defendants OneBeacon Insurance Company, OneBeacon America Insurance Company (together, "OneBeacon"), Michael A. Sisto ("Sisto"), and Karen Allen Holmes ("Holmes") (collectively, the "defendants") hereby submit the following Appendix to their Opposition to Plaintiff's Motion for Default Judgment ("Motion").

This document contains a detailed explanation of Defendants' responses to the discovery requests[1] placed at issue in Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Opposition"). In an effort to aid the Court, Defendants have included a verbatim recitation of each discovery request prior to Defendants' explanation of its response. Because Defendants' objections are not presently at issue, Defendants have omitted them from this document; however Defendants' intentional omission here for the sake of clarity should not be interpreted as a waiver of those

---

[1] Because many of Defendants' responses to Plaintiff's discovery requests contain confidential information including non-party names and addresses, Defendants have not attached their discovery responses as exhibits. Should the Court wish to review the referenced discovery, Defendants are happy to make it available to the Court.

1

objections. Defendants further note for the record that Plaintiff propounded interrogatories upon the corporate OneBeacon Defendant only. Plaintiff's Requests for Production of Documents were directed to all Defendants.

**Interrogatory No. 2**

>Please identify all persons who have personal knowledge of any matter, directly or indirectly, concerning the claims described in the plaintiff's Complaint. Your answer should include the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.

On July 6, 2004, Defendants provided Plaintiff with a list of persons with knowledge or information regarding this matter as required by Rule 26.1 of the Federal Rules of Civil Procedure. (*See* Moore Declaration ("Moore Declaration"), ¶ 9). Defendants supplemented or otherwise amended this document three times over the course of discovery. (*See id.*). A vast majority of the identified individuals were those who Plaintiff's identified in her Verified Complaint. (*See id.*; Verified Complaint). On May 23, 2005, OneBeacon confirmed that no persons identified provided them with an oral or written statement that had not previously been produced to Plaintiff. (*See* Plaintiff's Opposition, p. 2). As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory. OneBeacon is unaware of and does not possess any additional information responsive to this interrogatory, and as such, cannot answer the interrogatory further.

**Interrogatory No. 4**

> Please identify all individuals who have personal knowledge of any matter, directly or indirectly, pertaining to the plaintiff's April 27, 1997 Complaint filed at the Massachusetts Commission Against Discrimination against you; include in your answer the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.

On July 6, 2004, Defendants provided Plaintiff with a list of persons with knowledge or information regarding this matter in accord with Rule 26.1 of the Federal Rule of Civil Procedure. (*See* Moore Declaration, ¶ 9). A majority of these individuals were identified by Plaintiff in her Verified Complaint which was based, in part, upon her April 27, 1997 Charge of Discrimination filed at the Massachusetts Commission Against Discrimination ("MCAD"). (*See id.*). On May 23, 2005, OneBeacon confirmed that none of the persons identified provided them with an oral or written statement that had not previously been produced to Plaintiff. (*See* Plaintiff's Opposition, p. 3). As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory. OneBeacon is unaware of and does not possess any additional information responsive to this interrogatory, and as such, cannot answer the interrogatory further.

**Interrogatory No. 5**

> Please identify all individuals who have personal knowledge of any matter, directly or indirectly, pertaining to the plaintiff's October 5, 2000 Complaint filed at the Massachusetts Commission Against Discrimination against you; include in your answer the particulars of each person's knowledge identified herein and indicate whether the identified person provided a statement. If the person provided a statement, then identify the statement, describe the subject matter, and identify the custodian of each documented statement.

As previously stated, on July 6, 2004, Defendants provided Plaintiff with a list of persons with knowledge or information regarding this matter, a majority of whom were identified in Plaintiff's Verified Complaint which was based, in part, upon her October 5, 2000 Charge. (*See* Moore Declaration, ¶ 9). On May 23, 2005, OneBeacon confirmed that none of the persons identified provided them with an oral or written statement that had not previously been produced to Plaintiff. (*See* Plaintiff's Opposition, p. 5). As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory. OneBeacon is unaware of and does not possess any additional information responsive to this interrogatory, and as such, cannot answer the interrogatory further.

**Interrogatory No. 6**

> Prior to the plaintiff filing the April 27, 1997 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the plaintiff's complaints prior to April 27, 1997 and identify all persons responsible for investigating the same.

Plaintiff has misstated to the Court OneBeacon's Answer to Interrogatory 6. On May 23, 2005, OneBeacon provided Plaintiff with the following response which clearly identified the human resources employee who spoke with Plaintiff and Edmund Freeman as requested by Plaintiff in her Motion to Compel:

> "Defendant further states that prior to April 1997, Plaintiff's allegation of discrimination was investigated by the office of Thomas Ford. At that time, Cathleen Moynihan spoke with Plaintiff and Edmund Freeman about Plaintiff's allegations. Because of Plaintiff's allegation, Mr. Freeman's supervisory responsibilities were removed." (Plaintiff's Opposition, Exhibit C).

4

As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory. OneBeacon is unaware of and does not possess any additional information responsive to this interrogatory.

**Interrogatory No. 7**

> Prior to the plaintiff filing the October 5, 2000 Complaint with the MCAD and the EEOC charging you with having unlawfully discriminated against the plaintiff, she complained to her supervisors and to your Human Resource Department about the same discriminatory incidents. Please fully describe all actions you took in response to the plaintiff's complaints prior to October 5, 2000 and identify all persons responsible for investigating the same.

OneBeacon states that, to the best of its ability, it has responded to the interrogatory in its entirety. The premise of the interrogatory is false. OneBeacon can provide no additional information as Plaintiff never complained to OneBeacon's human resources department about her termination, which was the subject of her October 5, 2000 Charge. As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

**Interrogatory No. 8**

> Please fully describe the plaintiff's position, her duties and responsibilities at OneBeacon America Insurance Company, and identify all other employees who hold the same or similar position, duties, and responsibilities as the plaintiff and, include in your answer the full name, residential address, business address, telephone number, race/color, sex, age, disability (if any), and the date of hire and date of termination of each employee identified herein.

OneBeacon states that, to the best of its ability, it has responded to Court's allowance of Plaintiff's Motion to Compel by providing Plaintiff with the job

descriptions for both her position and that of the position immediately above her. As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

**Interrogatory No. 9**

> If you distributed any technical materials, software manuals, or any other technical guides or books to the plaintiff to assist her in performing her job, please list each technical material issued to the plaintiff and explain the company procedure for storing and handling of technical material issued to employees.

OneBeacon states that, to the best of its ability, it has responded to this interrogatory in its entirety. To best of its knowledge, OneBeacon did not issue technical materials, software manuals, or any other technical guides or books to Plaintiff; rather, OneBeacon made these materials generally available to all of its employees. Defendants can provide no additional information responsive to this interrogatory. As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

**Interrogatory No. 12**

> If you have terminated any other employees, please identify each terminated employee, provide the date of termination, state the reason(s) for termination, identify any and all employees hired to replace the terminated employee, and state each employee's race/color, sex, age, and disability (if any) when identifying each employee named herein.

On May 23, 2005, OneBeacon produced a list of employees terminated in 1999-2000, indicating the race, sex, and age of each employee as Bates stamped documents numbers DEF 0887 – DEF 0931. (*See* Moore Declaration, ¶¶ 16-18). OneBeacon does

6

not track the accommodations requested by or granted to its employees because no law requires it to keep record of this information. (*See id.* at ¶ 5). Likewise, OneBeacon does not track the disability status of its employees. (*See id.* at ¶ 6). Accordingly, it is impossible for OneBeacon to produce such information.

In 1999 General Accident merged with OneBeacon. As a result of the merger, the newly formed company instituted a new computer system for maintenance of records that retained only relevant information required by law. Because MGL c. 149 § 52(C) requires an employer to retain employee information for the three year period subsequent to an employee's separation, OneBeacon has only retained employee information for its current employees since 1999 and for those employees no longer in the company's employ for three years immediately after the date of their separation with OneBeacon. (*See id.* at ¶ 3). As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

To the extent Plaintiff includes this interrogatory in Plaintiff's Opposition because the employees have not been assigned an independent identifying number, Defendants are happy to re-produce this information after assigning numbers to each employee and would have done so prior to the filing of this motion if they had been alerted to Plaintiff's objection to the production prior to the filing of Plaintiff's Opposition.

**Interrogatory No. 15**

> If you have ever sent the plaintiff to any in-house or out-of-house technical training program, educational coursework or career development class while under your employment, please fully describe each class or training program and give the date of each class or training program.

OneBeacon states that, to the best of its ability, it has responded to this interrogatory in its entirety. OneBeacon has provided Plaintiff with all of the documents in her personnel file and has no separate record of the training courses Plaintiff took other than what has been previously produced. As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

**Interrogatory No. 16**

> If you have ever sent any other employee in the plaintiff's department to any in-house or out-of-house technical training program, educational coursework or career development class, please fully describe each class or training program each coworker received while under your employment.

OneBeacon states that, to the best of its ability, it has responded to this interrogatory in its entirety. At the time of Plaintiff's tenure, OneBeacon did not maintain records of the technical training courses taken by its employees. (*See* Moore Declaration, ¶ 6). Further, because Monica Scanlon was neither a OneBeacon employee at the time the Verified Complaint was filed, nor anytime thereafter, OneBeacon has no control over her. As a result, any information she may possess must be obtained through issuance of a subpoena. Plaintiff deposed Ms. Scanlon in August 2004 and has never communicated to Defendants a desire to reopen her deposition. As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

**Interrogatory No. 17**

> If the plaintiff has ever received any company benefits while under your employment, please fully describe the same, provide all reasons for issuing each benefit, and identify all employees responsible for making the determination to issue each company benefit described herein.

On October 18, 2004 via hand delivery, OneBeacon produced benefits information for the benefits to which Plaintiff was entitled as Bates stamped documents numbers DEF 0388 – DEF 0550. (*See* Moore Declaration, ¶ 10).  On November 11, 2004, OneBeacon produced via hand delivery individual benefits information specific to Plaintiff at Bates stamped documents numbers DEF 0606 – DEF 0622. (*See id.* at ¶ 11). As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

Plaintiff served this interrogatory on October 10, 2004, making it impossible for the subject of this interrogatory to have been addressed at Rule 26.1 scheduling conference on Wednesday, May 12, 2004 as Plaintiff claims.  Defendants further state that they are unaware of any document or other court order requesting or requiring them to list the documents produced in response to Interrogatory 17.


**Interrogatory No. 18**

> If the plaintiff has ever been qualified for or entitled to receive any retirement benefits while under your employment, please fully describe the same: identify each retirement program the plaintiff was enrolled in, provide an annual history statement of the value of each retirement program, and describe all steps you have taken, if any, to distribute or issue retirement benefits to the plaintiff to date.

On October 18, 2004 via hand delivery, OneBeacon produced company-wide benefits information for the benefits to which Plaintiff was entitled at Bates stamped

documents numbers DEF 0388 – DEF 0550. (*See* Moore Declaration, ¶ 10). On November 11, 2004, OneBeacon produced via hand delivery individual benefits information specific to Plaintiff at Bates stamped documents numbers DEF 0606 – DEF 0622. (*See id.* at ¶ 11). Plaintiff testified under oath that she has never applied for retirement benefits. As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

**Interrogatory No. 23**

> Please provide a complete list of all of your employees for each year, 1994 to 2000, identify each employee by race/color sex, age, and indicate whether the each employee was disabled or made a request for an accommodation. If an employee was disabled or made a request for an accommodation, please fully describe the same herein.

On May 23, 2005, OneBeacon produced a list of its employees in 1999-2000 by race and age, Bates stamped documents numbers DEF 0932 – DEF 1349. (*See* Moore Declaration, ¶¶ 16-18). OneBeacon does not track the accommodations requested by or granted to its employees because no law requires it to keep record of this information. (*See id.* at ¶ 5). Likewise, OneBeacon does not track the disability status of its employees. (*See id.* at ¶ 6). Accordingly, it is impossible for OneBeacon to produce such information.

Nevertheless, in an effort to comply with the Court's Order, OneBeacon conducted a company-wide inquiry of all managerial employees to determine if any of those managers had received requests for accommodations and whether those requests had been granted or denied. The results of this inquiry were produced to Plaintiff on August 12, 2005; however Plaintiff was made aware that they were ready for production

on June 9, 2005. (*See id.* at ¶ 31). Upon compiling responsive information, Defendants contacted Plaintiff regarding the confidentiality agreement to which she had agreed by retainer of documents marked "confidential" as explained in Defendants' cover letter accompanying the documents. (*See id.* at ¶¶ 17-19, 29-30). Plaintiff failed to acknowledge Defendants' efforts to establish a straight-forward confidentiality agreement for two months, and on August 8, 2005, Defendants presumed that Counsel's previous agreement to enter into a confidentiality agreement was being repudiated. (*See id.* at ¶¶ 19, 29-30). Defendants then produced redacted emails generated in the company-wide inquiry of all managerial OneBeacon employees on August 12, 2005. (*See id.* at ¶ 31). To the extent Plaintiff seeks information from the MCAD, it is not in Defendants' possession, is available to the public, and as such, is equally as available to Plaintiff as it is to Defendants.

In 1999, General Accident merged with OneBeacon. As a result of the merger, the newly formed company instituted a new computer system for maintenance of records that retained only relevant information required by law. Because MGL c. 149 § 52(C) requires an employer to retain employee information for the three year period subsequent to an employee's separation, OneBeacon has only retained employee information for its current employees since 1999 and for those employees no longer in the company's employ for three years immediately after the date of their separation with OneBeacon. (*See id.* at ¶ 3). As such, Defendants acted in accord with the Court's Order instructing them to respond to the interrogatory.

**Document Request No. 23**

    All documents or records providing a list of all persons employed by you or your predecessor from April 1994 to October 2000, which identifies each employee's age.

    On May 23, 2005, OneBeacon produced a company-wide list of its employees in 1999-2000 by age at Bates stamped documents numbers DEF 0932 – DEF 1140. (*See* Moore Declaration, ¶¶ 16-18)  As a result of the 1999 General Accident merger with OneBeacon, the newly formed company instituted a new computer system for maintenance of records that retained only relevant information required by law. Accordingly, OneBeacon has only retained employee information for its current employees since 1999 and for those former employees no longer in the company's employ for three years after the date of their separation with OneBeacon. (*See id.* at ¶ 3). As such, Defendants acted in accord with the Court's Order instructing them to respond to the document request.

**Document Request No. 24**

    All documents or records providing a list of all persons employed by you or your predecessor from April 1994 to October 2000, which identifies each employee's race.

    On May 23, 2005, OneBeacon produced a company-wide list of its employees in 1999-2000 by race at Bates stamp numbers DEF 1141 – DEF 1349. (*See* Moore Declaration, ¶¶ 16-18).  As a result of the 1999 General Accident merger with OneBeacon, the newly formed company instituted a new computer system for maintenance of records that retained only relevant information required by law.

Accordingly, OneBeacon has only retained employee information for its current employees since 1999 and for those employees no longer in the company's employ for three years after the date of their separation with OneBeacon. (*See id.* at ¶ 3). As such, Defendants acted in accord with the Court's Order instructing them to respond to the document request.

**Document Request No. 25**

>All documents or records providing a list of all persons employed by you or your predecessor from April 1994 to October 2000, which identifies each disability or request for a reasonable accommodation made by an employee.

Plaintiff cites no law for her contention that an "employer must maintain all employee applications and records pertaining to short-term disability, long-term disability, and family medical leave." (*See* Plaintiff's Opposition, p. 11). OneBeacon is aware of no law that requires an employer to keep record of the disability status of its employees, and as such, OneBeacon does not compile this information.

Nevertheless, in an attempt to comply with the Court's Order, OneBeacon conducted a company-wide inquiry of all managerial level employees to determine if any of those managers had received requests for accommodations and whether those requests had been granted or denied. (*See* Moore Declaration, ¶ 31). The results of this inquiry were produced to Plaintiff on August 12, 2005 despite the fact that Plaintiff was made aware they were ready for production on June 9, 2005. (*See id.* at ¶¶ 19, 31). As previously discussed, Defendants contacted Plaintiff regarding the confidentiality agreement to which the parties had agreed in principle. (*See id.* at ¶¶ 18-19, 29). When Plaintiff would not respond to Defendants' efforts to establish a straight-forward

confidentiality agreement as previously agreed, Defendants produced redacted emails generated in the company-wide inquiry of all managerial OneBeacon employees in spite of their confidentiality concerns. (*See id.* at ¶¶ 30-31). As such, Defendants acted in accord with the Court's Order instructing them to respond to the document request.

To the extent Plaintiff seeks information from the MCAD, this information is not in Defendants' possession, is available to the public, and as such, is equally as available to Plaintiff as it is to Defendants. Further, Plaintiff cites no legal authority for her proposition that OneBeacon must maintain records of past litigation.

**Document Request No. 28**

> All documents and attendance records pertaining to the absences and tardiness of each of the following employees: Rick Cantin, Langning Chen, Aihua Dia, Tom Danforth, Joe DeMarco, Tony DePina, Ellen Elliott, Chris Genest, Bernadine T. Griffith, Karen Holmes, Jackie Marzelli, Jeff Neville, Jane Rinkaus, Dan Page, Bob Petrarca, Monica Scanlon, Steve Sugarman, Suzanne Walker, Greg Wells, and John Ziak.

OneBeacon has compiled, where available, the attendance records of the employees referenced above. However, because this information contains confidential health related information, OneBeacon advised Plaintiff that it cannot produce these documents without a confidentiality order. To do so would subject Defendants to potential legal action brought by the employees whose records would be produced. Moreover, simply assigning a number to each employee's records would not protect this information as Plaintiff has knowledge of personal identifiers that would render her able to identify the employee represented by the number. Accordingly, Defendant prepared a proposed confidentiality agreement and sent it to Plaintiff for the first time on June 9, 2005. (*See* Moore Declaration, ¶ 19). Although Plaintiff had agreed to enter into such an

agreement, she never responded to Defendants' proposed agreement despite repeated reminders. (*See id.* at ¶¶ 17-19, 29-30). While OneBeacon will produce this information in conformance with the Court's Order, it cannot violate the privacy rights of its current and former employees who are neither named in nor are a material witness to the allegations in the instant action.

**Document Request No. 32**

> All pleadings filed with any federal or state Massachusetts trial court pertaining to any and all charges of discrimination against you.

In an effort to comply with the Court's Order, Defendants contacted the MCAD on June 16, 2005 and July 5, 2005 to obtain records related to any and every Charge filed at the MCAD against OneBeacon and/or its predecessors. (*See* Moore Declaration, ¶ 20).

On June 9, 2005, Defendants made Plaintiff aware that while they had complied responsive information, they could not produce information exchanged in past litigation without a confidentiality order. (*See id.* at ¶ 19). Because OneBeacon executes confidentiality agreements in most litigation, it cannot later produce documents subject to those confidentiality agreements without a confidentiality agreement in the current litigation. OneBeacon is happy to produce responsive pleadings, but cannot so do until both parties agree to a confidentiality agreement. To produce the requested information without a confidentiality agreement would subject Defendants to future litigation and risk of revocation of settlement agreements entered in past litigation where confidentiality agreements remain in place and restrict exchange of documents and information. Defendant prepared a proposed confidentiality agreement and sent it to Plaintiff for the first time on June 9, 2005. (*See id.*). Although Plaintiff had agreed to enter into such an

15

agreement, she never responded to Defendants proposed agreement despite repeated reminders. (*See id.* at ¶¶ 17-19, 29-30).

**Subpoena *Duces Tecum* Request No. 3**

>A list of all other employees, who like the Complainant have requested accommodation due to a disability and received accommodations for their disability.

OneBeacon is aware of no law that requires an employer to record the disability status of its employees, and as a result, OneBeacon does not compile this information. (*See* Moore Declaration, ¶ 4).  Plaintiff makes the assumption that because other employees have filed Charges against OneBeacon, certain documents must exist. Plaintiff fails to recognize that her presumption is only true should those documents have been requested or created in the referenced litigation.

Nevertheless, in an attempt to comply with the Court's Order, OneBeacon conducted a company-wide inquiry of all managerial employees to determine if any of those managers had received requests for accommodations and if so, whether those requests had been granted or denied. (*See id.* at ¶ 31).  The results of this inquiry were produced to Plaintiff on August 12, 2005; however they were ready for production on June 9, 2005. (*See id.* at ¶¶ 19, 31).  As previously discussed above, Defendants contacted Plaintiff regarding a confidentiality agreement beginning on May 23, 2005. (*See id.* at ¶¶ 17-19, 29-30).  When Plaintiff did not respond to Defendants' efforts to establish a straight forward confidentiality, Defendants produced redacted emails generated in the company-wide inquiry of all managerial OneBeacon employees. (*See id.* at ¶¶ 19, 29,

31). As such, Defendants acted in accord with the Court's Order instructing them to respond to the document request.

Plaintiff cites no legal authority for her proposition that OneBeacon must maintain records of past litigation. Moreover, to the extent Plaintiff seeks information from the MCAD, this information is available to the public, and as such, is equally as available to Plaintiff as it is to Defendants.

Respectfully submitted,

ONEBEACON INSURANCE CO.,
ONEBEACON AMERICA INSURANCE CO.,
MICHAEL A. SISTO, and
KAREN ALLEN HOLMES

By their attorneys

/s/ Leah M. Moore
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

Dated: August 25, 2005

### CERTIFICATE OF SERVICE

I, Leah M. Moore, hereby certify that on this 25th day of August 2005, I caused a true and correct copy of the foregoing to be served electronically with courtesy copy via first class mail upon Kathleen J. Hill, Esq., Attorney for Plaintiff, Law Office of Kathleen J. Hill, 92 State Street, Suite 700, Boston, Massachusetts 02109, being the address designated by said attorney for service of all pleadings.

/s/ Leah M. Moore
Leah M. Moore