UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO.: *03 CV 12573 EFH*

```
BERNADINE T. GRIFFITH            )
      Plaintiff                  )
                                 )
                                 )
vs.                              )
                                 )
ONEBEACON INSURANCE COMPANY,     )
ONEBEACON AMERICA INSURANCE      )
COMPANY, MICHAEL A. SISTO, and   )
KAREN ALLEN HOLMES               )
      Defendants                 )
                                 )
```

### PLAINTIFF'S PRE-TRIAL CONFERENCE MEMORANDUM

The plaintiff submitted this Memorandum to the defendants for filing, but the defendants failed to incorporate plaintiff's Memorandum when filing the Joint Pre-Trial Memorandum on September 13, 2005, as agreed.

Plaintiff's Concise Summary of Evidence

The plaintiff intends to offer evidence showing that the employer has engaged in unlawful discriminatory employment practices on the basis of race, color, age, retaliation, and disability via testimony of witnesses and exhibits.

Plaintiff's Facts Established by Pleadings

In chief, the plaintiff and her witnesses are expected to testify to the facts set forth in her verified complaint: that the defendants unlawfully subjected the plaintiff to discriminatory practices over the span of seven years; that the defendants created a hostile work environment;

1

and that the defendant's subjected the plaintiff to retaliation, including: plaintiff's supervisor remarking that she was a "tar baby"; defendants' failure to investigate the complained of racial and disability discrimination; failure to take affirmative steps to eliminate disability discriminatory practices and racially motivated discriminatory practices implemented by management and/or supervisors; the defendants breached its company promise to grant sick leave of absence; revoked plaintiff's authorized reasonable accommodations; refused to allow plaintiff's reasonable accommodation to work at home two days a week; a similar accommodation accorded other white employees; revoked Plaintiff's authorized certified medical leave; failed to administer fringe benefits to the Plaintiff; imposed medically restrictive job assignments on the plaintiff; denied plaintiff access to software manuals and books pertaining to her job; segregated plaintiff from a company break room; excluded the plaintiff from attending informal group meetings; failed to provide plaintiff with training and admission to programs accorded other group employees; failed to give plaintiff a $1,900.00 pay raise that it promised; wrongfully issued warnings and sanctions against the plaintiff; refused to provide plaintiff with record of the alleged absentee record; discharged plaintiff from her employment; and, took retaliatory steps to prevent the plaintiff from securing her retirement.

Plaintiff's Contested Issues of Fact

    (1)    Whether the plaintiff was able to perform and performed satisfactorily the essential functions of her job with or without a reasonable accommodation.

    (2)    Whether the defendants failed to accommodate the plaintiff's disability.

    (3)    Whether the defendants discharged the plaintiff because of her race, age or disability.

(4)   Whether the defendants engaged in unlawful discriminatory conduct with malice and/or a reckless.

(5)   Whether the defendants' discriminatory actions caused the plaintiff to suffer harm, injury and substantial damages for pecuniary losses, mental anguish, and loss of enjoyment of life.

(6)   Whether the defendants intentionally treated the plaintiff differently from similarly situated coworkers who were not member of the protected classes: race, sex, and age.

(7)   Whether the defendants retaliated against the plaintiff for having exercised her rights to file a charge of discrimination.

(8)   Whether defendants, jointly and severally, subjected the plaintiff to the complained of unlawful discriminatory conduct.

Plaintiff's Jurisdictional Questions.

None.

Plaintiff's Questions Raised By Pending Motions.

(1) Whether the defendants failed to comply with the September 14, 2004 and March 15, 2005 Discovery Order.

(2) Whether the defendants are barred from submitting evidence in their defense at the time of summary judgment and/or at trial per the March 15, 2005 Discovery Order.

(3) Whether defendants have engaged in bad-faith litigation practices when they intentionally and maliciously published plaintiff's personal data identifiers and confidential psychiatric records (Social Security Number – Exhibit A on page 284; Exhibit LL on page 1, 2, and 3; Exhibit MM on page 1; and, DOB – Exhibit W; and Exhibit UU) on PACER for four days and nights in the course of litigation, subjecting the plaintiff to identity theft, that justifies an order of sanctions under Rule 37 (b)(2), as set forth by the plaintiff on August 11, 2005 in her pray for relief.

Plaintiff's Issues Of Law

(1) Whether the intentional treatment of the plaintiff differently from similarly situated coworkers who were not members of the protected class by implementing discriminatory practices and/or in creating a hostile work environment resulted in causing the plaintiff to suffer adverse employment consequences, in violation of Title VII, ADA, and the AEDA.

(2) Whether the defendants retaliated against the plaintiff for having exercised her rights to file a charge of discrimination and have interfered with plaintiff's exercise of her protected rights, in violation of Title VII, ADA, and the AEDA.

(3) Whether the defendants engaged in unlawful discriminatory conduct with malice and/or a reckless disregard of the plaintiff's federally protected rights under Title VII, ADA, and the AEDA.

(4) Whether defendants' breach of promise to allow plaintiff a reasonable accommodation, to give plaintiff company sick leave time, and other benefits, including retirement, caused

the plaintiff to suffer harm, injury, and damages as a direct and foreseeable consequence of the defendant's breach.

Plaintiff's Requested Amendments To The Pleadings

None.

Plaintiff's Additional Matters To Aid In The Disposition Of The Action.

The defendants have consistently declined to negotiate the possibility of settlement in the MCAD and in litigation. But, if and when, defendants may consider settlement, then the plaintiff is amenable to engage in settlement talks.

Plaintiff's Estimate Length Of The Trial

The Plaintiff's case is estimated to take approximately 5 to 7 days.

Plaintiff's Witness List
The Plaintiff intends to call the below-stated individuals as either a witness or a rebuttal witness if necessary:

1. Bernadine T. Griffith, P.O. Box 110, Topsfield, MA 01983-0110

2. Edgar W. Griffith, P.O. Box 110, Topsfield, MA 01983-0110

3. Thomas G. Ford - contact information provided by Defendants' Rule 26 Disclosure Statement

4. William Queenan – contact information provided by Defendants' Rule 26 Disclosure Statement

5. Michael A. Sisto - contact information provided by Defendants' Rule 26 Disclosure Statement

6. Karen Allen Holmes - contact information provided by Defendants' Rule 26 Disclosure Statement

7. Monica Scanlon - contact information provided by Defendants' Rule 26 Disclosure Statement

8. Cynthia McKinney – One Beacon Insurance, Foxboro, MA.

9. Rebuttal witness: Helen D. Tramposch, MD, Lahey Medical Center, 41 Mall Road, Burlington, MA 01805 (617) 744-5723

10. Rebuttal witness: John Garrison, Ph.D., FA ClinP, Lahey Medical Center, 41 Mall Road, Burlington, MA 01805 (617) 744-5723

11. Rebuttal witness: Susan Moner, MD. Lahey Clinic, One Essex Center Drive, Peabody, MA 01960 (978) 523-4000

12. Erin M. O'Toole, Esq., Bernstein, Cushner & Kimmell, One Court Street, Suite 700, Boston, MA 02108 (617) 742-4340

13. Cristin L. Rothfuss, Esq., Berstein, Cushner & Kimmell, One Court Street, Suite 700, Boston, MA 02108 (617) 742-4340

14. Kenneth L. Kimmell, Esq., Berstein, Cushner & Kimmell, One Court Street, Suite 700, Boston, MA 02108 (617) 742-4340

15. Steven S. Locke, Esq., General Counsel, the Keeper of Records, MCAD, One Ashburton, 6th Floor, Boston, MA (617) 994-6000

The plaintiff reserves the right to call any other rebuttal witness, as necessary.

Plaintiff's Proposed Exhibits

    (1)    November 11, 1995 Performance Appraisal of Bernadine T. Griffith

    (2)    August 20, 1996 Bagdoian letter to Battistini

    (3)    October 25, 1996 Cathleen Moynihan Memorandum to Bernadine Griffith, Ed Freeman

    (4)    June 25, 1997 Thomas Ford letter to Maurice Muir, Investigator MCAD

    (5)    January 5, 2000 Performance Appraisal of Bernadine T. Griffith.

    (6)    January 7, 2000 Performance Appraisal of Bernadine T. Griffith.

    (7)    January 20, 2000 medical note requesting accommodation generated by Dr. B.D. Gupta

    (8)    July 1, 1997 Erin M. O'Toole letter to Cathleen M. Moynihan

    (9)    May 23, 2000 CGU Associate Disciplinary Action Notice concerning Bernadine Griffith

    (10)    November 20, 1996 Bob Gowdy Memorandum concerning CU Sick Time Policy

    (11)    May 31, 2000 medical excuse note prepared by Dr. Seek

    (12)    June 5, 2000 Joanne M. Murphy letter to Bernadine T. Griffith

    (13)    June 12, 2000 Garrison letter to whom it may concern regarding Bernadine Griffith

    (14)    June 22, 2000 Garrison letter to whom it may concern regarding Bernadine Griffith

    (15)    July 27, 2000 CGU Associate Disciplinary action notice

(16) August 10, 2000 Cristin L. Rothfuss letter to Michael Sisto

(17) September 27, 2000 Sisto letter to Bernadine Griffith

(18) October 19, 2000 Cristin L. Rothfuss e-mail to Bernadine Griffith

(19) October 23, 2000 Kenneth L. Kimmell letter to Bernadine Griffith

(20) January 29, 2001 Brian Hardiman letter to Bernadine Griffith

(21) July 26, 2002 Probable Cause Finding regarding Bernadine Griffith v. Commercial Union Insurance

(22) Exhibits marked in the taking of the Deposition of William Queenan

(23) Exhibits marked in the taking of the Deposition of Thomas Ford

(24) Exhibits marked in the taking of the Deposition of Monica Scanlon

(25) Exhibits marked in the taking of the Deposition of Michael Sisto

(26) Exhibits marked in the taking of the Deposition of Karen Allen Holmes

(27) Plaintiff's medical records produced to defendants bate stamped: P001-P259

(28) Plaintiff's e-mails and income and benefits documentation produced to defendants bate stamped P260-P514.

(29) Plaintiff's MCAD file produced to defendants bate stamped: MCAD0001-MCAD637

Plaintiff reserves the right to supplement her exhibit list.

Plaintiff's Objections to Defendants' Evidence

The plaintiff objects to the defendants' expert witness and the admission of his report, as is originally set forth in plaintiff's Opposition to Defendants' request for Rule 35 Medical Exam

8

of the plaintiff, and further plaintiff invokes the governing Federal Rules of Evidence: Rules 701-706.

The plaintiff objects to the defendants calling Dr. John Garrison, and herein invokes the Psychotherapist-Patient privilege.

The plaintiff continues to object to defendants offering Dr. John Garrison records pertaining to plaintiff, as is raised in plaintiff's motion and supporting letters pertaining to the removal and sealing of defendants' first motion for summary judgment.

The plaintiff continues to object to defendants calling witnesses, which defendants did not identify the subjects of information that each witness has personal knowledge of, in accordance with Rule 26 (a) (10 (A).

The plaintiff objects to the defendants' calling any of plaintiff's attorneys as witnesses, and herein declares that she has not released the attorney-client privilege.

The plaintiff objects to all defendants' exhibits not produced in discovery, particularly including each defendants' exhibit that is not identified by a bates number.

The plaintiff raises her continuous objection to defendants' use of testimony and evidence that this Court has effectively barred defendants from offering due to defendants' failure to comply with discovery court orders.

The plaintiff reserves the right to object to other evidence and/or witnesses offered by the defendants, as she has not had sufficient time to review defendants' pre-trial memorandum in its entirety.

Respectfully submitted,<br>
BERNADINE T. GRIFFITH<br>
By her Attorney,

Date: September 13, 2005

_____
Kathleen J. Hill    BBO# 644665
LAW OFFICE OF KATHLEEN J. HILL
92 State Street, Suite 700
Boston, MA 02109
617.742.0457 (O) / 617.742.4508 (F)

## CERTIFICATE OF SERVICE

I, Kathleen J. Hill, herein certify that I served a true and accurate copy of the foregoing Plaintiff's Proposed Pre-trial Conference Memorandum on the counsel of record: Leah M. Moore, of Morgan, Brown & Joy, One Boston Place, Boston, Massachusetts by e-mail and facsimile on this 13th day of September 2005; and Plaintiff's Pre-trial Conference Memorandum on the counsel of record: Leah M. Moore, of Morgan, Brown & Joy, One Boston Place, Boston, Massachusetts by hand on this 14th day of September 2005.

_____
Kathleen J. Hill    BBO# 644665