**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                                          )
**BERNADINE T. GRIFFITH**                )
                                                          )
       **Plaintiff,**                         )
                                                          )
v.                                                       )     C.A. No. 03-CV-12573-EFH
                                                          )
**ONEBEACON INSURANCE COMPANY,**  )   **DEFENDANTS' NOTICE OF**
**ONEBEACON AMERICA INSURANCE**    )   **GROUNDS FOR OBJECTIONS**
**COMPANY, MICHAEL A. SISTO, and**    )   **TO PLAINTIFF'S EXPERT**
**KAREN ALLEN HOLMES**                     )   **WITNESSES AND EXHIBITS**
                                                          )
       **Defendants.**                       )
_____)

Pursuant to the Court's Order of December 22, 2005, OneBeacon Insurance Company and OneBeacon America Insurance Company ("OneBeacon" or "Defendants") hereby submit their Notice of the Grounds for Objections to Plaintiff's Expert Witnesses and Exhibits. Defendants state that while the grounds for its objections are included, Defendants intend to file a detailed motion in *liminie* in support of its objection to each exhibit listed herein. Defendant reserves the right to include additional grounds for exclusion of each exhibit in the body of any motion in *liminie* filed with this Court.

### Objections to the Qualifications of an Expert Witness

Plaintiff has failed to designate any expert witness. Should Plaintiff be allowed to later amend her witnesses list to include an expert, Defendants reserve the right to object to the designation of that witness as an expert and to object to Plaintiff's right to offer an expert witness for waiver and unfair prejudice.

## **Objections to Plaintiff's Exhibits**

Defendants object to the use of the following exhibits by Plaintiff:

Plaintiff's Exhibit 1:   Defendants object to this exhibit because it includes a clustering of unrelated documents when each document should properly exist as its own exhibit.  To the extent the documents are related by the simple fact that they are performance reviews, the exhibit is incomplete in scope as it includes only a sampling of reviews over the course of Plaintiff's tenure.

Plaintiff's Exhibit 4:   Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 7:   Defendants object to this exhibit because it includes a clustering of unrelated documents when each document should properly exist as its own exhibit.

Plaintiff's Exhibit 8:   Defendants object to this exhibit because the document referenced is made up of more individual pages than those listed by Plaintiff.  Because the exhibit contains only a portion of the entire document, it is an incomplete and misleading representation of referenced document.

Plaintiff's Exhibit 18: Defendants object to this exhibit because it includes evidence of settlement negotiations.

Plaintiff's Exhibit 19: Defendants object to this exhibit because it includes evidence of settlement negotiations.

Plaintiff's Exhibit 20: Defendants object to this exhibit because it includes evidence of settlement negotiations.

Plaintiff's Exhibit 21: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 22: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 23: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 25: Defendants object to this exhibit because it includes a clustering of unrelated documents when each document should properly exist as its own exhibit.

Plaintiff's Exhibit 32: Defendants object to this exhibit because it includes a clustering of unrelated documents when each document should properly exist as its own exhibit.

Plaintiff's Exhibit 36: Defendants object to this exhibit because it includes a clustering of unrelated documents when each document should properly exist as its own exhibit.

Plaintiff's Exhibit 37: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 39: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 40: Defendants object to this exhibit because includes a clustering of unrelated documents when each document should properly exist as its own exhibit.  To the extent the documents are related by the simple fact that they were each separate exhibits to the deposition of Monica Scanlon, Defendants maintain that they should be introduced and referred to individually.

Plaintiff's Exhibit 41: Defendants object to this exhibit because the document referenced is made up of more individual pages than those listed by Plaintiff.  Because the exhibit contains only a portion of the entire document, it is an incomplete and misleading representation of referenced document.

Plaintiff's Exhibit 42: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 43: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 44: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 45: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Plaintiff's Exhibit 46: Defendants object to this exhibit to the extent it is offered as evidence of the truth of the matter without having laid the proper foundation for such a conclusion.

<u>Plaintiff's Exhibit 48</u>: Defendants object to this exhibit because it includes a clustering of unrelated documents when each document should properly exist as its own exhibit.

<u>Plaintiff's Exhibit 49</u>: Defendants object to this exhibit because the document referenced is made up of more individual pages than those listed by Plaintiff.  Because the exhibit contains only a portion of the entire document, it is an incomplete and misleading representation of referenced document.

<u>Plaintiff's Exhibit 52</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 53</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 54</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 55</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 56</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 57</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 58</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 59</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 61</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 62</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

<u>Plaintiff's Exhibit 63</u>: Defendants object to this exhibit because the evidence is irrelevant, and even if relevant, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Respectfully submitted,

ONEBEACON INSURANCE CO., and ONEBEACON AMERICA INSURANCE CO.,

By its attorneys

Dated: May 15, 2006

/s/ Leah M. Moore
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including counsel for Plaintiff, Kathleen J. Hill, Esq., Law Office of Kathleen J. Hill, 60 State Street, Suite 700, Boston, MA 02109, and paper copies will be sent to those indicated as non-registered participants on this 15th day of May 2006.

s/ Leah M. Moore
Leah M. Moore