UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**BERNADINE T. GRIFFITH**           )
                                    )
       **Plaintiff,**        )   C.A. No. 03-CV-12573-EFH
                                    )
**v.**                              )
                                    )
                                    )   **DEFENDANTS' RENEWED**
**ONEBEACON INSURANCE COMPANY,**    )   **MOTION FOR**
**ONEBEACON AMERICA INSURANCE**     )   **SUMMARY JUDGMENT**
**COMPANY, MICHAEL A. SISTO, and**  )
**KAREN ALLEN HOLMES**              )
                                    )
       **Defendants.**        )
_____)

Defendants OneBeacon Insurance Company and OneBeacon America Insurance Company (together, "OneBeacon," the "Company" or "Defendants") hereby renew its Motion for Summary Judgment.

### Basis for Motion

As grounds for their Motion and as more fully stated in Defendants' Memorandum of Law submitted herewith, the Court on December 22, 2005 granted in part and denied in part Defendants' Motion for Summary Judgment. Because the original Opposition to Defendants' Motion filed by Plaintiff on August 11, 2005 failed to dispute the material facts in the case, Defendants' Motion was in order to be granted in its entirety. The Court, however, ordered Plaintiff on November 29, 2005 to re-file her Opposition, this time addressing any purported disputes of material fact. Plaintiff did so on December 15, 2005, and Defendants on December 19, 2005 sought leave to file a response to Plaintiff's Second Opposition. The Court on December 20, 2005 granted

Defendants the right to do so by January 5, 2006 – but then ruled in Plaintiff's favor on December 22, 2005, denying the Motion for Summary Judgment in part, *before* the date on which Defendants was to file its reply.  Consequently, the Court did not have the benefit of considering Defendants' arguments relative to the Second Opposition before denying Defendants' motion in part.

With trial now imminent, Defendants respectfully requests that the Court consider those arguments now, in order that the need for trial can be fully and fairly assessed.

### Plaintiff's Race Discrimination Case

As set forth more fully in Defendants' Memorandum of Law filed herewith, Plaintiff's continued arguments in support of her race discrimination claim rely on a willful mischaracterization of the evidence, and in fact contradict her own deposition testimony.  The race claim is predicated on the assertion – still being made in Plaintiff's pre-trial filings – that in 1996, four years before she was discharged, Plaintiff's then supervisor called her a "tar baby."

The undisputed fact, <u>based on the Plaintiff's own sworn testimony,</u> is that Plaintiff's supervisor did <u>not</u> call her a tar baby.  There is no evidence whatsoever that he did.  The proposition that the supervisor called her a tar baby is a fabrication appearing in the Complaint, in the Opposition to Defendants' Motion for Summary Judgment, and elsewhere.  Under oath, however, Plaintiff admits that the truth is the supervisor made a comment to <u>another</u> employee, urging him not to undertake a particular project because it was "a tar baby" – meaning the employee would never be able to complete it and move on.  Plaintiff's cubicle was nearby and she <u>overheard</u> this remark directed to another.  The supervisor was not calling any person, much less Plaintiff, a tar baby; he was

2

describing a work project only, and Plaintiff was not even part of the conversation. She simply overheard it. There is absolutely no reasonable interpretation of these undisputed facts that permits an inference of racial animus directed to Plaintiff. Plaintiff has no other evidence of race discrimination that a reasonable jury could conclude supports her claim.

## **Plaintiff's Disability Case**

As set forth more fully in Defendants' Memorandum of Law filed herewith, Plaintiff had heart disease and, approximately six years before she was terminated, a quadruple bypass operation. There is no dispute that at that time, in the mid-1990's, Plaintiff was disabled for a few months. The Company granted her extended leaves and disability benefits and in time she was able to return to work. For the several years prior to her discharge, however, her own doctors are unanimous in saying that she was fit to do her job. She requested an accommodation in the form of flexible hours, and the Company agreed – Plaintiff's start time was moved back from 8:00 a.m. to 8:30, then 9:00, 9:30 and eventually to 10:00 a.m. The Company had no duty to make these changes because they were not required to reasonably accommodate a disability, as Plaintiff's doctors have testified under oath. Yet the Company did show flexibility, simply to make the situation work better.

During the year 2000, Plaintiff went through an extended period of being tardy or absent more days than she was present for work on time. She was put on probation regarding her attendance. She then was absent again, and the Company placed her on a final warning. Before long, she was absent again for three days and was terminated. Her absence was not caused by any disability (she stated she had a headache and a bloody nose), but her termination would have been lawful even if it had been. One of the

essential functions of her job, like most jobs, was that she appear for work and perform her duties, rather than be out sick and not perform her duties. There was no accommodation the Company should or could have offered that would overcome the Plaintiff's chronic tardiness and absences.

WHEREFORE, Defendants prays the Court consider its Second Reply that was filed on January 20, 2006, in accordance with the Court's Order of December 20, 2005, and Defendants hereby renews its Motion for Summary Judgment on all remaining counts of the Amended Complaint.

Respectfully submitted,

ONEBEACON INSURANCE CO. and
ONEBEACON AMERICA INSURANCE
CO.,

By their attorneys

Dated: May 16, 2006    /s/ Leah M. Moore_____
Keith B. Muntyan (BBO # 361380)
Leah M. Moore (BBO # 658217)
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA 02109
617-523-6666 (phone)

**CERTIFICATE OF SERVICE**

      I, Leah M. Moore, hereby certify that on this 16th day of May 2006, I caused a true and correct copy of the foregoing document filed through the ECF system to be served via certified mail return receipt requested upon Plaintiff Bernadine T. Griffith, P.O. Box 110, Topsfield, MA 01983, being the last known address for Plaintiff.

      s/ Leah M. Moore
      Leah M. Moore