UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
**BERNADINE T. GRIFFITH,**                 *
                                           *
**Plaintiff,**                             *
                                           *
v.                                         *   Civil Action No. 03-12573-EFH
                                           *
**ONEBEACON INSURANCE COMPANY,**           *
**ONEBEACON AMERICA INSURANCE**            *
**COMPANY, MICHAEL A. SISTO, and**         *
**KAREN ALLEN HOLMES,**                    *
                                           *
**Defendants.**                            *
*******************************************

## MEMORANDUM OF DEFENDANTS ONEBEACON INSURANCE COMPANY AND ONEBEACON AMERICA INSURANCE COMPANY IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT/ PLAITIFF'S MOTION FOR RECONSIDERATION

**A**.   **Introduction**

For reasons that are not apparent, Plaintiff has filed a motion seeking to have this Court revisit motions that were decided between 21 and 29 months ago.  Plaintiff's motion focuses on issues that were or could have been raised regarding Defendants' Motion to Conduct Rule 35(a) Examination (granted in May 2005); Plaintiff's Motion for Default Judgment (denied in September 2005); and Defendants' Motion for Summary Judgment (granted in part and denied in part in December 2005).  Not only is Plaintiff untimely in seeking to have this Court revisit its rulings on these motions, but she has also provided no legitimate basis for any of the relief requested.  Plaintiff's motion should be denied in its entirety.

**B.**     **Background**

Following this Court's ruling on Defendants' Motion for Summary Judgment, the present action is awaiting trial. In an order entered on April 5, 2007 (Docket for Civil Action No. 03-cv-12573-EFH ("Docket"), #111), this Court recounted Plaintiff's inability to retain counsel, and stayed "the trial of this case pending the acceptance of an appointment by an attorney, as the case cannot be effectively tried without competent counsel."

The present motion seeks to have this Court reconsider its ruling on the following motions: "Defendants' Motion for Rule 35(a) Mental Examination," decided on May 18, 2005 (see Docket, #s44, 45, May 2, 2005, and entry for May 18, 2005) (compare Pl. Mem. at 4-5); "Plaintiff's Motion for Default Judgment," decided on September 1, 2005 (Docket, #s 68, 69, August 11, 2005, #74; August 25, 2005, and entry for September 1, 2005) (compare Pl. Mem. at 2-4);[1] and "Defendants' Motion for Summary Judgment," decided on December 22, 2005 (Docket, #s 63, 64, 65, 66, July 29, 2005; #s70, 71, August 11, 2005; #67, August 15, 2005; #s72, 73; August 22, 2005; #82, December 22, 2005) (compare Pl. Mem. at 5-21). While Plaintiff is presently appearing pro se in this action, counsel represented her during all proceedings on the motions that she now seeks to have this Court revisit.[2]

---

[1] Although Plaintiff's present motion does not explicitly cite to her earlier "Motion for Default Judgment," the issues in this section of her present motion parallel those raised in that motion. In the memorandum supporting that prior motion (Docket #69, at 2), Plaintiff complained of alleged improper disclosures in Defendants' Motion for Summary Judgment of her "personal data identifiers -- social security number, birth date, residential address, mailing address, telephone number, husband's business address, medical records, psychological records, and patient data identifiers." Plaintiff's present motion raises virtually the same issues. (See Pl. Motion at 2). This Court denied Plaintiff's motion by order entered on September 1, 2005.

[2] Plaintiff's counsel withdrew shortly before the trial scheduled in May 2006.

2

C.   **Argument**: **Plaintiff's Motion Should Be Denied In Its Entirety**.

1.   **Plaintiff's Motion Is Untimely**.

Plaintiff's motion, which seeks to have this Court revisit several motions previously decided, is untimely. Although Plaintiff does not invoke a specific rule, the rules under which she could potentially proceed are unavailable due to her delay.

The most likely rule under which Plaintiff could have proceeded is Fed. R. Civ. P. 60(b).[3] This rule provides that motions under subdivisions (1), (2) or (3) must be made within "one year after the judgment, order, or proceeding was entered or taken." All motions made under subdivisions (1) through (6) must "be made within a reasonable time..." "Relief under Rule 60 is 'extraordinary in nature,' and will only be granted when the trial court is persuaded that the 'motion is timely; that exceptional circumstances exist, favoring extraordinary relief...and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" In re Shkolnikov, 2006 WL 3536811 (D. Mass. 2006) at *4, quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).

The arguments in Plaintiff's motion for reconsideration focus on alleged disclosures of personal information (see Pl. Motion at 2-5), and alleged inaccurate or misleading arguments to the Court (see Pl. Opp. Mem. at 5-21). These arguments amount to nothing more

---

[3] Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." The rule further provides that motions thereunder "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

3

than an impermissible reargument of the summary judgment motion, and other motions referenced above. See Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 395 (D. P.R. 1981) ("Certainly, a litigant may not use Rule 60(b) merely to relitigate the merits of his claim, and no different rule applies simply because the judgment sought to be vacated was a summary judgment."); Phonometrics, Inc. v. Northern Telecom, Inc., 1996 WL 33420461 at *5 (S.D. Fla. 1996) (same).

Moreover, any motion under Rule 60(b) must "be made within a reasonable time." Rule 60(b). Plaintiff's delay of 21-29 months in filing this motion is simply not "reasonable," even in light of her pro se status since May 2005. See Gaskins v. Duval, 336 F.Supp.2d 66, 69-70 (D. Mass. 2004) ("Although courts must make allowances for *pro se* litigants...it is still a litigant's responsibility to seek desired relief in a timely manner.").

**D**.    **Plaintiff Has Waived Her Arguments On Defendants' Motion To Conduct Rule 35 Examination, And Defendants' Motion for Summary Judgment**.

In seeking to have this Court revisit its rulings on Defendants' Motion to Conduct a Rule 35 Examination of Plaintiff, and Defendants' Motion for Summary Judgment, Plaintiff raises many arguments that she could have raised, but did not raise, in opposition to these motions. Plaintiff's arguments have been waived, and should not be considered.

In opposing Defendants' Motion to Conduct Rule 35 Examination, filed on or about May 2, 2005, Plaintiff's opposition (Docket #46, filed 5/16/05) did not raise any of the arguments raised in the present motion. As noted, the Rule 35 exam was conducted on or about June 15, 2005 and June 22, 2005. Harvey S. Waxman, Ph.D., who conducted the examination, prepared a subsequent report. All of Plaintiff's arguments concern the motion, and not the exam or report.

The bulk of Plaintiff's motion is devoted to arguing that Defendants made numerous erroneous statements in documents filed in support of their Motion for Summary Judgment. Plaintiff claims that Defendants' Statement of Undisputed Material Facts (Pl. Motion at 5-7), as well as Defendants' Statement, Memorandum of Law, and the referenced exhibits (Pl. Motion at 7-21), all contain alleged errors of fact.

In opposing Defendants' Motion for Summary Judgment, Plaintiff had ample opportunity to make these arguments, but failed to do so. In support of their motion, Defendants submitted their Statement of Undisputed Material Facts under Local Rule 56.1 (Docket #65, 7/29/05). Under Local Rule 56.1, Plaintiff's opposition needed to include "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried with page reference to affidavits, deposition and other documentation." Plaintiff failed to submit such a statement, thereby admitting the facts set forth therein. See Local Rule 56.1 ("Material facts of record set forth in the statement required to be served by the moving party will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties."). By virtue of Plaintiff's failure to submit such a statement, and not advancing any of the arguments in the current motion, Plaintiff admitted the many factual errors now alleged.

Plaintiff could have raised all of these issues in opposing Defendants' motion, but did not do so. Instead, she has waited nearly two (2) years after these rulings to file the present motion. Thus, the issues raised by Plaintiff on this motion should not be considered. See National Metal Finishing Co., Inc. v. Barclays American / Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1996) (Fed. R. Civ. P. 59(e) "does not allow the losing party….to raise new theories that should have been raised earlier.").

**E.**     **<u>Plaintiff's Arguments Are Meritless</u>**.

Even assuming <u>arguendo</u> that any of Plaintiff's arguments are properly before this Court, nothing she has alleged warrants any of the relief requested.

The arguments raised regarding disclosure of Plaintiff's "personal identifiers" (see Pl. Mem. at 2-4) are baseless. As explained in Defendants' memorandum opposing Plaintiffs' Motion for Default (Docket #74, 2/25/05), the only disclosure that potentially violated any court rule or statute was a single, inadvertent failure to redact Plaintiff's social security number. This disclosure ended four (4) days later, when this Court granted an unopposed motion to seal the summary judgment pleadings. (<u>See</u> Docket entries for 7/27/05 and 7/29/05). By order entered on September 1, 2005, this Court properly denied Plaintiff's motion, and no useful purpose is served by rehashing the same arguments that Plaintiff raised over two (2) years ago.

In regard to Plaintiff's arguments regarding "Defendants' Motion for Rule 35(a) Mental Examination," decided on May 18, 2005 (<u>see</u> Pl. Mem. at 4-5), her claims are spurious. By including a part of Plaintiff's medical record as an exhibit to their motion, Defendants did not "vilify[] the Plaintiff with speculative psychiatric disorders" (<u>see</u> Pl. Mem. at 5), but instead provided legitimate support for their motion.[4]

Finally, none of the arguments raised by Plaintiff (<u>see</u> Pl. Mem. at 5-21) warrant re-opening of this Court's ruling on Defendants' Motion for Summary Judgment. Without exception, Plaintiff's arguments focus on the wording of Defendants' arguments, and her own version of events. <u>See</u> Pl. Motion at 5, #6 (quotation from medical note); at 5-6, #7 (her version of request for leave of absence); at 6, #8 (relevance of factual statement, and Plaintiff's

---

[4]As noted, the Rule 35 exam was conducted on or about June 15, 2005 and June 22, 2005. Harvey S. Waxman, Ph.D., who conducted the examination, prepared a report of his examination.

6

response); at 7, #9 (disagreement with Defendants' characterization of Plaintiff); at 7-9, #1(a)-(e) (disagreement with Defendants' version of facts and argument on same); at 9, #2 (same); at 9-10, #3 (a)-(c) (same); at 10-11, #4 (same); at 11-13, #6 (c)-(f) (same); at 13, #7 (same); at 13-14, #8 (a)-(b) (same); at 14, #9 (same); at 14-15, #10 (same); at 15, #11 (same); at 15-16, #12(a)-(d) (same); at 16, #13 (same); at 16-17, #14 (a)-(b) (same); at 17-18, #15 (a)-(c) (same); at 18-19, #16 (a)-(h) (same); at 19-21, #1 (a)-(g) (same). Nothing in Plaintiff's re-hashing of these issues provides any basis for disturbing this Court's decision.

**E**.    **Conclusion**

For all the above reasons, Plaintiff's motion should be denied.

Respectfully submitted,

ONEBEACON INSURANCE COMPANY and ONEBEACON AMERICA INSURANCE COMPANY,

By their attorneys

/s/Robert P. Morris
Keith B. Muntyan
B.B.O. #361380
Robert P. Morris
B.B.O. #546052
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
617-523-6666 (phone)

Dated: September 28, 2007

**CERTIFICATE OF SERVICE**

      I, Robert P. Morris, hereby certify that on September 28, 2007, this document filed electronically through the ECF system will be sent via certified mail to Bernadine T. Griffith, Plaintiff *pro se*, P.O. Box 110, Topsfield, MA 01983, being the address given by her for the receipt of U.S. mail.

                              /s/Robert P. Morris
                              Robert P. Morris